UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo,<br>As Guardian of the Person and Property of<br>KARYN A. KERRIS,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>MEDSTAR HEALTH, INC. d/b/a/<br>Georgetown University Hospital,<br>GEORGETOWN UNIVERSITY, t/a<br>Georgetown University, and<br>VANCE E. WATSON, M.D.,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:05CV02086<br><br>Judge Paul L. Friedman |

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)</u>

　　　　　Defendants, MedStar Health, Inc., Georgetown University, and Vance E. Watson, M.D., (hereinafter, "defendants"), by and through undersigned attorneys, hereby move to dismiss plaintiffs' Complaint in its entirety with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) as there is not complete diversity between the parties.

　　　　　A Memorandum of Supporting Points and Authorities is attached to this Motion. A proposed Order is also attached.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: December 28, 2005        By: *[signature: Megan E. Hills]*
                                   Megan E. Hills ((D.C. Bar #437340)
                                   Nicolas Muzin (*Bar Membership in New York & the District of Columbia pending*)

                                   725 Twelfth Street, N.W.
                                   Washington, D.C. 20005
                                   (202) 434-5000
                                   (202) 434-5029 (fax)
                                   mhills@wc.com
                                   nmuzin@wc.com

                                   Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS,<br><br>Plaintiffs,<br><br>v.<br><br>MEDSTAR HEALTH, INC. d/b/a/ Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D.,<br><br>Defendants. | Civil Action No. 1:05CV02086<br><br>Judge Paul L. Friedman |

**DEFENDANTS' MEMORANDUM
OF SUPPORTING POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) –
<u>LACK OF SUBJECT MATTER JURISDICTION</u>**

Defendants, Medstar Health, Inc., Georgetown University, and Vance E. Watson, M.D., (hereinafter, "defendants"), by and through undersigned attorneys, hereby move to dismiss plaintiffs' Complaint in its entirety, pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(1) – for lack of jurisdiction over the subject matter of the action. Plaintiffs bring this Complaint in the United States District Court for the District of Columbia based on "[j]urisdiction of this Court is founded on diversity of citizenship." Complaint ¶ 1 (attached as Exhibit 1). Defendant MedStar Health, Inc., is a corporation incorporated in Maryland with its principal place of business in Columbia, Maryland. Affidavit of Elizabeth A. Simpson, Esq., Vice-President and Deputy General Counsel of MedStar Health, Inc. ("Simpson Affidavit";

attached as Exhibit 2)[1]. Plaintiffs, Felice and Cicily Iacangelo, Paul Kerris and Karyn Kerris are residents of Maryland. Complaint ¶¶ 2-3.

Therefore, there is no diversity of citizenship between the parties as both plaintiffs and one of the defendants share the same state of residency – Maryland. Accordingly, defendants move to dismiss plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(1).

## FACTUAL BACKGROUND

On October 25, 2005, plaintiffs filed the current Complaint (served on Georgetown University Medical Center ("GUMC") on November 28, 2005 and by agreement, the response date for all defendants of December 28, 2005) in the United States District Court for the District of Columbia with "[j]urisdiction founded on diversity of citizenship." Complaint ¶ 1. Plaintiffs' Complaint states that plaintiffs' residency is in the state of Maryland. *Id.* at ¶¶ 2-3. **Incorrectly**, plaintiffs state "Defendant MedStar Health, Inc., is a corporation incorporated in a jurisdiction other than the State of Maryland." *Id.* at 5.

Defendant MedStar Health Inc., ("MedStar") is a corporation incorporated in the state of Maryland with its principal place of business in Columbia, Maryland. *See* Simpson Affidavit (Exhibit 2).

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal on the grounds of lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b)(1). Plaintiffs' Complaint states that its claim that this Court has subject matter jurisdiction over their claims is "founded on diversity of citizenship." Complaint ¶ 2. **Because defendant MedStar Health, Inc., is a**

---

[1] Original signature in file as of December 29, 2005. Affidavit executed on December 28, 2005 by Elizabeth A. Simpson, Esq., and overnight mailed to undersigned counsel.

2

**citizen of Maryland – the same state of citizenship as plaintiffs – there is no diversity of citizenship and there is no subject matter jurisdiction in this Court.** Complaint ¶¶ 2-3.

The United States Supreme Court instructs that "this or any other Article III court must be sure of its own jurisdiction before getting to the merits. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (U.S. 1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)), which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (U.S. 1994) (citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951)).

**"It is to be presumed that a cause lies outside this limited jurisdiction,** (citing *Turner v. Bank of North America,* 4 U.S. (4 Dall.) 8, 11 (1799), **and the burden of establishing the contrary rests upon the party asserting jurisdiction**, (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)." *Id.* (emphasis added). "It is the burden of the party claiming subject matter jurisdiction to demonstrate that it exists. *Georgiades v. Martin-Trigona,* 729 F.2d 831, 833 n.4 (C.A.D.C. 1984) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

Moreover, "[i]t has long been the case that '**the jurisdiction of the Court depends upon the state of things at the time of the action brought.**'" *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (U.S. 2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824) (emphasis added).

> This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that

3

>existed at the time of filing-whether the challenge be brought
>shortly after filing, after the trial, or even for the first time on
>appeal. (Challenges to subject-matter jurisdiction can of course be
>raised at any time prior to final judgment).

*Id.* (citing *Capron v. Van Noorden,* 2 Cranch 126 (1804); J. Friedenthal, M. Kane, & A. Miller, Civil Procedure 27 (3d ed.1999); C. Wright & M. Kane, LAW OF FEDERAL COURTS 173 (6th ed.2002); 13B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3608, p. 452 (1984)).

Plaintiffs base their claim of this Court's jurisdiction on diversity of citizenship. Complaint ¶ 1. "When a plaintiff sues more than one defendant in a diversity action, the defendant must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 829 (1989) (emphasis in original) (citations omitted). As this Court has held, "if even one defendant resides in the same jurisdiction as the plaintiff, there is no diversity jurisdiction." *Jackson v. Strayer College,* 941 F. Supp. 192 (D.D.C. 1996).

The diversity statute explicitly establishes the citizenship status of corporations as having dual citizenship of their place of incorporation and their "principal place of business." 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ."). MedStar Health, Inc. is incorporated in Maryland and has its principal place of business is Maryland. *See* Simpson Affidavit (Exhibit 2). Thus, under the precedent of this Court, *Jackson, supra,* this case must be dismissed. *Id.* at 192 ("Strayer College, a corporation, is a resident of the District of Columbia by virtue of the fact that its corporate offices are located in the District of Columbia, and its principal place of business is in the District.")

4

"Because federal courts are of limited jurisdiction, there is a presumption against the existence of diversity jurisdiction. Accordingly, the party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 792 (D.C.Cir.1983) (internal citations omitted)."[2]

Since plaintiffs fail to establish this Court's subject matter jurisdiction over this action, defendants respectfully submit that the Complaint in its entirety must be dismissed with prejudice.

## CONCLUSION

For all of the reasons stated above, defendants submit that this Court has no subject matter jurisdiction as there is no diversity of citizenship between the parties, and accordingly submits that plaintiffs' Complaint should be dismissed with prejudice in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[2] Defendants have not filed a motion to dismiss based upon Federal Rule of Civil Procedure 12(b)(6) because this Court has repeatedly held: "As we held in *Tuck v. Pan American Health Organization,* 668 F.2d 547 (D.C.Cir.1981), subject matter jurisdiction "is, of necessity, the first issue for an Article III court," for "[t]he federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds." *Id.* at 549. In the absence of subject matter jurisdiction, the District Court's finding that AU owed Spring Valley residents a legal duty constitutes little more than an impermissible advisory opinion. *Cf. Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101, 118 S.Ct. 1003, 1016, 140 L.Ed.2d 210 (1998) ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment-which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning.")." *Loughlin v. U.S.,* 393 F.3d 155, 170 (C.A.D.C. 2004).

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: December 28, 2005        By: *Megan E. Hills*
                                    Megan E. Hills ((D.C. Bar #437340)
                                    Nicolas Muzin (*Bar Membership in New York & the District of Columbia pending*)

                                    725 Twelfth Street, N.W.
                                    Washington, D.C. 20005
                                    (202) 434-5000
                                    (202) 434-5029 (fax)
                                    mhills@wc.com
                                    nmuzin@wc.com

                                    **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), Memorandum of Supporting Points and Authorities with exhibits, and Proposed Order were served via first-class, postage prepaid mail this 28th day of December, 2005 on:

>Anthony Newman, Esquire
>Newman & McIntosh
>7315 Wisconsin Avenue
>Suite 700E
>Bethesda, Maryland 20814
>
>and
>
>Andrew Greenwald, Esquire
>Greenwald and Laake
>6404 Ivy Lane
>Suite 440
>Greenbelt, Maryland 20770
>
>Plaintiffs' Attorneys

The pleading was electronically filed with the Court on December 28, 2005 and a courtesy-copy hand-delivered on December 29, 2005 to:

>The Honorable Paul L. Friedman
>Chambers
>3 rd & Constitution Avenue, N.W.
>Washington, D.C. 20001

_____
Nicolas Muzin

7