UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KARYN A. KERRIS<br>2109 Edgeware Street<br>Silver Spring, MD 20905<br><br>and<br><br>PAUL KERRIS<br>8938 Footed Ridge<br>Columbia, MD 21045<br><br>Plaintiffs,<br><br>v.<br><br>GEORGETOWN UNIVERSITY, t/a<br>Georgetown University Hospital<br>serve:<br><br>  4000 Reservoir Road, NW<br>  Washington, DC   20007<br><br>and<br><br>VANCE E. WATSON, M.D.<br>4000 Reservoir Road, NW<br>Washington, DC   20007<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No.     1:05CV02086 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

COMES NOW Plaintiffs, Felice I. Iacangelo and Cicily A. Iacangelo as Guardians of the

Person and Property of Karyn A. Kerris, and Karyn A. Kerris' husband Paul Kerris, by and

through their attorneys, Anthony G. Newman, Esq., and Andrew Greenwald, Esq., and

respectfully submit the following Opposition to Defendants' Motion to Dismiss Plaintiffs'

Complaint for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) as there is complete diversity between the parties.

     A Memorandum of Supporting Points and Authorities and proposed Order is attached hereto.

                            Respectfully Submitted,

                            S:/ Andrew Greenwald
                            Greenwald and Laake
                            6404 Ivy Lane
                            Suite 440
                            Greenbelt, MD 20770
                            (301) 220-2200
                            Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KARYN A. KERRIS<br>2109 Edgeware Street<br>Silver Spring, MD 20905 | : | |
| and | : | |
| PAUL KERRIS<br>8938 Footed Ridge<br>Columbia, MD 21045 | : | |
| Plaintiffs, | : | Case No.   1:05CV02086 |
| v. | : | |
| GEORGETOWN UNIVERSITY, t/a<br>Georgetown University Hospital<br>serve: | : | |
| 4000 Reservoir Road, NW<br>Washington, DC   20007 | : | |
| and | : | |
| VANCE E. WATSON, M.D.<br>4000 Reservoir Road, NW<br>Washington, DC   20007 | : | |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

I.   <u>Introduction</u>

Plaintiffs' Complaint, filed on October 24, 2005, in the United States District Court for the District of Columbia with "[j]urisdiction founded on diversity of citizenship" (Complaint ¶ 1,

attached hereto as Exhibit 1). Plaintiffs, upon information and belief, stated that Defendant Medstar Health, Inc. is "a corporation incorporated in an jurisdiction other than the state of Maryland." (Ex. 1, ¶ 5).

Plaintiffs, on December 30, 2005, received the affidavit of Elizabeth A. Simpson, Esq., Vice-President and Deputy General Counsel of MedStar Health, Inc., which stated that MedStar Health, Inc. "is a corporation incorporated in the state of Maryland." (Affidavit of Elizabeth A. Simpson, Esq. ¶ 3, attached hereto as Exhibit 2).

Upon learning that MedStar Health, Inc. is a Maryland corporation, Plaintiffs filed in the United States District Court for the District of Columbia a Federal Rule 41(a)(1)(i) Notice of Voluntary Dismissal of Defendant MedStar Health, Inc. on January 4, 2006. (Plaintiffs' Rule 41(a)(1)(i) Notice of Voluntary Dismissal Without Prejudice of Defendant MedStar Health, Inc., attached hereto as Exhibit 3).

As MedStar Health, Inc. is no longer a party to this case, Defendants' Motion for Dismissal Based on Lack of Subject Matter Jurisdiction is now moot and should be denied as there is complete diversity of the parties and the amount in controversy is satisfied.

Even assuming, *arguendo*, that Defendant MedStar Health, Inc. was not voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), Defendants' Motion for Dismissal should still be denied. Defendant MedStar Health, Inc. is not an indispensable party to the case as the parties could come to a complete resolution without Defendant MedStar Health, Inc., and this Court, pursuant to Federal Rule of Civil Procedure 21, may cure such defects by dismissing the non-diverse party to cure the jurisdictional defect without dismissing the entire case.

## II. Argument

**A.  Defendants' Motion for Dismissal Should Be Denied Because Non-Diverse Defendant MedStar Health, Inc. Was Voluntarily Dismissed Rendering Defendants' Motion To Dismiss For Lack of Diversity Moot.**

Defendants' Motion for Dismissal for Lack of Subject Matter Jurisdiction citing a lack of complete diversity should be denied as it is now moot. Defendants, in their motion, state that, because Defendant MedStar Health, Inc. is a Maryland corporation and the Plaintiffs' are residents of the state of Maryland, complete diversity is lacking and the court does not have subject matter jurisdiction. While there is some merit to Defendants' statements, it is now moot because Plaintiffs voluntarily dismissed Defendant MedStar Health, Inc. pursuant to Rule 41(a)(1)(i) on January 4, 2006. (See Ex. 3).  An intervening event will render a claim moot if "interim relief or events have completely and irrevocably eradicated the effects of the alleged violations. **Fund for Animals et al. v. Williams et al., 311 F. Supp. 2d 1, 5 (D.D.C. 2004 (quoting** Pharmachemie B.V. v. Barr Labs., Inc.**, 349 U.S. App. D.C. 284, 276 F.3d 627, 631 (D.C. Cir. 2002))**.

Because Plaintiffs voluntarily dismissed Defendant MedStar Health, Inc., Defendants' Motion for Dismissal based on lack of diversity has become moot and should be denied.

**B.  Defendants' Motion for Dismissal Should Be Denied Because, Even Assuming, *Auguendo*, That Defendant MedStar Health, Inc. Was Not Voluntarily Dismissed, This Court May Dismiss The Nondiverse Party To Cure Jurisdictional Defects.**

Defendants Motion for Dismissal for Lack of Subject Matter Jurisdiction citing a lack of complete diversity should be denied because this Court, pursuant to Federal Rules of Civil Procedure 21, may dismiss the non-diverse party to cure a jurisdictional defect without dismissing the entire case.

Plaintiffs named MedStar Health, Inc. as a defendant in the above-captioned case, upon information and belief that they had assumed liability for Defendant Georgetown University. As discovery progressed, Plaintiffs learned that is not the case. Since Defendant MedStar Healh, Inc. has not assumed liability for Defendant Georgetown University, they are not an indispensable party to this case.

Under Rule 21, the Court may order a dispensable party to an action be dropped "at any stage of the action" on just terms. **Fortuin v. Milhorat, 683 F. Supp. 1, 5 (D.D.C. 1998).** The purpose of Rule 21 includes a situation where a Plaintiff has unwittingly joined a party whose presence destroys diversity jurisdiction. **Id.** at 6 (quoting 7.C. Wright & A. Miller & M. Kane, Federal Practice and Procedure § 1684, at 453 (2d ed. 1986)). (*See also* **Jankovic et al. v. Int. Crisis Grp.**, 2005 U.S. Dist. Lexis 17946 *19-22 (D.D.C. 2005) stating it is widely accepted that the District Court has authority to drop dispensable defendants to preserve diversity and, even upon a showing that a party is indispensable, the Court still must first determine if the case can continue in good conscience before dismissing and, in the alternative, may allow the filing of an amended complaint to preserve the action.**).**

Further, Rule 21 makes it clear that dismissal is inappropriate when there has been a misjoinder of parties and the non-diverse party is dispensable. FRCP 21. "Rule 21 provides a means of correcting this error, not by dismissing the action, but by dropping a party and thus preserving jurisdiction." **Fortuin, 683 F. Supp. at 6**.

Assuming, *arguendo*, that this Court holds Defendant MedStar Health, Inc. was not properly voluntarily dismissed by Plaintiffs, this Court still may drop Defendant MedStar Health, Inc. as the parties may still reach a complete resolution of issues without Defendant MedStar

Health, Inc. as a party to the suit. Following the purpose of Rule 21, this Court should, on its own order, drop Defendant MedStar Health, Inc. to preserve diversity. Following the logic of Rule 21, dismissal of the case is inappropriate and, therefore, Defendants' Motion to Dismiss should be denied.

**C.     Irrespective Of All Arguments Above, This Court Should Not Dismiss Plaintiffs Cause Of Action With Prejudice As A Motion For Dismissal For Lack Of Subject Matter Jurisdiction Is Not A Judgment On The Merits.**

Plaintiffs reiterate that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction should be denied for the above stated reasons. However, if this Court were inclined to grant the motion, the motion must be granted without prejudice.

"[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." **Hernandez v. Conriv Realty Assocs.**, 182 F.3d 121, 123 (2nd Cir. 1999). The court reasoned that dismissal with prejudice would interfere with state court jurisdiction by adjudicating on the merits and in favor of the defendant having a *res judicata* effect. **_Id._** (quoting **Samuels v. Northern Telecom, Inc.**, 942 F.2d 834, 836 (2d Cir. 1991); *See also* **In re Silica Prods. Liab. Litig.**, 2005 U.S. Dist. LEXIS 14581, *318 (S.D. Tex. June 30, 2005 ); **Strozier v. Potter**, 71 Fed. Appx. 802, 804, 2003 U.S. App. LEXIS 15599, *4 (10th Cir. 2003).

Because this Court would be adjudicating on the merits if it were to dismiss with prejudice, such a dismissal would go beyond the limits of Article III . Therefore a dismissal with prejudice based on lack of subject matter jurisdiction is improper and should be denied.

### III.     CONCLUSION

Defendants cite a lack of complete diversity as the basis for their Motion To Dismiss. Because Plaintiffs voluntarily dismissed the non-diverse party by filing a Rule 41(a)(1)(i) Notice

of Voluntary Dismissal Without Prejudice of Defendant MedStar Health, Inc. in the United States District Court for the District of Columbia on January 4, 2006, their motion is now moot and should be denied.  Even assuming, *arguendo*, that Plaintiffs did not properly dismiss Defendant MedStar Health, Inc., this Court may cure the jurisdictional defect under Rule 21 and, on its own motion, drop Defendant MedStar Health, Inc. as an dispensable party to preserve diversity.  Because a dismissal with prejudice would be an adjudication on the merits, such a dismissal would be improper.

    WHEREFORE, the foregoing considered, Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction Pursuant To Federal Rule Of Civil Procedure 12(b)(1) should be DENIED.

                                              Respectfully Submitted,

                                              S:\Andrew Greenwald, Esq.
                                              Andrew Greenwald, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KARYN A. KERRIS**<br>2109 Edgeware Street<br>Silver Spring, MD 20905 | : : : : | |
| and | : : | |
| **PAUL KERRIS**<br>8938 Footed Ridge<br>Columbia, MD 21045 | : : : : : | |
| Plaintiffs, | : : | Case No.    1:05CV02086 |
| v. | : : : | |
| **GEORGETOWN UNIVERSITY, t/a**<br>**Georgetown University Hospital**<br>serve: | : : : : | |
| 4000 Reservoir Road, NW<br>Washington, DC   20007 | : : : | |
| and | : : | |
| **VANCE E. WATSON, M.D.**<br>4000 Reservoir Road, NW<br>Washington, DC   20007 | : : : : | |
| Defendants. | : | |

## **ORDER**

After consideration of Defendants' Motion to Dismiss Plaintiffs' Complaint in its

Entirety with Prejudice for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(1), the Opposition and any Reply thereto;

It is hereby:

**ORDERED**, that Defendants' Motion to Dismiss Plaintiffs' Complaint in its Entirety

with Prejudice for Lack of Subject Matter Jurisdiction Pursuant to Fedearl Rule of Civil

Procedure 12(b)(1) is **DENIED;**

So **ORDERED**, this _____ day of _____, 2006.

_____
The Honorable Paul L. Friedman
Judge, United States District Court
 for the District of Columbia

Copies to:

Megan E. Hills
Nicolas Muzin
Williams & Connelly, LLP
725 Twelfth Street, NW
Washington, DC 20005

Kelley Hughes Iverson
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

Anthony G. Newman, Esq.
Newman & McIntosh
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814

Andrew Greenwald
Greenwald and Laake
6404 Ivy Lane, Suite 440
Greenbelt, MD 20770

**CERTIFICATE OF SERVICE**

_____I hereby certify that a copy of Plaintiffs' Opposition to Defendants' Motion to Dismiss For Lack Of Subject Matter Jurisdiction Pursuant To Rule 12(b)(1) was served, via first-class, postage prepaid mail this 9th day of January, 2006 on:

Megan E. Hills
Nicolas Muzin
Williams & Connolly, LLP
725 Telfth Street NW
Washington, DC 20005

Kelley Hughes Iverson
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

                                      S:\Andrew Greenwald, Esq.
_____Andrew Greenwald, Esq.