UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civil Action No. 1:05CV02086 <br><br> Judge Paul L. Friedman |

### ANSWER AND AFFIRMATIVE DEFENSES TO COUNTS I AND VIII OF AMENDED COMPLAINT OF DEFENDANTS, GEORGETOWN UNIVERSITY AND VANCE C. WATSON, M.D.

This Answer to Count I (Medical Negligence) and Count VIII (Breach of Fiduciary Duty) is submitted, by and through counsel, on behalf of defendants, Georgetown University and Vance E. Watson, M.D., (hereinafter, "defendants"), by and through undersigned attorneys, in response to the Amended Complaint filed by plaintiffs on February 14, 2006. In response to the numbered paragraphs of the Claims I and V, defendants admit, deny, or otherwise respond as follows:

## PREFATORY STATEMENT

Defendants reject the claims filed against them. Plaintiff Karyn Kerris ("Ms. Kerris"), a woman suffering from Turner's Syndrome, was referred to Georgetown University Hospital ("GUH") with the very rare condition of a bithalamic arteriovenous malformation ("AVM") and an even rarer symptom of progressive declining cognitive abilities. Prior to being referred to GUH, Ms. Kerris had been told her neurologic condition was terminal. Defendants provided Ms. Kerris with the best medical care and treatment in a situation where the medical prognosis was very grim.

Plaintiffs' suit for medical malpractice and breach of fiduciary care is based on events between November 4, 1998 and March 3, 1999. Their lawsuit for medical malpractice and attendant claims, including punitive damages, is disingenuous insofar as they continue to obtain medical treatment for Ms. Kerris at GUH (now owned by MedStar Health, Inc.). As of September 2005 – a month before they filed the current suit for medical malpractice – plaintiffs continued to obtain medical treatment for Ms. Kerris at GUH. *See* SOF ¶ 37.

Defendants unconditionally deny the entirety of plaintiffs' Complaint and, specifically addressing Counts I (Medical Negligence) and VIII (Breach of Fiduciary Duty), categorically deny the allegations therein.

## GENERAL RESPONSES

A.   Defendants simultaneously file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on Counts III, IV, V, VI, VII, IX, X, XI, and XII; Motion for Summary Judgment in defendants' favor on Count II and, in the alternative to the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for Counts VI, and IX, and therefore, do not file an Answer as to any count subject to defendants' motions. When the Court makes a

determination as to defendants' motion, if a response to any allegation is required, defendants will file any response that is required as determined by the Court.

    B.    The Complaint contains many averments that constitute opinions regarding legal issues. No response is required as to such matters of opinion.

    D.    Except for the specific allegations or portions of allegations expressly admitted or responded to below, all other allegations, portions of allegations, and characterizations of facts by plaintiffs are hereby denied.

## SPECIFIC RESPONSES TO THE PARAGRAPHS OF THE AMENDED COMPLAINT[1]

### JURISDICATION AND PARTIES

1.    The averment asserts a matter of legal opinion to which no response is required; to the extent that a response is required, defendants admit that plaintiffs filed a Complaint in federal court based on diversity of citizenship.

2.    The averment asserts a matter of legal opinion to which no response is required; to the extent that a response is required, defendants have no independent knowledge to confirm or deny plaintiffs' representation that Felice I. Iacangelo and Cicily A. Iacangelo were appointed as Guardians of the Person and Property of Karyn A. Kerris ("Ms. Kerris") by the Circuit Court of Montgomery County, Maryland (28221-FL) on August 11, 2005.

3.    Defendants have insufficient knowledge to admit or deny this averment, and accordingly, deny it.

4.    Defendants admit that Georgetown University operated a hospital, Georgetown University Hospital, a hospital located in and doing business in the District of Columbia, between August 1998 and March 3, 1999, the time period plaintiffs have designated

---

[1] Limited to the paragraphs that are not subject to defendants' simultaneously filed motions.

as relevant in their Complaint. As of July 1, 2000, Georgetown University sold the hospital and clinical operations to MedStar Health, Inc.

5. Defendants admit that Georgetown University Hospital ("GUH") was and is a duly licensed and accredited health care facility, which holds itself out to the public as an institution providing medical treatments to patients. The remaining averments in this paragraph constitute opinions regarding legal issues or other matters. No response is required to such matters of opinion; if a response is required, defendants deny the remaining averments.

6. Defendants admit that Vance E. Watson, M.D. ("Dr. Watson"), was and is a licensed physician in the District of Columbia who has a specialty of interventional neuroradiology.

7. Defendants admit that Dr. Watson is a resident of the District of Columbia.

8. Defendants admit that GUH rendered medical care to Ms. Kerris through its employees, agents, and/or servants in 1998 and 1999, including Dr. Watson.

## FACTS

### COUNT I
(Medical Negligence – Personal Injury)

9. Defendants admit that on or about November 4, 1998, January 13, 1999, and March 3, 1999, healthcare personnel, including Dr. Watson performed embolization procedures on Ms. Kerris to address her AVMs using a combination of an acrylate and an oil-based contrast. Defendants deny all remaining averments in this paragraph.

10. Defendants admit that Histoacryl is chemically described as n-butyl cyanoacrylate. Defendants admit that Lipiodol is described as a a clean, bright, pale yellow iodised oil fluid presented in 10 ml ampoules, which is an x-ray contrast medium for use in certain radiological investigations where it is desirable to outline a viscous or other structure with directly instilled radio-opaque material in its Data Sheet provided by its manufacturer, Rhône-Poulenc Rorer New Zealand Limited. Defendants have insufficient knowledge to respond to the remaining averments in this paragraph, and accordingly, deny them.

11. Defendants deny that Georgetown University and/or its servants, agents, and/or employees, including Dr. Watson, were negligent in the management, care, and/or treatment of Ms. Kerris at any time and/or in the time frame between November 4, 1998 and March 3, 1999, the time frame plaintiffs have designated as relevant to their lawsuit. Defendants have further moved to strike subparagraphs (c) through (d), (f), (h) through (l) and (o) and therefore, do not file a response as to those subparagraphs. Should the Court determine that an answer is required as to these subparagraphs, defendants will file an answer as to these subparagraphs as the Court orders.

   a. Defendant deny the averments in this subparagraph;

   b. Defendant deny the averments in this subparagraph;

   e. Defendant deny the averments in this subparagraph;

   g. Defendant deny the averments in this subparagraph;

   m. Defendants deny the averments in this subparagraph;

   n. Defendants deny the averments in this subparagraph.

12. Defendants deny the averments in this paragraph.

13. Based on the representations in plaintiffs' Amended Complaint, defendants admit that Ms. Kerris has been adjudged incompetent by the Circuit Court for Montgomery County, Maryland and that Felice I. Iacangelo and Cicily A. Iacangelo were appointed as Guardians of the Person and Property of Ms. Kerris. Based on the representations in plaintiffs' Amended Complaint and Ms. Kerris's medical records, defendants admit that Ms. Kerris does not have the mental capacity to provide information as to plaintiffs' allegations. Defendants deny the remaining averments in this paragraph.

14. Defendants deny the averments in this paragraph.

Defendants deny plaintiffs are entitled to any relief.

## COUNT VIII
(Breach of Fiduciary Obligations)

56. Defendants deny the averments in this paragraph.

57. Defendants deny the averments in this paragraph.

58. Defendants deny the averments in this paragraph.

59. Defendants have moved to strike subparagraphs (c) and (h) and therefore, do not file a response as to those subparagraphs. Should the Court determine that a response is required as to those subparagraphs, defendants will file a response to those subparagraphs as the Court so orders.

    a. Defendants deny the averments in this subparagraph.

    b. Defendants deny the averments of this subparagraph.

    d. Defendants deny the averments of this subparagraph.

    e. Defendants deny the averments of this subparagraph.

    f. Defendants deny the averments of this subparagraph.

    g. Defendants deny the averments of this subparagraph.

    i. Defendants deny the averments of this subparagraph.

  60. Defendants have moved to strike this paragraph and its subparts in its entirety. Should the Court determine that a response is required as to those subparagraphs, defendants will file a response to those subparagraphs as the Court so orders.

  61. Defendants deny the averments in this paragraph.

  62. Defendants deny the averments in this paragraph.

Defendants deny that plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

The care and treatment provided to Karyn Kerris by defendants conformed in all respects to the applicable standard of care.

### THIRD DEFENSE

Plaintiffs' claims may be barred by the doctrines of contributory negligence and/or assumption of risk.

### FOURTH DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitations and/or the doctrine of laches.

### FIFTH DEFENSE

Ms. Kerris's injuries, on which plaintiffs' claims are based, were caused solely and proximately by conditions, processes, diseases, prior injuries, and/or the acts and omissions of others, for which defendants are not legally responsible.

### SIXTH DEFENSE

Plaintiffs have suffered no injuries or damages that would entitle them to an award of compensatory damages under law.

### SEVENTH DEFENSE

Plaintiffs have suffered no injuries or damages that would entitle them to an award of punitive damages under law and defendants have moved to dismiss that claim with prejudice or, in the alternative, moved for entry of summary judgment in their favor on the claim of punitive damages.

### EIGHTH DEFENSE

Plaintiffs have failed to take actions to mitigate their alleged injuries and/or damages.

### NINTH DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver.

### TENTH DEFENSE

Plaintiffs fail to state a claim on which money damages and/or costs can be awarded.

Therefore, having fully answered all of the allegations of the Amended Complaint to which no motion has been filed, defendants deny plaintiffs are entitled to the relief requested,

or any relief whatsoever, and respectfully requests that the Court dismiss the Amended Complaint with prejudice, enter judgment for defendants, award the costs and expenses of this action to defendants, and grant any other relief the Court deems just and proper.

## JURY DEMAND

Should the Court determine that the action should proceed to trial, defendants request a jury trial on all counts that remain against them.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: March 6, 2006         By:   /s/ Megan E. Hills
Megan E. Hills ((D.C. Bar #437340)
Nicolas Muzin (*Bar Membership in New York & the District of Columbia pending*)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
mhills@wc.com
nmuzin@wc.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendants' Answer to Counts II and VIII of plaintiffs' Amended Complaint, this 6th day of March, 2006 to:

>Anthony Newman, Esquire
>Newman & McIntosh
>7315 Wisconsin Avenue
>Suite 700E
>Bethesda, Maryland 20814
>
>and
>
>Andrew Greenwald, Esquire
>Greenwald and Laake
>6404 Ivy Lane
>Suite 440
>Greenbelt, Maryland 20770
>
>Plaintiffs' Attorneys

and a courtesy-copy hand-delivered to:

>The Honorable Paul L. Friedman
>Chambers
>3rd & Constitution Avenue, N.W.
>Washington, D.C. 20001

_____
Nicolas Muzin