UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FELICE I. IACANGELO, et al.** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.: 1:05CV02086 |
| | : | Judge Paul L. Friedman |
| **GEORGETOWN UNIVERSITY, et al.** | : | |
| | : | |
| | : | |
| Defendants. | : | |

**STATEMENT OF MATERIAL FACTS AT ISSUE
REGARDING INFORMED CONSENT**

    a.  **General Issues not Related to IRB**

    1.    Whether Vance E. Watson, M.D., informed Mrs. Kerris or her family that Hisotacryl® and Lipiodol® were unapproved Class III devices.

    2.    Whether Vance E. Watson, M.D., informed Mrs. Kerris or her family that the substances were illegal and had to be procured from Canada.

    3.    Whether Vance E. Watson, M.D., informed Mrs. Kerris or her family that the use of Hisotacryl® and Lipiodol® for her symptoms was, "only a theory with significant, great risks".

    4.    Whether Vance E. Watson, M.D., informed Mrs. Kerris or her family that he had used Hisotacryl® and Lipiodol® in the past with at least a 50% mortality.

    5.    Whether Vance E. Watson, M.D., informed Mrs. Kerris or her family that the use of Hisotacryl® and Lipiodol® would not treat AVM, her "risk of hemorrhage."

    6.    Whether any patient, including Mrs. Kerris, could provide informed consent to a procedure that was merely a theory with significant, great risks, with at least a 50% mortality

rate.

    b. **Related to IRB**

7.    Whether Vance E. Watson, M.D. and Georgetown University Hospital created a consent form that was consistent with the Georgetown University Institutional Review Board Policies and Procedures manual for the treatment of a patient with a device that carried substantial and/or great risks.

8.    Whether Georgetown University Hospital's IRB would have authorized Vance E. Watson, M.D.'s use of Histadol.

9.    Whether Georgetown University Hospital's IRB could have created an adequate informed consent document given the issues in this matter.

**STATEMENT OF MATERIAL FACTS AT ISSUE REGARDING EXPRESS WARRANTY**

10.    Whether Vance E. Watson, M.D., made an express guarantee to Mrs. Kerris that the embolizations had a 95% chance of being successful.

11.    Assuming the truth of the Declaration of Vance E. Watson, M.D., whether any patient could provide adequate informed consent to a procedure when the chances of success was merely a theory, the only offered documented success rate was at most 50% and if they survived they had a substantial chance of neurologic damage.

12.    Whether an executed boiler plate informed consent form, entitled, "Consent for Surgery, Anesthetics and Other Medical Services," was adequate to perform the embolization.

13.    Assuming the truth of the Declaration of Vance E. Watson, M.D., whether his statements and the executed boiler plate informed consent forms were sufficient to provide Mrs.

Kerris informed consent.

14. Assuming the truth of the Declaration of Vance E. Watson, M.D., whether his statements and an executed boiler plate informed consent form, entitled,"Consent for Surgery, Anesthetics and Other Medical Services," was sufficient if it was not in writing.

15. Whether a specialized consent approved by an IRB and contain all the elements required by Georgetown University's Institutional Review Board Policies and Procedures Manual B Ch.12 a-h was required.

### STATEMENT OF MATERIAL FACTS DEFENDANT'S HAVE PLACED AT ISSUE REGARDING THE FOOD DRUG AND COSMETIC ACT

16. Vance E. Watson., M.D.'s use of Class III devices was not exempt from the regulations of the FDA since the practitioner's exclusion only applies to legal devices they are "licensed by law to prescribe or administer".

17. Vance E. Watson, M.D. and Georgetown University were not exempt from the regulations of the FDA under 21 U.S.C., §360(g)(2) 21 U.S.C., §360(g)(3), or 21 C.F.R. §812.20(a)(2).

18. Defendants introduction of Hisotacryl® and Lipiodol® into interstate commerce was prohibited by 21 U.S.C. §331(a).

19. The manufacture of Histadol, a mixture of Hisotacryl® and Lipiodol®, created a misbranded and mislabeled device which was prohibited by 21 U.S.C. §331(b).

20. Defendants receipt of Hisotacryl® and Lipiodol® and later installation and sale to Mrs. Kerris was prohibited by 21 U.S.C. §331(c).

## STATEMENT OF MATERIAL FACTS DEFENDANTS HAVE PLACED AT ISSUE REGARDING THE STATUS OF DEFENDANTS AS MANUFACTURERS.

21.     Defendants initiated the introduction into interstate commerce of two unapproved devices Hisotacryl® and Lipiodol® which would not have been in interstate commerce but for their negligent actions.

22.     Defendants manufactured Histadol, a misbranded and mislabeled device made from the combination of two other misbranded and mislabeled devices, Hisotacryl® and Lipiodol® on multiple occasions over a period of years selling their product along with its implantation to patients of the Washington metropolitan area.

23.     Defendants were part of the distribution process and introduced unapproved devices into the stream of commerce.

24.     Defendants are strictly responsible for Histodol and thus are responsible for any and all warranty claims as its manufacturer.

## STATEMENT OF MATERIAL FACTS REGARDING FRAUD

25.     Whether Vance E. Watson, M.D. concealed the fact that the devices Histoacryl® and Lipiodol® were unapproved and subject to a trade alert requiring their procurement from Canada.

26.     Whether Vance E. Watson, M.D. concealed the experimental nature of his compound made up of Histoacryl® and Lipiodol® and the fact that he had only had a 50% success rate with the procedure.

27.     Whether Vance E. Watson, M.D. concealed the fact that the importation and use of Histoacryl® and Lipiodol® was illegal.

28. Whether Vance E. Watson, M.D. misled Mrs. Kerris into believing that the embolization was legal, non-experimental and had a 95% success rate.

29. Whether Vance E. Watson, M.D. concealed the fact that he did not seek or obtain FDA approval for the use of Histoacryl® and Lipiodol®.

30. Whether Vance E. Watson, M.D. concealed the fact that he did not seek or obtain an IDE.

31. Whether Vance E. Watson, M.D. concealed the fact that the combination of devices to be injected was untested and its safety and efficacy were unknown.

32. Whether Mrs. Kerris relied on the aforesaid misleading statements in deciding to go ahead with her embolization.

33. Whether Mrs. Kerris was injured as a result of her reliance on the misleading statements of Vance E. Watson, M.D.

    Respectfully submitted,

_____
Anthony G. Newman, Esq.
NEWMAN & McINTOSH
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814
(301) 654-3400

_____
Andrew Greenwald, Esq.
JOSEPH, GREENWALD AND LAAKE, P.A.
6404 Ivy Lane, Suite 440
Greenbelt, Maryland 20770
(301) 220-2200

***Attorneys for Plaintiffs***