UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELICE I. IACANGELO, et al.  :
:
    Plaintiffs,  :
:
v.  :   Case No.: 1:05CV02086
:   Judge Paul L. Friedman
GEORGETOWN UNIVERSITY, t/a  :
Georgetown University Hospital, et al.  :
:
    Defendants.  :

## AFFIDAVIT

I, William Damaska, being over the age of 18, under penalty of perjury swear and affirm that the following is true, to the best of my knowledge:

1). I am presently the principal consultant in Bill Damaska Associates, which is located in Gaithersburg, Maryland.

2). From January 1984 to November 1992, I was the Director of the Division of Compliance Operations in the Food and Drug Administration, Center for Devices and Radiological Health (CDRH). My division was responsible for review, and approval/disapproval of all regulatory actions such as seizures, injunctions, and prosecution actions for medical devices submitted by FDA District Offices to CDRH. My division managed, and/or issued import alerts for medical devices.

3). I have reviewed the Declaration of Vance E. Watson, M.D., and Georgetown University's Institutional Review Board Policies and Procedures Manual regarding a medical device, known as "Histoacryl."

4). Histoacryl is a tissue adhesive intended for use as an "artificial embolization

device." It is prohibited from medical usage, absent specific approval by FDA.

5). Histoacryl has not been the subject of a premarket approval submission providing clinical data to FDA sufficient to demonstrate its' safety and/or efficacy.

6). A Class III device can only be marketed after submission and approval by FDA of an application for premarket approval (PMA), 21 U.S.C. §360e(a), or, an FDA approved investigational devise exemption (IDE), 21 U.S.C. §360 j(g)(1).

7). Import Alert #89-08 is a notice issued by FDA headquarters to be field personnel responsible for monitoring medical devices being imported identifying devices which have not been approved/cleared for marketing in the United States, i.e., have not been shown to be safe and/or effective.

8). Import Alert #89-08 was maintained by my staff while I Director of the Division of Compliance Operations. It is periodically updated. The 10/29/99 and 2/25/04 revisions specifically listed Histoacryl as a device which was subject to automatic detention, because it was being shipped in commerce without either an approved PMA or and an approved IDE.

9). Import Alert #89-08 listed as one of the companies in violation of the act, a Canadian company, Yocan Medical Systems, Inc., the distributor from whom Vance E. Watkins, M.D. and Georgetown University Hospital received their Histoacryl (see Declaration of Vance E. Watson, M.D.).

10). As a result of Import Alert #89-08, numerous shipments of Histoacryl and Lipoidol, which is apparently a diluent utilized in the administration of Histoacryl, from Yocan Medical Systems, Inc. have been detained by FDA.

11). The testimony of Vance E. Watson, M.D. further establishes that neither he nor

Georgetown University Hospital ever sought to become a sponsor or begin an investigation under an IDE for either device before they were injected into Karyn Kerris.

12). Thus, Vance E. Watson, M.D., and Georgetown University Hospital violated 21 C.F.R. §812.20(a)(2), because, "[a] sponsor shall not begin an investigation for which FDA's approval of an application is required until FDA has approved the application."

13). Vance E. Watson, M.D., and Georgetown University Hospital's use of Histoacryl and Lipiodol was "in violation of regulations," 21 U.S.C. §351(f)(1)(B)(I), and thus constituted "adulteration."

14). A Class III device, without an approved PMA which is still available for use is by definition "adulterated." 21 U.S.C. §351(f)(1)(B)(I).

15). It is my understanding that the "Histoacryl," an adulterated device, was implanted (injected) into Karyn Kerris for a fee.

16). Thus, Vance E. Watson, M.D., and Georgetown University violated the prohibited act in 21 U.S.C. §331c by their "receipt in interstate commerce of...[a] device... that is adulterated," and providing the service "for pay."

17). 21 U.S.C. §396 of the FDCA allows practitioners to be exempt from the FDCA in prescribing or administering drugs or devices which they are licensed by law to prescribe. The FDA has defined this section to only allow practitioners to prescribe or administer legally marked devices. It does not allow the use by practitioners of devices which are adulterated or misbranded.

18). While the FDCA was not intended to regulate the practice of medicine by practitioners, it was intended to control the availability of drugs and/or devices by

3

these practitioners.

19). Vance E. Watson, M.D. and Georgetown University were not exempt from the regulations of the FDCA under 21 U.S.C. §396 because Vance E. Watson, M.D. was not licensed by law to prescribe or administer the adulterated Histoacryl and Lipiodol.

*William H. Damaska*
William H. Damaska

STATE OF MARYLAND      :
                       : ss
COUNTY OF MONTGOMERY   :

William H. Damaska personally appeared before me, a Notary Public, for the State of Maryland, Montgomery County, on this 14th day of March, 2006.

*Daphne L. Hallas*
Notary Public

My Commission Expires: 01/01/09

DAPHNE L. HALLAS
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires January 1, 2009

4