(ii) An explanation of the purpose of the research including its long-term goal.
    (iii) An explanation of the expected duration of subject's participation.
    (iv) A description of what procedures will be followed.
    (v) Identification of any procedures that are experimental.

  b. Reasonable Forseeable Risks or Discomforts associated with the use of the device.
  c. Reasonably Expected Benefits to Subjects or Others.
  d. Appropriate Alternatives.
  e. Extent of Confidentiality.
  f. Compensation or Treatment for Injury.
  g. Contact Information.
  h. Voluntary Participation Statement.

(these are identical elements of informed consent found in defendant Georgetown's Institutional Review Board Policies & Procedures Manual ch.12). In addition, the forms were deficient in failing to: inform Ms. Kerris of the "significant risks" associated with Histoacryl and Lipiodol and its mixture; identify the actual devices to be used a statement that they were unapproved; mention that the devices had to be obtained through Canada since they were the subject of a Trade Alert; and explain why the devices' use was merely theoretical. Failure to do the aforesaid was a violation of the standard of care.

  12). It is my opinion, to a reasonable degree of medical certainty, that the comments found in the Declaration of Vance E. Watson, M.D., regarding his communication with Karyn Kerris, even if true, did not provide adequate informed consent in that said statements did not explain the aforesaid (#11) nor did they appear in any written document for the patient to review and execute.

  13). It is my opinion, to a reasonable degree of medical certainty, based on the statements of Vance E. Watson, M.D. that no patient, who is not a subject of human experimentation in an IRB approved research, should be subjected to a procedure that is merely a

"theory" with "significant risks" without any benefit to "cure" their potentially life threatening condition. Thus the use of Class III devices in this case was at best human experimentation.

14). It is my opinion, to a reasonable degree of medical certainty, that the use by Vance E. Watson, M.D. and Georgetown University of the unapproved devices (Histoacryl and Lipiodol) does not fall under the exemption of 21 USC §360(g)(2) in that section only exempts practitioners use of devices that they are "licensed by law to ... administer". No practitioner is "licensed by law to ... administer" unapproved devices.

15). It is my opinion, to a reasonable degree of medical certainty that if Felice Iacangelo, Cicily Iacangelo and Paul Kerris had been told by Vance. E. Watson, M.D., that the embolizations likelihood of success was "95%," that Vance E. Watson, M.D. made an express warranty to Karyn Kerris related to the success of the procedures.

_____
Melvin Van Woert, M.D.

STATE OF __NJ__ :
                  : ss
County of __Middlesex__ :

Melvin Van Woert, M.D., personally appeared before me, a Notary Public, for the State of __NJ__, __Middlesex__ County, on this __15th__ day of __March__, 2006.

_____
Notary Public

My Commission Expires: _____

OFFICIAL SEAL
ISABEL M MEJIAS
NOTARY PUBLIC NEW JERSEY
MIDDLESEX COUNTY
My Com. expires Jan. 5, 2011

5

TOTAL P.02