UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELICE I. IACANGELO, et al. :
:
    Plaintiffs, :
:
v. : Case No.: 1:05CV02086
: Judge Paul L. Friedman
GEORGETOWN UNIVERSITY, t/a :
Georgetown University Hospital, et al. :
:
    Defendants. :

## AFFIDAVIT

I, Arthur Kaufman, M.D., being over the age of 18, under penalty of perjury swear and affirm that the following is true, to the best of my knowledge:

1). I have been a licensed physician since 1968 and have served in several capacities involving the administration of hospitals including the Vice President of Prince George's General Hospital for an eleven year term, and the Medical Director of the External Peer Review Program for the Department of Veterans Affairs.

2). I have been involved with the Joint Commission on Accreditation of Hospitals, by sitting on both its editorial board, and Quality Review Panel, by generating the Quality Review Bulletins, as well as drafting AMH Standards. Presently, I am the Medical Director of Federal Healthcare.

3). I have reviewed the relevant portions of the medical records of Karyn Kerris, the Declaration of Vance E. Watson, M.D., the package insert for Histoacryl, and the FDA Trade Alert #89-08, as well as Georgetown University's Institutional Review Board Policies & Procedures Manual.

4). I am aware that Histoacryl and Lipiodol were Class III devices, unapproved for

any medical purpose in the United States. They were given their Class III classification because the manufacturer never provided clinical data to FDA sufficient to demonstrate their safety and/or efficacy. Class III devices are the most dangerous calls of devices to the public.

5). It is my opinion based on my training and experience, including my administrative responsibilities as well as my experience with the Joint Commission on Accreditation of Hospitals, that to a reasonable degree of medical certainty, in fact, to absolute certainty, that hospitals and practitioners may not use any Class III (unapproved) device without a valid Investigational Device Exemption (IDE) or Premarket Approval (PMA) issued by the FDA; Histoacryl and Lipiodol were not used pursuant to a valid IDE or PMA.

6). It is my opinion, to a reasonable degree of medical certainty, that Georgetown University and Vance E. Watson, M.D. used the combination of two unapproved Class III devices, Histoacryl and Lipiodol without FDA approval in violation of the FDCA and in violation of Georgetown University's own Institutional Review Board Policies & Procedures, and it is my further opinion that if proper procedures had been performed, the use of these devices would have been banned and the treatment performed on Karyn Kerris, and her resultant injuries, would not have occurred.

7). It is my opinion, to a reasonable degree of medical certainty, that even if Vance E. Watson, M.D. had used **approved** devices, in the manner stated in his Affidavit, "only [as] a theory with significant great risks" which would not "cure or address [a patient's] hemorrhage" (the potential complication of an arterial venous malformation [AVM] is hemorrhage), such a use of an **approved** device would still be experimental and require IRB approval.

2