UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELICE I. IACANGELO, et al.          :
                                     :
        Plaintiffs,                  :
                                     :
    v.                               :        Case No.: 1:05CV02086
                                     :        Judge Paul L. Friedman
GEORGETOWN UNIVERSITY, t/a           :
Georgetown University Hospital, et al.  :
                                     :
        Defendants.                  :

## AFFIDAVIT

I, Robert E. Kamm, being over the age of 18, under penalty of perjury

swear and affirm that the following is true, to the best of my knowledge:

1).     I am an attorney and pharmacist who is presently the President and Regulatory

Consultant in Robert E. Kamm Associates, which is located in Odessa, Florida.

2).     From 1994 to present, I have been General Counsel for the American Foundation

for Pharmaceutical Education. I have worked extensively for the Pharmaceutical industry as well

as the private sector as an attorney specializing in FDA regulations.

3).     I have reviewed the Declaration of Vance E. Watson, M.D., and Georgetown

University's Institutional Review Board Policies and Procedures Manual, the medical records of

Karyn Kerris and the package insert for Histoacryl.

4).     Histoacryl is a tissue adhesive intended for use as an "artificial embolization

device," as defined in 21 C.F.R. Ch.1 §882.5950. As such, it is prohibited from scientific usage,

absent specific approval by FDA.

5).     Histoacryl is intended for use as an embolization device because the manufacturer

has not provided clinical data to FDA sufficient to demonstrate its' safety and/or efficacy.

6).    A Class III device can only be marketed after submission and approval by FDA of an application for premarket approval (PMA), 21 U.S.C. §360e(a), or, an FDA approved investigational devise exemption (IDE), 21 U.S.C. §360 j(g)(1).

7).    Import Alert #89-08 is a notice issued by FDA headquarters to be field personnel responsible for monitoring scientific devices being imported identifying devices which have not been approved/cleared for marketing in the United States, i.e., have not been shown to be safe and/or effective.

8).    Import Alert #89-08 listed as one of the companies in violation of the act, a Canadian company, Yocan Scientific Systems, Inc., the distributor from whom Vance E. Watkins, M.D. and Georgetown University Hospital received their Histoacryl (see Declaration of Vance E. Watson, M.D.).

9).    As a result of Import Alert #89-08, numerous shipments of Histoacryl and Lipoidol, which is apparently a diluent utilized in the administration of Histoacryl, from Yocan Scientific Systems, Inc. have been detained by FDA.

10).    The testimony of Vance E. Watson, M.D. further establishes that neither he nor Georgetown University Hospital ever sought to become a sponsor or begin an investigation under an IDE for either device before they were injected into Karyn Kerris.

11).    Thus, Vance E. Watson, M.D., and Georgetown University Hospital violated 21 C.F.R. §812.20(a)(2), because, "[a] sponsor shall not begin an investigation for which FDA's approval of an application is required until FDA has approved the application."

12).    Vance E. Watson, M.D., and Georgetown University Hospital's use of Histoacryl

2