and Lipiodol was "in violation of regulations," 21 U.S.C. §351(f)(1)(B)(I), and thus constituted "adulteration."

13). A Class III device, without an approved PMA which is still available for use is by definition "adulterated." 21 U.S.C. §351(f)(1)(B)(I).

14). It is my understanding that the "Histoacryl," an adulterated device, was implanted (injected) into Karyn Kerris for a fee.

15). Thus, Vance E. Watson, M.D., and Georgetown University violated the prohibited act in 21 U.S.C. §331c by their "receipt in interstate commerce of...[a] device... that is adulterated," and providing the service "for pay."

16). Section 360(g)(2) of the FDCA allows practitioners to be exempt from the FDCA in prescribing or administering drugs or devices which they are licensed by law to prescribe. The FDA has defined this section to only allow for "ingredients they lawfully acquire." It does not allow the use by practitioners of devices which are banned or mislabeled.

17). While the FDCA was not intended to regulate the practice of medicine by practitioners, it was intended to control the availability of drugs and/or devices by these practitioners.

18). Vance E. Watson, M.D. and Georgetown University were not exempt from the regulations of the FDCA under Section 360(g)(2) because Vance E. Watson, M.D. was not "licensed by law to prescribe or administer" the banned and mislabeled Histoacryl and Lipiodol.

19). It is my opinion, to a reasonable degree of scientific certainty, that Georgetown University and Vance E. Watson, M.D. used the combination of two unapproved

Class III devices, Histoacryl and Lipiodol without FDA approval in violation of the FDCA and in violation of Georgetown University's own Institutional Review Board Policies & Procedures, and it is my further opinion that if proper procedures had been performed, the use of these devices would have been banned and the treatment performed on Karyn Kerris, and her resultant injuries, would not have occurred.

20). It is my opinion, to a reasonable degree of scientific certainty, that even if Vance E. Watson, M.D. had used **approved** devices, in the manner stated in his Affidavit, "only [as] a theory with significant great risks" which would not "cure or address [a patient's] hemorrhage" (the potential complication of an arterial venous malformation [AVM] is hemorrhage), such a use of an **approved** device would still be experimental and require IRB approval.

21). It is my opinion, to a reasonable degree of scientific certainty, and in fact, to absolute certainty, that the use of Histoacryl inside the intima and media of a blood vessel in the manner in which Vance E. Watson, M.D. injected the glue into Karyn Kerris, was forbidden by the expressed warnings found in the package inserted generated by its manufacturer i.e., "Histoacryl must not be used for closing wounds to internal organs or on the surface of the brain...[a]dministration to the intima and media of blood vessels should also be avoided on account of the risk of thrombosis and damage to the vascular wall]."

22). It is my opinion, to a reasonable degree of scientific certainty, that use of unapproved Class III devices by Vance E. Watson, M.D., without valid PMA or IDE, without review by an IRB, and in opposition to the manufacturers' warnings is a violation of the standard of care, Federal law and Georgetown's IRB policies and procedures.

23). In the absence of FDA authorization to use Histoacryl, and in the absence of any review by an IRB, Georgetown University had a duty to protect its patients, and in the exercise of that duty should not have allowed Vance E. Watson, M.D. to inject Histoacryl into any patient, including Karyn Kerris. By allowing Vance E. Watson, M.D., to do so Georgetown University violated the standard of care, Federal law, and its own IRB policies and procedures.

_____
Robert E. Kamm

STATE OF FLORIDA        :
                        : ss
COUNTY OF Citrus        :

    Robert E. Kamm personally appeared before me, a Notary Public, for the State of Florida, County of Citrus_____, on this 13th day of March_____, 2006.



_____
Notary Public

My Commission Expires: _____

5