UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELICE I. IACANGELO, et al.** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No.: 1:05CV02086 |
| : | Judge Paul L. Friedman |
| **GEORGETOWN UNIVERSITY, t/a** : | |
| Georgetown University Hospital, et al. : | |
| : | |
| Defendants. : | |

## AFFIDAVIT

I, Cicily Iacangelo, being over the age of 18, under penalty of perjury swear and affirm that the following is true, to the best of my knowledge:

1. I had discussions with Vance E. Watson, M.D., regarding the treatment of my daughter prior to the embolizations.

2. I was present when Vance E. Watson, M.D. discussed the procedures with my daughter prior to the embolizations.

3. Vance E. Watson, M.D. did not have any meetings with my daughter where a member of the family was not present, prior to the embolizations.

4. Vance E. Watson, M.D. told my daughter, Karyn Kerris, my husband, Felice Iacangelo, my son-in-law, Paul Kerris as well as myself, that the embolizations had a 95% chance of success.

5. Vance E. Watson, M.D. never told my daughter, Karyn Kerris, my husband, Felice Iacangelo, my son-in-law, Paul Kerris nor myself that he had experienced complications with any patients using this treatment.

6. Vance E. Watson, M.D. never told my daughter, Karyn Kerris, my husband,

Felice Iacangelo, my son-in-law, Paul Kerris nor myself that one of his patients had died from the complications of a procedure similar to be performed on Karyn Kerris, so there was a 50% mortality rate with the procedure.

7. Vance E. Watson, M.D. never told my daughter, Karyn Kerris, my husband, Felice Iacangelo, my son-in-law, Paul Kerris nor myself that the procedure "would not be a cure or address the risk of hemorrhage".

8. Vance E. Watson, M.D. never told my daughter, Karyn Kerris, my husband, Felice Iacangelo, my son-in-law, Paul Kerris nor myself that improvement of Karyn Kerris' symptoms with the use of "Lipiodol and Histoacryl mixture was only a theory with significant great risks including a high rate of failure, death, stroke or neurological worsening."

9. Vance E. Watson, M.D. never told my daughter, Karyn Kerris, my husband, Felice Iacangelo, my son-in-law, Paul Kerris nor myself that "there was no way to predict whether [my daughter] would improve, decline, stay the same or die from the treatment".

10. Vance E. Watson, M.D. never told my daughter, Karyn Kerris, my husband, Felice Iacangelo, my son-in-law, Paul Kerris nor myself that there were alternative treatments available for her vascular anomaly. In fact, he stated that the embolization was the only treatment available to her.

11. Vance E. Watson, M.D. never told my daughter, Karyn Kerris, my husband, Felice Iacangelo, my son-in-law, Paul Kerris nor myself that neither the embolizations nor the devices to be used were approved by the Food and Drug Administration.

12. Vance E. Watson, M.D. never told my daughter, Karyn Kerris, my husband, Felice Iacangelo, my son-in-law, Paul Kerris nor myself that "a letter of need" might be required

to procure the device from Canada.

13. Karyn Kerris, discussed her treatment with my husband, Felice Iacangelo, my son-in-law, Paul Kerris and myself, and at no time did Karyn Kerris mention that Dr. Watson made any statements in 5-12 above.

14. At no time did Vance E. Watson tell Karyn Kerris, my husband, Felice Iacangelo, my son-in-law, Paul Kerris or myself, that the embolization using Histoacryl was completely contrary to the manufacturer's express warning that the device should not be injected into blood vessels.

*Cicily Iacangelo* (signature)
Cicily Iacangelo

STATE OF MARYLAND     :
                     : ss
COUNTY OF MONTGOMERY :

Cicily Iacangelo, personally appeared before me, a Notary Public, for the State of Maryland, Montgomery County, on this 16th day of March, 2006.

*Daphne L. Hallas* (signature)
Notary Public

My Commission Expires: 01/01/09

DAPHNE L. HALLAS
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires January 1, 2009

3