UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELICE I. IACANGELO, et al.** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Case No.: 1:05CV02086 |
| : | Judge Paul L. Friedman |
| **GEORGETOWN UNIVERSITY, et al.** : | |
| : | |
| **Defendants.** : | |

**PLAINTIFFS' MOTION TO FILE A SURREPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
COUNTS III, IV, [V] VI, VII, X, XI AND XII PURSUANT TO F.R.C.P. 12(B)(6);
MOTION FOR SUMMARY JUDGMENT ON COUNTS II, VI, AND IX (IN THE
ALTERNATIVE FOR COUNTS VI AND IX) PURSUANT TO F.R.C.P. 56(B); AND
MOTION TO STRIKE CERTAIN ALLEGATIONS FROM
THE AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(F)**

Plaintiffs, Felice Iacangelo, Cicily Iacangelo and Paul Kerris, by and through their counsel, Newman & McIntosh, Anthony G. Newman, Esquire, and Greenwald and Lake, Andrew Greenwald, Esquire, hereby ask the Court to allow the Plaintiffs to file a Surreply to Defendants Response to Plaintiff's Opposition to Defendants' Motion to Dismiss Couunts III, IV, [V], VII, X, XI and XII Pursuant to F.R.C.P. 12(B)(6) and Motion for Summary Judgment on Counts II, VI, and IX (in the Alternative for Counts VI and IX) Pursuant to F.R.C.P. 56(B); and Motion to Strike Certain Allegations from the Amended Complaint Pursuant to F.R.C.P. 12(F).

As grounds for this motion, Plaintiffs state the following:

After Defendants received Plaintiffs' Opposition to their Motion and apparently realized that their FDCA argument regarding exemption was not sufficient, they decided to raise an entirely new argument, that the FDCA does not imply a private right of action. (See Defendants' Response, p. 2). As Defendants' argument is essentially a new motion cloaked in the guise of a

Reply, this Court should allow Plaintiffs' the opportunity to be heard on the argument before ruling on any dispositive motions.

Because Defendants raise an entirely new argument, which is, for all intents and purposes, a new motion, this Court should grant Plaintiffs' Motion to File a Surreply to allow an opposition into the record to address Defendants' novel arguments.

Respectfully Submitted,

_____
Anthony G. Newman, Esq.
NEWMAN & McINTOSH
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814
(301) 654-3400


_____
Andrew Greenwald, Esq.
JOSEPH, GREENWALD AND
LAAKE, P.A.
6404 Ivy Lane, Suite 440
Greenbelt, Maryland 20770
(301) 220-2200
***Attorneys for Plaintiffs***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELICE I. IACANGELO, et al.** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Case No.: 1:05CV02086 |
| : | Judge Paul L. Friedman |
| **GEORGETOWN UNIVERSITY, et al.** : | |
| : | |
| **Defendants.** : | |

## ORDER

After consideration of Plaintiffs' Motion to File a Surreply to Defendants Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss Counts III, IV, VI, VII, IX, X, XI and XII, Pursuant to F.R.C.P. 12(b)(6) and Motion For Summary Judgment on Counts II, VI, and IX (In the Alternative for Counts VI and IX), Pursuant to F.R.C.P. 56(b) and Motion to Strike Certain Allegations from the Amended Complaint, Pursuant to F.R.C.P. 12(f), and Plaintiffs' Opposition thereto, it is by the Court this _____ day of _____, 2006, it is hereby,

**ORDERED**, that Plaintiffs' Motion be and the same hereby is **GRANTED** and

**FURTHER ORDERED**, that Plaintiffs' attached Surreply is accepted for filing.

_____
The Honorable Paul L. Friedman
Judge, United States District Court
 for the District of Columbia

Copies to:

Megan E. Hills, Esq.
Nicolas Muzin, Esq.

Williams & Connelly, LLP
725 Twelfth Street, NW
Washington, D.C. 20005

Anthony Newman, Esq.
Newman & McIntosh
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814

Andrew Greenwald, Esq.
Joseph, Greenwald and Laake
6404 Ivy Lane, Suite 440
Greenbelt, Maryland 20770

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELICE I. IACANGELO, et al.** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Case No.: 1:05CV02086 |
| : | Judge Paul L. Friedman |
| **GEORGETOWN UNIVERSITY, et al.** : | |
| : | |
| **Defendants.** : | |

**PLAINTIFFS' SURREPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
COUNTS III, IV, [V] VI, VII, X, XI AND XII PURSUANT TO F.R.C.P. 12(B)(6);
MOTION FOR SUMMARY JUDGMENT ON COUNTS II, VI, AND IX (IN THE
ALTERNATIVE FOR COUNTS VI AND IX) PURSUANT TO F.R.C.P. 56(B); AND
MOTION TO STRIKE CERTAIN ALLEGATIONS FROM
THE AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(F)**

Plaintiffs, Felice Iacangelo, Cicily Iacangelo and Paul Kerris, by and through their counsel, Newman & McIntosh, Anthony G. Newman, Esquire, and Joseph, Greenwald and Laake, Andrew Greenwald, Esquire, hereby submit this Surreply to Defendants' Reply.

Apparently after digesting the Opposition, Defendants accepted the fact that their FDCA argument regarding exemption was probably not sufficient and decided to raise their fall-back argument, that the FDCA does not create or imply a private right of action..." (See *Reply,* p. 2). Since defendant had strategically chosen to ignore this argument in their earlier pleadings, perhaps accepting that it too was not dispositive, they had to find an avenue to present this new argument to the Court. Realizing that a second motion would demonstrate desperation, as well as allow for an opposition, Defendants decided upon a novel method wherein they could present a new argument, excuse their neglect and, without rebuttal, shift blame to Plaintiffs. Hence, their argument, "plaintiff failed to inform the Court the central fact that **requires** dismissal of

Counts X through XII... private party claims based on alleged violations of the FDCA are impermissible. (*Reply*, pp. 1-2). It is this issue that has mandated this Surreply by Plaintiffs. Given the scope of this pleading, only those misstatements surrounding the private right of action will be discussed.[1]

The core of Defendants' argument is that the "FDCA does not create or imply a private right of action for individuals injured as a result of violations of the Act" (*Reply*, p. 2) and thus "[a]ttempts by private plaintiffs to recover for alleged violations of FDCA, including claims of misbranding and failure to get pre-market approval are habitually dismissed by courts around the country." (*Reply*, p. 20). Defendants' argument is erroneous. The issue of a private right of action in the FDCA is irrelevant. Plaintiffs are only asking for a finding of negligence *per se*, a state cause of action, for Defendants' violations of the federal statutes (See Plaintiffs' Amended Complaint, Count X-XII). As for Defendants' conclusory remark of "habitual" dismissals, even a cursory review of the case law demonstrates the contrary, state and federal courts allow such claims.

As far back as 1960, the Fourth Circuit accepted the theory of negligence *per se* based on reference to the FDCA in the absence of statutory civil remedy.

> The Federal Food, Drug, and Cosmetic Act does not expressly provide a civil remedy for injured consumers. However, the statute imposes an absolute duty on manufacturers not to misbrand their products, and the breach of this duty may give rise to civil liability...we think that a violation of the Federal Food, Drug, and

---

[1] As a preliminary issue, one must reflect on Defendants' argument that Plaintiffs, the non-moving parties, had some type of duty to bring to the Court's attention issues not addressed in the *moving* party's pleadings. The moving party bears the initial burden of identifying the basis of its motion and the pleadings. Surely logic dictates this, lest the non-moving party would have a duty to file a motion against itself. *Whetstone Candy Co. v. Nat'l Consumers League*, 360 F. Supp. 2d 77, 81 (D.D.C. 2004) (citing *Celotex v. Catrett*, 477 U.S. 317, 323-34 (1986)).

Cosmetic Act is negligence *per se* in Virginia...

*Orthopedic Equipment Co., Inc., v. Eutsler*, 276 F.2d 455, 460-61(4th Cir. 1960). While California discussed the congressional record and the absence of a private right of action, it in no way precluded plaintiffs from using federal statutes to establish a presumption of negligence.

> Appellant contends the court's instruction was error in that no private cause of action arises because of a violation of section 355(b) [FDCA]...In support of this contention appellant cites a 1933 proposal to include in the Federal Food, Drug, and Cosmetic Act a provision for damages for injury or death caused by violation of the act, and notes that this proposal was never adopted by the Congress. Appellant views this as a demonstration of congressional intent that no such private right of action exists. Respondent, however, did not attempt to state a cause of action for damages for breach of the federal statute. He stated a cause of action for damages based upon alleged negligent conduct on the part of appellant with negligent conduct he asserted was the proximate cause of his injuries...[t]his was done, not to support a cause of action based upon the statute, but for the purpose of showing that appellant had violated statutory standards, thus raising a presumption of negligence on its part because of such conduct. This was entirely proper.

*Toole v. Richardson-Merrel, Inc*, 251 Cal. App. 2d 689, 703 (Cal. 1967). The Third Circuit agreed that it was proper for the jury to consider the FDA regulations in determining negligence *per se*:

> We think that the jury was entitled to consider this evidence [violation of the FDCA] and that it could properly find that, contrary to law, the defendants offered [the drug] to the public... without first securing approval of the FDA.

*Hoffman v. Sterling Drug, Inc.*, 485 F.2d 132, 138 (3rd Cir.1973). The United States District Court for the Eastern District of Wisconsin held that reference to public safety in a federal statute gives rise to a duty for negligence *per se* purposes:

> Wisconsin holds that the violation of such a regulation by one on whom it imposes a duty resulting in occurrence of the harm which the regulation was designed to prevent constitutes negligence *per se*.

*Lukaszewicz v. Ortho Pharmaceutical Corp.*, 510 F.Supp. 961, 965 (E.D. Wisc. 1981). The Third Circuit further justified its holding by recognizing that a variety of statutes have a public safety purpose and this justifies the application of the rule that violating the statute constitutes negligence. *Hoffman v. Sterling Drug, Inc.*, 485 F.2d at 1274.

The Third Circuit explained the public policy behind holding defendants liable under negligence *per se* for a drug or medicine that is used in the human body:

> ...it seems clear from the authorities cited in text that Pennsylvania law views a statutory violation as *conclusive* evidence of negligence, in the absence of an excuse for that violation... this interpretation of a statutory violation [FDCA] as negligence *per se* seems especially compelling here in light of the fact that
> the public interest requires the holding of companies which make and sell drugs and medicine for use in the human body to a high degree of responsibility under criminal and civil law for any failure to exercise *vigilance* commensurate with the harm which would be likely to result from relaxing it.

*Stanton v. Astra Pharmaceutical Products, Inc.*, 718 F.2d 553, n.22 (3rd Cir. 1983).[2] The District of Columbia adopted the general rule for the application of negligence *per se*:

> The "general rule" in this jurisdiction is that "where a particular statutory or regulatory standard is enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred, and the plaintiff can establish his relationship to the statute, unexplained violation of that standard renders the defendant negligent as a matter of law. [Quoting from *Ceco Corp. v. Coleman*, 441 A.2d 940 (D.C. App. 1982)].

*Rong Yao Zhou v. Jennifer Mall Restaurant, Inc.,* 534 A.2d 1268, 1272 (D.C. App. 1987).[3]

---

[2]The 5th Circuit held in a similar vein that violation of a Federal law or regulation can be evidence of negligence per se.1379 (citations omitted).
>The mere fact that the law which evidences negligence is Federal while the negligence action is brought under State common law does not mean that the state law claim metamorphoses into a private right of action under Federal regulatory law.

*Lowe v. General Motors Corp.*, 624 F.2d 1373, 1379 (5th Cir. 1980).

[3]In *Art Metal- U.S.A., Inc. v. United States*, the D.C. Circuit "squarely address[ed] the relationship between a violation of federal regulations and a claim of negligence under local law." 753 F.2d 1151, 1158 (D.C. Cir. 1985). There, in the context of the Federal Tort Claims Act, the court recognized that though a violation of federal law does not automatically create a cause of action under local law, "[i]f the pertinent regulations are found to have imposed a

Illinois explained that the absence of a private cause in the FDCA does not prohibit the application of the doctrine of negligence *per se*:

> Although courts have held that there is no private cause of action under the FDCA, Grove Fresh has not brought suit directly under the FDCA or its accompanying regulations. Grove Fresh relies on the FDA regulation merely to establish the standard or duty which defendants allegedly failed to meet. Nothing prohibits Grove Fresh from using the FDCA or its accompanying regulations in that fashion.

*Grove Fresh Distributors, Inc. v. Flavor Fresh Foods, Inc.*, 720 F. Supp. 714, 716 (N.D. Ill. 1989). The Alabama Supreme Court adhered to the same philosophy:

> Delchamps asserts that the summary judgment was proper because, it says, no private right of action exists...under the FDCA, *21 U.S.C. §301* et seq. (1988)... However, the plaintiffs in this case are not suing directly under the FDCA or its accompanying regulations. Rather they are relying on the regulations to establish a duty or standard of care...(citing *Grove Fresh*).

*Allen v. Delchamps, Inc.,* 624 S.2d 1065, 1067-68 (Ala.1993). In accord with the above, Plaintiffs in this case are not suing under the FDCA or its accompanying regulations. Plaintiffs, in Counts X, XI, and XII, are merely using violations of the FDCA as a basis for a finding of negligence *per se*, a state tort action. Therefore, Defendants' claim that Plaintiffs' counts are "legally invalid" because there is no private right of action is itself invalid. (*Reply*, p. 2).

The California Appeals Court distinguished a *federal* cause of action from a *state* cause of action that incorporates the federal law as an element of proof:

> We note that there is no federal cause of action for FDCA violations...[*Merrell Dow*]...The FDCA states that all proceedings to enforce or restrain violations of

---

duty analogous to a local tort law duty, the regulations also may provide the standard of care against which the government's conduct should be assessed." Id. at 1159. Further, "depending on the jurisdiction and the law involved, the latter inquiry may result in the conclusion that violation of the relevant law constituted negligence per se." Id.

its provisions shall be in the name of the United States.  (21 U.S.C. §337.)  We perceive a difference between suing directly on the FDCA statutes and regulations and suing on a state law theory which incorporates the federal law as a standard of conduct.

*Evraets v. Intermedics Intraocular, Inc.,* 29 Cal. App. 4th 779 n.6 (Cal. App.1994).  By 1996, the Court of Appeals in the District of Columbia had accepted the notion that violation of a statute can constitute negligence *per se*:

> To prevail on a negligence *per se* theory, the plaintiff may, in certain circumstances and under specific conditions...rely on a statute or regulation as proof of the applicable standard of care. *See Ceco Corp. supra.,* 441 A.2d at 945.  Proof of "[an] unexplained violation of that standard renders the defendant negligent as a matter of law." *Id.,* so long as the violation was the proximate cause of the injuries, and, the alleged injuries were the type which the statute was designed to prevent.  *See Rong Yao Zhou v. Jennifer Mall Restaurant, Inc.,* 534 A.2d 1268, 1277 (D.C. 1987); *Lewis v. Washington Metro. Area Transit Auth.,* 463 A.2d 666, 674 (D.C. 1983).

*McNeil Pharmaceuticals v. Hawkins*, 686 A.2d 567, 578 (D.C. App. 1996).  In an action for negligence *per se*, the FDCA provisions are to be reviewed by the trial judge to determine whether they state a standard of care and whether expert testimony is required:

> Before admitting statutes and regulations offered for negligence *per se* purposes, a trial judge must examine each law to determine first, whether it in fact establishes a standard of care, and is so, whether it could reasonably be understood by the jury without expert testimony or guidance by the court.

*Id.* at 581.[4]  Obviously there would be no need for a *McNeil* review if "[p]laintiffs' may not bring claims based upon alleged violations of...the FDCA." (*Reply*, p.1).  The Court of Appeals of Oregon took the issue one step further in holding that whether a statute has a private cause of

---

[4]The court stated that it was persuaded by the "well reasoned" opinion in *Northern Trust Co. v. Upjohn Co.*, 213 Ill. App. 3d 390, 572 N.E.2d 1030, 1040 (1991), *cert denied*, 502 U.S. 1095(1992), where the Illinois appellate court permitted the jury to consider Upjohn's alleged violations of several federal laws as evidence of negligence, but required expert testimony to explain those laws.  *Id.* at 583-84.

action is irrelevant:

> Strictly speaking the doctrine of 'negligence *per se*' does not create a cause of action. Rather it refers to a standard of care that a law imposes within a cause of action for negligence.
>
>     *    *    *
>
> Thus AHP's arguments that the regulations do not provide a cause of action are irrelevant...

*Axen v. American Home Products Corp.*, 158 Ore. App. 292, 306-307 (1999). The Southern District of New York specifically addressed a negligence *per se* claim arising from a violation of the FDCA (and MDA) for a misbranded device:

> Plaintiff does not seek through her negligence *per se* claim to recover damages by enforcing the Medical Device Amendments to the Federal Food, Drug, And Cosmetic Act of 1938 (together "MDA"). Any attempt to enforce the MDA privately would be precluded as a matter of law...Plaintiff seeks to recover for the common law tort of negligence and to use the MDA violations as proof that Stuart breached its duty of care... the second circuit has already determined that under New York law, a cause of action for negligence *per se* lies when the underlying claim is for misbranding or otherwise illegally omitting product warnings requires by the FDCA.

*Loewy v. Stuart Medical, Inc.,* 1999 U.S. Dist. Lexis 5208, 6-7 (S.D. NY 1999). The Western District of Pennsylvania explained that allowing a negligence *per se* claim for violations of the FDCA furthers the policy of the statute:

> [Defendant] argues that since the FDCA and MDA do not provide for a private right of action, the statute does not contemplate enforcement of individual harms. Court in Pennsylvania have recognized that the absence of a private cause of action in a statutory scheme is an indicator that the statute did not contemplate enforcement of an individual harm...[a] statute may still be used as the basis for a negligence *per se* claim when it is clear that, despite the absence of a private right of action, the policy of the statute will be furthered by such a claim because it purpose is to protect a particular group of individuals.

*Sharp v. Artifex Limited*, 110 F. Supp. 2d 388, 392 (W.D. Penn. 1999). The District Court of Connecticut joins in with a similar but broader holding:

> Under general principles of tort law, a requirement imposed by statute may establish a duty of care...[t]he statutory basis for a negligence per se claim need not provide for a private right of action

*Coastline Terminals of Conn., Inc., v. USX Corporation.*, 156 F. Supp. 2d 203, 210 (D. Conn. 2001).

Conspicuously missing from Defendants' Reply is any mention of *Grable & Sons Metal Products, Inc., v. Darue Engineering & Manufacturing.,* 125 S.Ct. 2363, (2005), the most recent explanation of the holding in *Merrell Dow*:

> One only need to consider the treatment of federal violations generally in garden variety state tort law. "The violation of federal statutes and regulations is commonly given negligence *per se* effect in state tort proceeding." (*quoting* Restatement (Third) of Torts (proposed final draft) §14, Comment a).

Without overstating the obvious, the courts have "habitually" allowed claims for negligence *per se* based upon violations of the FDCA.

Equally erroneous, is Defendants' reliance on *International Bricklayers and Allied Craftworkers v. Insurance Co. of the West*, 366 F.Supp. 2d 39 (D.D.C. 2005). The *International Bricklayers* Court did not address the FDCA nor did it reverse any of the prior decisions. Rather, *International Bricklayers* addressed a collective bargaining agreement and held that alleging a violation of a federal statute is not a "doorkey" leading from state court to federal court by establishing federal question jurisdiction. Astonishingly, Defendants state that *International Bricklayers* holds "private party claims based on alleged violations of the FDCA are impermissible." (*Reply*, p. 2) It does not. *International Bricklayers* merely confirmed that no federal jurisdiction arises from a state law claim based on a violation of a federal statute. (*Id.*). For Defendants to argue that a footnote simply summarizing *Merrell Dow* is the holding in

*International Bricklayers* is misleading.

In fact, the issue of the private right of action in *Kerris*, is irrelevant.  Plaintiffs do not request, nor would there be any value in having, the Court interpret or enforce the FDCA.  Plaintiffs do not have to request a determination that Histoacryl® is misbranded and mislabeled, the FDA has done so.  Plaintiffs do not have to request a determination that the Histoacryl® should be banned from use in the United States, the FDA has done so.   Plaintiffs do no not even have to ask the Court to decide whether the FDA can regulate the use of Histoacryl® by practitioners, the FDA has done so by issuing a trade alert and seizing it. (Trade Alert, attached hereto as Exhibit 1). Plaintiffs only request (in Counts X -XII) is for the Court to use defendants' blatant violations of the FDCA as the basis for a common law finding of negligence *per se*, and such a use is permissible. (See generally, *Grove Fresh Distributors, Inc. v. Flavor Fresh Foods, Inc*., 720 F. Supp. 714, 716(N.D.Ill.1989); *Rong Yao Zhou v. Jennifer Mall Restaurant, Inc.,* 534 A.2d 1268, 1272 (D.C. App.  1987); *McNeil Pharmaceuticals v. Hawkins*, 686 A.2d 567, 578(D.C. App. 1996).

While Defendants' authority is admittedly sparse, further research is not likely to uncover case law exonerating a doctor and a hospital from a finding of negligence *per se*, who had smuggled a Class III device across the border, adulterated it with another Class III device, and implanted it into a patient causing permanent neurological damage.  So far the best that defense can do (regarding Counts X -XII) is raise obvious issues and then stretch those issues beyond the bounds of reason to their benefit.

The remainder of Defendants authority is reduced to a string cite.  A more thorough review of their authorities is illuminating.  In Defendants' main authority, *Pediamed*

-9-

*Pharmaceuticals Inc. v. Breckenridge*, the Court considered whether a drug was a "new drug" or the equivalent of an existing drug and whether an indication on its label was false and, therefore, mislabeled. 2006 U.S. Dist. LEXIS at *24-26. These considerations had not been before the FDA for interpretation at the time of the suit. *Bailey v. Johnson* asked the Sixth Circuit to determine whether individuals could seek damages for a violation of the FDCA directly, not whether a violation could establish a standard needed for a negligence *per se* state claim. 48 F.3d 965 (6th Cir. 1997). *Solvay Pharmaceuticals, Inc. v. Global Pharmaceuticals*, asked the District Court for the District of Minnesota to hold a drug company accountable for using the term "generic" on its label, which implied FDA-approval when there had been none. 298 F.Supp. 2d 880 (U.S.D. Minn. 2004). *Gile v. Optical Radiation Corp.* asked the Third Circuit Court of Appeals to hold that a device, which was approved for investigative use by the FDA, had been adulterated despite the FDA having made no findings of adulteration. 22 F.3d 540 (3rd Cir. 1994). Finally, Defendants cite *Holland v. Smith & Nephew Richards, Inc.*, which held that a device, approved for use by the FDA and used in an "off-label" manner could not be the basis for damages. 100 F.Supp. 2d 53 (D. Mass. 1999). Clearly from the above, none of the cases relate to issues presented in *Kerris*. To the contrary, the aforementioned cases ask the Court to imagine what the FDA might have said in differing circumstances. In *Kerris*, the FDA has spoken.

Defendants' "first"*Motion* cites authority for the fact that there is a "practice of medicine" exemption to the FDCA, and then impermissibly stretches that exemption beyond all bounds in an attempt to excuse Dr. Watson's and Georgetown's use of illegal devices, even though seized by the FDA. (*Motion*, pp. 17-20). Now, Defendants "second" *Motion*, cites authority for the fact that there is no "private right of action" under FDCA, and then

impermissibly stretches the absence of the provision to protect Defendants from allegations of negligence *per se* for their blatant violations of the law.  Both motions are fatally flawed.

Respectfully Submitted,

S:\Anthony G. Newman

_____

Anthony G. Newman, Esq.
NEWMAN & McINTOSH
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814
(301) 654-3400

S:\Andrew Greenwald

_____

Andrew Greenwald, Esq.
JOSEPH, GREENWALD AND
LAAKE, P.A.
6404 Ivy Lane, Suite 440
Greenbelt, Maryland 20770
(301) 220-2200
***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

_____I hereby certify that a copy of Plaintiffs' Surreply was served, via first-class, postage prepaid mail this 30th of March, 2006 on:

Megan E. Hills
Nicolas Muzin
Williams & Connolly, LLP
725 Telfth Street NW
Washington, DC 20005

                                        S:/Anthony Newman
                                        _____
                                        Anthony Newman, Esq.

                                        S:/Andrew Greenwald
                                        _____
                                        Andrew Greenwald, Esq.