UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELICE I. IACANGELO, et al.     :
                                :
       Plaintiffs,              :
                                :
v.                              :         Case No.: 1:05CV02086
                                :         Judge Paul L. Friedman
GEORGETOWN UNIVERSITY, t/a      :
Georgetown University Hospital, et al. :
                                :
       Defendants.              :

## AFFIDAVIT

I, Arthur Kaufman, M.D., being over the age of 18, under penalty of perjury swear and affirm that the following is true, to the best of my knowledge:

1). I have been a licensed physician since 1968 and have served in several capacities involving the administration of hospitals including the Vice President of Prince George's General Hospital for an eleven year term, and the Medical Director of the External Peer Review Program for the Department of Veterans Affairs.

2). I have been involved with the Joint Commission on Accreditation of Hospitals, by sitting on both its editorial board, and Quality Review Panel, by generating the Quality Review Bulletins, as well as drafting AMH Standards. Presently, I am the Medical Director of Federal Healthcare.

3). I have reviewed the relevant portions of the medical records of Karyn Kerris, the Declaration of Vance E. Watson, M.D., the package insert for Histoacryl, and the FDA Trade Alert #89-08, as well as Georgetown University's Institutional Review Board Policies & Procedures Manual.

4). I am aware that Histoacryl and Lipiodol were Class III devices, unapproved for

8). It is my opinion, to a reasonable degree of medical certainty, and in fact, to absolute certainty, that the use of Histoacryl inside the intima and media of a blood vessel in the manner in which Vance E. Watson, M.D. injected the glue into Karyn Kerris, was forbidden by the expressed warnings found in the package inserted generated by its manufacturer i.e., "Histoacryl must not be used for closing wounds to internal organs or on the surface of the brain...[a]dministration to the intima and media of blood vessels should also be avoided on account of the risk of thrombosis and damage to the vascular wall]."

9). It is my opinion, to a reasonable degree of medical certainty, that use of unapproved Class III devices by Vance E. Watson, M.D., without valid PMA or IDE, without review by an IRB, and in opposition to the manufacturers' warnings is a violation of the standard of care, hospital's standards, Federal law and Georgetown's IRB policies and procedures.

10). In the absence of FDA authorization to use Histoacryl, and in the absence of any review by an IRB, Georgetown University had a duty to protect its patients, and in the exercise of that duty should not have allowed Vance E. Watson, M.D. to inject Histoacryl into any patient, including Karyn Kerris. By allowing Vance E. Watson, M.D., to do so Georgetown University violated the standard of care, JCAH regulations, Federal law, and its own IRB policies and procedures.

11). It is my opinion to a reasonable degree of medical certainty that Defendants' three general "consent" forms titled "Consent for Surgery, Anesthetics, and Other Medical Services" failed to provide Karyn Kerris with proper informed consent for it failed to contain the following basic elements:

    a. Research Statement: