UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELICE I. IACANGELO, et al. | : |
|     Plaintiffs, | : |
| v. | :     Case No.: 1:05CV02086 |
| | :     Judge Paul L. Friedman |
| GEORGETOWN UNIVERSITY, t/a | : |
| Georgetown University Hospital, et al. | : |
|     Defendants. | : |

### AFFIDAVIT

I, Melvin Van Woert, M.D., being over the age of 18, under penalty of perjury swear and affirm that the following is true, to the best of my knowledge:

1). I am an internist with a practice located in New York City.

2). From 1978 to present, I have been a Professor at the Departments of Neurology and Pharmacology at Mount Sinai School of Medicine. I have been a principal investigator on drug studies with industry and private sector which have been reviewed by numerous IRB's. I have been a Consultant for Neuropharmacological Drug Products for the Food and Drug Administration and have sat on committees for pharmacy and therapeutics for Mt. Sinai Hospital, Yale University, Medco and Public Affairs for the American Society for Pharmacy and Experimental Therapeutics.

3). I have reviewed the relevant portions of the medical records of Karyn Kerris, the Declaration of Vance E. Watson, M.D., the package insert for Histoacryl, and the FDA Trade Alert #89-08, as well as Georgetown University's Institutional Review Board Policies & Procedures Manual.

4) I opine that Histoacryl and Lipiodol were Class III devices, unapproved for any medical purpose in the United States. They were given their Class III classification because of major health risks the manufacturer never provided clinical data to FDA sufficient to demonstrate their safety and/or efficacy. Class III devices are the most dangerous kinds of devices to the public.

5). It is my opinion based on my training and experience, including my responsibilities as a clinical investigator and a consultant to the FDA, that to a reasonable degree of medical certainty, in fact, to absolute certainty, that hospitals and practitioners may not use any Class III (unapproved) device without a valid Investigational Device Exemption (IDE) or Premarket Approval (PMA) issued by the FDA, an IRB consent; Histoacryl and Lipiodol were not used pursuant to a valid IDE or PMA.

6). It is my opinion, to a reasonable degree of medical certainty, that Georgetown University and Vance E. Watson, M.D. used the combination of two unapproved Class III devices, Histoacryl and Lipiodol without FDA approval in violation of the FDCA and in violation of Georgetown University's own Institutional Review Board Policies & Procedures, and it is my further opinion that if proper procedures had been performed, the use of these devices would have been banned and the treatment performed on Karyn Kerris, and her resultant injuries, would not have occurred. The importation of these Class III devices itself was illegal.

7). It is my opinion, even if this was not considered research by the defendants, the use of investigational devices for the treatment of life threatening diseases still requires an IDE, IRB review and a detail approved consent approved by the IRB.

8). It is my opinion, to a reasonable degree of medical certainty, and in fact, to

2

absolute certainty, that the use of Histoacryl into the intima and media of blood vessels, in the manner in which Vance E. Watson, M.D. injected the glue into Karyn Kerris, was forbidden by the expressed warnings found in the package inserted generated by its manufacturer i.e., "Histoacryl must not be used for closing wounds to internal organs or on the surface of the brain...[a]dministration to the intima and media of blood vessels should also be avoided on account of the risk of thrombosis and damage to the vascular wall]."

9). It is my opinion, to a reasonable degree of medical certainty, that use of unapproved Class III devices by Vance E. Watson, M.D., without valid PMA or IDE, without review by an IRB, and in opposition to the manufacturers' warnings is a violation of the standard of care, Federal law and Georgetown's IRB policies and procedures.

10). In the absence of FDA authorization to use Histoacryl, and in the absence of any review by an IRB, Georgetown University had a duty to protect its patients, and in the exercise of that duty should not have allowed Vance E. Watson, M.D. to inject Histoacryl into any patient, including Karyn Kerris. By allowing Vance E. Watson, M.D., to do so Georgetown University violated the standard of care, Federal law, and its own IRB policies and procedures.

11). It is my opinion to a reasonable degree of medical certainty that Defendants' three general "consent" forms titled "Consent for Surgery, Anesthetics, and Other Medical Services" failed to provide Karyn Kerris with proper informed consent for it failed to contain the following basic elements:

    a. Research Statement:

        (i) A statement that the use of the device involves research.