## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KARYN A. KERRIS, et., al.** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | **CASE NUMBER: 1:05CV02086** |
| | : | **JUDGE:  Paul L. Friedman** |
| **v.** | : | **DECK TYPE:  Personal Injury/Malpractice** |
| | : | |
| | : | |
| **GEORGETOWN UNIVERSITY, et., al.** | : | |
| | : | |
| **Defendants.** | : | |

_____

### PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VANCE E. WATSON, M.D., AND MOTION FOR SCHEDULING ORDER

Plaintiffs move the Court to compel Defendant to produce Vance E. Watson, M.D. for deposition, and to provide counsel with a date for a Scheduling Conference.   These Motions are necessary as a result of Defense counsel's continued refusal to provide the named defendant Vance E. Watson, M.D., for deposition and refusal to provide plaintiff counsel with a mutually agreeable date for the Rule 26(f) meeting.   As further reasons therefore, Plaintiffs direct the Court attention to the attached memorandum of Points and Authorities,

Respectfully submitted,

NEWMAN, MCINTOSH & HENNESSEY, LLP.

By:    /s/ Anthony G. Newman
      Anthony G. Newman
      7315 Wisconsin Ave., Suite 700E
      Bethesda, Maryland 20814
      301-654-3400
      Attorney for the Plaintiffs.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**KARYN A. KERRIS, et., al.**               :
                                            :
                                            :
               **Plaintiffs,**              :       **CASE NUMBER: 1:05CV02086**
                                            :       **JUDGE: Paul L. Friedman**
        **v.**                              :       **DECK TYPE: Personal Injury/Malpractice**
                                            :
                                            :
**GEORGETOWN UNIVERSITY, et., al.**         :
                                            :
               **Defendants.**              :
_____

### PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VANCE E. WATSON, M.D. AND MOTION FOR SCHEDULING HEARING

Plaintiffs, through counsel, move the Court to compel Defendant to produce Vance E. Watson, M.D., the *primary* tort feasor for deposition. This Motion was necessitated by: (1) Defense counsel's repeated refusals to provide Dr. Watson for deposition; (2) Defense counsel's repeated refusals to provide Plaintiffs' counsel with dates for a Rule 26(f) meeting to set up a discovery schedule; and (3) Defense counsel's repeated demand that Plaintiffs' counsel seek Court intervention, if Plaintiffs insist on conducting discovery. As seen below, Plaintiffs' counsel has attempted to ameliorate the situation to no avail. While Plaintiffs' counsel believed that this discovery dispute could be solved with civility and mutual cooperation, rather than wasting the Court's time with a motion, Plaintiffs' counsels' belief was too optimistic.

Defense counsel has been unyielding, refusing all discovery in the case, which was filed on October 24, 2005. Such continued refusals can only be viewed as a tactical ploy delaying this litigation, which in turn delays potential life saving medical care required by Keryn Kerris, an extremely ill plaintiff.

While a complete rendition of the facts behind this controversy is, at best, laborious, it is important and is, therefore set forth below.

<p align="center">**The Facts Involving The Dispute**</p>

**I.      Plaintiffs' began requesting Dr. Watson's Deposition in March of This Year.**

On March 21, 2006, and again on March 30, 2006, Plaintiffs' counsel sent letters to defense counsel requesting the deposition of defendant Vance E. Watson, M.D.  Those letters went unanswered.  Thereafter, Plaintiffs' counsel became embroiled opposing defense's motions for summary judgment and to dismiss.

**II.      The Parties Agreed In Open Court, with the Approval of Magistrate Kay To Conduct Discovery**

On September 8, 2006, a hearing on the motions was conducted.  After completion of the oral arguments, *Defense counsel* asked the Court to assist in a perceived discovery issue, i.e., defense counsel's belief that Plaintiffs' counsel had failed to provide Defendants with executed Blue Cross/Blue Shield authorizations.  While Plaintiffs' counsel did not recall any such failure, he did agree to execute another copy as soon as the set of authorizations were received.[1] Plaintiffs' counsel made his own request, addressing to the Court a concern that Plaintiff had been unsuccessful in scheduling the deposition of Dr. Watson.  The Court's response to both counsels' concerns was that the parties should cooperate in discovery, for regardless of the scope of the final rulings on motions, the case would go forward, as to the undisputed counts of negligence and breach of fiduciary.[2]  All counsel agreed.

---

[1] Actually, said authorizations **had been** sent to counsel on March 30, 2006 (3/30/06 letter attached as Exhibit 1).
[2] As mentioned in Section V below,  The Report and Recommendation,  denied the Motions relating to  negligence *per se*, lack of informed consent and punitive damages, thus the litigation will go forward under several other Counts as well.

<p align="center">- 2 -</p>

### III. Armed with the Defense's Agreement and the Court's Admonition, Plaintiffs Made a Third Requests For Dr. Watson's Deposition.

Following the hearing, Plaintiffs' renewed their request for Dr. Watson's deposition. This time Plaintiffs' counsel sent a Notice of Video Deposition and a Subpoena *duces tecum* along with their third written request for Dr. Watson's deposition. In order to obviate any potential embarrassment to Dr. Watson, Plaintiffs' counsel sent the documents to Defense counsel.[3]   (Mr. Newman's letter dated 9/28/06, attached as Exhibit 2).

Defense's response was quite surprising.   Defense counsel stated that the subpoena was "invalid" because it was not personally served and argued that in her opinion there was "no basis, nor need" for the deposition of Dr. Watson.    Defense counsel also threatened that even if the subpoena service was perfected, the defense would, "quash the subpoena and seek fees and costs from [plaintiffs' counsel]." (Ms. Hills' letter dated 9/29/06, attached as Exhibit 3).

Plaintiffs' counsel responded to these "issues" by reminding Defense Counsel of the Court's admonition that, "the litigation will proceed, at least as to Counts I and  VIII." Plaintiffs' counsel also offered to cure any defect in the service of Dr. Watson.  Finally, Plaintiffs' counsel did also state the obvious, "Dr. Watson is a primary tort feasor and his deposition is vital evidence." (Mr. Newman's letter of 10/2/06, attached as Exhibit 4).

Defendants responded with two new arguments: (1) that Dr. Watson will be prejudiced by being deposed twice; and (2) that any deposition of Dr. Watson would violate Federal Rule of Civil Procedure 26(f) because discovery can not be conducted.   Curiously, after stating that discovery can not be conducted, Defendants requested discovery of Plaintiffs, namely, "cop[ies]

---

[3] Plaintiff's counsel also sent another executed BC/BS authorizations attached to the letter.

of all records in your possession regarding Ms. Kerris." Defense counsel's letter closes with

another threat to quash any subpoenas and file a motion for fees and costs from Plaintiffs'

counsel. (Ms. Hills' letter of 10/3/06, attached as Exhibit 5).

**IV.    Plaintiffs' Request a Rule 26(f) Meeting and for the Fourth Time Request the Deposition of Dr. Watson**

Again, Plaintiffs addressed the new issues raised in the October 2, 2006 letter. Plaintiffs'

counsel reminded Defense counsel that it was she who "stood up in open Court and demanded

discovery materials from Plaintiffs." Plaintiffs' counsel also reiterated the Court's admonition to

cooperate and pointed out that since Court intervention and/or agreement of the parties creates an

exception to the requirement of a Rule 26(f) meeting, allowing discovery to proceed. Fed. R.

Civ. P. 26(d). Rather than arguing the point, Plaintiffs again attempted to cooperate, providing

Defense counsel with dates for the Rule 26(f) meeting. Plaintiffs also provided Defendants with

dates to come to Plaintiffs' counsel's office and select any records in counsel's possession that

Defendants wished to copy. (Mr. Newman's letter of October 4, 2006, attached as Exhibit 6).

In response, Defendants simply reiterated the prior reasons for refusal, adding that

Plaintiffs' counsel is "misinterpreting the Rule." Defendants then suggested, that Plaintiffs

"petition the Court if [he] needed clarification." The letter again closes with yet another threat

for "legal fees and costs." (Ms. Hills' letter dated October 4, 2006, attached as Exhibit 7).[4]

---

[4] To date, Defense Counsel has never addressed Plaintiffs' counsel's offer regarding the medical records.

**V.      Plaintiff's Renewed The Request For a Rule 26(f) Meeting and for a Fifth Time Request Dr. Watson's Deposition, Following the Issuance of the Report and Recommendations.**

On October 10, 2006, Magistrate Kay Court issued his Court's Report and Recommendation (R&R).  Thereafter, the parties submitted their objections.  Defense objected to one issue, the ruling as to the issue of informed consent.  Thus, if the Recommendations of the Magistrate are accepted by the Judge, the case will proceed not only on the issues of negligence, but also on negligence *per se*, and punitive damages.  (Assuming, *arguendo*, that the Court agrees with Defendants' baseless objections regarding the issue of informed consent.) Given the further clarity by the R&R as to the issues in the case, Plaintiffs again requested a Rule26(f) meeting and again requested potential dates from Dr. Watson.  (Mr. Newman's letter of October 30, 2006, attached as Exhibit 8).   The letter was ignored.

On October 30, 2006, Plaintiffs' counsel sent a final short correspondence, the body of the letter stated, in its entirety:

> As there has been no response from your office to my letter of October 20, 2006, I am again requesting a Rule 26(f) conference.  I assume by your silence, you have not changed your position and continue to refuse to have a meeting.
> If my office does not receive a response from you by the end of the week, I will have to ask for the Court's intervention to set the meeting.

(Ex. 8).

Defendant's final correspondence stated that a Rule 26(f) meeting was "illogical" that the Plaintiffs' counsel's letter was "intemperate," and that if Plaintiffs sought Court "clarification," the Court would find Defendant's position "very logical"  (Ms. Hill's letter 10/30/06 attached as Exhibit 9).

Failing to see any such logic, Plaintiffs' counsel filed the present Motions.

- 5 -

## ARGUMENT

The Defendants have improperly frozen all discovery in this case.  As can be seen from the above correspondence, Defense counsel raised one frivolous argument after another, each devoid of legal merit, in order to keep Plaintiffs' counsel busy while precious time lapses in the medical care of the catatonic Plaintiff. The motivation behind Defendants' delay is clear by their refusing even the simplest of requests, the deposition of the primary tort feasor in this litigation, Vance E. Watson, M.D.

The Federal Rules of Civil Procedure and Rules for the District Court for the District of Columbia are clear that counsel must cooperate and confer in order to discuss discovery issues and scheduling.  (See Fed.R.Civ. P. 26(f), which states in relevant part, "the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case."; See also U.S. District Court D.C. Rule (local) 16.3, which states in relevant part, "Counsel must confer in accordance with this Rule and Rule 26(f), Federal Rules of Civil Procedure.")  "[E]vasion or resistance to reasonable discovery requests pose significant problems. The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Fed. R. Civ. P. 26(f) advisory committee's note (1983 Amendment). Courts have held that "the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues." _Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for the District of Montana_, 408 F.3d 1142, 1149 (9th Cir. 2005).

Rule 26(f) does not mandate, as Defense counsel argues, that the parties delay conferring until after a scheduling conference has been held or a scheduling order has been issued. The responsibility for arranging this conference and initiating discovery is placed squarely on the shoulders of the attorneys of record and not on the district court. "The vast majority of federal tools operate, when used properly, almost entirely without the court's involvement." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3rd Cir.1995)(citing Fed.R.Civ.P. 26(f), requiring the parties to devise and submit a discovery plan). In *Sempier*, the parties waited for the district court to schedule a case management conference rather than taking the initiative to confer about discovery on their own as is clearly required by both FRCP 26(f) and their District Court's Local Rule 16.3. *Id.* Similarly, this District Court's Local Rule 16.3 also requires a meeting in accordance with Rule 26(f) and requires a report generated as a result of that conference be submitted *before* the Court schedules a FRCP 16(b) meeting.

For Defense counsel to argue that it is a "violation of Federal Rule of Civil Procedure 26(f)" to request a deposition of a named party and then refuse to hold a Rule 26(f) conference is contrary to logic, the spirit of the rules, and forces Plaintiffs to seek court intervention to facilitate necessary and legitimate, relevant discovery. As is clearly stated in Federal Rule of Civil Procedure 26(d), when parties agree to conduct discovery or when the court orders discovery continue, discovery is appropriate even prior to a Rule 26(f) conference. (See Fed. R. Civ. P. 26(d), which states in relevant part, "Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).").

- 7 -

As a result of the aforesaid, reluctantly Plaintiffs now move this Court to compel the

deposition of Vance E. Watson, M.D., and to set a date for a scheduling conference.[5]

Plaintiffs also request reasonable expenses including attorney's fees pursuant to Fed.

R. Civ. P. 37(a)(4)(A).

<div style="margin-left:40%">

Respectfully submitted,

NEWMAN, MCINTOSH & HENNESSEY, LLP.

By:    <u>/s/ Anthony G. Newman</u>
        Anthony G. Newman
        7315 Wisconsin Ave., Suite 700E
        Bethesda, Maryland 20814
        301-654-3400
        Attorney for the Plaintiffs

</div>

---

[5] Attempts to have the parties meet for the Rule 26(f) meeting may be futile given defense counsel continued refusals.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Compel the Deposition of Vance E. Watson, M.D., or In the Alternative, Motion For Scheduling Order was sent via US Mail postage pre-paid first class on November 20, 2006 to the following:

Megan E. Hills, Esq.
Nicolas Muzin, Esq.
Williams & Connelly, LLP
725 Twelfth Street, NW
Washington, D.C.  20005

Andrew Greenwald, Esq.
Joseph, Greenwald and Laake
6404 Ivy Lane, Suite 440
Greenbelt, Maryland 20770

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FELICE I. IACANGELO, et al.** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **Case No.: 1:05CV02086** |
| | : | **Judge Paul L. Friedman** |
| **GEORGETOWN UNIVERSITY, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

After consideration of Plaintiffs' Motion to Compel The Deposition Of Defendant Vance

E. Watson, M.D., Or In The Alternative Motion for Scheduling Order, and any Opposition

thereto, it is by the Court this _____ day of _____, 2006, hereby,

**ORDERED**, that Defendants must produce Vance E. Watson, M.D. for his deposition att

a time mutually agreeable to all counsel, but in no event later than 30 days of the issuance of this

order, and it is,

**FURTHER ORDERED**, that counsel of record must hold a Federal Rule of Civil

Procedure 26(f) meeting within 30 days of this order, and it is,

**FURTHER ORDERED**, that after 30 days from this order, if counsel has not held a

Federal Rule of Civil Procedure 26(f) meeting, the Court will *sua sponte* set a Federal Rule of

Civil Procedure 16(b) scheduling conference, and it is,

**FURTHER ORDERED**, that Defendants shall pay to Plaintiffs reasonable expenses

including attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(4)(A) in the amount

of $_____.

_____
The Honorable Paul L. Friedman
Judge, United States District Court
 for the District of Columbia


Copies to:

Megan E. Hills, Esq.
Nicolas Muzin, Esq.
Williams & Connelly, LLP
725 Twelfth Street, NW
Washington, D.C.  20005

Anthony Newman, Esq.
Newman & McIntosh
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814

Andrew Greenwald, Esq.
Joseph, Greenwald and Laake
6404 Ivy Lane, Suite 440
Greenbelt, Maryland 20770