STEVEN M. UMIN
JOHN W. VARDAMAN
PAUL MARTIN WOLFF
J. ALAN GALBRAITH
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN

LON S. BABBY
MICHAEL S. SUNDERMEYER
JAMES T. FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F. LANE HEARD III
STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
STEVEN A. STEINBACH
MARK S. LEVINSTEIN
MARY G. CLARK
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES
DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
EMMET T. FLOOD
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER

JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER
NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL

OF COUNSEL
VINCENT J. FULLER
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
ROBERT P. WATKINS
ROBERT M. KRASNE
JACQUELINE E. MAITLAND DAVIES

October 3, 2006

VIA ELECTRONIC MAIL

Anthony G. Newman, Esq.
Newman McIntosh & Hennessy, LLP
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

    Re:  Iacangelo, et al v. Georgetown University Hospital, et al.

Dear Mr. Newman:

  Responding to your fax of this same date, as I said to you in March of this year, before the scope of your lawsuit is determined, depositions of witnesses are inappropriate as it is unclear as to the permissible discovery since the nature of your claims has not been established. Witnesses will not be produced twice for deposition simply because you wish to take premature depositions. Moreover, your attempt to take a premature deposition is a violation of Federal Rule of Civil Procedure 26(f).

  Since the nature of your claims has not been set, it would be impossible to conduct appropriate examinations by either side at this time. And again, you have only provided authorizations for two sources of records for Ms. Kerris on September 29, 2006 – The National Institutes of Health and Blue Cross/Blue Shield – which records do not encompass all of the material encompassing Ms. Kerris's records and even those records have not been gathered, much less reviewed.

  Indeed, if there is work to be done, it would greatly facilitate the litigation if you would provide me with a copy of all records in your possession regarding Ms. Kerris and all of her claims. Of course, we would pay the reasonable cost of copying and mailing.

       The Court has not established what claims your lawsuit brings. The Federal Rules of Civil Procedure do not countenance depositions as this time. As I unequivocally stated in my September 29, 2006 letter to you, should you persist in misusing the subpoena power to take premature depositions at this time, I will seek to have the subpoena quashed and move to have the costs and fees associated with the motion to quash obtained from you. I also note that in all of your correspondence, you have not explained why you feel the need to begin the depositions of fact witnesses – much less healthcare providers – at this time, prior to Ms. Kerris's records being collected and the scope of your Amended Complaint being established. I am frankly at a loss as to why you wish to press this issue, prior to the nature of your claims being set, records being collected and reviewed, and written discovery completed, in violation of the Federal Rules.

                                  Very truly yours,

                                  Megan E. Hills