| | | | | |
|---|---|---|---|---|
| STEVEN M. UMIN | LON S. BABBY | LAW OFFICES | ROBERT J. SHAUGHNESSY | JAMES L. TANNER, JR. |
| JOHN W. VARDAMAN | MICHAEL S. SUNDERMEYER | | DAVID S BLATT | J. ANDREW KEYES |
| PAUL MARTIN WOLFF | JAMES T. FULLER, III | **WILLIAMS & CONNOLLY LLP** | ARI S. ZYMELMAN | GILBERT O. GREENMAN |
| J. ALAN GALBRAITH | BRUCE R. GENDERSON | | DANE H BUTSWINKAS | M. ELAINE HORN |
| JOHN G. KESTER | CAROLYN H. WILLIAMS | 725 TWELFTH STREET, N.W. | LAURIE S. FULTON | ENU MAINIGI |
| WILLIAM E. McDANIELS | F. LANE HEARD III | | DENNIS M. BLACK | MICHAEL F. O'CONNOR |
| BRENDAN V. SULLIVAN, JR. | STEVEN R. KUNEY | WASHINGTON, D. C. 20005-5901 | PHILIP A. SECHLER | PAUL T. HOURIHAN |
| RICHARD M. COOPER | GERSON A. ZWEIFACH | | LYNDA SCHULER | WILLIAM J. BACHMAN |
| GERALD A. FEFFER | PAUL MOGIN | (202) 434-5000 | PAUL K. DUEFFERT | MARGARET A. KEELEY |
| JERRY L. SHULMAN | HOWARD W. GUTMAN | | R. HACKNEY WIEGMANN | MEGAN E. HILLS |
| ROBERT B. BARNETT | STEVEN A. STEINBACH | FAX (202) 434-5029 | ROBERT M. CARY | EDWARD J. BENNETT |
| DAVID E. KENDALL | MARK S. LEVINSTEIN | | KEVIN M. HODGES | TOBIN J. ROMERO |
| GREGORY B. CRAIG | MARY G. CLARK | www.wc.com | DAVID M. ZINN | BETH A. LEVENE |
| JOHN J. BUCKLEY, JR. | VICTORIA RADD ROLLINS | | JOSEPH G. PETROSINELLI | THOMAS G. WARD |
| TERRENCE O'DONNELL | DANIEL F. KATZ | EDWARD BENNETT WILLIAMS (1920-1988) | STEVEN M. FARINA | WILLIAM T. BURKE |
| DOUGLAS R. MARVIN | WILLIAM R. MURRAY, JR. | PAUL R. CONNOLLY (1922-1978) | KEVIN M. DOWNEY | LISA M. DUGGAN |
| JOHN K. VILLA | EVA PETKO ESBER | | THOMAS G. HENTOFF | JOHN E. JOINER |
| BARRY S. SIMON | STEPHEN D. RABER | | PAUL B. GAFFNEY | NICHOLAS J. BOYLE |
| KEVIN T. BAINE | DAVID C. KIERNAN | | EMMET T. FLOOD | ADAM L. PERLMAN |
| STEPHEN L. URBANCZYK | LON E. MUSSLEWHITE | | ROBERT A. VAN KIRK | ANDREW W. RUDGE |
| PHILIP J. WARD | ROBIN E. JACOBSOHN | | MARCIE R. ZIEGLER | DENEEN C. HOWELL |
| F. WHITTEN PETERS | HEIDI K. HUBBARD | | KENNETH C. SMURZYNSKI | |
| JAMES A. BRUTON, III | GLENN J. PFADENHAUER | | JOHN E. SCHMIDTLEIN | OF COUNSEL |
| PETER J. KAHN | GEORGE A. BORDEN | | CRAIG D. SINGER | VINCENT J. FULLER |
| | | | | RAYMOND W. BERGAN |
| | | | | JEREMIAH C. COLLINS |
| | | | | DAVID POVICH |
| | | | | ROBERT P. WATKINS |
| | | | | ROBERT M. KRASNE |
| | | | | JACQUELINE E. MAITLAND DAVIES |

October 4, 2006

**VIA ELECTRONIC MAIL**

Anthony G. Newman, Esq.
Newman McIntosh & Hennessy, LLP
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

    Re:  Iacangelo, et al v. Georgetown University Hospital, et al.

Dear Mr. Newman:

    Responding to your fax of this same date, as I said to you in March of this year, before the scope of your lawsuit is determined, depositions of witnesses are inappropriate as it is unclear as to the permissible discovery since the nature of your claims has not been established. Witnesses will not be produced twice for deposition simply because you wish to take premature depositions. Moreover, your attempt to take a premature deposition is a violation of Federal Rule of Civil Procedure 26(f).

    You are misinterpreting the Rule if you do not believe it applies. No formal discovery has taken place: no schedule has been set by the Court; no Interrogatories served; no Document Requests served. Prior to any formal discovery taking place, Federal Rule of Civil Procedure 26(f) must be followed. I suggest you petition the Court if you need clarification. The exchange of relevant records was simply – as the Court recognized – a desire to facilitate your litigation. It is not formal discovery.

    I already informed you that we are not available for a deposition on October 30, 2006. (Although immaterial, I will be out of the jurisdiction October 31, 2006 through November 2, 2006.) Moreover, it is our position that no depositions of fact witnesses should take place prior to the scope of your claims being determined. And again, I note that in all of your correspondence, you have not explained why you feel the need to begin the depositions of

fact witnesses – much less healthcare providers – at this time, prior to Ms. Kerris's records being collected and the scope of your Amended Complaint being established.

Lastly, it is simply not fair that my client should continue to incur legal fees for your daily letters. We have made our position abundantly clear. If you have further questions or concerns, you may take it up with the Court. Of course, I will be forced to seek legal fees and costs from you for the time I spend responding to any petition by you as I believe your current position is without merit.

Sincerely,

Megan E. Hills

cc:  Andrew E. Greenwald, Esq.
     Kelly Hughes Iverson, Esq.