UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS,<br><br>Plaintiffs,<br><br>v.<br><br>Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D.,<br><br>Defendants. | Civ. Act. No. 1:05CV02086 (PLF) (AK)<br><br>Judge Paul L. Friedman<br><br>Magistrate Judge Alan Kay |

## DEFENDANTS' MOTION FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 11, defendants, Georgetown University and Vance E. Watson, M.D. (hereinafter, collectively referred to as "defendants"), by and through undersigned attorneys, hereby move for sanctions against opposing counsel as no competent attorney would find compelling a Scheduling Conference to set a discovery plan and multiple depositions of fact witnesses when plaintiffs' claims have not been established as reasonable, the relief sought in their Motion to Compel. Because the Motion to Compel violates Rule 11 by making "legal contentions" that are not "warranted by existing law," nor a "nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," defendants move for sanctions against plaintiffs' counsel for filing the motion.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: December 4, 2006        By: _/s/ Megan E. Hill_

Filed:   December 28, 2006

Megan E. Hills (D.C. Bar #437340)
Nicolas Muzin (D.C. Bar # 500106)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
mhills@wc.com
nmuzin@wc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF) (AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

Plaintiffs' claims against defendants have not been determined; yet, plaintiff moved to compel a Scheduling Order, which has the goal, *inter alia*, of "formulation and simplification of the issues, including the elimination of frivolous claims or defenses." Fed. R. Civ. P. 16(c)(1). A cursory review of Rules 16 and 26(f) of the Federal Rules (and Local Rules 16.3 and 16.4) notifies one that the purpose of a Scheduling Order and a scheduling conference is the assessment of needed discovery relevant to the claims of a case. No assessment of needed relevant discovery to the claims of the case is possible if the claims of the case have yet to be determined. "[D]iscovery should be tailored to the issues involved in the particular case." *Hardrick v. Legal Services Corp.*, 96 F.R.D. 617, 618 (D.D.C. 1983); *see also* Defendants' Opposition to Plaintiffs' Motion to Compel.

No competent attorney could view plaintiffs' argument as reasonable: it is frivolous, and therefore, requires sanction. *Cousin v. District of Columbia*, 142 F.D.D. 574, 577 (D.D.C. 1992). "[A] reasonable inquiry would have revealed that there was no basis in law or fact for" plaintiffs' motion. *Washington Bancorporation v. FDIC*, 812 F. Supp. 1256, 1275 (D.D.C. 1993). The "'central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts.'" *Atkins v. Fischer*, 63 F.3d 682, [Need Page #] ( D.D.C. 2005). Plaintiffs' Motion to Compel ("Plts' Motion") is precisely the type of baseless filing that Rule 11 was designed to stop.

"Rule 11 by its own terms applies to "[e]very pleading, motion, and other paper.'" *Hilton Hotels Corp. v. Banov*, 899 F.2d 40 (D.C. Cir. 1990) (quoting Fed. R. Civ. P. 11). "[O]nce the district court finds that a pleading is not well grounded on fact, not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or interposed for any improper purpose, Rule 11 *requires* that sanctions of some sort be imposed." *Reynolds v. The U.S. Capitol Police Board*, 357 F.Supp. 2d 19, 24 (D.D.C. 2004) (quotations omitted; emphasis in original).

Rule 11's central goal is deterrence: "to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392, 110 S.Ct. 2447, 2454 (1990). A district court is given discretion to "'tailor Rule 11 sanctions as appropriate to the facts of the case,' striking a balance between equity, deterrence, and compensation." *Id* at 26 (quoting *Hilton Hotels Corp.*, *supra.*, 899 F.2d at 46). Courts in the federal district of the District of Columbia "have recognized that monetary sanctions under Rule 11 may be measured by the cost of defending against the frivolous action." *Id.*

Counsel for plaintiffs' inexplicable urge for discovery has cost defendants both legal fees and costs. In the context of this lawsuit – which is at its outset – defendants first had to defend against a frivolous Original Complaint, where plaintiffs alleged that MedStar, Inc. (an original defendant) was incorporated outside of Maryland when, in fact, MedStar, Inc. is incorporated in Maryland – which a phone call could have ascertained. Then, plaintiffs' counsel unilaterally attempted to subpoena Dr. Vance Watson for deposition in violation of Fed. R. Civ. P. 26(f) and defendants had to remind plaintiffs' counsel of the rule. Defense counsel was then subjected to a near daily barrage of letters from plaintiffs' counsel. *See* Exs. 1-9 of Plaintiffs' Motion to Compel ("Plts' Motion).

Having now learned of Fed. R. Civ. P. 26(f)'s requirements, plaintiffs' counsel files a frivolous motion filled with accusations against defendants regarding delay (despite the fact that plaintiffs waited six and a half years to bring this litigation and then failed to do rudimentary inquiry into the citizenship of the parties, such that their first complaint was dismissed). This matter is at its outset and if appropriate standards are to govern the litigation of this case, pleadings like Plaintiffs' Motion to Compel must be deterred.

Defendants move for sanction in the form of the legal fees and costs that were expended by them in opposing Plaintiff's Motion to Compel. As Magistrate Judge Facciola from this Court recently wrote: "The sanction imposed because of the Rule 11 violation must be based on the costs actually incurred as a result of that violation. It must also be sufficient to deter others from engaging in similar behavior." *Lucas v. Spellings*, 408 F.Supp. 2d 8, 26 (D.D.C. 2006); *see also John Akridge Co. v. Travelers Cos.*, 944 F. Supp. 33, 34 (D.D.C. 1996) (awarding sanctions of full cost of defending plaintiffs' action); *Washington Bancorp*, 812 F.Supp. at 1275 (granting

sanctions of attorneys' fees and costs in defending baseless claim); *Cousin*, 142 F.R.D. at 578 (same).

|  |  |
|---|---|
| Dated: December 4, 2006<br>Filed: December 29, 2006 | By: ___/s/ Megan E. Hills___<br>Megan E. Hills (D.C. Bar #437340)<br>Nicolas Muzin (D.C. Bar # 500106)<br><br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>(202) 434-5000<br>(202) 434-5029 (fax)<br>mhills@wc.com<br>nmuzin@wc.com<br><br>Attorneys for Defendants |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF) (AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

## ORDER

Upon consideration of Defendants', Georgetown University and Vance E. Watson's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 against Plaintiffs' Counsel for their legal fees and costs incurred in opposing Plaintiffs' Motion to Compel the Deposition of Vance E. Watson, M.D. and Scheduling Order and filing this Motion for Sanctions, and any Opposition thereto, it is this ____ day of _____, 2006, hereby

**ORDERED** that the Defendants' Motion for Sanctions is **GRANTED**, and it is further

**ORDERED** that after submission of an accounting of the costs and attorneys' fees incurred in opposing Plaintiffs' Motion to Compel and filing the Motion for Sanctions, Plaintiffs' counsel shall pay the amount of attorneys' fees and costs to Defendants as authorized by the Court in a subsequent Order.

_____
MAGISTRATE JUDGE ALAN KAY
United States Magistrate Judge
for the District of Columbia

Copies to:

Megan Hills, Esq.
Nicolas Muzin, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Defendants' Counsel

Anthony Newman, Esq.
Ernest McIntosh, Esq.
Newman & McIntosh
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

Plaintiffs' Counsel

Andrew Greenwald, Esq.
Greenwald and Laake
6404 Ivy Lane
Suite 440
Greenbelt, Maryland 20770

Plaintiffs' Counsel

## CERTIFICATE OF SERVICE

I hereby certify that Defendants' Motion for Sanctions was served by hand on the 4th day of December, 2006 on the forgoing:

> Anthony Newman, Esquire
> Ernest McIntosh, Esquire
> Newman & McIntosh
> 7315 Wisconsin Avenue
> Suite 700E
> Bethesda, Maryland 20814
>
> and
>
> Andrew Greenwald, Esquire
> Greenwald and Laake
> 6404 Ivy Lane
> Suite 440
> Greenbelt, Maryland 20770
>
> Plaintiffs' Attorneys

Pursuant to Federal Rule of Civil Procedure 11, as more than twenty-one days have elapsed since defendants served plaintiffs with defendants' Motion for Sanctions without relief from plaintiffs, defendants now file the Motion for Sanctions with the Court via its electronic website.

_/s/ Megan E. Hills_
Megan E. Hills