## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KARYN A. KERRIS, et., al.              :
                                       :
                                       :
        Plaintiffs,                    :        CASE NUMBER: 1:05CV02086
                                       :        JUDGE:  Paul L. Friedman
    v.                                 :        DECK TYPE:  Personal Injury/Malpractice
                                       :
                                       :
GEORGETOWN UNIVERSITY, et., al.  :
                                       :
        Defendants.                    :
_____

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

Plaintiffs oppose Defendants' Motion for Sanctions on the basis that such a motion is without merit and completely improper.  Plaintiffs' Motion to Compel The Deposition of Vance E. Watson, M.D., and Motion for Scheduling Order, on the other hand, are well-founded, warranted by existing law, and in conformity with the Federal Rules of Civil Procedure.

**I.    Brief Procedural History**

On November 20, 2006, Plaintiffs filed a combined Motion to Compel the Deposition of Vance E. Watson, M.D., (the individually named defendant) and a Motion for Scheduling Order. These motions were filed as a last resort, after repeated unsuccessful attempts by Plaintiffs' counsel to have Defendants' counsel either schedule the discovery deposition and/or a meeting to discuss the discovery schedule as required by FRCP 26(f).  A complete set of correspondence referencing these issues is already part of the record.  (see letters attached to Plaintiffs' Motion).

On December 4, 2006, Defendants filed an Opposition to Plaintiffs' Motion.  Included with Plaintiffs' copy was copy of the present Motion for Sanctions with a threat that the Motion would be filed unless "plaintiffs' counsel [would] withdraw [the Motion To Compel] under Rule 11's 21 day 'safe harbor' provision." (Defendants' Opposition, p. 1).   On December 6, 2006, Plaintiffs' Reply pointed out the obvious error with any such filing:

> Rule 11 specifically states that it does 'not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 though 37.'  Therefore, the very threat of filing a motion for Rule 11 Sanctions and/or the filing of such a motion is, in itself, a violation of Rule 11.

 (Plaintiffs' Reply, p. 6, n. 4).  Undaunted by Plaintiffs' counsel's warning, and with full knowledge that a motion for Rule 11 sanctions for a discovery dispute, in-and-of-itself, was not "warranted by existing law," Defendants filed the Motion.[1]

## II.    Argument

### A.    Defendants' Motion for Sanctions is an improper use of FRCP 11 for Rule 11 does not apply to discovery issues.

While Defendants wax poetic about the spirit and intent of Rule 11 citing various cases as authority for general propositions, Defendant overlooks the specific.  Rule 11 Section **d**, which is aptly titled, "Inapplicability to Discovery" clearly states, "[s]ubdivisions (a) through (c) of this rule **do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 though 37.**" (emphasis added).

This subsection, which Defendant chose to ignore, was added in a 1993 Amendment.

---

[1] Defendants try to justify their motion by referring to prior issues that were resolved by the parties, i.e., the correct corporate name of defendant hospital, all of which has no relevance here.

> Rules 26(g) and 37 establish certification standards and sanctions that apply to discovery disclosures, requests, responses, objections, and motions. It is appropriate that Rules 26 through 37, which are specially designed for the discovery process, govern such documents and conduct rather than the more general provisions of Rule 11. Subdivision (d) has been added to accomplish this result. *1993 Amendment Notes of Rule 11.*

Since the aforesaid amendment's adoption, Courts, including this one, have consistently held that Rule 11 does not apply to discovery issues.   "Rule 11 is not applicable to 'disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.'" *Sokos v. Hilton Hotels Corp.,* 283 F.Supp.2d 42, 56 (D.D.C.,2003) (quoting Fed. R. Civ. P. 11(d)).   Clearly, the Motion must fail; sanctions under Rule 11 do not apply to discovery issues.

### B.   Defendants' Assertions that Plaintiffs' Motion to Compel is "not warranted by existing law" and is "frivolous" are without merit.

Plaintiffs filed the Motion to Compel because the parties and the Court had agreed to proceed with discovery, but when it came time for defendants to comply with scheduling any discovery depositions, defendants refused to do so.  Nothing sets forth the intent of the parties more clearly than defense counsel's own words when she addressed the Court on September 8, 2006.  In Court, she asked the Court to assist the defense in obtaining medical authorizations from Plaintiffs (which have been provided).  The Court agreed that the parties should proceed with discovery, stating, "there is no doubt that the case is going to go forward regardless of how Judge Friedman rules on this, with respect to …medical malpractice." (Transcript of September 8, 2006 Motions Hearing before Magistrate Judge Kay at 98.)

Regardless of Court's interest in seeing this matter "go forward," Defendants will

continue to refuse all discovery based on their baseless position that, "before the scope of your lawsuit is determined" all discovery is improper. (See Defendant's counsel's letter of October 3, 2006, with similar language is found in counsel's October 4th, and 30th letters, attached to the Motion to Compel). Clearly, regardless of this Court's ruling on the Motion to Compel, defendants will never proceed with discovery until Judge Freidman rules on the Report and Recommendation; both the Court and Plaintiffs will be plagued with discovery issues until that ruling.

Defendants even excuse the one-sidedness of their discovery practice by arguing that Defendants' discovery request (i.e., for authorizations) is proper because it is "informal," while Plaintiffs' discovery request (i.e., for depositions) is improper because it is "formal." As Plaintiffs pointed out in the Reply, discovery *is* discovery. There is no authority, nor do the Defendants offer any in either of their last two pleadings, for a distinction between informal and formal discovery. Clearly given Defendants' untenable and immoveable positions, Plaintiffs had no choice but to file motions to compel in an attempt to move this case forward.

Plaintiffs' motion is also consistent with the spirit and intent of the rules. Federal Rule of Civil Procedure 26(d) confirms that when a court holds that discovery may continue before the parties have conferred pursuant to Rule 26(f), "methods of discovery may be used in any sequence." Federal Rule of Civil Procedure 26(b)(1) states, [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."

In closing it should be added that when Defendants threaten Plaintiffs' counsel with the filing of a Rule 11 motion, after egging Plaintiffs' counsel to "take it up with the Court" (see letter of October 4, 2006, etc.); it was, at best, improper. Now that Defendants have filed the

- 4 -

Rule 11 motion, accusing plaintiffs' counsel of the very misconduct defendants are guilty of,

filing a pleading not warranted by existing law, is nothing short of malicious. However,

Plaintiffs are not requesting sanctions against Defendants.  Plaintiffs seek nothing more than to

have this case proceed.

Respectfully submitted,

NEWMAN, MCINTOSH & HENNESSEY, LLP.

By:    /s/ Anthony G. Newman_____
       Anthony G. Newman
       7315 Wisconsin Ave., Suite 700E
       Bethesda, Maryland 20814
       301-654-3400
       Attorney for the Plaintiffs

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Opposition to Defendants' Motion for Sanctions was sent via US Mail postage pre-paid first class on January 4, 2007 to the following:

Megan E. Hills, Esq.
Nicolas Muzin, Esq.
Williams & Connelly, LLP
725 Twelfth Street, NW
Washington, D.C.  20005

Andrew Greenwald, Esq.
Joseph, Greenwald and Laake
6404 Ivy Lane, Suite 440
Greenbelt, Maryland 20770

/s/ Anthony G. Newman_____
Anthony Newman

- 6 -

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **FELICE I. IACANGELO, et al.** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Case No.: 1:05CV02086** |
| | : | **Judge Paul L. Friedman** |
| **GEORGETOWN UNIVERSITY, et al.** | : | |
| | : | |
| **Defendants.** | : | |

_____

**<u>ORDER</u>**

After consideration of Defendants' Motion for Sanctions, and the Opposition thereto, it is

by the Court this _____ day of _____, 2007, hereby,

**ORDERED**, that Defendants Motion for Sanctions is **DENIED;**

_____
The Honorable Alan Kay
United States Magistrate Judge

Copies to:

Megan E. Hills, Esq.
Nicolas Muzin, Esq.
Williams & Connelly, LLP
725 Twelfth Street, NW
Washington, D.C. 20005

Anthony Newman, Esq.
Newman & McIntosh
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814

Andrew Greenwald, Esq.
Joseph, Greenwald and Laake
6404 Ivy Lane, Suite 440
Greenbelt, Maryland 20770