UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, ) <br> As Guardian of the Person and Property of ) <br> KARYN A. KERRIS, ) <br>     ) <br>         Plaintiffs, ) <br>     ) <br> v.   ) <br>     ) <br> Georgetown University Hospital, ) <br> GEORGETOWN UNIVERSITY, t/a ) <br> Georgetown University, and ) <br> VANCE E. WATSON, M.D., ) <br>     ) <br>         Defendants. ) <br>     ) | Civ. Act. No. 1:05CV02086 (PLF) (AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS

Counsel for Plaintiffs moved to compel a Federal Rule of Civil Procedure 16[1] Scheduling Order, which dictates the timing of all discovery, including depositions.[2] Thus, Fed. R. Civ. P. 11 Sanctions apply, despite plaintiffs' counsel's incorrect focus on Fed. R. Civ. P. 37. Thus,

---

[1] Hereinafter, "Fed. R. Civ. P."

[2] Fed. R. Civ. P. 16(b) states, in pertinent part: "[T]he the district judge, or a magistrate judge . . . **shall . . . enter a scheduling order** that limits the time **(1)** to join other parties and to amend the pleadings; **(2)** to file motions; and **(3)** to complete discovery. **The scheduling order** also may include
**(4)** modifications of the times for disclosures under Rules 26(a and 26(e)(1) and of the extent of discovery to be permitted;
**(5)** provisions for disclosure or discovery of electronically stored information;
**(6)** any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;
**(7)** the date or dates for conferences before trial, a final pretrial conference, and trial; and
**(8)** any other matters appropriate in the circumstances of the case.

**The order** shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." (Emphasis added.)

counsel for plaintiffs' opposition, focusing almost entirely on the inapplicability of Fed. R. Civ. P. 11 to "'disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37'" is irrelevant as it is **Rule 16** that governs his motion to compel. Plaintiffs' Opposition to Motion for Sanctions at 2 (quoting Fed. R. Civ. P. 11; "Plts' Opp."). Significantly, by its terms Fed. R. Civ. P. 37 sanctions are limited to addressing the adequacy of discovery responses, while Rule 11 seeks to ensure that an attorney does not burden the Court with frivolous pleadings.[3]

"Rule 11 by its own terms applies to '[e]very pleading, motion, and other paper.'" *Hilton Hotels Corp. v. Banov*, 899 F.2d 40 (D.C. Cir. 1990) (quoting Fed. R. Civ. P. 11). No competent attorney could view plaintiffs' counsel's Motion to Compel a Scheduling Order and Deposition ("Plts' Motion") to set a plan for discovery into plaintiffs' claims, prior to plaintiffs' claims being determined as reasonable, therefore, "Rule 11 *requires* that sanctions of some sort be imposed." *Reynolds v. The U.S. Capitol Police Board*, 357 F.Supp. 2d 19, 24 (D.D.C. 2004) (quotations omitted; emphasis in original). This Circuit holds that the appropriate sanction is the monetary amount of the cost of defending against such frivolous pleadings (*e.g.*, attorneys' fees

---

[3] *Compare* Fed. R. Civ. P. 37, which permits a sanctions motion if "a party fails to make a disclosure . . . . If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6)or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection . . ." or gives an "evasive or incomplete disclosure, answer, or response" *to* Fed. R. Civ. P. 11, which allows a sanctions motion for any filed pleading that is "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" or "the claims, defenses, and other legal contentions therein are [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"; or "the allegations and other factual contentions [do not] have evidentiary support or, if specifically so identified, are [not] likely to have evidentiary support after a reasonable opportunity for further investigation or discovery"; or "the denials of factual contentions are [not] warranted on the evidence or, if specifically so identified, are [not] reasonably based on a lack of information or belief."

and costs). *Lucas v. Spellings*, 408 F.Supp. 2d 8, 26 (D.D.C. 2006); *John Akridge Co. v. Travelers Cos.*, 944 F. Supp. 33, 34 (D.D.C. 1996) (awarding sanctions of full cost of defending plaintiffs' action); *Cousin v. District of Columbia*, 142 F.R.D. 574, 578 (D.D.C. 1992) (same); *Hardrick*, 96 F.R.D. at 619 (same) *Washington Bancorp. v. FDIC*, 812 F. Supp. 1256, 1275 (D.D.C. 1993) (same). Defendants[4] seek this sanction against plaintiffs' attorney.

Plaintiffs' counsel's Opposition to Sanctions almost entirely focuses on the incorrect assertion that Fed. R. Civ. P. 11 is inapplicable to his Motion to Compel a Rule 16 Scheduling Order. Plts' Opp. at 2-3. Noticeably absent from counsel's Opposition to the Motion for Sanctions is any explanation of counsel's reasonable plan for establishing a discovery plan that a Scheduling Order embodies for the claims of his lawsuit when the claims that make up the lawsuit have not been determined. Since "discovery should be tailored to the issues involved in the particular case," *Hardrick*, 96 F.R.D. at 618, at this juncture setting a discovery plan is impossible as "plaintiff is not entitled to demand from defendants information that is neither relevant to a claim or defense nor likely to lead to information that is." *Caldwell v. Center for Correctional Health and Policy Studies, Inc.*, 228 F.R.D. 40, 44 (D.D.C. 2005) (citing Fed. R. Civ. P. 26(b)(1)), and no one knows what plaintiffs' claims will be. As defendants stated in their Opposition to Plaintiffs' Motion to Compel, plaintiffs' claims could number twelve or seven or an entirely different number. Clearly, without knowing what plaintiffs' claims are, one cannot determine the areas into which plaintiffs are allowed to inquire. *Caldwell*, 228 F.R.D. at 44.

Another fatal omission of plaintiffs' Motion to Compel is counsel for plaintiffs' failure to carry his burden of showing that the discovery he immediately seeks at this juncture would be less time-consuming, less expensive, and less burdensome to the parties and Court than the

---

[4] Georgetown University and Vance E. Watson, M.D. (collectively referred to as "defendants").

3

alternative of waiting to conduct discovery into his claims when they are determined – a showing he has not, nor cannot make. *See, e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984 ("showing of relevance can be viewed as a showing of need"); *see also Hardrick v. Legal Services Corp.*, 96 F.R.D. 617, 619 (D.D.C. 1983) (plaintiff's motion to compel must be substantially justified by the facts of the case).

Significantly, counsel for plaintiffs disingenuous use of ellipsis to set out the Court's words at the September 8, 2006 hearing, as well as his refusal to articulate his reason for demanding immediate discovery (despite having waited over six years to file suit) further illustrates why sanctions should be granted against this attorney. Contrary to plaintiffs' counsel's assertion that the "Court agreed that the parties should proceed with discovery." Plts' Opp. at 3. What the Court stated, as a full citation to the transcript shows, is "**somewhere along the line if there is a request for records, the Defendant would be entitled to them. So why don't you go ahead and make sure those** [authorizations for obtaining Karyn Kerris's records from third parties] **are signed**, and whether or not Ms. Hills or the Defendant seeks to pursue that **pending a decision by Judge Friedman** is their decision." September 8, 2006 Transcript of Hearing before the Honorable Alan Kay at 98 ("9/8/06 Hearing Tr."; Attached as Exhibit 1; emphasis added).

In fact, for the first time in the litigation plaintiffs' counsel revealed that he had served subpoenas to obtain records from these same third parties: "Plts' Counsel: I sent a subpoena to Blue Cross," *id.*, in violation of Fed. R. Civ. P. 45 as he has never provided defendants with notice of when or on which entity or entities he served subpoenas. In serving these subpoenas for documents at unknown times on unknown entities prior to September 8, 2006 to obtain documents – an ability that defendants do not have without executed authorizations – plaintiffs'

4

counsel could not have believed that he was conducting discovery in seeking records from third parties, as he would not be so duplicitous as to think that he was allowed to engage in discovery in secret (albeit, in failing to provide defendants with notice of his subpoenas, counsel violated Fed. R. Civ. P. 45).[5]

In moving to compel discovery at a time when his claims other than the medical malpractice claims have not been set, plaintiffs' counsel asks this Court to condone increased legal costs, increased use of judicial resources, and a waste of all in duplicative discovery practice, merely because (without providing any explanation for it), plaintiffs' counsel wants to proceed with discovery into one set of claims while the others are undetermined. While the parties could and should informally exchange medical and employment records that will doubtless be implicated in the suit, the sheer waste of preparing and serving multiple sets of interrogatories, document requests, violating Fed. R. Civ. P. 30(a)(2)(B) in requiring practicing doctors to sit for multiple depositions, and having multiple Fed. R. Civ. P. 16 Scheduling Orders – one for the medical malpractice claims and one later when the remainder of plaintiffs' claims are determined – is simply nonsensical. Moreover, nowhere in plaintiffs' counsel's Opposition or Motion to Compel does he provide a justification for wasting these resources by conducting duplicative discovery. No competent attorney would advocate such a plan.

In effect, counsel for plaintiffs' Motion to Compel audaciously tells a federal court to "hurry up" because he cannot delay his gratification to conduct discovery (though he delayed over six years in bringing suit and even then did not file against the appropriate parties): "until

---

[5] Defendants repeat their request made at page 7 in their Opposition to Plaintiffs' Motion to Compel that plaintiffs' counsel be required to provide defendants with belated notice of all subpoenas served by plaintiffs' counsel by immediately providing defendants with copies of all subpoenas and dates of service that plaintiffs' counsel has served to date in accordance with Fed. R. Civ. P. 45. Plaintiffs' counsel has never provided defendants with this information.

5

Judge Freidman [sic] rules on the Report and Recommendation; both the Court and Plaintiffs will be plagued with discovery issues until that ruling." Plts' Opp. at 4. (Again, plaintiffs' counsel neglects to tell the Court that the only discovery issues with which the Court will be plagued will be of counsel for plaintiffs own making.)

Lastly, plaintiffs' counsel appears to concede that he is not a lawyer who exercises his own judgment as he believes he can be "egged" into filing an improper Motion to Compel. Plts' Opp. at 4. Perhaps, plaintiffs' counsel should avail himself of the often used "Motion for Clarification" that other lawyers find useful when they are confused by the law or a Court's view of it.

## CONCLUSION

Therefore, for all the reasons set forth in defendants' Opposition to Plaintiffs' Motion to Compel a Scheduling Order and Deposition, defendants' Motion for Sanctions, and defendants' Reply in Support of the Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11, defendants, by and through undersigned attorneys, move for sanctions against opposing counsel as no competent attorney would find compelling a Scheduling Conference to set a discovery plan and multiple depositions of fact witnesses reasonable when plaintiffs' claims have not been established, the relief sought in plaintiffs' Motion to Compel.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: January 11, 2007    By: *Megan E. Hills*
Megan E. Hills (D.C. Bar #437340)
Nicolas Muzin (D.C. Bar #500106)

725 Twelfth Street, N.W.
Washington, D.C. 20005

6

# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - x
                              :
In the Matter of:             :
                              :
FELICE I. IACANGELO,          :
CICILY IACANGELO,             :
    and                       :
PAUL KERRIS,                  :
                              :
      Plaintiffs,             :
                              :
        vs.                   :  Civil Action No. 05-2086
                              :
GEORGETOWN UNIVERSITY         :
    and                       :
VANCE E. WATSON,              :
                              :
      Defendants.             :
                              :  Washington, D.C.
- - - - - - - - - - - - - - - x  September 8, 2006


               TRANSCRIPT OF MOTIONS HEARING
               BEFORE THE HONORABLE ALAN KAY
               UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

For the Plaintiffs:     ANDREW E. GREENWALD, ESQ.
                        ANTHONY G. NEWMAN, ESQ.
                        ERNEST McINTOSH, JR., ESQ.

For the Defendants:     MEGAN E. HILLS, ESQ.
                        NICHOLAS MUZIN, ESQ.


Proceedings recorded by the Court, transcript produced by Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307, Washington, D.C. 20005, 202-347-5395, www.pro-typists.com
M1422V/bf

Case 1:05-cv-02086-PLF-AK   Document 29   Filed 01/11/2007   Page 9 of 11
Case 1:05-cv-02086-PLF   Document 24   Filed 12/04/2006   Page 5 of 6

98

```
 1              MS. HILLS:  And it was a problem.
 2              THE MAGISTRATE JUDGE:  All right.
 3              MR. NEWMAN:  Same time I sent you a letter to
 4   get --
 5              THE MAGISTRATE JUDGE:  And hopefully I will be
 6   able to rule on these -- well, I'm not ruling on the
 7   motions.  I'm doing the report and recommendation,
 8   Judge Friedman ultimately he will make the decision as to
 9   how the motion is finally decided.  But I think there is no
10   doubt that the case is going to go forward regardless of
11   how Judge Friedman rules on this, with respect to a medical
12   malpractice, so somewhere along the line if there is a
13   request for records, the Defendant would be entitled to
14   them.  So why don't you go ahead and make sure that those
15   are signed, and whether or not Ms. Hills or the Defendant
16   seeks to pursue that pending a decision by Judge Friedman
17   is their decision.
18              All right.  Thank you, counsel.  I really
19   appreciate your argument.  The Court has found it helpful.
20   And we will and try and get -- I'll take it under
21   advisement and try and get it out to Judge Friedman
22   promptly.  Although I must tell you, in all candor, that he
23   is on vacation for at least, I think close to four weeks.
24   So under any circumstances, he will not be looking at it
25   until he returns.
```

100

```
UNITED STATES OF AMERICA  )
                          ) Civil Action No. 05-2086
DISTRICT OF COLUMBIA      )
```

I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.

_____
PAUL R. CUTLER

I do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.

_____
BONNIE FURLONG

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendants' Reply in Support of Defendants' Motion for Sanctions and Exhibit was served, pursuant to Local Rule 5.4(d)(1), by electronically filing the foregoing on the CMF/ECF software on lead counsel of record, Anthony Newman, Esq., this 11th day of January, 2007.

*/s/ Megan E. Hills*
Megan E. Hills