UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FELICE I. IACANGELO and CICILY IACANGELO, Guardians of the Person and Property of KARYN A. KERRIS, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> GEORGETOWN UNIVERSITY, *et al.* <br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-2086 (PLF/AK)<br>)<br>)<br>)<br>) |

### MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion to Compel the Deposition of Defendant Vance E. Watson, M.D., and Motion for a Scheduling Order ("Motion") [22], the opposition thereto and reply in support thereof; and Plaintiffs' Motion for Sanctions [27] ("Motion for Sanctions"), the opposition thereto and reply in support of the Motion for Sanctions. On December 13, 2006, the trial court referred resolution of all discovery matters, including the motion to compel, to the undersigned. (December 13, 2006 Order [26].)[1] In their Motion, Plaintiffs move to compel the deposition of Dr. Vance Watson, a named individual Defendant in this matter, who was the treating physician for Plaintiff Karyn Kerris. In opposition, Defendants argue that it is premature for the Plaintiffs to take Dr. Watson's deposition before the trial court makes its

---

[1]The Plaintiffs' Motion consists of two separable parts, a Motion to Compel, which will be addressed herein, and a Motion for a [Rule 16] Scheduling Order, whereby Plaintiffs request that the trial court provide counsel with a date for a Scheduling Conference. The Motion for a Scheduling Order is not technically a discovery matter and in any event, it is best left to the trial court's discretion since it involves the trial court's calendar in terms of selecting a date for a Scheduling Conference and determining a schedule on which the case will proceed.

determination regarding the undersigned's Report and Recommendation as to the disposition of certain counts in

the Complaint, and it will be burdensome if Dr. Watson has to be deposed on more than one occasion.[2]  Defendants do not dispute that there are certain counts of the Complaint which have not been challenged, including the medical malpractice and breach of fiduciary duty claims.[3]  At the hearing held by the undersigned in connection with the issuance of a Report and Recommendation, the Court noted that "there is no doubt that the case is going to go forward regardless of how [the trial court] rules on [the Report and Recommendation], with respect to the medical malpractice [claim], . . . ."  (*See* Transcript of September 8, 2006 Motions Hearing before Magistrate Judge Alan Kay at 96-98.)[4]

   Shortly after the instant Motion became ripe, Defendants filed a Motion for Sanctions

---

[2]Because there is no Scheduling Order in place and no meet and confer has been conducted, Plaintiffs seek this Court's permission to begin limited discovery by deposing Dr. Watson and obtaining Plaintiff's medical records relating to Dr. Watson's treatment.  When the trial court sets a Scheduling Conference, the parties are required to meet and confer at least 21 days prior to such Conference, pursuant to Fed. R. Civ. P. 26(f).  The timing and sequence of discovery is addressed in Fed. R. Civ. P. 26(d), which states in relevant part that "[e]xcept . . . when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Plaintiffs are thus in a "catch 22" situation since no Scheduling Conference has been set and Defendants will not agree to meet and confer; accordingly, discovery may not proceed without the Court's permission.

[3]This Court's Report and Recommendation [19], dated October 11, 2006, addresses the ten additional counts of the Plaintiffs' Complaint.  Both parties filed their objections to the Report and Recommendation in October 2006.

[4]This issue regarding the case "go[ing] forward" arose at the hearing because Defendants' counsel indicated that Defendants sought to obtain Plaintiff's medical and employment records and requested that Plaintiffs immediately execute authorizations, which the Plaintiffs agreed to do.

seeking monetary sanctions against the Plaintiffs' counsel for filing the Motion. Defendants concede that Rule 11 is not applicable to the portion of Plaintiffs' Motion that seeks to compel Dr. Watson's deposition. *See* Fed. R. Civ. P. 11(d) (entitled "Inapplicability to Discovery.") Accordingly, Defendants' motion for Rule 11 sanctions is based on that portion of Plaintiffs' Motion requesting a Rule 16 Scheduling Order. Defendants assert that "no competent attorney would find compelling a Scheduling Conference to set a discovery plan and multiple depositions of fact witnesses when plaintiffs' claims have not been established as reasonable . . . ." Motion for Sanctions at 1.

Defendants argue that "[w]hile the parties could and should informally exchange medical and employment records that will doubtless be implicated in the suit, the sheer waste of preparing and serving multiple sets of interrogatories, documents requests, violating Fed. R. Civ. P. 30(a)(2)(B) in requiring practicing doctors to sit for multiple depositions, and having multiple Fed. R. Civ. P. 16 Scheduling Orders . . . is simply nonsensical." (Memorandum in support of Motion for Sanctions at 5.)[5] The Court finds that Defendants' Rule 11 Motion for Sanctions is unwarranted and a misuse of judicial resources. Defendants assert that "it is **Rule 16** that governs [the] motion to compel." Notably, Rule 16(b), on its face, provides that "[a scheduling] order shall issue as soon as practicable but *in any event within 90 days after the appearance of a defendant, and within 120 days after the complaint has been served on a defendant*." Fed. R. Civ. P. 16(b)(emphasis added). In the instant case, Plaintiffs made a motion requesting entry of a

---

[5]The Court notes that parties often serve more than one set of interrogatories and document requests; Rule 30(a)(2)(b) makes no specific reference to "practicing doctors" but instead simply states that leave of court is required to reconvene a deposition; and Rule 16(b) provides that an existing scheduling order may be modified upon a showing of good cause and by leave of court.

Scheduling Order at the end of November 2006, well after the Defendants' appearance and the service of the Complaint. Furthermore, the purpose of Plaintiffs' request for a Scheduling Order was to get the discovery process started, with regard to convening the deposition of a *named* Defendant, who is also Plaintiff's *treating physician*, and obtaining Plaintiff's medical records, at the same time that the trial court was considering the Report and Recommendation. No one disputes that this case involves viable claims for medical malpractice and breach of fiduciary duty and Defendants proffer no good reason why discovery on these claims should not be allowed to proceed. This Court therefore finds it reasonable for Plaintiffs to depose Dr. Watson, Plaintiff's treating physician, and a named Defendant, regarding the medical malpractice and breach of fiduciary duty claims prior to the time when the trial court makes a final determination of the merits of Plaintiffs' additional claims.[6]

Accordingly, it is this 28th day of February, 2007,

ORDERED that the Plaintiffs' Motion to Compel the Deposition of Defendant Vance E. Watson, M.D., and Motion for a Scheduling Order [22] be granted in part [regarding the motion to compel] and deferred in part to the trial court's discretion [regarding the motion for a Scheduling Order.] Plaintiffs are permitted to depose Dr. Vance Watson at a mutually convenient time and place during the next 4 weeks, with the proviso that such deposition inquiry should be limited to those two claims. Prior to the deposition taking place, Defendants shall provide Plaintiffs with a copy of the medical records of Plaintiff Karyn Kerris. If any of Plaintiffs' other claims survive the trial court's review of this Court's Report and Recommendation, and the Plaintiffs find it necessary

---

[6] The Court further notes that because Plaintiff Karyn Kerris is incapacitated, Dr. Watson is the person with the most extensive knowledge about the events chronicled in this case.

to reconvene Dr. Watson's deposition regarding those additional claims, this Court will entertain such a request by the Plaintiffs. It is further

ORDERED that Defendants' Motion for Sanctions [27] be denied.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE