UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF) (AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

### DEFENDANTS' MOTION FOR CLARIFICATION

Defendants, Georgetown University and Vance E. Watson, M.D. (hereinafter, collectively referred to as "defendants"), by and through undersigned attorneys, hereby move for clarification of Magistrate Judge Kay's February 28, 2007 Memorandum Order ("Order"), granting the limited deposition of Vance E. Watson, M.D. ("Dr. Watson").

To ensure the meaningful deposition of Dr. Watson on the claims of medical malpractice and breach of fiduciary duty, Defendants move the Court to clarify its Order to make the exchange of medical records of Ms. Karyn Kerris **reciprocal**, such that **both** Plaintiffs and Defendants provide the other party with copies of all Ms. Kerris's medical records in their respective possession, custody, or control, in sufficient advance of Dr. Watson's limited deposition such that all parties have all of the medical records collected to date regarding Ms. Kerris.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: February 28, 2007        By: _/s/ Megan E. Hills_____
                                    Megan E. Hills (D.C. Bar #437340)
                                    Nicolas Muzin (D.C. Bar # 500106)

                                    725 Twelfth Street, N.W.
                                    Washington, D.C. 20005
                                    (202) 434-5000
                                    (202) 434-5029 (fax)
                                    mhills@wc.com
                                    nmuzin@wc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF) (AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION

Defendants, Georgetown University and Vance E. Watson, M.D. (hereinafter, collectively referred to as "defendants"), by and through undersigned attorneys, hereby move for clarification of Magistrate Judge Kay's February 28, 2007 Memorandum Order ("Order"), granting the limited deposition of Vance E. Watson, M.D. ("Dr. Watson") to make the obligation to provide copies of Karyn Kerris's medical records **reciprocal** with **both parties** exchanging Ms. Kerris's medical records in their respective possession, custody, or control in advance of the deposition for meaningful use, such that all parties have all of the medical records collected to date regarding Ms. Kerris.

In the Order, the Court ruled that "[p]rior to the deposition taking place, Defendants shall provide Plaintiffs with a copy of the medical records of Plaintiff Karyn Kerris." Order at 4. As Defendants have previously stated, Plaintiffs appear to have **more** of Plaintiff Karyn Kerris's medical records than Defendants and while Defendants will send copies of all of the medical

records concerning Ms. Kerris in their possession, custody or control, in advance of the deposition, Defendants ask the Court to make its ruling reciprocal and that Plaintiffs also provide a copy of all of the medical records regarding Plaintiff Karyn Kerris in their possession, custody or control, to Defendants prior to the deposition so that all parties have the full universe of medical records collected to date by the parties regarding Ms. Kerris.

As stated during the September 6, 2006 hearing, Plaintiffs have records regarding Ms. Kerris's medical condition that Defendants have never seen as they were attached to Plaintiffs' Opposition. *See* Exhibit 1 of Plaintiffs' Opposition to Motion to Dismiss/Motion for Partial Summary Judgment. Discovery does not seem to be served by having any party have medical records regarding Ms. Kerris that the other party does not. Nor does it seem beneficial for a witness to be questioned on medical records that he has never seen and to which the Court states Defendants are entitled, *id.* at 2; therefore, Defendants ask that they also receive copies of all of Ms. Kerris's medical records within Plaintiffs' possession, custody, and control in sufficient advance of the deposition for meaningful use, particularly when Defendants cannot independently obtain these records.

## CONCLUSION

**WHEREFORE,** Defendants request the Court to clarify its February 28, 2007 Memorandum Order, requiring **both** Plaintiffs and Defendants to provide the other party with copies of all Karyn Kerris's medical records in their respective possession, custody, or control in sufficient advance of the deposition of Dr. Watson, such that they can be meaningfully used at the deposition.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: February 28, 2007    By: *[signature: Megan E. Hills]*
Megan E. Hills (D.C. Bar #437340)
Nicolas Muzin (D.C. Bar # 500106)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
mhills@wc.com
nmuzin@wc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, )<br>As Guardian of the Person and Property of )<br>KARYN A. KERRIS, )<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　　　)<br>Georgetown University Hospital, 　　　　)<br>GEORGETOWN UNIVERSITY, t/a 　　)<br>Georgetown University, and 　　　　　　)<br>VANCE E. WATSON, M.D., 　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants. 　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　) | Civ. Act. No. 1:05CV02086 (PLF) (AK)<br><br>Judge Paul L. Friedman<br><br>Magistrate Judge Alan Kay |

## ORDER

Upon consideration of Defendants', Georgetown University and Vance E. Watson's Motion for Clarification of Magistrate Judge Kay's February 28, 2007 Memorandum Order, granting the limited deposition of Vance E. Watson, M.D.

It is this ____ day of _____, 2007, hereby

**ORDERED** that the Defendants' Motion for Clarification is **GRANTED**, and it is further **ORDERED** that Plaintiffs, as well as Defendants, shall provide copies of all medical records of Karyn Kerris in their respective possession, custody, or control in sufficient advance of the deposition of Vance E. Watson, M.D., for such documents to be meaningfully used at the deposition.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE ALAN KAY
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　for the District of Columbia

Copies to:

Megan Hills, Esq.
Nicolas Muzin, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Defendants' Counsel

Anthony Newman, Esq.
Ernest McIntosh, Esq.
Newman & McIntosh
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

Plaintiffs' Counsel

Andrew Greenwald, Esq.
Greenwald and Laake
6404 Ivy Lane
Suite 440
Greenbelt, Maryland 20770

Plaintiffs' Counsel

## CERTIFICATE OF SERVICE

Pursuant to United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing was served via electronic filing on the Court's CM/ECF website on the 28th day of February, 2007 on the forgoing:

>Anthony Newman, Esquire
>Ernest McIntosh, Esquire
>Newman & McIntosh
>7315 Wisconsin Avenue
>Suite 700E
>Bethesda, Maryland 20814

>and

>Andrew Greenwald, Esquire
>Greenwald and Laake
>6404 Ivy Lane
>Suite 440
>Greenbelt, Maryland 20770

>Plaintiffs' Counsel

_____
Megan E. Hills