UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
FELICE I. IACANGELO, et al.,        )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   Civil Action No. 05-2086 (PLF)
                                    )
GEORGETOWN UNIVERSITY, et al.,      )
                                    )
        Defendants.                 )
_____ )


MEMORANDUM OPINION

This matter is before the Court on the defendants' and plaintiffs' objections to Magistrate Judge Alan Kay's Report and Recommendation on defendants' combined motion to dismiss certain counts of the Amended Complaint, motion for summary judgment on other counts, and motion to strike portions of the Amended Complaint. Upon consideration of the Report and Recommendation, both parties' objections, defendants' motions, the oppositions thereto, the replies, and the entire record in this case, this Court agrees with and adopts Magistrate Judge Kay's recommendations in part and rejects them in part. The reasons are set forth in this Memorandum Opinion.

I. BACKGROUND[1]

Plaintiffs, the husband and parents of Karyn Kerris, have brought a variety of claims against Dr. Vance Watson and Georgetown University related to her medical treatment.

---

[1] The relevant facts of this case are set forth in greater detail in Magistrate Judge Kay's Report and Recommendation.

Their allegations center on three embolization procedures performed on Ms. Kerris between 1998 and 1999 by Dr. Watson at Georgetown University Hospital. Those procedures involved the use of a mixture of two substances – Lipiodal and Histoacryl – injected into Ms. Kerris' brain to treat a vascular defect known as Arteriovenous Malformation.

Defendants filed a combined motion to dismiss Counts III, IV, V, VI, VII, IX, X, XI, and XII of the Amended Complaint, or, in the alternative, for summary judgment with respect to Counts VI and IX; they also seek summary judgment on Count II. They have moved to strike certain allegations from the Amended Complaint. No discovery has occurred yet in this case. On April 21, 2006, this Court referred defendants' combined motion to dismiss, for summary judgment, and to strike portions of the Amended Complaint to Magistrate Judge Alan Kay for a report and recommendation pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. Magistrate Judge Kay issued his Report and Recommendation on October 11, 2006, recommending that defendants' motion to dismiss be granted with respect to Counts III, IV, V, VI, and VII of the Amended Complaint, and denied without prejudice with respect to Counts IX, X, XI, and XII.[2] He also recommended that defendants' motion for summary judgment be denied with respect to Count II. Finally, he recommended that defendants' motion to strike be granted in part with respect to Paragraphs 11(o) and 60 of the Amended Complaint and denied without prejudice with respect to all other paragraphs that defendants moved to strike.

---

[2] He recommended that Count VI, the fraud claim, be dismissed without prejudice because the problem he identified in Count VI was the failure to plead fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure, a matter that in many cases easily can be corrected.

Both the plaintiffs and the defendants thereafter filed objections to the Magistrate Judge's Report and Recommendations. Plaintiffs objected to Magistrate Judge Kay's recommendation to dismiss Counts III, IV, V, VI, and VII; defendants objected to the recommendation to deny summary judgment on Count II. When a party files written objections to any part of the magistrate judge's recommendation with respect to a dispositive motion, the Court considers *de novo* those portions of the recommendation to which objections have been made, and "may accept, reject, or modify the recommended decision[.]" FED.R. CIV.P. 72(b).

## II.  DISCUSSION

### A.  *Motions to Dismiss and for Summary Judgment*

The Court agrees with and adopts Magistrate Judge Kay's analysis of defendants' motion and his recommendation to grant the motion to dismiss with respect to Count III, IV, V and VII of plaintiffs' Amended Complaint, and his recommendation that Count VI be dismissed without prejudice. The Court also agrees with his recommendation to deny the motion to dismiss or, in the alternative, for summary judgment with respect to Counts IX, X, XI, and XII. The Court reaches these conclusions substantially for the reasons stated by Magistrate Judge Kay.[3]

---

[3] The Court notes that in Count V plaintiffs allege that defendants expressly warranted the fitness of the medical device plaintiffs refer to as "Histadol" – that is, the combination of Histoacryl and Lipiodal – and that this device "was reasonably fit and safe for the intended, ordinary, foreseeable, and particular purpose of being injected and embolizing Karyn A. Kerris' arteriovenous malformation ("AVM"). Id. ¶ 43. For the reasons stated by Magistrate Judge Kay, plaintiffs' claim as to an express warranty on the so-called device alleged in the complaint fails as a matter of law.

While plaintiffs may not bring an express breach of warranty claim as to the fitness of the medical device used in Ms. Kerris' procedure, the Court notes that a claim for breach of express warranty as to the *result* of a procedure or treatment is available where a physician "clearly and unmistakably [gave] a positive assurance [that he would] produce or . . .

The Court agrees with Magistrate Judge Kay's recommendation to deny the motion for summary judgment on Count II, but disagrees with his analysis.

Count II relies almost entirely on what communications took place between Ms. Kerris and Dr. Watson. It alleges that defendants failed to provide the information to Ms. Kerris necessary for her to provide informed consent. Am. Compl. ¶¶ 15-22. Specifically, plaintiffs allege that defendants did not disclose to Ms. Kerris, *inter alia*, that the combination of Lipiodol and Histoacryl used in her embolizations was not approved by the FDA, the high failure rates for such embolizations, the "extremely high risk of failure with catastrophic results," or that the use of the combination of drugs was experimental and unapproved by Georgetown University Hospital's Institutional Review Board. Id. ¶¶ 15-20. Plaintiffs claim that had she known these facts, Ms. Kerris never would have consented to the procedures. Id. ¶ 21.

Defendants provide a declaration by Dr. Watson stating that Ms. Kerris was aware of the risks involved based on conversations Dr. Watson states that he had with Ms. Kerris, some of which were outside the presence of her husband or parents. See Declaration of Vance E. Watson, M.D. ("Watson Decl.") ¶¶ 8, 9, Ex. 8 in Support of Defendants' Motion for Summary

---

avoid a particular result or results in treating a patient." Scarzella v. Saxon, 436 A.2d 358, 361-62 (D.C. 1981) (internal quotation marks omitted). The affidavits provided by plaintiffs in opposition to defendants' motion assert, *inter alia*, that Dr. Watson told Ms. Kerris, as well as her husband and parents, that the embolization procedures had "a 95% chance of success." Paul Kerris Affidavit ¶ 4; Felice Iacangelo Affidavit ¶ 4; Cicily Iacangelo Affidavit ¶ 4. Such a promise, if true, would satisfy the requirement that Dr. Watson had warranted a particular result. Id. at 361 (listing cases in which summary judgment has been denied because evidence, viewed in light most favorable to plaintiff, raised genuine issue of material fact as to whether a physician told a patient that a particular treatment "perfectly safe"or a dentist told a patient that his dental work would "please her to her personal satisfaction"). Plaintiffs are free, of course, to move to amend their complaint under the liberal pleading standards of Rule 15 of the Federal Rules of Civil Procedure to add or substitute this theory for the one now articulated in Count V.

4

Judgment on Counts II, VI, and IX. In their briefs, defendants argue that it is illogical to think that Ms. Kerris would not have met alone with Dr. Kerris at some point in time. Plaintiffs submit their own affidavits disputing not only what Dr. Watson disclosed to Ms. Kerris, but whether he ever spoke with her alone. See Paul Kerris Affidavit ¶ 3; Felice Iacangelo Affidavit ¶ 3; Cicily Iacangelo Affidavit ¶ 3. Magistrate Judge Kay concluded that only Dr. Watson and Ms. Kerris could know what took place between them and that, without testimony from Ms. Kerris (who is now incapacitated), plaintiffs will be unable to prove what verbal communications took place between them. Nevertheless, Magistrate Judge Kay recommended denying the motion for summary judgment because of questions about the meaning of the written consent forms used by the defendants and signed by Ms. Kerris.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 255; see Mastro v. Potomac Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir.1998) (en banc). The non-moving party's opposition, however, must consist of more than unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence setting forth specific

facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The evidence must allow a jury reasonably to find for the plaintiff, and if the non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.

        The Court notes first that defendants' motion was filed prior to discovery. All testimonial information, therefore, is in the form of declarations and affidavits by the respective witnesses and parties regarding the facts of this case. "[S]ummary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" See Americable Int'l, Inc. v. Dep't of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting First Chicago Int'l v. United Exch. Co., 836 F.2d 1375 (D.C. Cir. 1988) (other citations omitted)). This case demonstrates why that is so. The competing declarations and affidavits purporting to demonstrate what Dr. Watson told Ms. Kerris and who was present (or not present) when she was told contain conclusory statements by various persons, with little by way of the detail or explanation that is necessary to assess the facts in a complex case such as this.

        To prevail on their informed consent claim in Count II, plaintiffs must demonstrate that Dr. Watson violated his duty to inform Ms. Kerris of the "material information regarding the proposed treatment." Gordon v. Neviaser, 478 A.2d 292, 294 (D.C. 1984). The test of materiality "is whether '[a] reasonable person in what the physician knows or should know to be the patient's position would be likely to attach significance to the risks in deciding to accept or forego the proposed treatment.'" Id. (quoting Crain v. Allison, 443 A.2d 558, 562 (D.C. 1982) (other citations omitted)). See also Canterbury v. Spence, 464 F.2d 772, 790-91 (D.C. Cir. 1972) (causality issue should be resolved on objective basis of what a prudent person in the

6

patient's position would have done, *not* on subjective basis of what particular patient would have done, evidence of which would be based on solely on patient's testimony and would "place[] physician in jeopardy of the patient's hindsight and bitterness."). "A causal connection exists when, but only when, disclosure of significant risks incidental to treatment would have resulted in a decision against it." Canterbury v. Spence, 464 F.2d at 778.

While the defendants make valid arguments that it could be very difficult for plaintiffs to prove a negative – that is, that Ms. Kerris did not ever meet with Dr. Watson alone – the Court cannot accept defendants' evidence that she did so. This matter is here on summary judgment, where all reasonable inferences must be drawn in favor of the non-moving party. On the competing declarations and affidavits now before it, the Court must consider the evidence in the light most favorable to the plaintiffs, and accept the plaintiffs' contention in their affidavits that Ms. Kerris did not meet alone with Dr. Watson. Without a better record and development of the facts on the record, with witnesses testifying under oath, it is impossible to say whether plaintiffs will be able to prove this claim. If, for example, plaintiffs could show that Ms. Kerris's husband made all her doctor's appointments, accompanied her to every one, and never once left the room when she met with medical personnel, a factfinder might infer that he was present for all of her meetings with Dr. Watson. Conversely, Dr. Watson's assertion that he did have private meetings with Ms. Kerris in the face of such evidence could be credited by a factfinder based on his credibility as a witness.

The important point is that there remain two genuine disputed issues of fact, neither of which can be resolved on the papers before the Court: (1) the content of what Dr. Watson disclosed to Ms. Kerris, either orally or in writing, prior to her giving her consents for

him to perform the embolization procedures, and (2) whether those disclosures to Ms. Kerris were adequate, as is contested by plaintiffs' experts. For this reason, the Court agrees with Magistrate Judge Kay's conclusion that summary judgment cannot be granted for defendants on Count II, and plaintiffs must be permitted to take discovery on these issues.

### B. Motion to Strike

The Court agrees with and adopts Magistrate Judge Kay's recommendation that defendants' motion to strike certain portions of the Amended Complaint be granted with respect to Paragraph 60; it further agrees it should be denied with respect to Paragraphs 11 (c), (d), (f), (h), (i), (j), (k), (l); 59(b), (c), (h); and 61. The Court disagrees, however, with the recommendation to grant the motion to strike Paragraph 11(o).

Paragraph 11(o) of the Amended Complaint states that "Plaintiffs may also rely on *res ipsa loquitur*." Defendants assert that this paragraph should be stricken because the doctrine of *res ipsa loquitur* is not applicable to a complex medical malpractice case. Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike any matter that is "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. P. 12(f). Although striking filings is generally disfavored as an extreme remedy, a court has "liberal discretion" to strike such filings as it deems appropriate under Rule 12(f). Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000); see 2 MOORE'S FEDERAL PRACTICE § 12.37[1] at 12-93 to 12-94 (3d ed. 2002). In this case, the Court declines to exercise that discretion as to Paragraph 11(o). Plaintiffs assert in their Amended Complaint only that they *may* rely on this doctrine in support of their medical negligence-personal injury claim. While defendants may or may not be correct that such doctrine

is not applicable in a case like this, the Court will not make such a ruling in the context of a motion to strike. The issue would be more properly raised and more fully briefed in the context of a motion to dismiss or a motion in limine, where the merits of the claim and the applicability of this doctrine to that claim can be examined. For this reason, the Court rejects the recommendation to grant the motion to strike with respect to Paragraph 11(o), and will grant the motion only with respect to Paragraph 60.

### III.  CONCLUSION

Reviewing *de novo* those parts of Magistrate Judge Kay's Report and Recommendation to which the parties have objected, the briefs filed by the parties, and the entire record in this case, the Court agrees with, accepts, and adopts Magistrate Judge Kay's recommendations with respect to Counts III, IV, V, VI, VII IX, X, XI, and XII, and the motion to strike with respect to various subparts of Paragraph 11, 59, and the entirety of Paragraphs 60 and 61 for the reasons set forth by the Magistrate Judge. The Court agrees with his recommendation with respect to the motion for summary judgment on Count II (but for different reasons) and disagrees with his recommendation with respect to the motion to strike Paragraph 11(o) for the reasons set forth in this Memorandum Opinion.

An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 26, 2007