IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, : <br> As Guardian of the Person and Property of : <br> KARYN A. KERRIS,                                  : <br>                                                                  : <br>                     Plaintiffs,              : <br>                                                                  : <br> vs.                                                            : <br>                                                                  : <br> GEORGETOWN UNIV. HOSPITAL, *et al.* : <br>                                                                  : <br>                     Defendants.           : <br> _____ | **Civil No. 1:05CV02086** <br><br> **Judge Paul L. Friedman** <br><br> **Magistrate Judge Alan Kay** |

**PLAINTIFF'S MOTION TO COMPEL, FOR
APPROPRIATE RELIEF, AND FOR SANCTIONS AND COSTS**

COME NOW, the Plaintiffs, by and through their undersigned counsel, and move this Honorable Court to Compel, For Appropriate Relief, and For Sanctions and Costs, and in support thereof state the following:

**I.     INTRODUCTION**

Plaintiffs have been forced to file this Motion because the Defendants have made it clear that, in order for them to abide by the rules of this Court, they need judicial supervision and sanctions. From the very beginning of this litigation, Defendants have filed motions and adopted positions to obstruct the fair and prompt resolution of this matter. Defendants filed, on December 28, 2005, a Motion to Dismiss for Lack of Subject Matter Jurisdiction on the basis that diversity was not perfected, given that MedStart Health, Inc. was a Maryland Corporation. Rather than allowing Plaintiffs the opportunity to simply dismiss MedStar Health, Inc., Defendants instead refused to withdraw their motion requiring Plaintiffs to file an Opposition on January 9, 2006. Only

1

after the Opposition was filed did Defendants agree to a joint stipulation allowing the dismissal of Defendant MedStar Health, Inc. and Plaintiffs the opportunity to amend the complaint.

Defendants' motions have been peppered with *ad hominem* attacks on Plaintiffs' counsel and other unprofessional behavior. For example, in Defendants' Reply Memorandum of Points and Authorities in support of their Motion to Dismiss Certain Claims, they stated "at best, Plaintiffs' opposition to Defendants' Motion to Dismiss Certain Claims and Motion for Partial Summary Judgment represents shoddy legal research. At worst, it is an egregious and conscious attempt to mislead the Court." Interestingly enough, it was Defendants who failed to cite the leading Supreme Court case dealing with the issue of the private right of action and the concept of negligence *per se* in a clear "attempt to mislead the court." Thereafter, in the Magistrate's Report and Recommendation of October 11, 2006, and the Court's Memorandum Opinion of March 26, 2007, Plaintiffs' position was vindicated.

Defendants' Motion for Sanctions stated that "[n]o competent attorney could view plaintiffs' argument as reasonable." *See* Defs. Motion for Sanctions at 2nd unnumbered page. Defendants went on to characterize Plaintiffs' request to depose Dr. Watson as an "inexplicable urge." *See id*. at 3rd unnumbered page. Defendants also accused Plaintiffs of misleading by "conscious design or careless drafting." *Id.* at n.3. In response to these arguments, the Court not only denied Defendants' Motion for Sanctions, but categorized the Motion as "unwarranted and a misuse of judicial resources."[1]

---

[1] *See* Memorandum Order dated Feb. 28, 2007 at p.3

Despite the Court's repeated admonitions, Defendants' practice of including snide, condescending remarks and their obstructive behavior in their papers has now infiltrated their deposition practice.

**But, as this very Court has aptly noted, "[t]he deposition room is no place for speeches, insults or arguments. Speaking objections, interruptions, statements and lectures are not appropriate …."** *Blumenthal v. Drudge*, 186 F.R.D. 236, 242, n.5 (D. D.C. 1999) (Friedman, District Judge). Plaintiffs are filing this Motion because defense counsel's recent behavior during the deposition of Defendant Dr. Vance Watson falls squarely within the type of conduct Judge Friedman warned against in *Blumenthal*.

Indeed, Defendants' most recent antics are best summarized by Judge Royce Lamberth in *Alexander v. F.B.I.*, 186 F.R.D. 21, 52 -53 (D. D.C. 1998), who stated:

> The conduct this disgraceful record contains is the antithesis of the professional manner with which discovery--indeed, all that we do--must proceed. To engage in the practice of law is to engage in a noble profession. It is to approach the resolution of disputes with a spirit of high mindedness and with knowledge that the client's problems and antagonisms are not the lawyer's. By providing professional assistance to those who cannot resolve disputes without outside intervention and by championing their causes and interests in a professional manner, lawyers daily perform services of great social utility. But this kind of performance has no place in our judicial system. Behavior of the type this record reveals demeans the participants, demeans the witnesses and demeans the very system and essence of justice itself. It simply cannot be tolerated. A deposition is an extension of a judicial proceeding. It should be attended and conducted with the same sense of solemnity and the same rules of etiquette that would be required were the parties in the courtroom itself.

*Id*. at 52.

Apparently dissatisfied with this Court's Order permitting Plaintiffs to take Dr. Watson's deposition, defense counsel elected to obstruct the deposition by making numerous speaking objections, by coaching the witness, by making argumentative comments, and by refusing to let Plaintiffs' counsel proceed unimpeded by her

continuous interruptions. In addition, Defendants ignored the deposition notice's mandate that the deponent, Dr. Watson, bring several documents, which he utterly failed to do. *See* Notice of Video Deposition, attached as Exhibit 1.

Consequently, Plaintiffs seek relief in the form of:

1) Reconvening Dr. Watson's deposition in Magistrate Kay's chambers;
2) Ordering Defendants to pay the costs of the original and future depositions of Dr. Watson;
3) Ordering Defendants to pay the costs associated with the filing of this Motion; and
4) Ordering Defendants to produce the documents sought in the deposition notice forthwith.

## II.   DEPOSITION EXCERPTS[2]

Defense counsel's speaking objections started early, and though she was warned right away not to obstruct the deposition, she continued to do so.

```
00007
1           MS. HILLS:  I think the doctor is
2    trying to answer your question but I think you
3    are misusing the term, certified or
4    certification.  Perhaps that's why the doctor
5    asked you to rephrase.
6           MR. NEWMAN:  Thank you, counsel.
7    But I would ask that there be no speaking
8    objections on the record.  You may object to
9    it and I will clarify.
```

*See* Watson Depo. at p. 7 (emphasis added).

When Dr. Watson was asked about *his own written declaration*, defense counsel again launched into an argument with counsel about the document:

```
1    Q.      Doctor, I am going to tell you
2    that nothing has been changed in that document
3    at all from the day that we received a
4    signator on it.  My question to you is this,
5    first of all.  Do you recall reviewing a
```

---

[2] Though Dr. Watson's brief deposition has been attached in its entirety as Exhibit 2, the excerpted portions illustrate defense counsel's obstructive tactics.

4

>  6   document that was eight pages long, that you
>  7   signed under penalty of perjury, that was a
>  8   declaration by you?  Do you remember doing
>  9   that?
> 10       A.   Yes, I do.  And this looks like
> 11   the correct front page and that is my
> 12   signature.
> 13       Q.   Let me ask you specific questions
> 14   rather than have you look through the whole
> 15   document as to the areas I am questioning you
> 16   about.
> 17           MS. HILLS:  Are we going to mark
> 18   this as an exhibit for this deposition?
> 19           MR. NEWMAN:  Counsel, you have
> 20   asked me to provide him a copy that is dirty.
> 21   I will do that.  We will mark it as Exhibit 1.
> 22   I don't ask to attach it because it does have
> 00016
>  1   notes that may or may not be relevant.
>  2   Certainly, we can identify it as Exhibit 1.
>  3           **MS. HILLS:  Let's get it marked as**
>  4   **Exhibit 1.  If you didn't bring a clean copy**
>  5   **for your exhibit, I don't think you can**
>  6   **withhold it as an exhibit at this deposition.**
>  7           MR. NEWMAN:  Counsel, you are
>  8   kidding.  You drafted the declaration, had
>  9   your client sign it.  Now you are telling me
> 10   that I can't use because I didn't bring a
> 11   copy?  You didn't bring a copy.
> 12           MS. HILLS:  No, sir, it is not my
> 13   deposition.
> 14           MR. NEWMAN:  That's fine.

See Watson Depo. at pp. 15-16 (emphasis added).

Defense counsel later made another speaking objection when Dr. Watson was asked to give his opinions to a reasonable degree of medical certainty and not to speculate.

> 14       Q.   Doctor, let me tell you that every
> 15   question I ask you to a reasonable degree of
> 16   medical certainty does not ask you to
> 17   speculate but give me your opinion as a
> 18   clinician, if you had one, now or at the time.

5

```
19        MS. HILLS:  Objection.  Overbroad.
20   Dr. Watson's opinion in 2007 has no relevance
21   as to his questions here today as a fact
22   witness regarding what happened in 1998.  I
00022
 1   stand by my objections.
```

*See* Watson Depo. at pp. 21-22 (emphasis added).

Defense counsel then made another objection when the witness was asked to express his expert opinion:

```
15    Q.   Doctor, first of all, are you
16   speculating or can you answer that to a
17   reasonable degree of medical certainty?
18        MS. HILLS:  Objection to counsel's
19   sidebar.  Objection, calls for speculation.
20   We are in 2007.  You are speculating on 1998.
21        MR. NEWMAN:  Counsel, if you
22   continue with your speaking objections as to
00023
 1   telling this witness what to say about '98
 2   versus today, I am going to ask for a ruling
 3   by the court that you not do so.
 4        But let's try one last time,
 5   doctor.
```

*See* Watson Depo. at pp.22-23 (emphasis added).

When later asked again about his own written declaration, defense counsel inserted yet another speaking objection:

```
 8    Q.   Doctor, I am going to ask you now
 9   to look at the third paragraph.  I will direct
10   you to the section in that that I am referring
11   to.
12        First with a recollection
13   question.  Do you have any recollection that
14   Ms. Kerris was having difficulty with balance
15   and progressive slurring of speech, increasing
16   in frequency, so that by November, 1998
17   Ms. Kerris was experiencing them every two to
18   three days?
19        MS. HILLS:  Objection, misstates
```

6

> 20   **the document.  Objection, misstates facts in**
> 21   **the record.  Objection, does not give this**
> 22   **witness the underlying medical records to**
> 00025
> 2   **which this paragraph directs and relies.**

*See* Watson Depo. at pp. 24-35 (emphasis added).

Defense counsel continued to insert inappropriate, argumentative speaking objections throughout the deposition:

> 3   Q.  First of all, doctor, did I read
> 4   that line correctly, and that is -- I will do
> 5   it again.  I will do the entire paragraph
> 6   again, since counsel is not allowing the
> 7   questions.
> 8       Ms. Kerris was asymptomatic until
> 9   1998 when she began experiencing increasing
> 10  difficulty with balance and progressive
> 11  slurring of speech, comma, increasing in
> 12  frequency, so that by November, 1998
> 13  Ms. Kerris was experiencing them every two to
> 14  three days and she reported having blacked out
> 15  on July 4, 1998 while driving.
> 16       First of all, did I read that --
> 17    **MS. HILLS:  Objection, fails to**
> 18  **read the entire paragraph.  Objection, fails**
> 19  **to provide the records which the reader is**
> 20  **directed to in the paragraph.  And fails to**
> 21  **provide the witness the basis on which he**
> 22  **signed this affidavit which are the records to**
> 00026
> 1   **which both the reader is directed to and is**
> 2   **cited in the paragraph.**
>
>                *     *     *
>
> 14   Q.  Sure.  Can you testify under oath
> 15  that, in fact, as you swore under the penalty
> 16  of perjury, that those were Ms. Kerris'
> 17  symptoms at the time you evaluated her, as it
> 18  states in paragraph three?  Can you swear
> 19  under oath that that is true?
> 20    **MS. HILLS:  Same objections,**
> 21  **particularly of not providing the doctor with**
> 22  **the records to which the paragraph directs.**

```
00027
                    *     *     *
 4     Q.  I understand, doctor.  That was
 5  your purpose.  But then you did recognize,
 6  when you were using Histoacryl, it was
 7  contrary to the manufacturer's
 8  contraindication that says do not put it in
 9  blood vessels?
10         MS. HILLS:  Objection.  Misstates
11  the document.  You have the document before
12  you so the document speaks for itself.  But I
13  believe what you read, sir, is that it should
14  be avoided, not that the manufacturer said it
15  was contrary to its use.
16         THE WITNESS:  It very clearly did
17  not say it is contraindicated for this
18  purpose.
19         MR. NEWMAN:  Doctor -- first of
20  all, let me put on the record that, counsel,
21  that is the last speaking objection.  We will
22  have to reconvene this in front of Magistrate
00041
 1  Kay because you do not know how to allow me to
 2  conduct a deposition and I don't wish to spend
 3  many, many days with this deponent.  With that
 4  being on the record, let me try to finish this
 5  one point and we can reconvene at counsel's
 6  expense.
 7         MS. HILLS:  Objection to sidebar.
00042
 6         BY MR. NEWMAN:
 7     Q.  Doctor, why did the manufacturer
 8  of Histoacryl say it is contraindicated to
 9  block the blood vessel wall and you say that
10  that is incorrect?
11         MS. HILLS:  Objection, the
12  document speaks for itself.  Objection,
13  misstates the document.  Objection, asked and
14  answered.
15         MR. NEWMAN:  We are going to stop
16  the deposition at this point, reconvene,
17  request, if we can, with the magistrate.
18  Counsel's behavior has been outrageous.
```

*See* Watson Depo. at pp. 25-27, 40-42 (emphasis added).

### III.  LEGAL ANALYSIS

### A.  The Rules Do Not Permit Defense Counsel's Speaking Objections.

The Federal Rules of Civil Procedure very clearly state that speaking objections in depositions are wholly improper. Fed. R. Civ. P. 30(d)(1) provides:

> **Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner**. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d) (4).

(Emphasis added).

This Court has previously admonished counsel for deposition behavior much akin to Ms. Hills' in this case.  For example, in *Judicial Watch, Inc. v. U.S. Dept. of Commerce*, 34 F. Supp. 2d 47, 56 (D. D.C.1998) (Lamberth, District Judge), the Court stated:

> On April 21, 1997, Judicial Watch began the deposition of Donald Forest, Director of the Greater China Region office at the DOC. According to Judicial Watch, **Counsel for the DOC then engaged in a persistent use of so-called "speaking objections" to disrupt the deposition, which Judicial Watch then discontinued and filed a Motion to Compel and for Appropriate Immediate Remedies** that same day. The DOC apparently has not opposed Judicial Watch's motion, although from the video deposition it is apparent that DOC counsel believed its objections to be legitimate. This motion will be granted in part and denied in part.
>
> … plaintiff is entitled to continue the deposition of Mr. Forest, and will be granted leave to do so. **The deposition will be conducted before the Magistrate Judge, and the Court expects that a higher degree of professionalism will be demonstrated by counsel** ….

(Emphasis added).

Similarly, in *Alexander v. F.B.I.*, 186 F.R.D. 21, 52 -53 (D. D.C. 1998), Judge Lamberth stated:

> **The court must make special notice of one particular problem encountered by plaintiffs during the course of the depositions-the "speaking objection."**

9

> **As the court stated in *Cholfin,* counsel representing a witness must make objections when called for "succinctly and with the same brief precision required during the trial itself." *Id.* It is highly inappropriate for counsel for the witness to provide the witness with responses to deposition questions by means of an objection, rephrase or alter the question, or engage in an argument with opposing counsel.** The parties are hereby on notice that conduct that can be characterized as a speaking objection during future depositions will be considered sanctionable should any party file the appropriate motion requesting sanctions.

(Emphasis added).

Other authorities have noted that "[s]peaking objections occur when the defending attorney actually engages in coaching the witness, attempting in the course of articulating the objection to direct the witness' attention to what the "right" or "correct" answer should be." *See* The Federal Bar Council Committee on Second Circuit Courts, *A Report on the Conduct of Depositions, reprinted in* 131 F.R.D. 613, 617 (1990); *see also* 8A Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d § 2156, p. 206 (1994) (stating that "objection to form" should be sufficient explanation to notify the interrogator of the ground for the objection, and thereby allow revision of the question).

Here, defense counsel repeatedly engaged in argumentative, speaking objections, which, in addition to disrupting the deposition, effectively coached Dr. Watson's responses. This Court should not countenance such behavior.

### B. Plaintiffs Are Entitled To Sanctions And Costs and Defendants' Counsel Should Be Held in Contempt of Court.

Costs, sanctions and a finding of contempt are appropriate given defense counsel's bad faith tactics, defiance of the Court's Order of February 28, 2007, as well as refusal to produce the documents requested in Dr. Watson's deposition notice. *See* Exhibit 1. Fed. R. Civ. P. 37 allows for the discovering party to seek sanctions and costs for such failures of discovery, and, if such failures are done in defiance of a Court order,

the rule allows for a finding of contempt. In addition, D.C. local federal rule 26.2 states in part:

> If the court finds that the fair examination of the deponent has been frustrated by any impediment or delay, it may impose an appropriate sanction upon the persons responsible, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.
>
> In fact, if this Court grants this Motion, then costs and sanctions are mandatory.
>
> Fed. R. Civ. P. 37(a)(4)(A) provides:
>
> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, **the court shall**, after affording an opportunity to be heard,[3] **require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees**, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(Emphasis added).

> Fed. R. Civ. P. 37(b)(2) provides:
>
> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party **fails to obey an order to provide or permit discovery**, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

---

[3] In *Alexander v. F.B.I.*, 186 F.R.D. 78, 98 (D. D.C. 1998), the court stated:

> The Advisory Committee Notes to the 1993 Amendments specify that the court can consider the issue of sanctions on written submissions as well as on oral hearings. When a movant specifically requests an award of costs and expenses incurred in filing a motion to compel and the respondent provides explanation for its actions or inactions, the respondent has had an adequate opportunity to be heard within the meaning of Rule 37(a)(4)(A). *See Augustine v. Adams,* 169 F.R.D. 664, 666 (D. Kan. 1996).

Thus, this Court need not hold an oral hearing on the matter of costs and sanctions.

> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(Emphasis added).

Costs and sanctions are warranted given the Defendants' failure to produce documents in response to Dr. Watson's deposition notice as well as Defendants' egregious use of argumentative speaking objections throughout Dr. Watson's deposition.

The Court should also find that defense counsel is in contempt of the Court's Order of February 28, 2007, which stated, "[p]laintiffs are permitted to depose Dr. Vance Watson at a mutually convenient time and place during the next 4 weeks, with the proviso that such deposition inquiry should be limited to those two claims." Defense counsel did not allow Plaintiffs to *depose* Dr. Watson.

This Court has held that the two requirements for finding defendants or defense counsel in contempt of court are: 1) the court must have fashioned an order that is clear and reasonably specific; and 2) the defendant must have violated that order. *Corbell v. Babbitt,* 37 F.Supp.2d 6, 9 (D.D.C. 1999). Both of these requirements have been met in this case.

First, the Court's Order of February 28, 2007 was clear in its requirement that defense counsel was to produce Defendant Vance E. Watson, M.D. for a deposition, which made inquiry into the two claims not at issue. In fact, the Court emphasized in it's Order, "that because Plaintiff Karyn Kerris is incapacitated, Dr. Watson is the person with the most extensive knowledge about the events chronicled in this case." *See* Memorandum and Order, February 28, 2007, n.6.

Second, defense counsel failed to substantially comply with the Court's Order. Simply producing Defendant Vance E. Watson, M.D. at a particular time and place is not substantial compliance. Defense cousel's repeated speaking objections thwarted the clear intent of the Court's Order that a substantive deposition inquiry into the issues actually take place. Defense counsel's behavior during the deposition was a direct attempt to prevent any questions from being asked and to prevent the deponent from providing any substantive answers.

### IV.    CONCLUSION

Given defense counsel's conduct at Dr. Watson's deposition, and his failure to produce the required documents, Plaintiffs respectfully request that this Honorable Court grant their Motion in its entirety. The requested relief includes: 1) awarding Plaintiffs costs and attorneys' fees as set forth in Schedule of Plaintiffs' Attorney Fees and Costs (attached hereto as Exhibit 3); 2) reconvening Dr. Watson's deposition in the Magistrate's chambers; and 3) ordering Defendants to produce the documents listed in Dr. Watson's Notice of Deposition. While Plaintiffs believe that a finding of contempt is meritorious, Plaintiffs are not seeking such a ruling at this juncture. However, if Defendants continue to be obstructive during discovery, Plaintiffs respectfully reserve the right to move the Court for a ruling in the future.

    Respectfully submitted,

By:    /s/ Anthony G. Newman
Anthony G. Newman
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814
(301) 654-3400

          /s/ Andrew E. Greenwald
Andrew E. Greenwald
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200

*Counsel for Plaintiffs*

### CERTIFICATION REGARDING GOOD FAITH EFFORTS

Plaintiffs' counsel repeatedly reminded defense counsel not to make speaking objections during Dr. Watson's deposition and concluded the deposition upon informing defense counsel that Plaintiffs would seek the relief sought herein. (Attached hereto as Exhibit 2)

          /s/ Anthony G. Newman
Anthony G. Newman

### CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2007, a copy of the foregoing Motion was sent via electronic and first-class mail, postage prepaid to:

Megan Hills, Esq.
Nicolas Muzin, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005

          /s/ Anthony G. Newman
Anthony G. Newman

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
*Civil Division*

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, : <br> As Guardian of the Person and Property of : <br> KARYN A. KERRIS, : <br> : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> GEORGETOWN UNIV. HOSPITAL, *et al.* : <br> : <br> Defendants. : <br> _____ | **Civil No. 1:05CV02086** <br><br> **Judge Paul L. Friedman** <br><br> **Magistrate Judge Alan Kay** |

**ORDER**

UPON CONSIDERATION of the Plaintiffs' Motion to Compel, for Appropriate Relief, and for Sanctions and Costs, and any Opposition thereto, good cause having been shown, it is this ___ day of _____, 2007, by the United States District Court for the District of Columbia,

**ORDERED**, that the Plaintiffs' Motion to Compel, for Appropriate Relief, and for Sanctions and Costs be and hereby is **GRANTED IN ITS ENTIRETY**; and it is further

**ORDERED**, that the parties will arrange for Dr. Watson's deposition to be taken forthwith in Magistrate Judge Kay's chambers and with his supervision, and it is further

**ORDERED**, that Defendants shall produce the documents listed in Dr. Watson's deposition notice within ___ days of the date of this Order; and it is further

**ORDERED**, that the Defendants shall bear the costs as set forth in the attached Schedule of Plaintiffs' Attorney's Fees and Costs; and it is further

**ORDERED**, that Defendants shall bear the costs of Dr. Watson's future depositions, including court reporter, videographer and attorney's fees.

_____
JUDGE, United States District Court for the District of Columbia

**Copies to:**

Anthony Newman
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814

Andrew E. Greenwald
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

Megan Hills, Esq.
Nicolas Muzin, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005