UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELICE I. IACANGELO, et al.** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Case No.: 1:05CV02086 |
| : | Judge Paul L. Friedman |
| **GEORGETOWN UNIVERSITY, t/a** : | |
| **Georgetown University Hospital, et al.**: | |
| : | |
| **Defendants.** : | |

### NOTICE OF VIDEO DEPOSITION OF VANCE E. WATSON, M.D.

Pursuant to the rules of this Court, please take notice that the Plaintiffs, by and through their attorney, Anthony G. Newman, Esquire, will take the video deposition upon oral examination of the following named person on the date and time indicated below, before a Notary Public of the District of Columbia or any other duly qualified officer who may be selected to act in his place at the following location: **Williams & Connolly, LLP, 725 Twelfth Street, NW, Washington, D.C. 20005**, for the purpose of discovery, trial evidence, or both, in the above-captioned matter.

        **NAME:**    Vance E. Watson, M.D.
        **DATE:**    Tuesday, March 27, 2007
        **TIME:**    10:00 a.m.

Pursuant to this Notice the witness is requested to bring and produce at the deposition the following documents and/or things:

1) Any and all medical records regarding Karyn A. Kerris.

2) Any articles published, unpublished and/or in draft form, and/or the title, date and location of, any lecture, known to you or given by you, regarding the treatment of Karyn A. Kerris' AVM.

3) Copies of any and all x-ray films which you ordered to be performed on Karyn A. Kerris.

4) Any and all ateriograms, digital subtraction studies, flouroscopies, and or similar study etc., you ordered to be performed on Karyn A. Kerris both pre and post embolizations.

5) Copies of any and all videotapes or other digital recordings of the procedures performed on Karyn A. Kerris.

1

6) Any and all letters sent to you or sent by you, or sent to Georgetown University or by Georgetown University, to anyone regarding the procedure being or having been performed on Karyn A. Kerris.

7) Any and all Institutional Review Board (IRB) documents, i.e., research application, IRB approved informed consent, scientific evaluations, reports of adverse events, correspondence, and patient rosters, etc., involving the use of Histoacryl and/or Lipiodol from the date your first came on staff at Georgetown University until March 3, 1999.

8) Any and all requisition forms, orders, interoffice memos, bills of lading, shipping documents, and any other written record relating in any way to the purchase, shipping and/or receipt of Histoacryl and/or Lipiodol which was used in the embolizations of Karyn A. Kerris.

9) Any and all documents, referenced in paragraph 18 of the Declaration of Vance E. Watson, M.D., reflecting agreements with, or discussion with "an employee of Blue Cross/Blue Shield" as to "approval" to pay for, or an authorization to use, Histoacryl and/or Lipiodol, or any other "glue" in Karyn A. Kerris' embolizations.

10) A list of all the individuals and their addresses, referenced in paragraph 18 of the Declaration of Vance E. Watson, M.D., who were present when "the case was discussed at the multidisciplinary neurovascular conference and endovascular treatment was encouraged."

11) The "letter of need," referenced in paragraph 16 of the Declaration of Vance E. Watson, M.D.

12) Any and all documents, generated by you, which reflect the alleged discussions you had with Karyn A. Kerris on March 3, 1999, as referenced in paragraph 26 of the Declaration of Vance E. Watson, M.D.

13) The identity of the patient who's "cognitive decline improved after undergoing a series of such embolizations" as referenced in paragraph 13 of the Declaration of Vance E. Watson, M.D.

14) The identity of the patient who "died after experiencing complication associate with the procedure, as referenced in paragraph 13 of the Declaration of Vance E. Watson, M.D.

15) Any and all documents, letters, interoffice memo's, forms, lists, appointment calendar, calendar listings, phone records and

    documentation, emails, etc, that have not already been produced, which make any reference Karyn A. Kerris, Histoacryl, Lipiodol or the "multidisciplinary neurovascular conference" at issue.

16) Any and all documents shown to or given to Karyn A. Kerris prior to or after any embolization procedure.

17) The package insert from Histoacryl.

    Respectfully submitted,

    **NEWMAN, McINTOSH & HENNESSEY**

      /s/ Anthony G. Newman
    Anthony G. Newman, Esquire
    Anthony G. Newman, Esq.
    7315 Wisconsin Avenue, Suite 700E
    Bethesda, Maryland 20814
    (301) 654-3400
    ***Attorney for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13nd day of March, 2007, I faxed and mailed, postage prepaid, a copy of the **Notice of Deposition for Vance E. Watson, M.D.,** to:

Megan E. Hills, Esq.
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington, D.C.  20005

Feder Reporting Company
810 Capitol Square Place, S.W.
Washington, D.C.  20024

_____
Anthony G. Newman, Esquire
Anthony G. Newman, Esq.