**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
*Civil Division*

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, : <br> As Guardian of the Person and Property of : <br> KARYN A. KERRIS, : <br> : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> GEORGETOWN UNIV. HOSPITAL, *et al.* : <br> : <br> Defendants. : <br> _____ | **Civil No. 1:05CV02086** <br><br> **Judge Paul L. Friedman** <br><br> **Magistrate Judge Alan Kay** |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL, FOR APPROPRIATE RELIEF,
AND FOR SANCTIONS AND COSTS**

COME NOW, the Plaintiffs, by and through their undersigned counsel, and submit the following Reply to Defendants' Opposition to Plaintiffs' Motion to Compel, For Appropriate Relief, and for Sanctions and Costs, and states as follows:

The crux of Defendants' Opposition is that certain documents were not provided to Dr. Watson during his deposition, and, therefore, defense counsel was permitted to obstruct the Plaintiffs' questioning, ignore Plaintiffs' requests for document production, and prevent this matter from proceeding forward.

Unbelievably, Defendants cite *In re Amezaga*, 195 B.R. 221, 227 (Bankr. D. P.R. 1996) and claim that it stands for the proposition that "[T]he deposing attorney should furnish counsel with a copy of the document [simultaneously as to the witness]." *See* Defs. Mot. at 7. *In re Amezaga* says **nothing of the sort**. To the contrary, it admonishes attorneys not to do precisely what defense counsel did here. After a general discussion about how documents used in depositions are simply discoverable, the court stated:

> *While the deposing attorney should furnish counsel with a copy of the document, there is no requirement that the witness and his lawyer discuss the document prior to the witness being questioned*. Rule 30(f)(1), Fed.R.Civ.P. *Presentation of documents during a deposition does not provide grounds for interruptions or conversations with witness by his counsel*. *Hall,* 150 F.R.D. at 529. Rather, where a witness needs clarification as to the document prior to answering questions, he may ask the deposing attorney or, in any event, testify as to his lack of knowledge concerning the document.

*Id*. at 227 (emphasis added).

Deliberately, defense counsel omits the critical language by removing the condition from the quote ("While") and inserting her own object ("[simultaneously as to the witness].")– providing this Court not with the law, but with what defense counsel wants the law to be.  (See Opposition, p. 7). [1]

Of note, the court went on to state:

> Counsel for the deponent has a very limited role during the taking of a deposition and conversing with the witness is limited to discussions about whether the objection of privilege should be asserted. *Hall,* 150 F.R.D. at 529. **He is prohibited from acting as a intermediary, interpreting questions, assisting deponent with formulation of the answers or deciding which questions should be answered**. *Johnson v. Wayne Manor Apartments,* 152 F.R.D. 56, 59 (E.D.Pa.1993). **Counsel's understanding or interpretations of questions asked are irrelevant and should not be at issue at a deposition**.

*Id*. at 228 (emphasis added).  Deponents *need not*, as a rule, be shown documents they are asked to comment on during a deposition.  The deponent is free to request a copy of the document prior to answering any questions or simply assert that he cannot answer the question without viewing the document first.  But the deponent's counsel cannot interject her own running dialogue regarding the questioning, just as defense counsel did here.

---

[1] It should be noted that even the remaining portion of the language which Defendants did not alter from the original (i.e. The "deposing attorney should furnish counsel with a copy of the document"), has no bearing on the present matter since all documents relating to the present issues were originated by the defense and/or provided to the defense far in advance of the deposition. As Defendants admit, "Plaintiffs already have these records **from Defendant**."

Defendants' arguments are more examples of their continued attempts to obstruct discovery at every stage of this litigation. The *In Re Amezaga* court stated that counsel's behavior during the deposition in that case was particularly egregious given the fact that the documents they were asserting should have been produced for inspection were, in fact, documents that were previously produced by the defendants. 195 B.R. at 227. In this case, all of defense counsel's objections to documents not being produced at deposition were referencing documents that Dr. Watson had either drafted himself with counsel (his declaration) or medical records (i.e. Dr. Watson's office chart) that defendants had previously produced. To say that Dr. Watson did not have any of those documents in his possession is false, misleading and nothing more than a blatant attempt to obstruct discovery.

As to questions relating to the package insert for Histoacryl, Defendants' arguments are equally false. Defendants state that Dr. Watson was subject to an "entire discussion about what a document does or does not say…without the witness ever being given or shown the document" (Opposition, p. 3). However, this was not the case. During Dr. Watson's deposition, he was specifically asked by Plaintiffs' counsel if he recalled a specific contraindication on the package insert for Histoacryl, to which he said he had some recollection. (See Deposition of Vance E. Watson, p. 38-39) "A deponent may not read from a document when he is asked to recite his recollection of an event. Rather, the deponent is required to testify in his own words. Of course, if a deponent's recollection is exhausted, he may use the document to refresh his recollection and continue the deposition testimony in his own words based on that refreshed recollection, if any." *Constand v. Cosby*, 232 F.R.D. 494, 501 (E.D.Pa. 2006) (citing Fed. R. Evid.

612). The Federal Rules of Evidence are clear that a writing should be used to refresh memory only after the deponent has testified that he does not have a recollection as to the document or after his recollection is exhausted, and a prior statement by a witness need not be shown to the witness. Fed. R. Evid. 612, 613. Therefore, it was proper to ask Dr. Watson about his recollection before showing him a copy of the package insert, which Plaintiffs' counsel had and would have made available once Dr. Watson's recollection was exhausted.[2]

Defendants allege that they either complied, or need not comply with multiple notices for production of documents and a subpoena *duces tecum*. As a defense for their position, Defendants cite to Fed. R. Civ. P. 34 and assert that none of the requested documents were under Dr. Watson's "control." Fed. R. Civ. P. 34 is clear that records in the possession of a party's attorney are under the party's control. Further, this Court held that "control" includes documents that a party has the legal right to obtain on demand.[3] Dr. Watson, as a client, has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control. *American Society For Prevention of*

---

[2] The package insert was attached in its entirety as Exhibit 7 to Plaintiffs' Opposition to Defendants Motion to Dismiss Counts III, IV, VI, VII, X, XI & XII Pursuant to F.R.C.P. 12(b)(6); Motion for Summary Judgment on Counts II, VI & IX (In the Alternative for Counts VI & IX) Pursuant to F.R.C.P. 56(b); and Motion to Strike Certain Allegations From the Amended Complaint Pursuant to F.R.C.P. 12(F) filed on March 20, 2006 and the relevant paragraph discussed during the deposition was cited *in toto* on page 4.

[3] Defendants' arguments as to this issue are nonsensical. Plaintiffs' counsel have never seen, in their collective years of practice, a defendant physician and employee of the defendant hospital, arrive at his deposition without his own office chart, curriculum vitae, medical literature, package inserts and records referencing one of his patients. Defendants' argument that Dr. Watson's request for his own records would result in sanctions is pure fantasy. Dr. Watson was an employee of Georgetown and the attending physician for Karyn Kerris and review of her medical records would only serve to benefit Georgetown. Even if Plaintiffs had not set forth an itemized list of documents, which include the aforesaid, to be brought to deposition, Dr. Watson's counsel would, in the usual and customary course of practice, provide him with said materials in order to respond reasonably to deposition questioning. Oddly, Plaintiffs' counsel drafted the Notice *duces tecum* in an abundance of caution to obviate any argument regarding the documents but never imagined that Defendants' counsel would refuse to produce the documents.

*Cruelty To Animals v. Ringling Brothers and Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C., 2006)(citing *Alexander v. FBI*, 198 F.R.D. 306, 312 (D.D.C.2000); *Tavoulareas v. Piro*, 93 F.R.D. 11, 20 (D.D.C.1981)).  Certainly, Dr. Watson has the right and the ready ability to produce a copy of his own declaration.

Moreover, "[a] party is charged with knowledge of what its agents know or what is in the records available to it." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Fed. Practice and Procedure: Civil 2d, § 2177.  Defense counsel is clearly Dr. Watson's agent. Defense counsel knew of the records as they had been previously produced to Plaintiffs' counsel regardless of the specific capacity in which defense counsel obtained the documents.[4]

Clearly, Defendants did not intend to comply with the Notice of Deposition, the Request for Production, and an accompanying Subpoena *duces tecum* delivered on September 28, 2006 and renewed on March 13, 2007 pursuant to the Court's Order compelling the deposition of Dr. Watson.  Given that fact, the proper procedure was for the Defendants to make timely objections pursuant to Fed. R. Civ. P. 34(b).  Instead, Defendants merely "laid in wait," producing nothing at the deposition and then used the lack of documents as a tool to obstruct any meaningful discovery from taking place.  Now, Defendants want the court to believe that it was Plaintiffs' burden to "discuss the subpoena *duces tecum* with defendants" (Opposition, p. 4) and that it was Plaintiffs' burden to "mention the subpoena *duces tecum*" at the deposition (Opposition, p. 2) before expecting Defendants to comply with their notices and subpoena.

---

[4] If Defendants' counsel truly believed there was a conflict of interest in representing Dr. Watson and Georgetown, she would not have made the choice to represent both of their interests. Having done so, the Defendants' election to withhold documents rather than object in writing constitutes a waiver of any such objections and does not comport with the plain language of the rule.

Defendants raise the untenable position that, in order for Plaintiffs' counsel to perfect a request for documents from a deponent, Plaintiffs' counsel must file a Notice *duces tecum*, then place a second request on the record for documents during a deposition, await defense counsel's refusal, and then move the court to compel under Fed. R. Civ. P. 37. If defendants' logic is followed, the only manner by which Plaintiffs' counsel could have a deponent produce records at his deposition is by filing a motion to compel (Fed. R. Civ. P. 37) after there is a failure to comply with a valid discovery request (Fed. R. Civ. P. 34) and the party's failure to answer deposition questions. (Fed. R. Civ. P. 37(d)). Such behavior would be a tremendous abuse of judicial resources. It should not be necessary to file a Motion to Compel discovery in order to require a deponent to bring documents to deposition. Plaintiffs' counsel attended the deposition of Dr. Watson in good faith, having received no objections to their requests for production, objections which are required under Fed. R. Civ. P. 34(b). Thus, Defendants were under a duty to produce the requested documents.

Defendants state that, during the deposition, they attempted to be cooperative and help "get plaintiffs the information they sought." (Opposition, p. 6). As an example, Defendants cite an exchange where defense counsel tried to interpret a question and clarify what the correct terminology should be. (See Opposition, p. 6). While Defendants try to use this exchange as an example of their attempts to be cooperative, it is actually another violation by defense counsel of the discovery procedures. Counsel is "prohibited from acting as an intermediary, interpreting questions, assisting deponent with formulation of the answers or deciding which questions should be answered. *In Re Amezaga*, 195 B.R. at 228 (citing *Johnson v. Wayne Manor Apartments*, 152 F.R.D. 56,

59 (E.D.Pa.1993)). Finally, "[c]ounsel's understanding or interpretations of questions asked are irrelevant and should not be at issue at a deposition." *Id.*

Unfortunately, defense counsel's misrepresentations and misstatements of the law are not limited to her pleadings or her conduct during discovery. On August 11, 2007, during the scheduling conference with Judge Friedman, Megan Hills, Esq., on two separate occasions, requested that the Court include in its scheduling order a directive stating that during deposition all witnesses must be given copies of any relevant documents by opposing counsel before they are questioned regarding the document. Counsel added that this evidentiary rule must be followed given the ruling in a recent "Supreme Court case."

Upon receipt of the Opposition, Plaintiffs' counsel eyed the pleading with special focus toward the alleged "Supreme Court case," and, not unexpectedly, no such citation was found.[5] While there was a Supreme Court citation found in the pleading, it was to a unrelated issue, the "rule of completeness," which, as the words imply, simply states that when a portion of a document is offered into evidence and there is an objection, "completeness" would dictate that the entire transcript to be moved into evidence. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988); Fed. R. Evid. 106. Clearly, *Beech Aircraft Corp.* does not apply to pretrial discovery and does not hold for the proposition that all documents must be made available to witnesses prior to a discovery deposition.

---

[5] Plaintiffs' counsel must admit that after defense counsel uttered these words in the scheduling conference, Plaintiffs' counsel believed that such a "rule" that the deponent was entitled to the document prior to his testimony was likely a fabrication by the defense. After all such a holding would circumvent Fed. Rul. Evid. 612 and 613 and eliminate any examiners ability to cross-examine a witness as to their recollection. Fed. R. Evid. 613 states that a prior statement made by a witness "need not be shown nor its contents disclosed to the witness at that time, but on request the same shall be shown or disclosed to opposing counsel."

*Id.*   It is appalling to think that defense counsel would knowingly mislead the Court with a bogus interpretation of a Supreme Court holding and attempt to have said erroneous and improper statements of law referenced in its Scheduling Order.[6]

The record in this case shows that defense counsel has engaged in a consistent pattern of obstruction, groundless objections and abused judicial resources. The court in *In Re Amezaga* held that, during a deposition, counsel engaged in

> extensive and unnecessary colloquy, asserted groundless objections, improperly objected and took every opportunity to interrupt and argue with opposing counsel. While this style may project zealousness, 'Rambo Litigation' ... does not promote the 'just, speedy and inexpensive determination of every action,' as is required by Fed.R.Civ.P. 1 and is not tolerated by this court.

195 B.R. at 228 (citing *Van Pilsum v. Iowa State University of Science and Technology*, 152 F.R.D. 179, 181 (S.D.Iowa 1993)). The Court held that the attorney's conduct "served to effectively obstruct the success of the deposition and violated numerous mandates contained in the Federal Rules of Civil Procedure" and imposed sanctions. *Id.* at 229.

In this case, the transcript and video speak for themselves with respect to defense counsel's conduct at Dr. Watson's deposition. Plaintiffs are confident that the Court will understand their complaint regarding this motion after reviewing those items.

---

[6] Of course, defense counsel's request for extraneous references in a scheduling order was properly ignored.

[7] Indeed, if defense counsel knowingly and deliberately attempted to mislead the Court by inventing and/or misstating case law, both in open court and in pleadings, and by delaying and refusing to provide valid discovery, counsel violated several of the Rules of Professional Conduct. These include: Rule 3.1, [a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so…" ; Rule 3.4, [i]n pretrial procedure…fail[ing] to make reasonably diligent effort to comply with a legally proper discovery request by a opposing party" and finally Rule 3.5(a), a lawyer "shall not: [s]eek to influence a judge …or other official by means prohibited by law."

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court grant their Motion to Compel, for Appropriate Relief, and for Sanctions and Costs.[8]

        Respectfully submitted,

By:   /s/ Anthony G. Newman
      Anthony G. Newman
      NEWMAN, MCINTOSH & HENNESSEY, LLP
      7315 Wisconsin Ave., Suite 700E
      Bethesda, MD 20814
      (301) 654-3400

  /s/ Andrew E Greenwald
Andrew E. Greenwald
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200

*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

Pursuant to the United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing Reply was served via electronic filing on the Court's CM/ECF website on April18, 2007 to:

Megan Hills, Esq.
Nicolas Muzin, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005

  /s/ Anthony G. Newman
Anthony G Newman

---

[8] See attached Supplemental Schedule of Attorney's Fees and Costs attached hereto as Exhibit 1.