UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF) (AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants, Georgetown University and Vance E. Watson, M.D. (hereinafter, collectively referred to as "defendants"), by and through undersigned attorneys, hereby move for a protective order prohibiting the duplicative, depositions of former, high-level officials at Georgetown University and Georgetown University Medical Center with no personal knowledge of the issues involved in this litigation and where the information sought by plaintiffs "is available through is obtainable from some other source that is more convenient, less burdensome, or less expensive" and "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues," pursuant to Federal Rule of Civil Procedure 26(b) and (c), and requiring initial interrogatories to determine whether the remaining two individuals have any relevant information on an issue tangential to plaintiffs' recovery, sufficient to justify

the cost and burden of sitting for a deposition, so that plaintiffs do not exhaust the presumptive limit of ten (10) depositions under the Federal Rules and the Court's April 11, 2007 Scheduling Order with duplicative, irrelevant depositions.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: April 26, 2007    By: *Megan E. Hills*
Megan E. Hills (D.C. Bar #437340)
Nicolas Muzin (D.C. Bar # 500106)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
mhills@wc.com
nmuzin@wc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, ) <br> As Guardian of the Person and Property of ) <br> KARYN A. KERRIS, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> Georgetown University Hospital, ) <br> GEORGETOWN UNIVERSITY, t/a ) <br> Georgetown University, and ) <br> VANCE E. WATSON, M.D., ) <br>  ) <br> Defendants. ) | Civ. Act. No. 1:05CV02086 (PLF) (AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

FEDERAL RULE OF CIVIL PROCEDURE 37
CERTIFICATION OF GOOD FAITH EFFORTS
TO REACH RESOLUTION ON NUMBER OF DEPOSITIONS

On Friday, April 20, 2007, the undersigned attorney spoke to the attorney for plaintiffs, Anthony Newman, Esquire, by telephone in order to reach an agreement as to the number of depositions plaintiffs would seek to take in the above-captioned case, notwithstanding plaintiffs' prior representations that the limit of ten (10) depositions embodied in the Federal Rules would apply to the action. Undersigned counsel was told, *inter alia*, that plaintiffs did not have an absolute number of depositions that plaintiffs planned to take over the presumptive limit of ten (10) depositions and that plaintiffs desired ten (10) depositions directed solely to the issue of whether Vance E. Watson, M.D., violated the Independent Research Board regulations/Food and Drug Administration regulations and would need additional depositions to develop other aspects of the case.

On Monday, April 23, 2007, the undersigned attorney participated in a telephonic hearing with plaintiffs' attorneys and Magistrate Judge Alan Kay to determine whether the Motion for Protective Order and was told to file this Motion for Protective Order as no resolution of the issue could be reached.

_____
Megan E. Hills, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF) (AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Defendants, Georgetown University and Vance E. Watson, M.D. (hereinafter, referred to as "Dr. Watson" and collectively, "defendants"), by and through undersigned attorneys, hereby move for a protective order, pursuant to Federal Rules of Civil Procedure[1] 26(b) and 26(c) to limit discovery in the above-captioned case to prohibit the depositions of former, high-level individuals with no apparent connection to the issues implicated by this lawsuit, much less personal knowledge of the events involved in this action, so that defendants do not have to waste resources on duplicative, irrelevant depositions; that the exorbitant costs of litigation are not increased by an increased number of depositions; and to prevent plaintiffs from exhausting the presumed limit of ten (10) depositions, as embodied by the Federal Rules and the Court's April 11, 2007 Scheduling Order, then petitioning the Court for more depositions.

---

[1] Hereinafter, "Fed. R. Civ. P."

Defendants further move that interrogatories to ascertain whether the remaining two high level individuals within defendants' control have relevant information as to this issue that that is not central to plaintiffs obtaining a recovery.

## PROCEDURAL HISTORY

On April 11, 2007, the parties appeared in front of the Honorable Paul L. Friedman for the Federal Rule of Civil Procedure 26 and Local Rule 16.3 Scheduling Order Hearing, at which time the Court asked whether the limits on discovery as set forth in the Federal Rules, should apply to the case. Hearing no objection,[2] Judge Friedman issued a Scheduling Order that same day in which based "on representations in the Rule 16.3 Joint Report and **the representations of counsel**, it is hereby ORDERED that . . . . Each party is limited to a **maximum of 10 depositions**, unless otherwise agreed upon by the parties or unless the Court determines otherwise pursuant to motion." *See* April 11, 2007 Scheduling Order (attached hereto as Exhibit B; emphasis added).

Regardless of this Court Order, five (5) days later plaintiffs' counsel sent a letter to defendants requesting deposition dates for twenty-five (25) people. *See* April 16, 2007 Anthony Newman Letter to Megan Hills (attached hereto as Exhibit C). Upon being reminded of the Federal Rules, Mr. Newman sent a subsequent letter to defendants, listing nine (9) individuals, for whom he wanted deposition dates and stating that he would "start discovery" by deposing them and then would "file a 30(a)(2)(A) motion in order to complete discovery." *See* April 19, 2007 Anthony Newman Letter to Megan Hills (attached hereto as Exhibit D).

---

[2] At this hearing though plaintiffs stated that they would request depositions of "members" of the Board of Georgetown University, they did not ask for any deviation from the deposition limit of ten (10) depositions embodied in Federal Rules. The transcript from the Scheduling Hearing is not available as of the filing of this pleading, but Exhibit A is reserved for its submission to the Court of the relevant pages and it will be filed with the Court upon its preparation.

2

Plaintiffs now file a Witness List of eight (8) individuals who they wish to depose[3] whose only claimed relevant information is **not** to the central issue as to whether defendants' alleged negligence **caused** Ms. Karyn Kerris's injuries. *See* Plaintiffs' Witness List, filed April 24, 2007 (attached hereto as Exhibit E). Plaintiffs seek the depositions of these individuals – some of whom have no apparent connection to the issues of the action – to see if they might recall relevant information from eight and half years ago, in 1998, as to whether Dr. Watson violated Georgetown Independent Research Board ("IRB") policies. They seem to be stating that this one tangential issue is the only one on which they will conduct fact depositions. Because the discovery sought is "obtainable from some other source that is more convenient, less burdensome, and less expensive" and "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues," defendants respectively request the Court enter a Protective Order, limiting discovery to cost-effective, appropriate limits, consistent with the Federal Rules. Fed. R. Civ. P. 26(b).

## ARGUMENT

**I.    Fed. R. Civ. P. 26(b)(2)(C)(2) States that Discovery Should be Limited Where Its Expense and Burden Outweighs its Likely Benefit.**

The central issue in this case is whether Dr. Watson breached the standard of care (whether embodied in a statute or not) **and** if that breach **was the cause-in-fact** of Ms. Kerris's injuries. In a professional negligence case, the plaintiff bears the burden of presenting evidence "'which establishes the applicable standard of care, demonstrates that this standard has been

---

[3] For purposes of this Motion, defendants do not include the deposition of Dr. Watson that plaintiffs have already commenced and who is contained on their List.

violated, **and develops a causal relationship between the violation and the harm complained of.**'" *Morrison v. MacNamara*, 407 A.2d 555, 560 (D.C. 1979) (quoting *Kosberg v. Washington Hospital Center, Inc.*, 394 F.2d 947, 949 (D.D.C. 1968); emphasis added). Similarly, a negligence *per se* theory requires a "plaintiff must establish the applicable standard of care, show that the defendant violated that standard, and **that the violation was the proximate cause of the injury.**" *McNeil Pharmaceutical v. Hawkins*, 686 A.2d 567, 578 (D.C. 1996) (emphasis added). **The violation of a regulation "does not, without more, meet the "cause in fact" requirement of proximate causation.** On that element, no presumption can relieve the plaintiff of her burden of proof." *Twyman v. Johnson*, 655 A.2d 850, 852 n3 (D.C. 1995) (citations omitted; emphasis added).

Yet, plaintiffs seek to increase the presumed limit of ten (10) depositions because they seek to use eight of their allotted depositions on individuals who can only address plaintiffs' claim that Dr. Watson violated an IRB regulation. Not only is this use of ten depositions wasteful in its duplicativeness, Federal Rule 30(a)(2)(A) states leave of Court must be sought prior to a party taking a deposition that "would result in more than ten depositions being taken under this rule" by either party, **not** whether leave of Court must be sought prior to a party taking a deposition that would result in more than ten depositions being taken under this rule, excepting expert depositions.[4]

---

[4] Similarly, the Federal Rules state that there will be a limit of 25 interrogatories total, not that there is a limit of 25 interrogatories, excepting contention interrogatories. While parties can agree that expert depositions fall outside the Rule 30(a)(2(A) ten deposition limit, the rule's plain language covers all depositions. *Gross v. Bare Escentuals, Inc.*, 2006 U.S. Dist. LEXIS 79320 at *2 n2 (S.D.N.Y. 2006) (parties can agree that expert depositions will not be included in the calculation of the 10 depositions under Fed. R. Civ. P 30(a)(2)(A)); *see also Archer Daniels Midland Co. v. Aon Risk Servs.*, 187 F.R.D. 578, 586 (D. Minn. 1999) ("In practical terms, a party seeking leave to take more depositions, or to serve more Interrogatories, than are contemplated by the Federal Rules or by the Court's Scheduling Order, must make a

4

The IRB regulations in effect in 1998 are captured in written form, which the plaintiffs have attached to their pleadings. *See* Exhibit 11 to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment. Plaintiffs have already submitted expert affidavits who opine that Dr. Watson violated the IRB regulations. *Id.* at Exhibits 8-10. The regulations themselves are the best evidence to show what they are and what constitutes a violation of them and that information has already been obtained by plaintiffs.

## II. Plaintiffs Should Not Be Allowed to Exhaust Their Allotted Depositions by Conducting Duplicative Depositions of High Level *Former* Executives, Officers, and Members of Georgetown University's Board of Directors.

The Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Of course, the scope of discovery is not limitless. Federal Rule 26(b)(2) authorizes courts to restrict discovery that becomes overly burdensome if, *inter alia*, "the discovery is obtainable from some other source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit taking into account . . . the importance of the proposed discovery in resolving the issues. . . ." Fed. R. Civ. P. 26(b)(2).

Five (5) of the individuals – half of plaintiffs' allotted depositions – plaintiffs seek to depose are individuals who are **former** high level executives or Board Members of Georgetown

---

particularized showing of why the discovery is necessary. *See Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996) (where plaintiff "presented no good reason why additional depositions were necessary . . . the district court committed no abuse of discretion" in denying leave to do so); *Mead Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 518 (D. Minn. 1992) (denying leave to serve additional Interrogatories, where party did not demonstrate necessity by showing the specific content of those Interrogatories); *Cappacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N,C. 1998) (denying leave to serve additional Interrogatories where party gave no explanation of their subject matter)"). Where a case – like this one – does not require more than ten depositions, more than ten depositions should not be taken.

University or Georgetown University Medical Center ("GUMC"). Three of these individuals appear to have no connection to the IRB or IRB procedures, other than being affiliated with Georgetown University. Plaintiffs seek to exhaust their allotted depositions by deposing Reverend Leo J. O'Donovan, the former president of Georgetown University, who retired from Georgetown in 2001, former Georgetown University Board Member, Mr. J. Willard Marriott, Chairman and Chief Executive Officer of Marriott International, and former Georgetown University Board Member, Mr. Charles M. Crawley, founder and Chief Executive Officer of MBNA Corporation. Pursuant to the Bylaws of Georgetown University, Board Members only have three (3) year terms and their responsibilities do not include the IRB.[5] Mr. Kenneth D. Bloem was GUMC's **former** CEO who became a senior fellow at Johns Hopkins, Center for Civilian Biodefense by November 2000. Dr. Paul Katz was Georgetown University Hospital's **former** Chief Operating Officer, which position has not existed since June 30, 2000 when

---

[5] *See* Section III, Article 1 of the Bylaws of the President and Georgetown College listing the general powers of the Board ("(1) appoint or remove the President; (2) approve degrees in course and honorary degrees; (3) approve and adopt all major changes or innovations in the education program of the University; (4) review and take appropriate action with respect to the budget, which shall be submitted to it upon recommendation of the President; (5) concur in the appointment by the President of the Provost, the Secretary, and the Treasurer of the University; (6) authorize the construction of new buildings and major renovations of existing buildings; (7) authorize the sale and purchase of land or buildings for the use of the University; (8) institute and promote major fund raising efforts of the University; (9) authorize any changes in tuition and fees within the University; (10) authorize the President or Treasurer to accept gifts on behalf of the University, and to adopt appropriate policies and procedures concerning the acceptance of gifts, except that the acceptance of restricted gifts of Five Million Dollars ($5,000,000) or greater or of gifts that would have a substantial impact on the programs or character of the University must be ratified by the Board of Directors. The President shall make regular reports to the Board of Directors of all gifts accepted in the name of the University by virtue of authority granted by the Board of Directors; [and] (11) authorize the incurring of debts by the University and the securing thereof by mortgage and pledge of real and personal property, tangible and intangible, owned or to be after-acquired of the University."). *See* http://president.georgetown.edu/board/bylaws.html.

Medstar, Inc. purchased the hospital and created GUMC. Dr. Paul Katz left GUMC in 2001. They did not sit on the IRB, nor have direct responsibility for it when they were at GUMC.

Although broad, discovery is not without limits. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351-52 (1978). The stated purpose of Rule 30(a)(2)(A) is

> **to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case** without agreement of the other parties. **A second objective is to emphasize that counsel have a professional obligation to develop a <u>mutual cost-effective plan for discovery</u>** in the case. Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and **in some cases the ten-per-side limit should be reduced** in accordance with those same principles. **Consideration should ordinarily be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions.**

1993 Amendments, comment a (emphasis added). Contrary to this admonition, plaintiffs never raised their intent to take more than ten depositions at either the planning conference of the parties or at the time of the scheduling conference. Additionally, plaintiffs' plan to take more than ten depositions, particularly eight (8) duplicative depositions that do not bear on the central allegation of the litigation, is not cost-effective.

"It is clear from experience that pretrial discovery by depositions . . . has a significant potential for abuse." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). "Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999). "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of

competing needs." *Id.* at 927 (quoting *Cusumano v. Microsoft Corp.*, 162 F.2d 708, 717 (1st Cir. 1998)).

The Supreme Court has stated, because discovery rules should "'be construed to secure the just, speedy, and inexpensive determination of every action' . . . judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 1).

When seeking to depose high-level executives "who are removed from the daily subjects of the litigation, the party must first demonstrate that the would-be deponent has 'unique personal knowledge' of the matter at issue." *Baine v. Gen. Motors. Corp.*, 141 F.R.D. 332, 334 (M.D. Al. 1991) (quoting *Cmty Fed. Sav. & Loan Ass'n v. FHLLB*, 96 F.R.D. 619, 621-22 (D.D.C. 1983)). The information possessed by the high-level executive must be truly unique, and a deposition will not be permitted if the information could be obtained through other means. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676 (7th Cir. 2002) (plaintiff must submit interrogatories or avail herself of other means of discovery before requesting deposition of high-ranking executive in a multinational corporation where such deposition would be costly and burdensome); *Mulvey v. Chrysler Corporation*, 106 F.R.D. 364, 366 (D.R.I. 1985) (where plaintiffs in a products liability suit sought to depose Lee Iacocca, Chrysler's chairman, the court invoked Rule 26 as to convenience and burdensomeness, and ordered that interrogatories be propounded instead, without prejudice to plaintiffs' ability to depose Mr. Iacocca later if still warranted.). Surely, **former** high level executives deserve even more protection.

Only a party to the litigation may be compelled to give testimony pursuant to a notice of deposition, *United States v. Afram Lines (U.S.A.), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994); therefore, any attempt by plaintiffs to compel depositions from these people via a notice would

have to be quashed. *In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 540 (D. Md. 1996); *JSC Foreign Economic Assoc. Tecnostroyexport v. International Development and Trade Services, Inc.*, 220 F.R.D. 235 (S.D.N.Y. 2004). Defendants have standing to move for a protective order if the subpoenas seek irrelevant information. *See Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C.2005)).

"Although a witness might have discoverable information, a party is not always entitled to depose that individual. **Rule 30(a)(2)(A) was enacted to control discovery costs and prevent harassment or undue delay.**" *Gross, supra*, 2006 U.S. Dist. LEXIS 79320 at *3. The only reason plaintiffs request more than the ten depositions they agreed to at the Scheduling Order Hearing and contemplated by the Federal Rules is that they are using their allotment to take duplicative, irrelevant depositions.

Accordingly, for the remaining two individuals, Dr. Henry Yeager and Dr. Dieter Schellinger, who are still employed at Georgetown and/or the hospital, defendants request the Court enter an order that interrogatories be propounded first to see if these individuals have any relevant, personal knowledge regarding the IRB in 1998 and Dr. Watson and whether two depositions, as opposed to one, on the same issue is necessary. *See Mulvey, supra; Baine, supra; Patterson, supra.*

## CONCLUSION

**WHEREFORE,** Defendants respectfully request this Court to enter a protective order, prohibiting the duplicative, irrelevant depositions of former high up executives, officers, and Board Members, and requiring preliminary interrogatories to current high up employees to ascertain whether they possess any relevant knowledge prior to requiring both of them to sit for a deposition, and whether two depositions, as opposed to one, should take place.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: April 26, 2007            By: _____
                                      Megan E. Hills (D.C. Bar #437340)
                                      Nicolas Muzin (D.C. Bar # 500106)

                                      725 Twelfth Street, N.W.
                                      Washington, D.C. 20005
                                      (202) 434-5000
                                      (202) 434-5029 (fax)
                                      mhills@wc.com
                                      nmuzin@wc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF) (AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

### ORDER

WHEREFORE, upon consideration of Defendants' Motion for Protective Order, the Opposition thereto, any additional pleadings, and any argument thereon, it is hereby **ORDERED** that consistent with Federal Rules of Civil Procedure 26(b) and 30(a)(2)(A) that

(1) Plaintiffs are prohibited from taking the depositions of Father Leo O'Donovan, Mr. Kenneth Bloem, Dr. Paul Katz, Mr. J. Willard Marriott, and Mr. Charles M. Cawley;

(2) prior to taking the deposition of either Dr. Henry Yeager or Dr. Dieter Schellinger, Plaintiffs shall serve case-specific interrogatories to determine whether the named individuals have relevant, personal knowledge as to the issues implicated in this action;

(3) Plaintiffs are limited to taking **one** deposition on the issue of Vance E. Watson, M.D.,'s interaction with the Independent Research Board and its regulations in the relevant time frame such that there is no duplicative discovery in this case, if the deposition of Dr. Yeager or Dr. Schellinger is deemed necessary by Plaintiffs after receiving the interrogatory responses;

(4) any request to increase the presumptive limit of ten (10) depositions as embodied in the Federal Rules by either party will be evaluated in light of the entirety of circumstances of this case.

**ORDERED,** this ____ day of _____, 2007.

_____
MAGISTRATE JUDGE ALAN KAY
United States District Court
  for the District of Columbia

Copies to:

Anthony Newman, Esq.
Ernest McIntosh, Esq.
Newman & McIntosh
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

Plaintiffs' Counsel

Andrew Greenwald, Esq.
Greenwald and Laake
6404 Ivy Lane
Suite 440
Greenbelt, Maryland 20770

Plaintiffs' Counsel

Megan Hills, Esq.
Nicolas Muzin, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Defendants' Counsel

## CERTIFICATE OF SERVICE

Pursuant to United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing was served via electronic filing on the Court's CM/ECF website on the 26th day of April, 2007 on the forgoing:

>Anthony Newman, Esquire
>Ernest McIntosh, Esquire
>Newman & McIntosh
>7315 Wisconsin Avenue
>Suite 700E
>Bethesda, Maryland 20814

>and

>Andrew Greenwald, Esquire
>Greenwald and Laake
>6404 Ivy Lane
>Suite 440
>Greenbelt, Maryland 20770

>Plaintiffs' Counsel

_____
Megan E. Hills