# SUPPLEMENTED EXHIBIT A TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**(Relevant Pages of Transcript of 4/11/07 Scheduling Order Hearing)**

1

```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA

FELICE I. IACANGELO, et al,         . Docket No. CA 05-2086 (PLF)
                                    .
     Plaintiff,                     .
                                    .
                                    . Washington, D.C.
          v.                        . April 11, 2007
                                    . 9:45 a.m.
GEORGETOWN UNIVERSITY,              .
trading as Georgetown University    .
Hospital, et al,                    .
                                    .
     Defendant.                     .
. . . . . . . . . . . . . . . . . . .

                  TRANSCRIPT OF STATUS CONFERENCE
                BEFORE THE HONORABLE PAUL L. FRIEDMAN
                     UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:        Newman, McIntosh and Hennessey
                          By: Anthony G. Newman, Esquire
                          7315 Wisconsin Avenue
                          Bethesda, Maryland 20814
                          301.654.3400

                          Joseph, Greenwald and Laaker, PA
                          By:  Andrew E. Greenwald, Esquire
                          6404 Ivy Lane
                          Greenbelt, Maryland 20770
                          301.220.2200

For the Defendant:        Williams and Connolly, LLP
                          By: Megan E. Hills, Esquire
                              Nicolas D. Muzin, Esquire
                          725 Twelfth Street, Northwest
                          Washington, D.C. 20005
                          202.434.5393

Court Reporter:           Linda L. Russo, RPR
                          Official Court Reporter
                          Room 6403, U.S. Courthouse
                          Washington, D.C. 20001
                          202.354.3244

Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription
```

soon as it needs to be, but if we don't have any deadlines what's happened so far in this case is --

THE COURT: We'll have deadlines. The question is what are the most reasonable deadlines. Now you're saying, and I think this is the first time that I have heard it, that you're the only ones that are going to take fact discovery, and the only discovery they're going to take is expert discovery.

MR. NEWMAN: Then that was misspoken. I just simply meant that it is going to be an issue. I doubt that there is many more people that they will depose except for treaters and our plaintiff. We have people such as the administration of Georgetown, people that were on the boards, the investigation review committees, a lot of discovery to be done, meaning we're going to be a driving force on that and have to get that done in a reasonable time. I have been there before with these kinds of issues, deposing people on boards, and it can drag out forever by saying they're not available here, we need some other time, and so on.

THE COURT: Do you all have an agreement on the number of depositions?

MR. NEWMAN: We do not have an agreement, no.

THE COURT: There's something in here that says that there shouldn't be any limits on discovery other than those present in the Federal Rules. Now, the Federal Rules does have a limit on the number of depositions. The Federal Rules has a

1  limit on one day or seven hours per deposition.
2          MR. NEWMAN:  I think there's no problem in arranging
3  some kind of limitation, for example, how long depositions are
4  going to go so we can do a number at a certain time.  The only
5  thing I was getting at was that we're under the gun to do those
6  things in a reasonable time period and get it over with.  And
7  then they will depose our experts and perhaps the treating
8  doctors.
9          THE COURT:  Her proposal is that, okay, you're going
10 to exchange, within 30 days from today you're going to have an
11 exchange of initial disclosures to the extent --
12         MR. NEWMAN:  That we both agreed on.
13         THE COURT:  So her proposal is then that we go until
14 the end of September for fact discovery.  That's five months, a
15 little over five months.
16         MS. HILLS:  Your Honor, if I may, I think August is
17 pretty much a wash in terms of both doctors and board members,
18 and if he intends to depose members of the administration of
19 Georgetown University, school is out, which is why I was trying
20 to give us the full time frame of really the four months from
21 May 11th to September to get this fact discovery done.  It
22 does appear that we have a total of three claimants in the
23 case, so that there's three fact discoveries.  Ms. Harris has
24 at least -- you know, doctors in addition to the experts that
25 they, I assume that they're going to identify a causation

```
 1   expert, but even without one, there's already four affidavits
 2   that have been submitted.
 3           And so, Your Honor, I thought it was reasonable to
 4   say, okay, let's just start fact discovery once you identify
 5   who you think are relevant.  Because this is the first I heard
 6   a medical malpractice case is involving a member of the
 7   internal research board, or a member of the administration.
 8           MR. NEWMAN:  That's not the first she's heard of it.
 9   It's been in every pleading since the complaint.  The
10   institutional review board is the case.  It is not just the
11   malpractice case.  It involves Federal statutes, it involves
12   failure to comply with the University rules on medical
13   treatment, specifically experiment.
14           The problem, Your Honor, I hate to go back to it, we
15   couldn't even get the deposition of Dr. Watson done without
16   huge speaking objections by the defense.  It's a dream to say
17   we can get these discovery things done.  I want it done, I
18   would like a person there at all times so we can move it.
19           I have done 20 to 30 depositions in 20 days
20   sometimes.  I can do it.  It's something we should move
21   forward.  If we can get these depositions accomplished in a
22   timely fashion, we will do it, but why the pleadings are before
23   the Court down below with the magistrate is because we can't
24   get past step one.  And I don't want an open calendar to allow
25   continuous motions.  Maybe just a pretrial setting would be in
```

1  bring them promptly to Judge Kay so we don't lose these dates.
2  I want you to try to solve them yourself, but if that doesn't
3  work, I don't want Judge Kay or me to be told that the schedule
4  is slipping because we spent a month trying to solve the
5  problem before bringing it to you.  Spend a few days trying to
6  solve the problem before bringing it to Judge Kay, but bring
7  him as few as you have to.
8              MR. NEWMAN:   Hopefully so.
9              THE COURT:   I don't know whether there have been
10 speaking objections or not, but if we're going to rely on the
11 stringency of the Federal Rules for how we're going to deal
12 with experts, we're also going to rely on the stringency of the
13 Federal Rules for how depositions are conducted.
14             MS. HILLS:   One of the items that I would like issued
15 in the order is when someone notices a deposition and intends
16 to examine a witness, similar to court, they bring a copy of
17 that document to give to the witness, and the Supreme Court
18 says simultaneously it should be given to the witness' counsel.
19 And that is the duty of the examiner, not the duty -- opposing
20 counsel doesn't jump up and give something to a witness on the
21 witness stand.  And that seems very basic.
22             I have never actually run into having a problem with
23 that, but apparently at our last deposition there were no extra
24 copies of documents that purportedly the witness was asked to
25 comment on.  So I'd like that as an order.

```
 1   much easier if we just tender an order that said when the
 2   witness is shown documents, just like in court, the witness is
 3   provided with that document by the examiner, and to counsel.
 4           THE COURT:  All right.  Thank you.
 5       (Proceedings concluded.)
 6
 7                        CERTIFICATE
 8       I, LINDA L. RUSSO, Official Court Reporter, certify
 9   that the foregoing pages are a correct transcript from the
10   record of proceedings in the above-entitled matter.
11
12
13                              _____
                                Linda L. Russo, RPR
14                              Virginia CCR No: 0313102
```