# EXHIBIT 3

1

```
 1              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
 2
     FELICE I. IACANGELO, et al,      . Docket No. CA 05-2086 (PLF)
 3                                    .
         Plaintiff,                   .
 4                                    . Washington, D.C.
             v.                       . April 11, 2007
 5                                    . 9:45 a.m.
     GEORGETOWN UNIVERSITY,           .
 6   trading as Georgetown University .
     Hospital, et al,                 .
 7                                    .
         Defendant.                   .
 8   . . . . . . . . . . . . . . . . .

 9              TRANSCRIPT OF STATUS CONFERENCE
            BEFORE THE HONORABLE PAUL L. FRIEDMAN
10                 UNITED STATES DISTRICT JUDGE

11   APPEARANCES:

12   For the Plaintiff:       Newman, McIntosh and Hennessey
                              By: Anthony G. Newman, Esquire
13                            7315 Wisconsin Avenue
                              Bethesda, Maryland 20814
14                            301.654.3400

15                            Joseph, Greenwald and Laaker, PA
                              By:  Andrew E. Greenwald, Esquire
16                            6404 Ivy Lane
                              Greenbelt, Maryland 20770
17                            301.220.2200

18   For the Defendant:       Williams and Connolly, LLP
                              By: Megan E. Hills, Esquire
19                                 Nicolas D. Muzin, Esquire
                              725 Twelfth Street, Northwest
20                            Washington, D.C. 20005
                              202.434.5393
21
     Court Reporter:          Linda L. Russo, RPR
22                            Official Court Reporter
                              Room 6403, U.S. Courthouse
23                            Washington, D.C. 20001
                              202.354.3244
24
     Proceedings reported by machine shorthand, transcript produced
25   by computer-aided transcription
```

1  affidavits and everything else that's already been filed. It's
2  a little rare that they have already done those.
3           THE COURT: I have to say, my inclination is that
4  everybody is going to be better protected later if we follow
5  the provisions of the Federal Rules and provide reports in
6  conformity with the Federal Rules, and everybody knows what
7  targets they're shooting at.
8           MR. NEWMAN: That was our position. It's not a hard
9  fast situation. We'll certainly do it.
10          THE COURT: The other major disagreement I think is,
11 both of you I think in your proposed schedule would have a --
12 maybe not. I guess the defendant's proposed schedule is, fact
13 discovery would end on a certain date, then the expert reports
14 would happen, then there would be a later date for the closing
15 of all discovery, including the expert reports. And then
16 there would be dispositive motions. Whereas the plaintiffs
17 would prefer just to set a date before which there would be
18 expert disclosures, and all discovery would end. I don't know
19 whether that matters from your strategic or tactical
20 perspective, and it also prolongs the period somewhat.
21          MS. HILLS: Your Honor, if I may. The issue with
22 having fact discovery and then reports is that reports and
23 expert testimony become somewhat meaningless when fact
24 discovery is subsequent to experts. For example, if an expert
25 gives his report June 1st and fact discovery closes September

```
 1   soon as it needs to be, but if we don't have any deadlines
 2   what's happened so far in this case is --
 3           THE COURT:  We'll have deadlines.  The question is
 4   what are the most reasonable deadlines.  Now you're saying, and
 5   I think this is the first time that I have heard it, that
 6   you're the only ones that are going to take fact discovery, and
 7   the only discovery they're going to take is expert discovery.
 8           MR. NEWMAN:  Then that was misspoken.  I just simply
 9   meant that it is going to be an issue.  I doubt that there is
10   many more people that they will depose except for treaters and
11   our plaintiff.  We have people such as the administration of
12   Georgetown, people that were on the boards, the investigation
13   review committees, a lot of discovery to be done, meaning we're
14   going to be a driving force on that and have to get that done
15   in a reasonable time.  I have been there before with these
16   kinds of issues, deposing people on boards, and it can drag out
17   forever by saying they're not available here, we need some
18   other time, and so on.
19           THE COURT:  Do you all have an agreement on the
20   number of depositions?
21           MR. NEWMAN:  We do not have an agreement, no.
22           THE COURT:  There's something in here that says that
23   there shouldn't be any limits on discovery other than those
24   present in the Federal Rules.  Now, the Federal Rules does have
25   a limit on the number of depositions.  The Federal Rules has a
```

1   limit on one day or seven hours per deposition.
2           MR. NEWMAN:  I think there's no problem in arranging
3   some kind of limitation, for example, how long depositions are
4   going to go so we can do a number at a certain time.  The only
5   thing I was getting at was that we're under the gun to do those
6   things in a reasonable time period and get it over with.  And
7   then they will depose our experts and perhaps the treating
8   doctors.
9           THE COURT:  Her proposal is that, okay, you're going
10  to exchange, within 30 days from today you're going to have an
11  exchange of initial disclosures to the extent --
12          MR. NEWMAN:  That we both agreed on.
13          THE COURT:  So her proposal is then that we go until
14  the end of September for fact discovery.  That's five months, a
15  little over five months.
16          MS. HILLS:  Your Honor, if I may, I think August is
17  pretty much a wash in terms of both doctors and board members,
18  and if he intends to depose members of the administration of
19  Georgetown University, school is out, which is why I was trying
20  to give us the full time frame of really the four months from
21  May 11th to September to get this fact discovery done.  It
22  does appear that we have a total of three claimants in the
23  case, so that there's three fact discoveries.  Ms. Harris has
24  at least -- you know, doctors in addition to the experts that
25  they, I assume that they're going to identify a causation

1   bring them promptly to Judge Kay so we don't lose these dates.
2   I want you to try to solve them yourself, but if that doesn't
3   work, I don't want Judge Kay or me to be told that the schedule
4   is slipping because we spent a month trying to solve the
5   problem before bringing it to you.  Spend a few days trying to
6   solve the problem before bringing it to Judge Kay, but bring
7   him as few as you have to.
8          MR. NEWMAN:  Hopefully so.
9          THE COURT:  I don't know whether there have been
10  speaking objections or not, but if we're going to rely on the
11  stringency of the Federal Rules for how we're going to deal
12  with experts, we're also going to rely on the stringency of the
13  Federal Rules for how depositions are conducted.
14         MS. HILLS:  One of the items that I would like issued
15  in the order is when someone notices a deposition and intends
16  to examine a witness, similar to court, they bring a copy of
17  that document to give to the witness, and the Supreme Court
18  says simultaneously it should be given to the witness' counsel.
19  And that is the duty of the examiner, not the duty -- opposing
20  counsel doesn't jump up and give something to a witness on the
21  witness stand.  And that seems very basic.
22         I have never actually run into having a problem with
23  that, but apparently at our last deposition there were no extra
24  copies of documents that purportedly the witness was asked to
25  comment on.  So I'd like that as an order.

                    Linda L. Russo, RPR
                    Official Court Reporter

1  much easier if we just tender an order that said when the
2  witness is shown documents, just like in court, the witness is
3  provided with that document by the examiner, and to counsel.
4      THE COURT:  All right.  Thank you.
5      (Proceedings concluded.)
6
7                        CERTIFICATE
8      I, LINDA L. RUSSO, Official Court Reporter, certify
9  that the foregoing pages are a correct transcript from the
10 record of proceedings in the above-entitled matter.

*(signature)*
Linda L. Russo, RPR
Virginia CCR No: 0313102

Linda L. Russo, RPR
Official Court Reporter