# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civil Action No. 1:05CV02086 (PLF) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

## JOINT LOCAL CIVIL RULE 16.3 REPORT

Pursuant to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), the attorneys for Plaintiffs Felice I. Iacangelo and Cicily Iacangelo (collectively, "Plaintiffs") and Defendants Georgetown University and Vance E. Watson, M.D., (collectively, "Defendants") conferred on April 2, 2007, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was disagreement.

(1) **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Defendants believe this case may be disposed of by a motion for summary judgment. Section (8) reflects a proposed schedule for such a motion and discovery.

Plaintiffs do not believe this case will likely be disposed of by a dispositive motion.

**(2)** **The date by which any other parties shall be joined or the pleadings amended; and whether some or all of the factual and legal issues can be agreed upon and narrowed.**

At this juncture, Defendants believe that no more parties should be joined, nor amendment of pleadings allowed. Plaintiffs' Complaint has already been amended once before. The subject matter of the litigation was over six and a half years old when Plaintiffs filed the first complaint. Plaintiffs began gathering records regarding the subject matter of this litigation in 2001, five years prior to the first complaint being filed. As of October 11, 2006 when Magistrate Judge Alan Kay's Report and Recommendation was filed, Plaintiffs were on notice both of the pleading requirements and the failings of the Amended Complaint, as specifically set out by Magistrate Judge Kay's Report and Recommendations. Plaintiffs chose to stand on the Amended Complaint in filing their Objections without submitting a proposed amendment to correct the pleading. The resources of the Court, the Defendants, and the judicial system have been expended to address the Amended Complaint as pled on which the Plaintiffs chose to stand. Defendants believe, therefore, that no amendments to the pleadings should be allowed.

Defendants believe that with the issues presented by the Amended Complaint set, the legal issues may be narrowed to:

1. Given Ms. Kerris's medical conditions and presentation in August 1998 and the state of medicine in 1998-1999, was it a breach of the standard of care to attempt to treat her, *inter alia*, with embolization procedures using NBCA (Histoacryl®) in the November 1998 through March 3, 1999 time period?

2. Given Ms. Kerris's medical conditions and presentation in August 1998 and the state of medicine in 1998-1999 and the undisputed fact that Plaintiffs have continued to obtain their medical care for Ms. Kerris at Georgetown University Hospital at least through 2005, a month prior to filing the first complaint, should punitive damages – required to be proved by clear and convincing evidence that defendants, *inter alia*, acted with

        evil motive, actual malice, deliberate violence or oppression, or with the intent to injure and that the defendants' conduct itself was outrageous, grossly fraudulent be allowed to remain in the case?

3.     Given Ms. Kerris's medical conditions and presentation in August 1998 and the state of medicine in 1998-1999 and the undisputed fact that her underlying condition of arteriovenous malformation ("AVM") was symptomatic when she was first referred to Defendants, whether a reasonable person in her position would have sought treatment to prevent it from increasing and then whether her current medical condition results from the size of her AVM or from giving consent?

Plaintiffs disagree with Defendants' placement of the aforesaid arguments in this pleading in that the Rule 16.3 Report is not a proper forum for such. Furthermore, under the liberal pleading standards of Rule 15 of the Federal Rules Civil Procedure, plaintiffs are free to amend the Complaint. (See also n. 3 of the March 26, 2007, Memorandum Opinion wherein the Court stated that "Plaintiffs are free, of course, to move to amend their Complaint under the liberal pleading standards of Rule 15…"). In accordance with the March 26, 2007 Memorandum Opinion, plaintiffs are in the process of drafting a Motion to Amend the Amended Complaint regarding Count V, the express warranty claim, to reflect that said Count relates to the warranties made by Defendant Vance Watson, M.D. as to the potential outcomes of the procedures. It is also plaintiffs' position that any other amendment (i.e. an amendment regarding the particulars of Count VI, the fraud count) can be filed at any time prior to the close of discovery depending on the evidence that is uncovered. (See also n. 2 of the Memorandum Order stating that such matters "easily can be corrected.") As to the legal issues, it is plaintiffs' position that all said issues have already been narrowed by both Magistrate Kay and Judge Friedman and the remaining allegations set forth the issues to be tried.

(3) **Whether this case should be assigned to a magistrate judge for all purposes, including trial.**

Defendants believe this case should not be assigned to a magistrate judge for purposes of trial.

Plaintiffs are agreeable to this case being assigned to either a magistrate judge or a judge for purposes of trial.

The parties defer to the Court on whether the case should be assigned to a magistrate judge for discovery purposes.

(4) **Whether there is a realistic possibility of settling the case.**

On March 8, 2007, Defendants requested Plaintiffs provide them with a settlement demand as to what they believed Plaintiffs demanded for the settlement of this case, absent Plaintiffs' cost for caring for an individual with a progressive, degenerative disease. Plaintiffs' Prayers for Relief in their Amended Complaint as it currently stands requests $190 million in damages. To date, Plaintiffs have not provided Defendants with a settlement demand.

Plaintiffs believe that the possibility of settlement is unknown.

(5) **Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of the ADR.**

While Defendants believe that having a settlement demand prior to mediation would increase its chance for success, the parties believe that the Court's ADR procedures or some other form of alternative dispute resolution – such as a private mediator mutually selected by the parties – might benefit the case.

**(6)** **Whether the case can be resolved by summary judgment or motion to dismiss; the dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.**

Defendants believe that this case may be resolved by a motion for summary judgment.

Defendants submit a proposed schedule for such a motion in Section (8).

Plaintiffs believe that this case cannot be resolved by any dispositive motion.

**(7)** **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.**

The parties believe that the initial disclosures under Federal Rule of Civil Procedure 26(a)(1) should be made within thirty (30) days from the date of the initial Rule 26(f) conference – on April 11, 2007.

**(8)** **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Defendants do not believe at this time that it is necessary to impose any limits upon discovery beyond those present in the Federal Rules of Civil Procedure.

Defendants suggest the following schedule:

- **April 11, 2007:**          Scheduling Conference
- **May 11, 2007:**           Federal Rule 26(a)(1) Disclosures Exchanged
- **September 28, 2007:**     Close of Fact Discovery
- **October 8, 2007:**        Deadline for Plaintiffs' Federal Rule 26(a)(2)(B) Expert Disclosure, as governed by Federal Rule 26(b)(4)
- **November 19, 2007:**      Deadline for Defendants' Federal Rule 26(a)(2)(B) Expert Disclosure, as governed by Federal Rule 26(b)(4)

- **January 4, 2008:** Close of All Discovery
- **February 4, 2008:** Deadline for filing Dispositive Motions
- **February 25, 2008:** Deadline for filing Oppositions to Dispositive Motions
- **March 10, 2008:** Deadline for filing Replies for Dispositive Motions
- **April 7, 2008:** Pretrial Conference (if necessary after disposition of motions)

Plaintiffs believe that prompt completion of discovery is mandatory given the nature and extent of the discovery disputes to date. Thus, Plaintiffs suggest the following deadlines:

- **April 11, 2007:** Scheduling Conference
- **May 11, 2007:** Federal Rule 26(a)(1) Disclosures Exchanged
- **May 31, 2007:** Deadline for Plaintiffs' Federal Rule 26(a)(2)(B) Expert Disclosure without reports, as governed by Federal Rule 26(b)(4)
- **July 31, 2007:** Deadline for Defendants' Federal Rule 26(a)(2)(B) Expert Disclosure without reports, as governed by Federal Rule 26(b)(4)
- **September 17, 2007:** Close of All Discovery
- **September 24, 2007:** Deadline for filing Dispositive Motions
- **October 8, 2007:** Deadline for filing Oppositions to Dispositive Motions
- **October 11, 2007:** Deadline for filing Replies for Dispositive Motions
- **October 31, 2007:** Pretrial Conference
- **November 2007:** Trial

(9) **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.**

Defendants believe that the exchange of expert witness reports and information as set forth in Federal Rule of Civil Procedure 26(a)(2) and the applicable rules of Federal Rule of Civil Procedure 26(b)(4) should apply to this case. Defendants have proposed a schedule for such reports and expert depositions in Section (8).

Plaintiffs believe that the expert witnesses should not be required to create reports merely for the purpose of exchanging the reports when their depositions are likely to be conducted.

**(10)** **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This topic does not apply because this case is not a class action.

**(11)** **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Defendants believe that the trial of this matter should be bifurcated, such that causation/liability is first submitted to a jury, and if proven, evidence heard on damages.

Defendants also request that when depositions occur, the examining attorney be required to provide sufficient copies of any document on which he or she wishes to question the witness at the deposition simultaneously to a) the witness and b) counsel for the witness at the time of the respective questions in the deposition.

Plaintiffs disagree with Defendants placement of the aforesaid arguments in this pleading in that the Rule 16.3 Report is not a proper forum for such. In addition, Plaintiffs believe that discovery should be conducted expeditiously given the fact that the Complaint was filed on October 24, 2005 and the second Amended Complaint was filed on February 14, 2006.

Plaintiffs also believe that the trial should not be bifurcated.

(12) **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Defendants propose that the Pretrial Conference take place on April 7, 2008.

Plaintiffs propose that the Pretrial Conference on or before October 31, 2007.

(13) **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Defendants prefer that a trial date be set at the Pretrial Conference, particularly as occurrences in discovery may affect the trial date, such that setting a trial date prior to discovery may unnecessarily burden the Court's docket.

Plaintiffs propose that a firm trial date must be set at the Scheduling Conference given the present climate of discovery disputes and the delays in discovery that have already plagued this litigation.

(14) **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

At this time, the parties have no other matters appropriate for inclusion in the scheduling order.

Respectfully submitted,

\_\_\_\_\_/s/_____
WILLIAMS & CONNOLLY LLP
Megan E. Hills (D.C. Bar #437340)
Nicolas Muzin (D.C. Bar # 500106)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
mhills@wc.com
nmuzin@wc.com

8

April 4, 2007                    Attorneys for Defendants Georgetown University
                                 and Vance E. Watson, M.D.


                                 ____/s/_____
                                 NEWMAN, MCINTOSH & HENNESSEY LLP
                                 Anthony Newman, Esquire
                                 Ernest McIntosh, Esquire

                                 7315 Wisconsin Avenue
                                 Suite 700E
                                 Bethesda, Maryland 20814

                                 and


                                 _____/s/_____
                                 GREENWALD AND LAAKE
                                 Andrew Greenwald, Esquire

                                 6404 Ivy Lane
                                 Suite 440
                                 Greenbelt, Maryland 20770

                                 Attorneys for Plaintiffs Felice I. Iacangelo and Cicily
                                 Iacangelo