

Financial and Economic Consulting

Richard J. Lurito, Ph.D.
*President*

April 23, 2007

Anthony G. Newman, Esq.
Newman, McIntosh & Hennessey
7315 Wisconsin Avenue
Suite 700E
Bethesda, MD 20814

Re: Karyn Kerris Case

Dear Mr. Newman:

The purpose of this preliminary report is to provide a reliable estimate of the pecuniary loss suffered by Ms. Karyn Kerris owing to the injuries she sustained allegedly due to medical malpractice. At the present time Ms. Kerris is 36.66 years old, having been born on August 2, 1970. According to the 2003 Life Tables, published by the U.S. Department of Health and Human Services, a white female, age 36, has 45.7 years of remaining life expectancy. However, according to Dr. Craig H. Lichtblau, a physiatrist, with competent medical and other care, Ms. Kerris can expect to live 41.1 more years. (This is based on Dr. Lichtblau's opinion that Ms. Kerris's life expectancy has likely been reduced by 10%).

Dr. Lichtblau recommended that Ms. Kerris receive a medical care regimen that contains several specific items of need. I was asked to provide a reliable estimate of the cost of Dr. Lichtblau's lifecare plan for Ms. Kerris over her current life expectancy of 41.1 more years. Based on appropriate cost escalation factors for the various items of need Dr. Lichtblau set out for Ms. Kerris, and a 4.25% after-tax interest (discount) rate, it was determined that the present value cost of Dr. Lichtblau's lifecare plan for Ms. Kerris is in the range of $18.6 million to $19.2 million.

At the time she was no longer able to work due to the alleged medical malpractice in this case, which was in early March, 1999, Ms. Kerris was 28.59 years old. I am advised that she

1491 Chain Bridge Road, Suite 300
McLean, VA 22101

Telephone: 703/442-4528
Telecopier: 703/893-1674

intended to work until age 62. Hence, she had 33.4 years of remaining worklife expectancy when she was no longer able to work.

Prior to injury Ms. Kerris was employed by the U.S. Department of Health and Human Services as a transcriptionist/secretary. According to her employment records, she was at least a Grade 5, Step 2, earning $22,948 a year when she was no longer able to work. Based on a 3.75% annual earnings increase, no grade promotions but step increases through Step 10, it was determined that Ms. Kerris has lost some $1.2 million in earnings in present value terms. After deductions for Social Security taxes, income taxes and pension contributions it was determined that she has lost at least $900,000 in earnings. As a member of the Federal Employees Retirement System, Ms. Kerris has also lost federal pension benefits. Based on federal regulations, it was determined that she has lost about $195,000 in after-tax pension benefits.

In sum, it is seen that Ms. Kerris has suffered at least three types of pecuniary loss due to the alleged medical malpractice in this case. They are as follows:

|   | Aspect Of Loss | Pecuniary Loss |
|---|---|---|
| 1. | Lost Net Earnings | $ 900,000 |
| 2. | Lost Net Pension Benefits | 200,000 |
| 3. | Future Care Costs | 18,600,000-19,200,000 |
| 4. | Total | $19,700,000-$20,300,000 |

Hence, in my opinion, a reliable estimate of Ms. Kerris's economic loss due to injury is at least in the range of $19.7 million to $20.3 million. It should be noted, however, that this loss range does not include the medical and medical-related costs that Ms. Kerris has had to incur to date due to injury, nor does it include a loss of Thrift Savings Plan Benefits.

Very truly yours,

Richard J. Lurito

Richard J. Lurito, Ph.D.