UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

FELICE I. IACANGELO and CICILY      )
IACANGELO, Guardians of the Person  )
and Property of KARYN A. KERRIS, *et al.*, )
                                    )
          Plaintiffs,               )
     v.                             )     Civil Action No. 05-2086 (PLF/AK)
                                    )
GEORGETOWN UNIVERSITY, *et al.*,    )
          Defendants.               )
_____)

## **MEMORANDUM ORDER**

On June 26, 2007, this Court entered a Memorandum Order in connection with

Defendants' Motion for a Protective Order ("Motion") [42], requesting that the Court prohibit or

limit the depositions of seven of the eight fact witnesses named by the Plaintiffs as proposed

deponents, namely: Kenneth D. Bloem; Paul Katz; Leo J. O'Donovan; Charles M. Crawley; J.

Williard Marriott, Jr.; Henry Yeager, M.D.; and Dieter Schellinger, M.D.

The Court allowed Plaintiffs to notice the depositions of Drs. Yeager and

Schellinger, who are committee members of the IRB, but the Court found that there was no

indication by Plaintiffs that any of the five remaining contested deponents have knowledge about

the IRB or other matters relevant to this litigation.[1]  The Defendants' Motion for Protective Order

was accordingly  denied in part with respect to the depositions of Drs. Yeager and Schellinger,

and deferred in part with respect to the depositions of Kenneth Bloem, Paul Katz, Leo J.

_____

[1]Defendants asserted that [former] Board Members [Mr. Marriott and Mr. Crawley] served three year terms and their responsibilities did not include the IRB.  Defendants noted that Mr. Bloem and Dr. Katz did not sit on the IRB, nor have direct responsibility for it when they were at GUMC. (Memorandum in support of Motion at 6.)  In contrast, Drs. Yeager and Schellinger are Committee members of the IRB.

O'Donovan, Charles Crawley and J. Williard Marriott.  Plaintiffs were directed to provide the

Court with a brief statement demonstrating that each such proposed deponent likely possesses

information relevant to Plaintiffs' claims.  Defendants were allowed three business days

thereafter to respond.  Plaintiffs filed their Brief Statement as to the Relevant Witnesses'

Testimony [50] ("Brief Statement") on July 2, 2007, and on July 6, 2007, Defendants filed their

Response to the Brief Statement ("Response") [51].

    As a preliminary matter, Plaintiffs state that they no longer wish to depose Charles

Crawley or J. Willard Marriott but instead wish to depose Sheila Zimmet, Esq., General Counsel

of the Medical Center, and Leonard Chiazze, Jr., M.D., as well as Kenneth D. Bloem, Leo

O'Donovan, and Paul Katz.[2]  This Court notes that the trial court has already approved the

deposition of Sheila Zimmet.  As the sole grounds in support of their request to depose Dr.

Chiazze, Mr. Bloem, Father O'Donovan and Mr. Katz, Plaintiffs assert that Father O' Donovan

(then President of the University) and Mr. Bloem (then CEO of the Medical Center) "instituted a

policy in 1997 (which remained in effect through the relevant time period) that the medical staff

had to generate up to 70% of their salary or face salary reductions of up to 30% per year." (Brief

Statement at 2.)  According to Plaintiffs, this policy resulted in a lawsuit being brought by 18

doctors (including Dr. Chiazze) against Georgetown University for interference with their

practice of medicine by basing it on volume and income. (*Id.*)

    Plaintiffs direct this Court's attention to the profit policy and the resulting litigation

without providing any evidence that there is a link between such profit policy and the issues in

---

[2]According to Plaintiffs, Dr. Chiazze was and is an Institutional Review Board Member at
Georgetown University.  (Brief Statement at 5.)   Defendants note that Dr. Watson indicated during
his deposition that he has no knowledge of Dr. Chiazze.  (Response at 4, n.5.)

this medical malpractice litigation.[3]  Plaintiffs further provide several "proffers" of topics they wish to explore with each proposed deponent, but they give no indication that the proposed deponents possess knowledge regarding such topics, which include: the use of Class III medical devices and whether such use requires IRB approval; embolization procedures; interactions with the FDA and/or Customs officials; and use of histoacryl and/or lipiodol.[4]  The Court finds that Plaintiffs have failed to demonstrate that the proposed deponents have knowledge that is relevant to the issues in this case that outweighs any burden or harassment they will experience if deposed, and it is accordingly, this 18th day of July, 2007,

ORDERED that the portion of the Court's Memorandum Order on Defendants' Motion for Protective Order [42] that was previously deferred, pertaining to the depositions of Kenneth Bloem, Leo O'Donovan, Paul Katz, is now granted.  It is further

ORDERED that the Plaintiffs' request to depose Leonard Chiazze, Jr., M.D. is denied.


_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[3]Defendants surmise that Plaintiffs' theory of relevance is that "the 1997 compensation policy [and the resulting litigation] gave Defendant Dr. Watson an incentive to perform more embolizations in order to boost his productivity, which led him to perform the three embolizations of Karyn Kerris at issue in this litigation."  (Defendants' Response at 5.)

[4]While Dr. Chiazze is a committee member of the IRB and may therefore have knowledge about IRB procedures, this Court has already permitted the Plaintiffs to depose Drs. Yeager and Schellinger regarding the IRB.  There is no indication by the Plaintiffs that Dr. Chiazze possesses other knowledge that is relevant to the claims in this litigation.