UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, )<br>As Guardian of the Person and Property of )<br>KARYN A. KERRIS, )<br> )<br>Plaintiffs, )<br> )<br>v. ) Civ. Act. No. 1:05CV02086 (PLF)<br> )<br>Georgetown University Hospital, ) Judge Paul L. Friedman<br>GEORGETOWN UNIVERSITY, t/a )<br>Georgetown University, and ) Magistrate Judge Alan Kay<br>VANCE E. WATSON, M.D., )<br> )<br>Defendants. )<br> )| |

## DEFENDANTS' OPPOSITION
## AND SUPPORTING MEMORANDUM
## TO
## PLAINTIFFS' MOTION FOR RECONSIDERATION

"**Anybody that has anything <u>relevant</u> to say**," so said this Court during the 10:00 a.m. June 26, 2007 Status Hearing when explaining to the Plaintiffs[1] who they could depose. 6/26/07 Status Hearing Transcript at 15, line 9 ("6/26/07 Tr."; Attached as Ex. 1) (emphasis added), the hearing on which Plaintiffs base their Motion for Reconsideration of Magistrate Judge Kay's July 18, 2007 Order. This Court then said, "All right. Well, I will talk with Judge Kay and see where we are." *Id.* at 22, lines 6-7. After consideration of the 6/26/07 Status Hearing during which this Court said that plaintiffs could depose anybody that had anything **relevant** to say, Plaintiffs' proffer of alleged relevancy and Defendants'[2] response, as well as taking into

---

[1] Plaintiff Felice Iacangelo and Plaintiff Cicily Iacangelo are collectively referred to as "Plaintiffs."

[2] Defendant Georgetown University ("GU") and Defendant Vance E. Watson, M.D. ("Dr. Watson") are collectively referred to as "Defendants."

consideration Judge Friedman's 6/27/07 Order ("This Court notes that the trial court has already approved the deposition of Sheila Zimmet."),[3] Magistrate Judge Kay ruled: "The Court finds that **Plaintiffs <u>have failed to demonstrate that the proposed deponents have knowledge that is relevant to the issues in this case</u>** that outweighs any burden or harassment they will experience if deposed." *See* Ex. 3, 7/18/07 M.J. Order at 3 (emphasis added). Already having the right to depose two members (Dr. Henry Yeager and Dr. Dieter Schellinger) of the Institutional Review Board ("IRB") both now and in 1998-1999, Plaintiffs have made **no showing** that Magistrate Judge Kay's 7/18/07 Order as to relevancy was a clear error, *Summers v. U.S. Dept. of Justice*, 2007 WL 2111049 at *1 (Slip Copy D.D.C. July 23, 2007) ("A motion for reconsideration of a magistrate judge's decision is reviewed for clear error. Local Civil Rule 72.2(c)."), Defendants respectfully submit that Plaintiffs' Motion for Reconsideration should be denied.

Plaintiffs' eleventh hour bid[4] to press for different deponents is an apparent effort to circumvent Magistrate Judge Kay's previous rulings on the relevancy of a 2000 unrelated, contractual lawsuit brought by **tenured** faculty members of GU against GU, alleging that GU's actions of changing tenure rules and the ability to appeal those changes infringed upon the faculty members' contractual, **tenure rights**. As shown by his employment contract, Defendant Dr. Watson has never been tenured, nor in a tenure-track position. *See* Ex. 4, Full Pleadings for 7/18/07 M.J. Order at Defendants' Response to Proffer at Ex. 2. Plaintiffs listed this 2000

---

[3] Plaintiffs took the deposition of Ms. Zimmet on July 23, 2007. "Judge Friedman's 6/27/07 Order" means Judge Paul Friedman's June 27, 2007 Order, attached as Ex. 2; Magistrate Judge Alan Kay's July 18, 2007 Order ("7/18/07 M.J. Order"), attached as Ex. 3; Full Pleadings Underlying Magistrate Judge Alan Kay's July 18, 2007 Order, attached as Ex. 4.

[4] The discovery cut-off in this case is September 3, 2007 – a discovery date cut-off that Plaintiffs **opposed** as creating a too lengthy period for discovery.

contractual lawsuit as part of their relevance proffer for Dr. Chiazze. *See* Ex. 4 at Plaintiffs' Proffer. Dr. Watson testified that he does not even know Dr. Chiazze.

> Q. Doctor, who is Leonard -- and I don't know if I can pronounce it correctly, but he was on the IRB -- Chiazze? C-h-i-a-z-z-e.
>
> **A. I don't know.**
>
> . . . .
>
> Q. [Y]ou've never come across Leonard Chiazze who is the head of the IRB numbered B, which is one that you are a part of [Dr. Watson became a member of IRB A in 2005[5]]?
>
> A: **I think I'm on IRB-A, which is why I would not have seen him.** Our head is Dr. Young.

*See* Ex. 4 at Ex. 3 to Defendants' Response to Plaintiffs' Proffer (Deposition of Vance E. Watson, May 31, 2007, at 263-65 ("5/31/07 Watson Dep."); emphasis added). Nor does Dr. Watson know anything about the prior lawsuit regarding tenure (Understandably, as it did not affect him).

> Q: What do you know about the lawsuit that occurred from the investigators and faculty of Georgetown against the Board of Directors and the then president of the hospital? This was in 1999. Now, what do you know about that?
>
> . . .
>
> A: Explain that again to me . . . You are saying there is a lawsuit between whom and whom?
>
> Q. **Did you not know about a lawsuit against Kenneth Bloom by members of the IRB and the research faculty in 1999 that as a result of requiring them to raise 70 percent of their revenue from research or other elements that they would either do so or have to be terminated?** You didn't hear about that?
>
> . . .
>
> A. Well, again, you are talking a long time ago now. You know, **I heard rumors of a couple different kinds of lawsuits. This particular one I don't recall** . . . It's kind

---

[5] *See* Curriculum *Vitae* of Vance E. Watson, M.D. (attached as Ex. 5).

> **of a vague memory. We had a number of administrative changes. And these people, you know, are at an administrative level far above me. I don't meet them. If there are fights and suits, good chance I wouldn't know about it.**

*Id.* at Ex. 3, 5/31/07 Watson Dep. at 265-67 (emphasis added) to Defendants' Response to Plaintiffs' Proffer.

The only apparent reason Plaintiffs could seek to depose Dr. Leonard Chiazze, as opposed to Dr. Henry Yeager, is that they are not truly interested in IRB procedures in 1998-1999, topics on which Drs. Yeager and/or Schellinger can testify.[6] Plaintiffs' Motion for Reconsideration is an attempt to conduct discovery into an unrelated, already ruled irrelevant matter – the contractual dispute over tenure duties and rights – which Magistrate Judge Kay has already deemed irrelevant to this medical malpractice lawsuit, as the lawsuit did not concern Dr. Watson, as he was never tenured, nor in a tenure track position, and has already testified that he knew and knows nothing about the lawsuit on which Plaintiffs base their relevancy argument.

This Court recently said:

> On review, the magistrate judge's decision is entitled to great deference unless it is "clearly erroneous or contrary to law," that is, **if "on the entire evidence" the court is left with the definite and firm conviction that a mistake has been committed**. *Virtual Dev. and Def. Int'l, Inc. v. Republic of Moldova,* 133 F. Supp.2d 9, 20 (D.D.C. 2001) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364 (1948); *Neuder v. Battelle Pac. Nw. Nat. Lab.,* 194 F.R.D. 289 (D.D.C. 2000)); Fed. R. Civ. P. 7.

---

[6] Although Defendants believe that deposing two individuals on the same topic of IRB procedures – Dr. Yeager and Dr. Schellinger – whose knowledge is limited to having sat on the IRB in 1998-1999, as well as currently, is duplicative, Plaintiffs may depose either or both and may even decide that after deposing one individual on this topic, one deposition is sufficient.

*Pulliam v. Continental Cas. Co.*, 2006 U.S. Dist. LEXIS 72302 at *4 (unreported) (D.D.C. 2006) (emphasis added); *see also Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217 (D.D.C. 2001) (same).

This Court has also ruled that "[i]n view of this standard, **the court will affirm the magistrate judge's determination unless 'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'**" *Neuder,* 194 F.R.D. at 292 (citing *United States,* 333 U.S. at 365; *Arakelian v. Nat'l W. Life Ins. Co.,* 126 F.R.D. 1, 2 (D.D.C. 1989) (emphasis added)); *see also Kiyemba v. Bush*, 2006 U.S. Dist. LEXIS 54436 at *4 (Slip Copy) (D.D.C. 2006) (same).

Plaintiffs' Motion for Reconsideration fails to show that Magistrate Judge Kay's 7/18/07 Order was anything other than well-reasoned and appropriate. Plaintiffs have made no showing that Magistrate Judge Kay's 7/18/07 Order was made in clear error, *Summers*, *supra,* 2007 WL 2111049 at *1; therefore, Defendants respectfully request that Plaintiffs' Motion for Reconsideration be denied.

## CONCLUSION

**WHEREFORE,** Defendant Georgetown University and Defendant Vance E. Watson, M.D., respectfully request that Plaintiffs' Motion for Reconsideration of Magistrate Judge Kay's July 18, 2007 Order be denied.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: August 7, 2007          By: /s/ Megan E. Hills
                               Megan E. Hills (D.C. Bar #437340)

725 Twelfth Street, N.W.
Washington, D.C. 20005

5

(202) 434-5000
(202) 434-5029 (fax)
mhills@wc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
Felice I. Iacangelo and Cicily Iacangelo, )
As Guardian of the Person and Property of )
KARYN A. KERRIS,                   )
                                   )
                    Plaintiffs,    )
                                   )
v.                                 )  Civ. Act. No. 1:05CV02086 (PLF)
                                   )
Georgetown University Hospital,    )  Judge Paul L. Friedman
GEORGETOWN UNIVERSITY, t/a         )
Georgetown University, and         )  Magistrate Judge Alan Kay
VANCE E. WATSON, M.D.,             )
                                   )
                    Defendants.    )
_____)

## ORDER

After consideration of Plaintiff Felice Iacangelo and Cicily Iacangelo's Motion for Reconsideration of Magistrate Judge Kay's July 18, 2007 Order, Defendant Georgetown University and Defendant Vance E. Watson, M.D.'s Opposition thereto, and any Reply,

It is hereby ordered this ___ day of _____, 2007, that Plaintiff Felice Iacangelo and Cicily Iacangelo's Motion for Reconsideration of Magistrate Judge Kay's July 18, 2007 Order be and is hereby **DENIED**.

_____
The Honorable Paul L. Friedman
Judge, United States District Court
  for the District of Columbia

2

Copies to:

Anthony Newman, Esquire
Ernest McIntosh, Esquire
Wendy Wyeth, Esquire
Newman, McIntosh & Hennesy
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

Andrew Greenwald, Esquire
Greenwald and Laake
6404 Ivy Lane
Suite 440
Greenbelt, Maryland 20770

Plaintiffs' Counsel


Megan E. Hills, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Defendants' Counsel

**CERTIFICATE OF SERVICE**

Pursuant to United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing with exhibits was served via electronic filing on the Court's CM/ECF website on the 7th day of August 2007 on the forgoing:

> Anthony Newman, Esquire
> Ernest McIntosh, Esquire
> Wendy Wyeth, Esquire
> Newman, McIntosh & Hennesy
> 7315 Wisconsin Avenue
> Suite 700E
> Bethesda, Maryland 20814
>
> and
>
> Andrew Greenwald, Esquire
> Greenwald and Laake
> 6404 Ivy Lane
> Suite 440
> Greenbelt, Maryland 20770
>
> Plaintiffs' Counsel

_/s/ Megan E. Hills_
Megan E. Hills