UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
FELICE I. IACANGELO, et al.,              )
                                          )
              Plaintiffs,                 )
                                          )
       v.                                 )       Civil Action No. 05-2086 (PLF)
                                          )
GEORGETOWN UNIVERSITY, et al.,            )
                                          )
              Defendants.                 )
_____)


MEMORANDUM OPINION AND ORDER

              This matter came before this Court for a status conference on June 26, 2007.

Counsel advised the Court of events that took place during the deposition of Dr. Vance E.

Watson on May 31, 2007, as further explicated in a letter from defendants' counsel to Magistrate

Judge Alan Kay on June 5, 2007 and a telephonic hearing before Magistrate Judge Kay on June

12, 2007.  During the course of the deposition, Dr. Watson testified about statements purportedly

made to him by Sheila Zimmet, Esq., an in-house lawyer for Georgetown University Hospital,

allegedly authorizing him to use Histocryl without prior approval of Georgetown's Internal

Review Board ("IRB").  After hearing Dr. Watson's testimony at the deposition, counsel for

plaintiffs raised the issue both at the deposition (the exact details of which are in dispute between

the parties), and at the June 26, 2007 status conference that this testimony raises the potential for

a conflict of interest making it inappropriate for the same counsel to represent both Georgetown

and Dr. Watson.

Plaintiffs have not filed a motion to disqualify defendants' counsel, as plaintiffs' counsel has stated that given the current state of the record, the potential conflict is merely that -- a potential. Counsel for defendants Georgetown and Watson stated at the status conference that she sees no conflict of interest because, under the doctrine of *respondeat superior*, Georgetown ultimately will be liable for any damages assessed against Dr. Watson on any theory, including presumably punitive damages.

The Court ruled at the status conference that counsel for defendants Georgetown and Dr. Watson must engage an independent lawyer to separately advise Dr. Watson as to whether or not there is any sort of a conflict of interest in view of the claims in this case and his testimony at the deposition. If there is any real, apparent or potential conflict, that lawyer must advise Dr. Watson of his right either to waive for all purposes -- pretrial and trial -- any possible conflict of interest or to assert the conflict and obtain separate counsel. The Court also ruled at the status conference that Ms. Zimmet is entitled to separate and independent counsel for purposes of her deposition. Indeed, as plaintiffs' counsel has suggested, it would be wise to depose Ms. Zimmet before seeking the advice of an independent lawyer for Dr. Watson on the issue of a potential conflict, inasmuch as the conflict analysis and the independent lawyer's advice may differ based on what Ms. Zimmet says at her deposition. Once Dr. Watson has obtained an independent lawyer on this matter, defendants' counsel will notify the Court who that person is. Once Dr. Watson has obtained that lawyer's advice, he or she will submit a report to this Court setting forth his or her independent analysis of whether there is or may be a conflict. The report should include an affidavit from Dr. Watson stating whehter he wishes to waive any

such conflict. The Court then will determine whether an evidentiary hearing is required on this issue.

Counsel for defendants asserted at the status conference that she could not conduct or respond to any further discovery while this matter is pending, and further asserted that she believes that the allegation of a conflict prevents her from advising either of her clients in the meantime. Defendants' counsel also stated that she believed discovery had been stayed by Magistrate Judge Kay in the June 12, 2007 telephonic conference in view of the potential conflict issue that she had raised to the Court in her June 5, 2007 letter. Plaintiffs' counsel disputed defendants' counsel's characterization of the telephonic conference or that a stay on discovery was put in place. Magistrate Judge Kay has confirmed to this Court that no such stay was entered, and that discovery continues to go forward, as was evidenced by his June 26, 2007 Memorandum Order on the defendants' pending motion for a protective order.

The Court sees no reason why the deposition of Ms. Zimmet cannot go forward given the posture of the issue and the necessity of obtaining her testimony prior to evaluating the potential conflict that has been raised. According to defendant's counsel, obtaining independent counsel and preparing Ms. Zimmet for her deposition will take approximately two weeks. Plaintiffs' counsel also informed the Court at the status conference that they are anxious to take the depositions of Ms. Zimmet, Dr. Kenneth Bloem, Dr. Leonard Chiazze, and Paul Katz, and to complete Dr. Watson's deposition as soon as possible. This Court is prepared to expedite the depositions of Dr. Watson and Ms. Zimmet. Magistrate Judge Kay has set forth in his Memorandum Order of June 26, 2007 a methodology for dealing with plaintiffs' other deposition requests. Accordingly, it is hereby

3

ORDERED that counsel for defendants Georgetown University Hospital and Dr. Vance Watson shall obtain or assist Dr. Watson in obtaining independent counsel to advise him on the issue of whether a conflict of interest has arisen between his interests and those of defendant Georgetown, or whether there is a possible or potential conflict of interests in view of both his deposition testimony and Sheila Zimmet's forthcoming deposition testimony; it is

FURTHER ORDERED that defendants' counsel shall file a notice with this Court after independent counsel has been obtained for Dr. Watson stating who that counsel is; it is

FURTHER ORDERED that plaintiffs will be permitted to depose Sheila Zimmet, and the parties shall schedule such deposition to take place within the next 30 days; it is

FURTHER ORDERED that after the deposition of Sheila Zimmet, and after consulting with Dr. Watson, Dr. Watson's independent counsel shall file a report with this Court setting forth that counsel's analysis of the conflict or potential conflict issue, accompanied by an affidavit from Dr. Watson stating his decision, if any, to waive or not waive any conflict; and it is

FURTHER ORDERED that discovery in this matter shall go forward, and counsel for both parties shall comply with all discovery deadlines unless they are given leave by the undersigned or Magistrate Judge Kay to extend those deadlines.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 27, 2007

4