UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

## CONSENT MOTION TO REVISE SCHEDULING ORDER

Defendants Georgetown University and Vance E. Watson, M.D. (hereinafter, collectively referred to as "Defendants"), by and through undersigned counsel, move the Court for entry of a revised Scheduling Order, pursuant to Federal Rules of Civil Procedure 6(b) and 16(b). Plaintiffs Felice P. Iacangelo and Cicily Iacangelo (hereinafter, collectively referred to as "Plaintiffs") consent to this motion.

As grounds therefore, Defendants represent as follows:

1. The current deadline for the completion of fact discovery is September 3, 2007.

2. On July 18, 2007, Magistrate Judge Kay issued a Memorandum Order, prohibiting Plaintiffs from deposing Dr. Leonard Chiazze ("Dr. Chiazze") and permitting depositions of Drs. Henry Yeager and Dieter Schellinger ("Dr. Yeager" and "Dr. Schellinger," respectively).

3. On August 15, 2007, Magistrate Judge Kay granted Plaintiffs request to depose Dr. Chiazze as a substitute for deposing Dr. Yeager.

4. Until August 15, 2007, Defendants had prepared to produce Drs. Yeager and Schellinger for deposition. Defendants then had only two weeks to locate Dr. Chiazze (who is no longer employed by defendants) and to prepare him and coordinate dates for his deposition.

5. In those same two weeks, four (4) depositions were already scheduled.

6. Further, Plaintiffs have requested that a fourth deposition of Vance E. Watson, M.D., be scheduled.

7. Additionally, during the August 15, 2007 telephonic hearing, Magistrate Judge Kay ordered that Defendants locate a person or persons who could sign affidavit(s), stating whether certain documents from 1998 and 1999 existed; if they still exist; and whether they could be located to be produced. In the alternative, Defendants are to locate and produce an individual or individuals as a 30(b)(6) witness to testify about Defendants' policies and procedures on certain issues dating back ten (10) years. Further, Mr. Paul Kerris, the husband of the incapacitated Karyn Kerris on whose behalf this suit was originally brought, was deposed on August 22, 2007 – after his original July 26, 2007 deposition was cancelled, and he identified one of Karyn Kerris's friends, Susan Wong, who may have relevant information about Ms. Kerris's medical care and treatment. Defendants have also requested contact information for Monique Mitchell and Anna Iacangelo – a health care worker and co-worker, respectively – now that

Defendants realize that no more knowledgeable deponents are likely to be identified, and are waiting for that information to determine whether those individuals must be deposed.

8. Absent a modification of the scheduling order, Defendants will not be able to provide discovery requested by Plaintiffs as Defendants cannot identify, locate, prepare and produce these witness(es) for deposition and to sign affidavits in the remaining four days of the discovery, where three (3) depositions are already scheduled to take place.

9. Defendants will also not be able to depose individuals, only identified on August 22, 2007 during Paul Kerris's deposition, who have relevant knowledge.

10. Accordingly, the Defendants believe they have shown good cause for a revision of the Scheduling Order to extend fact discovery for thirty (30) days for the **sole purposes** of locating and presenting Dr. Chiazze for deposition as requested by Plaintiffs, scheduling the completion of the deposition of Dr. Watson, as requested by Plaintiffs, locating individuals who have sufficient knowledge to sign affidavits and/or scheduling a 30(b)(6) deposition regarding practices and procedures in 1998 thru March 1999, as requested by Plaintiffs, scheduling and deposing recently identified Susan Wong, Anna Iacangelo, and/or Monique Mitchell, and serving a subpoena for Ms. Kerris's records on Blue Cross/Blue Shield, whose specialized Authorization for records was only recently executed.

11. The parties agree to request that all subsequent deadlines similarly be extended by thirty (30) days. No other discovery shall take place, absent agreement of the parties or permission of the Court, during the extended period.

12. Plaintiffs have consented to the requested revision of the schedule as follows:

| | |
|---|---|
| Completion of Fact Discovery: | October 3, 2007 |
| Plaintiffs' Disclosure of Retained Experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(B): | October 17, 2007 |
| Defendants' Disclosure of Retained Experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(B): | November 29, 2007 |
| Depositions of each parties' retained experts completed by: | January 14, 2008 |
| Dispositive motion filed on or before: | February 14, 2008 |
| Oppositions to Dispositive motions filed on or before: | March 10, 2008 |
| Replies, if any, filed on or before: | March 24, 2008 |

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: August 27, 2007        By: _/s/ Zoe Scharff_____
Megan E. Hills (D.C. Bar #437340)
Zoe C. Scharff (D.C. Bar #490482)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
mhills@wc.com
zscharff@wc.com

## CERTIFICATE OF SERVICE

Pursuant to United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing was served via electronic filing on the Court's CM/ECF website on the 27th day of August, 2007 on the forgoing:

>Anthony Newman, Esquire
>Ernest McIntosh, Esquire
>Wendy Wyeth, Esquire
>Newman, McIntosh & Hennessy
>7315 Wisconsin Avenue
>Suite 700E
>Bethesda, Maryland 20814

>and

>Andrew Greenwald, Esquire
>Greenwald and Laake
>6404 Ivy Lane
>Suite 440
>Greenbelt, Maryland 20770

>Plaintiffs' Counsel

_____
Zoe C. Scharff