IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br>     Plaintiffs, <br><br>v. <br><br>Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:05CV02086 (PLF/AK) <br> ) <br> ) Judge Paul L. Friedman <br> ) <br> ) Magistrate Judge Alan Kay <br> ) <br> ) <br> ) <br> ) |

**JOINT MOTION AND PROPOSED ORDER RESPECTING CONFIDENTIALITY
OF CERTAIN DISCOVERY MATERIAL**

Plaintiffs Felice I. Iacangelo and Cicily Iacangelo and Defendants Georgetown University and Vance E. Watson, M.D., hereby stipulate that certain discovery material be treated as confidential, and accordingly agree to submit to the terms of the attached Order and respectfully move the Court to enter the attached Order.

SEEN AND AGREED:                                         SEEN AND AGREED:


_____/s/_____                           _____/s/_____
Megan E. Hills, Esquire                                    Anthony Newman, Esquire
Zoe C. Scharff, Esquire                                    Ernest McIntosh, Esquire
Williams & Connolly LLP                                Wendy Wyeth, Esquire
725 12th Street, N.W.                                       Newman, McIntosh & Hennessy
Washington, D.C. 20005                                  7315 Wisconsin Avenue, Suite 700E
On behalf of Defendants                                  Bethesda, Maryland 20814
                                                                        On behalf of Plaintiffs

## **ORDER**

Whereas the parties have stipulated that certain discovery material (which at this time includes only 6 pages of Sheila Zimmet's notes and Insurance Contracts) be treated as confidential, it is hereby ORDERED:

1. **Designation of Discovery Materials as Confidential.** All documents hereafter produced by any party to this litigation or any third-party in the course of discovery herein which are designated as confidential, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all testimony and exhibits provided at or in connection with depositions herein of parties to this litigation or of any third-parties shall be subject to this Order concerning confidential information, as set forth below:

    a. The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL – COVERED BY PROTECTIVE ORDER."

    b. Portions of any depositions shall be deemed confidential if they are designated as such when the deposition is taken or within fifteen days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL – COVERED BY PROTECTIVE ORDER," as described above, shall also be deemed to be designated as "CONFIDENTIAL – COVERED BY PROTECTIVE ORDER."

    c. Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

    d. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

      i. Disclosure may be made to counsel and employees of counsel for the parties who have functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

      ii. Disclosure may be made to the parties and only those employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed; however, they will also be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

      iii. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

      iv. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order and must sign a statement agreeing fully to comply with this Order.

e. Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential, which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

f. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL – COVERED BY PROTECTIVE ORDER" if that word does not already appear.

2. **Dispute of Designation of Material as Confidential.** Should either party, after the appropriate meet and confer, disagree with the designation of any material as confidential, the material shall be produced as "CONFIDENTIAL – COVERED BY PROTECTIVE ORDER," and the party who disputes such designation will file a motion with the Court to lift the designation. Until the Court has resolved the dispute, the material shall be treated as covered by this Confidentiality Order.

3. **Confidential Information Filed with Court.** To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "CONDITIONALLY UNDER SEAL."

4. **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection.

5. **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

SO ORDERED:

Dated: August __, 2007

_____
The Honorable Alan Kay,
United States District Court Magistrate Judge

Copies to:

Anthony Newman, Esq.
Ernest McIntosh, Esq.
Wendy Wyeth, Esq.
Newman McIntosh & Hennessey
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

Andrew Greenwald, Esq.
Greenwald and Laake

3

6404 Ivy Lane
Suite 440
Greenbelt, Maryland 20770

Attorneys for Plaintiffs Felice I. Iacangelo and Cicily Iacangelo


Megan E. Hills, Esq.
Zoe C. Scharff, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Attorneys for Defendants Georgetown University and Vance E. Watson, M.D.

4

## CERTIFICATE OF SERVICE

Pursuant to United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that on the 28th day of August, 2007, the Joint Motion and Proposed Order Respecting Confidentiality of Certain Discovery Material was served via electronic filing on the Court's CM/ECF website upon the following counsel:

>Anthony Newman, Esquire
>Wendy Wyeth, Esquire
>Newman McIntosh & Hennessy
>7315 Wisconsin Avenue
>Suite 700E
>Bethesda, Maryland 20814
>
>Andrew Greenwald, Esquire
>Greenwald and Laake
>6404 Ivy Lane
>Suite 440
>Greenbelt, Maryland 20770

Plaintiffs' Counsel

_____
Zoe C. Scharff