IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | |
|---|---|
| **FELICE I. IACANGELO,** *et al.* : <br> : <br> : **Civil No. 1:05CV02086** <br> Plaintiffs, : <br> : **Judge Paul L. Friedman** <br> vs. : <br> : **Magistrate Judge Alan Kay** <br> **GEORGETOWN UNIVERSITY**, *et al*. : <br> : <br> Defendants. : | |

## PLAINTIFFS' MOTION TO RE-DEPOSE SHEILA COHEN ZIMMET

COME NOW, the Plaintiffs, by and through their undersigned counsel, and move for an Order permitting the Plaintiffs to re-depose Sheila Cohen Zimmet for purposes of taking testimony on questions that were previously unanswered due to an alleged assertion of privilege, and state as follows:

I.  INTRODUCTION AND FACTUAL BACKGROUND

On July 23, 2007, Plaintiffs deposed Sheila Cohen Zimmet, who is currently employed as the Associate Vice President for Regulatory Affairs at Georgetown University. Ms. Zimmet was, at the times relevant to the facts underlying this litigation, Senior Associate Medical Center Counsel.

At her deposition, defense counsel, Ms. Hills, acted as Ms. Zimmet's counsel despite this Court's Order that she not do so. The Court stated both on the record and in its written Order that Ms. Zimmet was to have *separate*, independent counsel. Specifically, the Court's June 27, 2007 Order (Paper No. 49) states in part, "[t]he Court also ruled at the status conference that Ms. Zimmet is entitled to *separate* and

independent counsel for purposes of her deposition." (Emphasis supplied).  The Court's Order is consistent with the Court's comments at the June 26th status hearing, where the Court stated to defense counsel, "and why don't you get Sheila Zimmet a lawyer and let's go forward with her deposition.  I'm ruling that you cannot represent Sheila Zimmet at her deposition."  *See* June 26, 2007 hearing transcript at p. 12, lines 1-4, attached as Exhibit 1.

      Notwithstanding that Order, defense counsel asserted multiple objections at Ms. Zimmet's July 23rd deposition based on the attorney-client privilege.  *See* Zimmet deposition transcript, attached in its entirety as Exhibit 2.

```
           Q.   Did that general medical advice
 4    include the decision as to whether certain
 5    devices could be used at the institution?
 6           MS. HILLS:  Objection.
 7           I instruct you not to answer.
 8    Attorney-client privilege on behalf of the
 9    corporation.
10             BY MR. NEWMAN:
11       Q.   Now, Ms. Zimmet, I understood that
12    you waived the right to counsel.  Do you
13    understand that you are not bound by this
14    counsel if you wish to answer that question,
15    assuming that the court intended you to have
16    private counsel?
17       A.   I claim the privilege.
```
Tr. p. 15

```
13       Q.   Ms. Zimmet, to your recollection,
14    so, again, it saves us a lot of time and
15    effort, did you do any kind of even legal
16    research involving Histoacryl or Lipiodol at
17    any time prior to my involvement in this case?
18           MS. HILLS:  Objection.  I instruct
19    you not to answer in terms of your work
20    product doctrine privilege, and also the
21    attorney-client privilege on behalf of the
22    corporation.
```

P21
1          THE WITNESS:  I assert the
2    privilege.

Tr. p. 20.

11     Q.   If there was a question that came
12   to the legal department or to you in the IRB
13   capacity about a device, and let's be
14   specific, about an adulterated device that was
15   going to be used at your institution, who
16   would be the one who would do the research,
17   determine if it could be used, or produce any
18   documents regarding that subject?
19          MS. HILLS:  Objection.  Again,
20   because it was directed as a question that was
21   presented to the legal office, to the extent
22   this invades attorney-client privilege or a
1    work-product doctrine privilege, I instruct
2    you not to answer.  However, if you can answer
3    the question outside of those parameters, you
4    may answer.
5          I also lodge the objection that it
6    assumes facts not in evidence.
7          THE WITNESS:  To the extent you
8    are asking a question about an issue coming to
9    the legal office and someone making a
10   determination that a legal question or problem
11   exists that requires to be researched,
12   investigated, I am going to claim the
13   privilege on it.

Tr. pp.22-23

1     Q.   That's fair enough.  Did you do
2    any investigation beyond what Dr. Watson was
3    doing beyond him coming in and saying do I
4    need to go through the IRB for this device?
5     A.   I am going to claim a privilege
6    with respect to any activity subsequent to my
7    conversation with Dr. Watson.
8     Q.   Let me ask you this.  In the
9    normal course of business would you, in fact,
10   as a lawyer, not simply take the doctor's word
11   that he was only doing -- treating patients,
12   but you would have to do some kind of

```
13   independent investigation to determine if that
14   was true before you could simply say no IRB?
15         MS. HILLS:  Objection.
16         I instruct you not to answer
17   insofar as the question is premised on the
18   fact that you, as a lawyer, and you have a
19   privilege to your client, the corporation, as
20   well as your own work-product doctrine
21   privilege.
22         THE WITNESS:  I am claiming
 1   privilege.
```

Tr. pp. 54-55.

```
 1         BY MR. NEWMAN:
 2      Q.   Did you discuss the issue of the
 3   embolization devices used by Dr. Watson, be
 4   they referred to as blue, n-BCA, Histoacryl,
 5   Lipiodol, with any other individuals at the
 6   hospital besides Dr. Watson, who we discussed?
 7         MS. HILLS:  I instruct you not to
 8   answer to the extent that it invades the
 9   attorney-client communication and -- the
10   attorney-client communication.  To the extent
11   you can answer -- also, because it is
12   overbroad, and no time frame is attached to
13   it, you need to keep that in mind.
14         BY MR. NEWMAN:
15      Q.   Besides Dr. Watson, with the same
16   objections.
17      A.   I am declining to answer the
18   question as to whether there were or were not
19   any such conversations.
20      Q.   Is it your opinion that it is
21   privileged to give the name of the individual?
22      A.   Yes.
```

Tr. p. 129.

But Ms. Zimmet waived the attorney-client privilege with Georgetown when she testified that she told Dr. Watson that he could used unapproved, adulterated devices without IRB approval and expressly recognized in her deposition that she waived the privilege as to that conversation.

```
21    Q.  No.  Just are you aware of that?
22    A.  I don't have specific information.
00072
 1    To the extent this information goes beyond my
 2    conversation with Dr. Watson, for which there
 3    would be a waiver, I am not going to respond
 4    to it.  But I will tell you, I don't have any
 5    specific information.  My information was that
 6    it was readily gotten through.
```

Tr. pp. 71-72 (emphasis supplied).

Though she testified regarding her conversations with Dr. Watson throughout her deposition and expressly recognized the waiver with respect to those conversations, defense counsel still instructed Ms. Zimmet to refuse to answer Plaintiffs' follow-up questions on the same subject matter. Ms. Zimmet took that instruction and claimed the privilege.

This Court should now find that there has been a subject-matter waiver of the attorney-client privilege, and that Plaintiffs may now re-depose Ms. Zimmet to obtain answers to their follow-up questions.

## II.    LEGAL ANALYSIS

In *Mineba Co., Ltd.. v. Papst*, 355 F. Supp. 2d 518 (D. D.C. 2005), this Court (Friedman, J.) stated,

> Under the doctrine of "implied" or "at issue" waiver, "the attorney-client privilege is waived when the client places otherwise privileged matters in controversy." *Ideal Electronic Security Co. v. International Fidelity Insurance Co.,* 129 F.3d 143, 151 (D.C.Cir.1997). **The purpose of the implied waiver doctrine is to prevent "an abuse of the privilege," that is, to prevent the confidentiality protected by the privilege from being used "as a tool for manipulation of the truth-seeking process.... [A party asserting privilege] cannot be allowed, after disclosing as much as [it] pleases, to withhold the remainder**." *In re Sealed Case,* 676 F.2d 793, 807 (D.C.Cir.1982). "This is particularly true where ... a

> party partially discloses the allegedly privileged information in support of its claim against another, but then asserts the privilege as a basis for withholding from its opponent the remainder of the information which is necessary to defend against the claim." *Ideal Electronic Security Co. v. International Fidelity Insurance Co.,* 129 F.3d at 151; *see also United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.1991) (a party "may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.").

(Emphasis supplied). Moreover,

> [t]his "implied waiver" or "subject matter waiver" rule arises out of the concern that a party will selectively disclose documents to obtain a tactical advantage. As the D.C. Circuit has explained:
>
> When a party reveals part of a privileged communication in order to gain an advantage in litigation, it waives the privilege as to all other communications relating to the same subject matter because the privilege of secret consultation is intended only as an incidental means of defense and not as an independent means of attack, and to use it in the latter character is to abandon it in the former.

*Bowles v. National Ass'n of Home Builders*, 224 F.R.D. 246, 257 (D. D.C. 2004) (citation omitted).

This is precisely what occurred here. Ms. Zimmet disclosed her conversations with Dr. Watson but then refused to answer natural follow-up questions regarding the same subject matter. Further, Plaintiffs received, contemporaneously with the filing of this motion, six pages of Ms. Zimmet's notes, stamped as confidential, regarding her conversations with Dr. Watson. These notes are unclear at best and raise several issues regarding her prior deposition testimony. As such, the Plaintiffs are entitled to re-depose her on such matters.

### III.   CONCLUSION

This Court should issue an Order permitting the Plaintiffs to re-depose Sheila Cohen Zimmet and should find that she has waived the attorney-client privilege as to the subject matter testified to in her deposition.

        Respectfully submitted,

By:    /s/ Anthony G. Newman
        Anthony G. Newman
        NEWMAN, MCINTOSH & HENNESSEY, LLP
        7315 Wisconsin Ave., Suite 700E
        Bethesda, MD 20814
        (301) 654-3400

        /s/ Andrew E. Greenwald
        Andrew E. Greenwald
        JOSEPH, GREENWALD & LAAKE, P.A.
        6404 Ivy Lane, Suite 400
        Greenbelt, MD 20770
        (301) 220-2200

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to the United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing Reply was served via electronic filing on the Court's CM/ECF website on August 29, 2007 to:

Megan Hills, Esq.
Nicolas Muzin, Esq.
Zoe C. Scharff, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005

        /s/ Anthony G. Newman
        Anthony Newman

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

*Civil Division*

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br>Plaintiffs, <br><br>vs. <br><br>GEORGETOWN UNIV. HOSPITAL, *et al.* <br><br>Defendants. | **Civil No. 05-2086** <br><br>**Judge Paul L. Friedman** <br><br>**Magistrate Judge Alan Kay** |

### ORDER

Upon consideration of the Plaintiffs' Motion to Re-Depose Sheila Cohen Zimmet, and any Opposition thereto, good cause having been shown, it is this __ day of _____ 2007, by the United States District Court for the District of Columbia,

**ORDERED**, that the Plaintiffs' Motion to Re-Depose Sheila Cohen Zimmet be and hereby is **GRANTED**; and it is further

**ORDERED**, that the Plaintiffs may re-depose Sheila Cohen Zimmet within 30 days of the date of this Order as to the questions previously unanswered due to an assertion of privilege, and any reasonable follow-up questions.

_____
Hon. Paul L. Friedman
U.S. District Court Judge

<u>Copies to</u>:

Anthony Newman
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814

Andrew E. Greenwald
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

Megan Hills, Esq.
Nicolas Muzin, Esq.
Zoe C. Scharff, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005