**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
*Civil Division*

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS,               Plaintiffs, vs. GEORGETOWN UNIV. HOSPITAL, *et al*.               Defendants. | **Civil No. 05-2086** <br><br> **Judge Paul L. Friedman** <br><br> **Magistrate Judge Alan Kay** |

**PLAINTIFFS' MOTION FOR *IN CAMERA* INSPECTION OF DOCUMENTS IDENTIFIED ON DEFENDANTS' PRIVILEGE LOG**

COME NOW, the Plaintiffs, by and through their undersigned counsel, and respectfully request that this Honorable Court conduct an *in camera* inspection of the documents identified on the Defendants' privilege log, and state as follows:

**I.      INTRODUCTION**

Defendants produced a privilege log that includes a number of documents related to the Institutional Review Board, its Chairperson, its Executive Officer, and various physicians. The purported basis for withholding the documents is, in part, D.C. Code § 44-805. But for the reasons that follow, at a minimum, this Court should conduct an *in camera* inspection of the allegedly privileged documents to determine whether Plaintiffs are entitled to their disclosure under subsection (b) of the statute.

## II.     LEGAL ANALYSIS

D.C. Code § 44-805 provides, in relevant part:

**§ 44-805. Use of peer review reports, records, or statements in judicial and administrative proceedings.**

(a) Except as otherwise provided by this section:

(1) The files, records, findings, opinions, recommendations, evaluations, and reports of a peer review body, information provided to or obtained by a peer review body, the identity of persons providing information to a peer review body, and reports or information provided pursuant to § 44-802 or federal or other District of Columbia law shall be confidential and shall be neither discoverable nor admissible into evidence in any civil, criminal, legislative, or administrative proceeding. Nothing in this paragraph shall preclude use of reports or information provided under § 44-802 or federal or other District of Columbia law by a board regulating a health profession or the Mayor in proceedings by the board or the Mayor.
(2) No person who participated in the proceedings of or provided information to a peer review body shall be compelled to testify or give discovery in any civil, criminal, legislative, or administrative proceeding relating to any matter presented or discussed at those proceedings, or any information provided to or obtained by any reports, records, opinion, evaluation, finding, or recommendation of the body or its members.

**(b) Notwithstanding subsection (a) of this section, primary health records and other information, documents, or records available from original sources shall not be deemed nondiscoverable or inadmissible merely because they are a part of the files, records, or reports of a peer review body.**

(Emphasis supplied).

Defendants produced a privilege log containing various letters, unidentified submissions, memoranda and notes.  *See* Exhibit 1 (privilege log).  But the documents must be inspected *in camera* to determine whether they fall within the scope of subsection (b) and are thus discoverable.  Plaintiffs are entitled to this Court's review of the allegedly privileged documents to determine whether such documents fall within subsection (b), and, in addition, if they do, whether such documents are relevant to this

litigation, *i.e.*, whether they relate to the device at issue or related devices that would undergo a similar IRB process.

But Plaintiffs need not rely upon the Defendants' unilateral determination that the documents that they identified are protected from disclosure. Any documents that refer to facts and opinions "contained in materials existing outside the scope of the peer review process" may well be discoverable. *See Jackson v. Scott*, 667 A.2d 1365 (D.C. 1995) (interpreting the subject statute). As such, *in camera* inspection is appropriate here.

In addition, peer review is just that – review of a process or procedure that has occurred. Many of the documents in the privilege log refer to documents that are not part of any peer review process – i.e. submissions to the IRB, which would not be review of a process or procedure.[1]

### III.    CONCLUSION

Plaintiffs request that this Honorable Court conduct an *in camera* review of the documents identified on Defendants' privilege log to determine whether any of the identified documents fall within the purview of D.C. Code § 44-805(b) and are thus discoverable.

Respectfully submitted,

By:    /s/ Anthony G. Newman
Anthony G. Newman
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814
(301) 654-3400

---

[1] Plaintiffs' counsel learned from Defense counsel that two of the items listed in the privilege log relating to a Dr. Monsien involve Avacryl and, according to Defense counsel are, therefore, not related to Histoacryl. However, Plaintiffs note that Avacryl is also an n-bca with the same chemical structure as Histoacryl. Therefore, any references to Avacryl are relevant as they are the same substance as Histoacryl but for the brand name.

      /s/ Andrew E. Greenwald
Andrew E. Greenwald
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200

*Counsel for Plaintiffs*


**CERTIFICATE OF SERVICE**

      Pursuant to the United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing Reply was served via electronic filing on the Court's CM/ECF website on August 29, 2007 to:

Megan Hills, Esq.
Nicolas Muzin, Esq.
Zoe C. Scharff, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005


      /s/ Anthony G. Newman
Anthony Newman

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
*Civil Division*

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, : <br> As Guardian of the Person and Property of : <br> KARYN A. KERRIS, : <br>                                  : <br>            Plaintiffs,    : <br>                                  : <br> vs.                                 : <br>                                  : <br> GEORGETOWN UNIV. HOSPITAL, *et al.* : <br>                                  : <br>            Defendants.   : | **Civil No. 05-2086** <br><br> **Judge Paul L. Friedman** <br><br> **Magistrate Judge Alan Kay** |

**ORDER**

Upon consideration of the Plaintiffs' Motion for *In Camera* Inspection of Documents Identified on Defendants' Privilege Log, and any Opposition thereto, good cause having been shown, it is this ___ day of _____ 2007, by the United States District Court for the District of Columbia,

**ORDERED**, that the Plaintiffs' Motion for *In Camera* Inspection of Documents Identified on Defendants' Privilege Log be and hereby is **GRANTED**; and it is further

**ORDERED**, that the Court will conduct an *in camera* inspection of the documents identified in Defendants' privilege log to determine whether such documents are discoverable and relevant.

                                                             _____
                                                             Hon. Paul L. Friedman
                                                             U.S. District Court Judge

<u>Copies to</u>:

Anthony Newman
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814

Andrew E. Greenwald
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

Megan Hills, Esq.
Nicolas Muzin, Esq.
Zoe C. Scharff, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005