UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, ) <br> As Guardian of the Person and Property of ) <br> KARYN A. KERRIS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Georgetown University Hospital, ) <br> GEORGETOWN UNIVERSITY, t/a ) <br> Georgetown University, and ) <br> VANCE E. WATSON, M.D., ) <br> ) <br> Defendants. ) <br> ) | Civ. Act. No. 1:05CV02086 (PLF) (AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

DEFENDANTS'[1] MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
PREVIOUSLY REQUESTED MATERIAL FROM PLAINTIFFS[2]
AND FOR FED. R. CIV. P. 37 ATTORNEYS' FEES

Defendants, by and through undersigned attorneys, hereby move to compel transcripts of testimony regarding embolic substances and their use in embolizations, previously requested from Plaintiffs in **six separate pleadings**.[3] Plaintiffs lodged no formal objections to these six requests (thereby waiving any objection), other than refusing to provide the transcripts. Further, Plaintiffs' counsel has already stated that the requested material is in his possession by

---

[1] "Defendants" means Defendant Georgetown University (individually referred to as "GU") and Defendant Vance E. Watson, M.D. (individually referred to as "Dr. Watson").

[2] "Plaintiffs" means Plaintiff Felice P. Iacangelo and Plaintiff Cicily Iacangelo.

[3] Defendants' Requests for Production of Documents, Defendants' Interrogatory Requests to Plaintiff Felice Iacangelo, Defendants' Notice of Deposition and Subpoena *Duces Tecum* to Plaintiff Felice P. Iacangelo, Defendants' Notice of Deposition and Subpoena *Duces Tecum* to Plaintiff Cicily Iacangelo, and Defendants' Notice of Deposition and Subpoena *Duces Tecum* to Paul Kerris, and Defendants' Amended Notice of Deposition and Subpoena *Duces Tecum* to Paul Kerris, attached hereto as Exs. 1-6, respectively.

referring to it during the deposition of Defendant Dr. Watson[4] and by stating on the telephone to Zoe C. Scharff that a basis for his refusal to turn over the transcript was that he did not want to look for the transcript unless he were compelled to do so by a court order. Ex. 8, Affidavit of Zoe C. Scharff. Pursuant to Fed. R. Civ. P.[5] 37, therefore, Defendants respectfully move to compel the production of these transcripts regarding embolic substances and/or their use in embolization as material properly requested and improperly withheld with no formal objection lodged.

### Prior Requests for Deposition Transcripts

- **Defendants' Notice of Deposition and Subpoena *Duce Tecum* Requests to Plaintiff Cicily Iacangelo, served July 14, 2007, No. 20, served July 14, 2007,** attached as Ex. 4:

**Subpoena *Duces Tecum* Request No. 20 to Plaintiff Cicily Iacangelo:** "All deposition transcripts, court transcripts relating to AVMs and/or embolizations and/or material/substances used in embolizations in Cicily Iacangelo's possession, custody or control (including documents within her attorneys' possession, custody or control, *see Ringling Brothers, supra*, 233 F.R.D. 209[6])."

- **Defendants' Notice of Deposition and Subpoena *Duce Tecum* Request to Plaintiff Felice Iacangelo, served July 14, 2006 No. 20**, attached as Ex. 3:

**Subpoena *Duces Tecum* Request No. 20 to Plaintiff Felice Iacangelo:** "All deposition transcripts, court transcripts relating to AVMs and/or embolizations and/or material/substances used in embolizations in Felice I. Iacangelo's possession, custody or control (including documents within his attorneys' possession, custody or control, *see Ringling Brothers, supra*, 233 F.R.D. 209)."

- **Defendants' Notice of Deposition and Subpoena *Duce Tecum* Request to Paul Kerris, served July 14, 2007, No. 19**, attached as Ex. 5:

---

[4] *See* Deposition of Vance E. Watson, M.D., 5/31/07, at 260:3-262:20 (attached hereto as Ex. 7).

[5] "Fed. R. Civ. P." means Federal Rule of Civil Procedure.

[6] The full citation of the case is *American Society For Prevention of Cruelty to Animals v. Ringling Brothers & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006).

**Subpoena *Duces Tecum* Request No. 19 to Paul Kerris:** "All deposition transcripts, court transcripts relating to AVMs and/or embolizations and/or material/substances used in embolizations in Paul Kerris's possession, custody or control (including documents within his attorneys' possession, custody or control, *see Ringling Brothers, supra,* 233 F.R.D. 209)."

- **Defendants' Amended Notice of Deposition and Subpoena *Duce Tecum* Request to Paul Kerris,[7] served August 13, 2007, No. 19**, attached as Ex. 6:

**Subpoena *Duces Tecum* Request No. 19 to Paul Kerris:** "All deposition transcripts, court transcripts relating to AVMs and/or embolizations and/or material/substances used in embolizations in Paul Kerris's possession, custody or control."

- **Defendants' Request for Documents to Plaintiff Felice Iacangelo, served May 18 , 2007, No. 9**, attached as Exhibit 1:

**Defendants' Request for Documents No. 9 to Felice Iacangelo:** "All documents containing or describing written or oral statements made by you, Defendants, or any other person relating to the matters set forth in the Complaint."

- **Defendants' Interrogatory Requests to Plaintiff Felice Iacangelo, served May 18, 2007, No. 19**, attached as Exhibit 2:

**Defendants' Interrogatory Requests to Plaintiff Felice Iacangelo No. 19:** "Identify all persons not previously identified by you in your responses to these interrogatories who have knowledge of facts relating to the matters set forth in the Amended Complaint, describing in detail the exact nature of their knowledge."

- **Defendants' Interrogatory Requests to Plaintiff Felice Iacangelo, served May 18, 2007, No. 20**, attached as Exhibit 2:

**Defendants' Interrogatory Requests to Plaintiff Felice Iacangelo No. 20:** "Identify any documents, which have information relating to or which were relied upon in responding to these Interrogatories."

## ARGUMENT

Defendants' properly asked Plaintiffs to produce transcript(s) relating to embolizations and/or embolic substances in six separate discovery pleadings. *See* Exs. 1-6.

Even after providing case law supporting the production of the transcript(s), *see* Letter from

---

[7] The original deposition date of July 26, 2007 was canceled by Plaintiffs.

3

Defendants to Plaintiffs' Counsel (Aug. 3, 2007), attached as Ex. 10, Plaintiffs' argument for withholding the document(s) was that Plaintiffs' counsel felt that he had not sufficiently questioned Dr. Watson regarding the other lawsuit to establish its relevance. **However,** Plaintiffs' counsel has never addressed Defendants' contention that this information is relevant or reasonably likely to lead to admissible evidence, regardless of whether Plaintiffs' questions about it rose – in his mind – to some level of materiality. Instead, he simply refused to produce this discovery and never objected to the production of transcripts that are now known to exist (as he is obligated to do when withholding documents responsive to a document request). Moreover, Newman subsequently stated the additional basis for refusal to produce the transcript was that he did not know where it was and did not want to look for it. Ex. 8 (Scharff Affidavit).

Defense counsel repeatedly tried to explain to Mr. Newman that the transcripts' relevance is not solely based in whether he is using them enough to make them relevant. Defendants believe that the material is relevant, regardless of whether it is used in a deposition (and, in fact, it was first requested, *see* Exs. 1 and 2, prior to any use in a deposition). Plaintiffs' referral to them to the Court and during a deposition just further confirms that relevance. It is particularly difficult to understand how Plaintiffs can contend that these transcripts are not relevant when Plaintiffs' counsel actually questioned Defendant Dr. Vance Watson about them. He has also made references repeatedly to this "other lawsuit" in argument and deposition; and yet has shut Defendants out of discovery about it. On June 26, 2007 before Judge Friedman, Plaintiffs' counsel stated "By the way, that did happen in another case where the doctor basically ordered the glue on his own, the procedure was called an embolization." Ex. 9, June 26 Tr. at 18. Plaintiffs' repeated mention of – and argument based on – this other litigation has made it relevant. It is profoundly unfair for Plaintiffs to both rely on and then withhold documents –

4

particularly when the standard for discovery is "reasonably calculated to lead to admissible evidence."

As this Court has found, the "defendant is entitled to any information that would support such claims by plaintiff or enable it to defend against such claims, as long as that information is not privileged or otherwise excepted from Rule 26(b)(1)." *Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005). One of Plaintiffs' claims is that the embolic substance used in the embolization procedures of Karyn Kerris was not fit for that intended purpose and that its use in the treatment of Mrs. Kerris was, in fact, "illegal.". Testimony regarding embolic substances and/or embolization is both reasonably calculated to lead to admissible evidence and relevant. Rule 26 entitles a party to discover information if the information sought appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Transcripts of testimony are not privileged. A party may discover information that is not privileged and "is relevant to the claim or defense of any party." *Id.*; *Krieger v. Fadely*, 199 F.R.D. 10, 13 (D.D.C.2001). Relevance for discovery purposes is broadly construed. *See, e.g., Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D.D.C. 2005) (citing *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997); *Smith v. Schlesinger*, 513 F.2d 462, 473 n. 37 (D.C.Cir.1975)).

Plaintiffs may not withhold these transcripts, which Plaintiffs have demonstrated are relevant, as well as reasonably calculated to lead to admissible evidence, solely on the basis that Plaintiffs do not wish to search for them, or on the basis that they are in the possession of Plaintiffs' counsel, not Plaintiffs individually. If Plaintiffs' counsel has or has access to the transcripts, they must be produced. Fed. R. Civ. P. 34, which governs the production of

documents during discovery, permits any party to request the production of documents within the scope of Rule 26(b) and in the "possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). The clear rule is that documents in the possession of a party's *current or former* counsel are deemed to be within that party's "possession, custody and control." *See, e.g., Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, No. 90 Civ. 5593, 1994 WL 419830, at *6 (S.D.N.Y. Aug. 10, 1994) (finding that party had right of access to documents in possession of former counsel); *Wardrip v. Hart,* 934 F. Supp. 1282, 1286 (D. Kan. 1996) (holding that "[f]inancial records of the defendant in the possession of defendants' accountant are documents which defendant has the legal right to obtain"). Specifically, control is defined as "the legal right, authority, or ability to obtain upon demand documents in the possession of another." *Florentia Contracting Corp. v. RTC,* No. 92 Civ. 1188, 1993 WL 127187, at *3 (S.D.N.Y. Apr. 22, 1993); *see also Alexander v. FBI,* 198 F.R.D. 306, 312 (D.D.C. 2000); *Tavoulareas v. Piro,* 93 F.R.D. 11, 20 (D.D.C. 1981). Because a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control. *See, e.g., Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 501 (D. Md. 2000) (ordering both the production of materials within plaintiffs' counsel's possession regarding other litigation and financial sanctions imposed for failure to produce); *Poppino v. Jones Store Co.,* 1 F.R.D. 215, 219 (W.D. Mo. 1940) ("It is quite true that if an attorney for a party comes into possession of a document as attorney for that party his possession of the documents is the possession of the party." (emphasis omitted))." *Ringling Brothers,* 233 F.R.D. at 212; *see also McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP,* --- F.R.D. ----, No. 05-2401, 2007 WL 1880305 (D.D.C. June 29, 2007).

When documents from other litigations are requested, they are ordered produced when requested and within the control of plaintiffs' counsel. *See Poole*, 192 F.R.D. at 501.

Therefore, in addition to the production of the transcript(s) and any other relevant material by Plaintiffs, pursuant to Fed. Civ. P. 37(a)(4)(A), Defendants move for the reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(4)(A) provides: "If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . .".

## CONCLUSION

**WHEREFORE,** Defendants respectfully move to compel Plaintiffs to produce all transcripts of testimony regarding embolic substances and/or embolizations, previously requested, and to pay the reasonable expenses incurred in making the motion, including attorneys' fees.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated:  September 6, 2007          By:  /s/ Zoe Scharff
                                        Megan E. Hills (D.C. Bar # 437340)
                                        Zoe C. Scharff (D.C. Bar # 490482)

                                        725 Twelfth Street, N.W.
                                        Washington, D.C. 20005
                                        (202) 434-5000
                                        (202) 434-5029 (fax)
                                        mhills@wc.com
                                        zscharff@wc.com