UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Felice I. Iacangelo and Cicily Iacangelo,<br>As Guardian of the Person and Property of<br>KARYN A. KERRIS,<br><br>        Plaintiffs,<br><br>v.<br><br>Georgetown University Hospital,<br>GEORGETOWN UNIVERSITY, t/a<br>Georgetown University, and<br>VANCE E. WATSON, M.D.,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:05CV02086<br><br>Judge Paul L. Friedman |

DEFENDANT GEORGETOWN UNIVERSITY'S
FIRST REQUEST TO PLAINTIFF FELICE I. IACANGELO
FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."),

Defendant Georgetown University ("GU") requests that Plaintiff Felice I. Iacangelo ("Plaintiff")

produce for inspection and copying each item listed below that is within her possession, custody

or control or her attorneys, agents, employees, physicians, therapists, nurses, family members, or

representatives, including but not limited to, documents that Plaintiff has the legal right or ability

to obtain from sources under her control. Defendant GU requests that the items specified below

be produced for inspection and copying at the offices of Williams & Connolly, 725 12th Street,

N.W., Washington, D.C. 20005, within 30 days of service of this Request.

I. DEFINITIONS

      1.      The term "Georgetown" means its President and Directors of Georgetown

College, Georgetown University Medical Center, and Georgetown University Hospital, and their

agents, representatives, employees, physicians, nurses, staff, and successors.

2.    The term "Defendant" means Georgetown University and/or GU.

3.    The terms "Vance Watson" or "Dr. Watson" means Vance E. Watson, M.D.

4.    The term **Defendants** refers collectively to Georgetown University and Vance E. Watson (and/or any of the nomenclature set out for the individual defendants in paragraphs 1-3 above).

5.    The term **Plaintiffs** refers collectively to Felice I. Iacangelo and Cicily Iacangelo.

6.    The pronouns **"you," "your," "yours,"** and **"yourself"** and **"Plaintiff"** refer to the Felice I. Iacangelo named herein and, as Plaintiff is acting as a representative on behalf of Karyn Kerris, then these pronouns refer to Karyn Kerris as well and includes Plaintiff's agents, attorneys, and/or representatives.

7.    The term **"your daughter"** refers to Karyn A. Kerris or "Ms. Kerris" and her agents, attorneys, representatives, and/or guardians and vice-versus.

8.    The term "**Amended Complaint**" means the Complaint filed on your behalf on or about February 14, 2006 and captioned *Felice I. Iacangelo and Cicily Iacangelo, as Guardian of the Person and Property of Karyn A. Kerris, and Paul Kerris v. Georgetown University and Vance E. Watson, M.D., Case No. 1:05CV02086.*

9.    "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34, and the term includes all non-identical copies of any writing or record or any type, all files and data in electronic form, and any other items whatsoever containing writings, drawings, electronic data recording (including electronic

documents and mail), sound recordings, pictures, or images, however created and/or produced and whatever the medium on which it was produced or reproduced, and includes, without limitation, the original and any non-identical copy (whether different from the original because of handwritten notes or underlying on the copy or otherwise) and all drafts of papers, letters, telegrams, telexes, notes, notations, memoranda of conversations or meeting, calendars, diaries, minutes of meetings, interoffice communications, electronic mail, message slips, notebooks, agreements, reports, articles, books, tables, charts, schedules, memoranda, medical records, x-rays, advertisements, pictures, photographs, films, accounting books or records, billings, credit card records, electrical or magnetic recordings or tapes, or any other writings, recordings, or pictures of any kind of description.

10.     As used herein, a document "**relating to**" a given subject matter means a document that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments upon, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter.

11.     The term "**communications**" means all occasions on which information was conveyed from one person to another and/or others by any manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally, by document, or by electronic means, and whether face-to-face, in person, by telephone, telecopy, mail, delivery service, personal delivery, electronic mail, or otherwise, and includes correspondence, memoranda, reports and records of telephone calls, reports of meetings, and all accounts or summaries of oral conversations.

12.     As used herein, the term "**person**" shall include, wherever appropriate, not only a natural person but also a corporation, partnership, unincorporated association or other

association of persons.  However, a request for identification of a person having knowledge of facts or custody of a document shall be construed to refer to a natural person.

13.    The terms, "**identify,**" "**identity,**" or "**identification**" require you to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the document request.

14.    Throughout these document requests, including the definition of terms, words used in the masculine gender include the feminine; and words used in the singular include the plural.  Where the word "**or**" appears herein, the meaning intended is the logical inclusion "or" i.e., "and/or."  Where the word "**include**" or "**including**" appears, the meaning intended is "including, but not limited to."

## II. INSTRUCTIONS

1.    Restate each request for production of documents in your written response followed immediately by your response to each request.

2.    These Requests are continuing in character. Pursuant to Fed. R. Civ. P. 34 Plaintiff is required to produce for inspection and copying any documents not previously produced which she may from time to time obtain, locate, identify, or acquire the ability to produce.  These Requests require further and supplemental production if additional documents called for by these Requests are obtained or created by Plaintiff between the time of the Request and trial in this Action.

3.    Documents should be produced as they are kept by Plaintiff in the usual course of business or should be organized and labeled to correspond to requests below.  Copies of all file folders, file labels and other information indicating the source of responsive documents should also be produced.  All documents are to be produced with their original file folders, file

jackets, envelopes, or covers, or an accurate reproduction thereof.

4.    If, in responding to any of these document requests, you encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

5.    Should a claim be made that any requested document is not subject to discovery by reason of privilege or otherwise, Plaintiffs are to describe each such document by date, author(s), addressee(s), recipient(s), title, subject matter, purpose, and present custodian, and set forth the nature of the claimed privilege or other grounds for refusal to produce with sufficient particularity so that the Court can assess the validity of the claim of privilege in a privilege log that accompanies the production of documents.

6.    If any document requested was, but no longer is, in your possession or subject to your control and cannot be produced by you, state for such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances surrounding the disposition of the documents, state the date or approximate date of that disposition, and identify the person who you believe has control of the document.

7.    The definitions and instructions herein are for purposes of facilitating Plaintiff's responses to these discovery requests, and do not constitute definitions for purposes of interpreting any documents that are currently at issue, or may become at issue, in the case.

### III.    DOCUMENTS TO BE PRODUCED

### REQUEST NO. 1:

All documents relating to the medical condition(s) for Karyn A. Kerris ("Ms. Kerris"), in Plaintiff's custody, possession, or control that have not yet been produced.  [Note:  If documents relating to Ms. Kerris's medical condition are not in Plaintiff's and/or her agents' custody or possession, the documents are uniquely in her control.  Please execute the attached Authorization directed at obtaining those documents attached to this document request, duplicating it for as many providers as appropriate.].

### REQUEST NO. 2:

All medical records and all other documents **relating to** the events described in the Amended Complaint, not previously produced by plaintiffs.  [Note:  If documents relating to Ms. Kerris's medical condition are not in Plaintiff's and/or her agents' custody or possession, the documents are uniquely in her control.  Please execute the attached Authorization directed at obtaining these documents attached to this document request, duplicating it for as many providers as appropriate.].

### REQUEST NO. 3:

All documents of any type that **relate to** Karyn A. Kerris' having Turner's syndrome, including but not limited to, records relating to her medical condition, cost, (*e.g.*, billing records, *etc.*), mental health (records relating to counseling, psychological and/or psychiatric treatment, therapy of any type, pastoral counsel, marital counseling, *etc.*), education (*e.g.*, aptitude tests, report cards, correspondence with anyone regarding Ms. Kerris's education,

- 6 -

*etc.*), employment (*e.g.*, personnel file(s), evaluations, job descriptions, *etc.*). . This request includes all calendars, day planners, appointment books, journals, diaries, *etc*, recording meetings, appointments, and/or impressions kept by you or your agents, including Ms. Kerris, **relating to** the above listed topics. [Note: If documents relating to the above list of topics are not in Plaintiff's and/or her agents' custody or possession, the documents are uniquely in her control. Please execute the attached Authorization directed at obtaining these documents attached to this document request, duplicating it for as many individual(s)/entity(ies) as appropriate.].

**REQUEST NO. 4:**

       All documents **relating to** or evidencing Plaintiff's employment an/or attempts to obtain employment since 1990, including but not limited to,  personnel file(s), evaluations, job descriptions, job responsibilities, applications, request(s) for leave, pay receipts or stubs, W-2 forms, all calendars, day planners, appointment books, journals, diaries, *etc*, recording meetings, appointments, and/or impressions kept by you or your agents, including Ms. Kerris, and federal, state, and local tax returns filed by Plaintiff and/or on her behalf, from 1990 to the present.  . [Note: If documents relating to the above topics are not in Plaintiff's and/or her agents' custody or possession, the documents are uniquely in her control. Please execute the attached Authorization directed at obtaining these documents attached to this document request, duplicating it for as many individual(s)/entity(ies) as appropriate.].

**REQUEST NO. 5:**

       All documents **relating to** Karyn A. Kerris' participation and/or involvement in  a

National Institute of Hearth ("NIIH") study and/or studies and/or participation and/or involvement in a study and/or studies conducted by any other entity(ies) and/or individual(s). [Note: If documents relating to the above topics are not in Plaintiff's and/or her agents' custody or possession, the documents are uniquely in her control. Please execute the attached Authorization directed at obtaining these documents attached to this document request, duplicating it for as many individual(s)/entity(ies) as appropriate.].

**REQUEST NO. 6:**

All documents **relating to** the affidavit executed by William Damaska on March 14, 2006 and submitted to the Court on March 20, 2006 as evidence as Exhibit 4 to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, including but not limited to, all documents relied upon by Mr. Damaska **related to** his affidavit, including but not limited to his current *curriculum vitae*, as his affidavit states that he relied upon his experience in reaching his submitted conclusions, all documents provided to Mr. Damaska by Plaintiff and/or Plaintiffs' attorneys **relating to** his affidavit and/or provided by Mr. Damaska **relating to** the subject matter of his affidavit and the subject matter of the Amended Complaint, including, but not limited to all **communications** by, to, among, and/or copied to Mr. Damaska and Plaintiff's attorneys and/or Plaintiff and/or her agents, all documents reviewed and/or shown to Mr. Damaska **related to** his affidavit, including but not limited to, his notes, notes, emails, internet searches, internet sites, internet information, internet material, treatises, medical records, medical reviews, medical articles, and all documents provided to Mr. Damaska by any source **related to** his affidavit. [Note: As Plaintiff has already submitted Mr. Damaska's affidavit to the Court as persuasive evidence, Plaintiff has waived any privilege that might have applied to anything related to Mr.

- 8 -

Damaska's affidavit. When Mr. Damaska's affidavit was submitted to the Court, he was not

designated as an expert, and while he may be so designated, Plaintiff must produce all

documents related to evidence submitted to the Court (*e.g.*, the March 14, 2006 affidavit] and if

designated as an expert, produce any subsequent material stemming from his designation at the

time set by the Court for expert disclosure.]


**REQUEST NO. 7:**

       All documents **relating to** the affidavit executed by Melvin Van Woert, M.D., on

March 15, 2006 and submitted to the Court on March 30, 2006 as evidence as Exhibit 8 to

Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, including but not

limited to, all documents relied upon by Dr. Van Woert **related to** his affidavit, including but not

limited to his current *curriculum vitae*, as his affidavit states that he relied upon his experience in

reaching his submitted conclusions, all documents provided to Dr. Van Woert by Plaintiff and/or

Plaintiffs' attorneys **relating to** his affidavit, and/or provided by Dr. Van Woert **relating to** the

subject matter of his affidavit and the subject matter of the Amended Complaint, including, but

not limited to all **communications** by, to, among, and/or copied to Dr. Van Woert and Plaintiff's

attorneys and/or Plaintiff and/or her agents, all documents reviewed and/or shown to Dr. Van

Woert **related to** his affidavit, including, but not limited to his notes, notes, emails, internet

searches, internet sites, internet material, internet information, treatises, medical records, medical

reviews, medical articles, and all documents provided to Dr. Van Woert by any source **related to**

his affidavit. [Note: As Plaintiff has already submitted Dr. Van Woert's affidavit to the Court as

persuasive evidence, Plaintiff has waived any privilege that might have applied to anything

related to Dr. Van Woert's affidavit. When Dr. Van Woert's affidavit was submitted to the

Court, he was not designated as an expert, and while he may be so designated, Plaintiff must produce all documents related to evidence submitted to the Court (*e.g.*, the March 15, 2006 affidavit] and if designated as an expert, produce any subsequent material stemming from his designation at the time set by the Court for expert disclosure.]

**REQUEST NO. 8:**

All documents **relating to** the affidavit executed by Arthur Kaufman, M.D., on March 13, 2006 and submitted to the Court on March 30, 2006 as evidence as Exhibit 9 to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, including but not limited to, all documents relied upon by Dr. Kaufman **related to** his affidavit, including but not limited to his current *curriculum vitae*, as his affidavit states that he relied upon his experience in reaching his submitted conclusions, all documents provided to Dr. Kaufman by Plaintiff and/or Plaintiffs' attorneys **relating to** his affidavit and the subject matter of the Amended Complaint, including, but not limited to all **communications** by, to, among, and/or copied to Mr. Damaska and Plaintiff's attorneys and/or Plaintiff and/or her agents, all documents reviewed and/or shown to Dr. Kaufman **related to** his affidavit, included but not limited to, his notes, notes, emails, internet information, internet material, internet searches, internet sites, treatises, medical records, medical reviews, medical articles, and all documents provided to Dr. Kaufman by any source **related to** his affidavit. [Note: As Plaintiff has already submitted Dr. Kaufman's affidavit to the Court as persuasive evidence, Plaintiff has waived any privilege that might have applied to anything related to Dr. Kaufman's affidavit. When Dr. Kaufman's affidavit was submitted to the Court, he was not designated as an expert, and while he may be so designated, Plaintiff must produce all documents related to evidence submitted to the Court (*e.g.*, the March 13, 2006

affidavit] and if designated as an expert, produce any subsequent material stemming from his designation at the time set by the Court for expert disclosure.]

## REQUEST NO. 9:

All documents **relating to** the affidavit executed by Robert Kamm on March 15, 2006 and submitted to the Court on March 30, 2006 as evidence as Exhibit 10 to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, including but not limited to, all documents relied upon by Mr. Kamm **related to** his affidavit, including but not limited to his current *curriculum vitae*, as his affidavit states that he relied upon his experience in reaching his submitted conclusions, all documents provided to Mr. Kamm by Plaintiff and/or Plaintiffs' attorneys **relating to** his affidavit, and the subject matter of the Amended Complaint, including, but not limited to all **communications** by, to, among, and/or copied to Mr. Damaska and Plaintiff's attorneys and/or Plaintiff and/or her agents, all documents reviewed and/or shown to Mr. Kamm **related to** his affidavit, including, but not limited to, his notes, notes, emails, internet information, internet material, internet searches, internet sites, treatises, medical records, medical reviews, medical articles, and all documents provided to Mr. Kamm by any source **related to** his affidavit. [Note: As Plaintiff has already submitted Mr. Kamm's affidavit to the Court as persuasive evidence, Plaintiff has waived any privilege that might have applied to anything related to Mr. Kamm's affidavit. When Mr. Kamm's affidavit was submitted to the Court, he was not designated as an expert, and while he may be so designated, Plaintiff must produce all documents related to evidence submitted to the Court (*e.g.*, the March 15, 2006 affidavit] and if designated as an expert, produce any subsequent material stemming from his designation at the time set by the Court for expert disclosure.]

- 11 -

**REQUEST NO. 10:**

All documents **relating to** the Functional Assessment report compiled by Craig

Lichtblau, M.D., dated April 1, 2006 and submitted to the Court on December 6, 2006 as

evidence as Exhibit A to Plaintiffs' Reply in support of their Motion to Compel, including but

not limited to, the full Functional Assessment report, all documents contained in the

"Documentation Section," of the full Functional Assessment as referred to, *inter alia*, on page 2

of his Assessment, all documents relied upon by Dr. Lichtblau **related to** his Assessment,

including but not limited to all documents from Dr. Musselman, Dr. Delaney, Johns Hopkins

Pharmaquip, referred to *inter alia*, on pages 2 and 10 of the Functional Assessment, Dr.

Lichtblau's current *curriculum vitae*, as his Assessment states his titles and he relied upon his

experience in reaching his submitted conclusions, all documents provided to Dr. Lichtblau by

Plaintiff and/or Plaintiffs' attorneys **relating to** his Assessment and the subject matter of the

Amended Complaint, including, but not limited to all **communications** by, to, among, and/or

copied to Dr. Lichtblau and Plaintiff's attorneys and/or Plaintiff and/or her agents, all documents

reviewed and/or shown to Dr. Lichtblau **related to** his Assessment, including, but not limited to,

his notes, notes, emails, medical evaluations, medical records, internet information, internet

material, internet searches, internet sites, treatises, medical records, medical reviews, medical

articles, life planning resources of any kind, and all documents provided to Dr. Lichtblau by any

source **related to** his Assessment. [Note: As Plaintiff has already submitted Dr. Lichtblau's

Assessment to the Court as persuasive evidence, Plaintiff has waived any privilege that might

have applied to anything related to Dr. Lichtblau's Assessment. When Dr. Lichtblau's

Assessment was submitted to the Court, he was not designated as an expert, and while he may be

so designated, Plaintiff must produce all documents related to evidence submitted to the Court

(*e.g.*, the April 1, 2006 Assessment affidavit] and if designated as an expert, produce any

subsequent material stemming from his designation at the time set by the Court for expert

disclosure.]

## REQUEST NO. 11:

All exhibits and demonstrative evidence that you intend to introduce at the

hearing or trial of this case.

## REQUEST NO. 12:

All documents containing or describing written or oral statements made by you,

Defendants, or any other person **relating to** the matters set forth in the Amended Complaint.

## REQUEST NO. 13:

All documents **relating to** the matters set forth in the Amended Complaint,

including, but not limited to, your day planner, appointment book, schedule, diary, journal, and

all documents **relating to** your thoughts, impressions, appointments invoices, bills, receipts,

payments, relating to Ms. Kerris's condition, her care, the impact of her care on you or your

agents, the evolution of Ms. Kerris's condition and level of functioning, progression of Ms.

Kerris's, including, but not limited to emails, internet information, internet material, chat rooms,

internet searches, and/or internet sites..

**REQUEST NO. 14:**

          All documents **related to** Ms. Kerris's medical conditions, including, but not limited to information reviewed and/or collected by you **related to** arteriovenous malformation ("AVM") and/or Turner's syndrome and/or hydrocephalus shunts, including but not limited to your notes, notes, **communications** to any entity(ies)/individual(s), internet searches, internet material (*e.g.*, internet sites, internet searches, internet information, internet material, emails, chat rooms, *etc.*).

**REQUEST NO. 15:**

          All documents, including, but not limited to notes, summaries, emails, articles, **communications**, or other documents relating to the subject matter contained in the Amended Complaint, including but not limited to **communications** with any healthcare provider, relative, friend, acquaintance, physician, nurse, staff member, coworker, employee, or other individual, **relating to** the medical diagnosis, care, treatment, and/or prognosis of  Karyn A. Kerris..

**REQUEST NO. 16:**

          All documents **relating to** and/or concerning the subject matter of the expected testimony of each person whom Plaintiff expects to call at trial as a fact witness.

**REQUEST NO. 17:**

          All documents **relating to** and/or concerning the subject matter of the expected testimony of each person whom Plaintiff expects to call at trial as an expert witness, including

but not limited to those documents used to prepare any expert reports.

**REQUEST NO. 18:**

        All documents itemizing, calculating, setting forth, describing, or otherwise **relating to** the expenses (*e.g.*, damages) and future damages that you contend you have incurred or will incur as the result of  and/or **relating to** the alleged negligence of Defendants.

**REQUEST NO. 19:**

        All correspondence, insurance contracts, agreements, claim forms, medical bills, and all other documents **relating to** compensation, payments, or reimbursement sought or obtained from any source other than Defendants to pay for the care and treatment of your and/or Ms. Kerris's injuries set forth in the Amended Complaint.

**REQUEST NO. 20:**

        All documents **relating to communications** of any kind to, from, with, and/or among between insurance carriers that relate to: Karyn A. Kerris's medical condition from 1990 to the present.

**REQUEST NO. 21:**

        All documents **identified** in your responses to Defendant Georgetown

University's First Set of Interrogatories to Plaintiff.

**REQUEST NO. 22:**

All documents that support or otherwise **relate to** the allegations in the Amended Complaint.

**REQUEST NO. 23:**

All photographs, diagrams, drawings, radiographs, specimens, recordings, test results, or other materials **relating to** the subject matter of this lawsuit.

**REQUEST NO. 24:**

All calendars, diaries, notebooks, journals, diaries, correspondence, log books, notes, or other writings or records of events or documents kept by you or your representatives that contain information relating in any way to any subject matter alleged in the Amended Complaint.

**REQUEST NO. 25:**

All documents, including but not limited to subpoenas, **communications relating to** subpoenas, correspondence, authorizations, power(s) of attorney, *etc.*, **relating to** collecting and/or obtaining documents **related to** the allegations included in the Amended Complaint. *See also* Fed. R. Civ. P. 45(b).

**REQUEST NO. 26:**

        All documents concerning the subject matter of the Action, including but not limited to all documents concerning any claims asserted by Plaintiff in the Complaint.

**REQUEST NO. 27:**

        All documents Plaintiffs intend to rely on at trial.

**REQUEST NO. 28:**

        All documents **relating to** Histoacryl and/or Lipiodol, including, but not limited to package inserts, instructions for use, Federal Food and Drug Administration documents, trade alerts, regulatory documents, *etc.*

**REQUEST NO. 29:**

        Executed (*e.g.* Signed and Dated) medical release(s) for any individual/entity identified in your responses to Defendant Georgetown University's First Set of Interrogatories to Plaintiff. (A blank Authorization is attached to these Requests for your convenience.)

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _Megan E. Hills_

Megan E. Hills (D.C. Bar #437340)
Nicolas D. Muzin (D.C. Bar #500106)

725 Twelfth Street, N.W.
Washington, D.C.  20005
Tel. (202) 434-5000
Fax (202) 434-5029
mhills@wc.com
nmuzin@wc.com

Dated: May 18, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the undersigned caused a copy of the foregoing Defendant

Georgetown University's First Set of Document Requests to Plaintiff Felice I. Iacangelo to be

hand-delivered on this 18th day of May 2007 to:

> Anthony Newman, Esquire
> Newman & McIntosh
> 7315 Wisconsin Avenue
> Suite 700E
> Bethesda, Maryland 20814
>
> and

the undersigned caused a copy of the foregoing Defendant Georgetown University's First Set of

Document Requests to Plaintiff Felice I. Iacangelo to be placed in first-class mail, postage prepaid, on

this 18th day of May 2007 to:

> Andrew Greenwald, Esquire
> Greenwald and Laake
> 6404 Ivy Lane
> Suite 440
> Greenbelt, Maryland 20770
>
> Plaintiffs' Attorneys

Megan E. Hills

- 19 -