UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Felice I. Iacangelo and Cicily Iacangelo,<br>As Guardian of the Person and Property of<br>KARYN A. KERRIS,<br><br>Plaintiffs,<br><br>v.<br><br>Georgetown University Hospital,<br>GEORGETOWN UNIVERSITY, t/a<br>Georgetown University, and<br>VANCE E. WATSON, M.D.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:05CV02086<br><br>Judge Paul L. Friedman<br>Magistrate Judge Alan Kay |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."),

Defendant Georgetown University ("GU") hereby serves upon Plaintiff Felice I. Iacangelo

("Plaintiff") the following interrogatories. Plaintiff is required to answer each interrogatory

separately and fully in writing, under oath, and to serve a copy of their answers upon Williams &

Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C. 20005, counsel for Defendants,

within 30 days of service of these interrogatories.

## I. DEFINITIONS

1.      The term "Georgetown" means its President and Directors of Georgetown

College, Georgetown University Medical Center, and Georgetown University Hospital, and their

agents, representatives, employees, physicians, nurses, staff, and successors.

2.      The term "Defendant" means Georgetown University and/or GU.

3.      The terms "Vance Watson" or "Dr. Watson" means Vance E. Watson,

M.D.

        4.       The term "Defendants" means Georgetown University and Vance E. Watson (and/or any of the nomenclature set out for the individual defendants in paragraphs 1-3 above).

        5.       The pronouns **"you**," **"your**," **"yours**," and **"yourself**" and "Plaintiff" refer to the Felice I. Iacangelo named herein and, as Plaintiff is acting as a representative on behalf of Karyn Kerris, then these pronouns refer to Karyn Kerris as well and includes Plaintiff's agents, attorneys, and/or representatives.

        6.       The term "your daughter" refers to Karyn A. Kerris and her agents, attorneys, representatives, and/or guardians.

        7.       The term "Amended Complaint" means the Complaint filed on your behalf on or about February 14, 2006 and captioned *Felice I. Iacangelo and Cicily Iacangelo, as Guardian of the Person and Property of Karyn A. Kerris, and Paul Kerris v. Georgetown University and Vance E. Watson, M.D., Case No. 1:05CV02086.*

        8.       "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34, and the term includes all non-identical copies of any writing or record or any type, all files and data in electronic form, and any other items whatsoever containing writings, drawings, electronic data recording (including electronic documents and mail), sound recordings, pictures, or images, however created and/or produced and whatever the medium on which it was produced or reproduced, and includes, without limitation, the original and any non-identical copy (whether different from the original because of handwritten notes or underlying on the copy or otherwise) and all drafts of papers, letters, telegrams, telexes, notes, notations, memoranda of conversations or meeting, calendars, diaries,

minutes of meetings, interoffice communications, electronic mail, message slips, notebooks, agreements, reports, articles, books, tables, charts, schedules, memoranda, medical records, x-rays, advertisements, pictures, photographs, films, accounting books or records, billings, credit card records, electrical or magnetic recordings or tapes, or any other writings, recordings, or pictures of any kind of description.

      9.    The term "**communications**" means all occasions on which information was conveyed from one person to another and/or others by any manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally, by document, or by electronic means, and whether face-to-face, in person, by telephone, telecopy, mail, delivery service, personal delivery, electronic mail, or otherwise, and includes correspondence, memoranda, reports and records of telephone calls, reports of meetings, and all accounts or summaries of oral conversations.

      10.    As used herein, the term "**person**" shall include, wherever appropriate, not only a natural person but also a corporation, partnership, unincorporated association or other association of persons.  However, a request for identification of a person having knowledge of facts or custody of a document shall be construed to refer to a natural person.

      11.    The terms, "**identify**," "**identity**," or "**identification**" means:

      a.    when used in reference to an individual **person**, means that person's full name, last known address, home and business telephone numbers, present occupation or business affiliation, and affiliation and/or relevance to the allegations of this case;

      b.    when used in reference to a **person** other than an individual person, means that person's full name, a description of the nature of the person

- 3 -

(that is, whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number, and principal place of business;

c.     when used in reference to any **person** after the person has been properly identified previously means the person's name;

d.     when used in reference to a **document**, requires you to state the date, the author (or, if different, the signer or signers), the addressee, the identity of the document's president custodian, and the type of document (e.g., letter, memorandum, etc.) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory; and

e.     when used in reference to a **communication**, means to identify the mode of communication (e.g., oral, telephonic, written, electronic, etc.), the date it was made, and the persons from and to whom it was made.

12.     The phrase, "**describe in detail**," means:

a.     describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law;

b.     state for each such fact the (1) time, (2) place, and (3) manner of said fact; and

c.     identify all persons involved; and

d.     identify all documents that support, contradict, refer, relate, or mention such facts.

13.    Throughout these interrogatories, including the definition of terms, words used in the masculine gender include the feminine; and words used in the singular include the plural. Where the word "**or**" appears herein, the meaning intended is the logical inclusion "or" i.e., "and/or." Where the word "**include**" or "**including**" appears, the meaning intended is "including, but not limited to."

14.    When requested to "**state each fact**" or the "**facts upon which you rely**" relating to any allegation, fact, legal theory, contention or denial, please furnish a full and complete statement of the factual basis of any such allegation, fact, legal theory, contention or denial, the reason or rationale that such facts so relate or pertain and how such facts so relate or pertain.

## II. <u>INSTRUCTIONS</u>

1.    These interrogatories are continuing in character. Pursuant to Fed. R. Civ. P. 33, you must promptly file supplementary answers whenever you obtain further or different information responsive to these interrogatories. Should you be unable to respond to any interrogatory or portion thereof at this time, you must promptly respond when you are able to provide any responsive information.

2.    Where knowledge or information is requested of you, the request seeks as well the knowledge of your agents, representatives, and, unless privileged, attorneys. Any interrogatory answer which is not based upon your personal knowledge should state the basis for the answer (*e.g.*, the identity of the agent, representative, or lawyer who provided you with the information for your answer).

3.    Restate each interrogatory in your written response followed immediately by your response to each interrogatory.

- 5 -

4.     If, in responding to any of these interrogatories, you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the interrogatory.

5.     When asked to identify "persons" having knowledge of the facts inquired about in these interrogatories, Plaintiff shall identify those persons who are known or believed by Plaintiff to possess material knowledge (*i.e.*, those persons that Plaintiff would consult or contact if he wished to know those facts).

6.     If any interrogatory is objected to in part, a complete answer to all portions of the interrogatory not objected to should be provided. If you object to any Interrogatory or any part thereof on the grounds that it calls for disclosure of information which you claim is privileged, then answer such Interrogatory or subpart as follows:

a.   furnish all information and facts called for by such Interrogatory or subpart to which you do not object;

b.   If all facts necessary to provide a complete and specific answer are not known, provide an answer to such portion of the interrogatory as can be responded to and provide such facts as are known. Any estimates, approximations, or beliefs should be clearly denoted as such and the bases for any belief should be explained.

7.     For any information withheld on the ground that it is embodied in communications or documents protected by the attorney-client privilege, work-product immunity, or any other claim of privilege or immunity, provide a written statement setting forth:

a.   an identification of each communication or document embodying the

allegedly protected information;

    b.   the identity of all person(s) form and to whom the information has been

        communicated;

    c.   a brief description of the subject matter of the information; and

    d.   the legal ground(s) upon which Plaintiff relies in withholding the

        information;

    e.   stating the above information with sufficient particularity so that the Court

        may assess the validity of the assertion of the privilege.

    8.     To the extent these interrogatories and/or the accompanying document requests or seeks information which is recorded in any form of document, including electronically stored documents such as word processing files and electronic mail, or to the extent these interrogatories seek identification of documents (including electronically stored documents), Plaintiff is asked to take all necessary steps to ensure that all such documents are preserved for this litigation, and to take steps to ensure that no responsive electronically stored documents are erased or deleted.

    9.     The definitions and instructions above apply to each and every interrogatory herein and to all other discovery requests which incorporate such definitions and/or instructions by reference.

    10.    The definitions and instructions herein are for purposes of facilitating Plaintiff's responses to these discovery requests, and do not constitute definitions for purposes of interpreting any documents that are currently at issue, or may become at issue, in the case.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please **identify** yourself (including all names by which you have been known), including date and place of your birth, your social security number and, if different, your driver's license number, residence address, occupation, and business address.

**Answer:**

### INTERROGATORY NO. 2:

Please **identify** all addresses at which you have resided since 1990, including the dates of residence at each such address, whether you rented or owned the residence and **identify** all persons who lived at each residence with you and/or the decedent. (If, at any time during the time period, you, as a representative lived apart from Karyn A. Kerris ("Ms. Kerris") for more than 30 days, please identify the separate addresses, the persons living at the respective addresses and the dates of the separate residences.)

**Answer:**

### INTERROGATORY NO. 3:

Please **identify** each person having knowledge or information regarding the facts, circumstances, injuries, allegations, and all claims of damages contained in your Amended Complaint, **stating each fact** that summarizes the knowledge or information and the basis for that information or knowledge possessed by each such person.

**Answer:**

**INTERROGATORY NO. 4:**

**Identify** all individuals with whom you **communicated** regarding your daughter's medical condition from 1995 to the present, including but not limited to, her participation in the study at the National Institutes of Health ("NIH"), the advice and/or treatment by an medical provider, including, but not limited to, the nature of her arteriovenous malformation ("AVM") and/or Turner's Syndrome, **describing in detail** each such communication.

**Answer:**

**INTERROGATORY NO. 5:**

Please **identify** each and every healthcare provider who you and/or Karyn A. Kerris consulted and/or who treated and/or examined Karyn A. Kerris for any reason whatsoever since January 1, 1990, specifically **identifying** Karyn A. Kerris's primary care physician, and **describe in detail** every consultation with each such healthcare provider, the reasons for the consultation, the date of the consultation, the diagnosis, the medication prescribed, and/or the medical procedure(s) performed.

**Answer:**

**INTERROGATORY NO. 6:**

Please **identify** all doctors, hospitals, nurses, therapists, counselors, psychologists, neuropsychologists, physiatrists, pediatricians, psychiatrists, home health care personnel, or other health care providers who have examined, consulted with, evaluated or provided care or treatment to Ms. Kerris, including but not limited to those person(s) who were asked to evaluate Ms. Kerris's medical records and/or conditions without seeing her in person, for any purpose from January 1, 1990 to the present, **describing in detail** each date or dates of evaluation and/or treatment, the nature of any evaluation, all conclusions, diagnoses and/or plan of treatment advised and/or recommended or treatment provided, and person(s) present, including yourself, for each date(s). [**Note:** Since the medical records themselves do not contain all of the information requested in this interrogatory, references to medical records alone is an inadequate response.]

**Answer:**

**INTERROGATORY NO. 7:**

**Identify** each and every hospital or medical center at which Karyn A. Kerris sought medical care and/or treatment since January 1, 1990, including the name and address of the institution, the date of treatment, the inclusive dates of confinement, and **describe in detail** the reasons for the hospitalization, diagnosis, and medications prescribed, and person(s) present, including yourself, for each date(s). [**Note:** Since the medical records themselves do not contain all of the information requested in this interrogatory, references to medical records alone is an inadequate response.]

**Answer:**

**INTERROGATORY NO. 8:**

**Describe in detail** when you first contacted any attorney in connection with Ms. Kerris's medical treatment and the reasons therefore and the reasons that led you to contact any particular attorney, **identifying** each attorney that you contacted and any documents memorializing such contact, and **describing in detail** the actions you took to provide these attorneys with information regarding Ms. Kerris's medical treatment, including but not limited to, collecting Ms. Kerris's medical records. [Note: Per U.S. v. Naegele, 468 F.Supp.2d 165 (D.D.C. 2007), this information is not privileged.]

**Answer:**

**INTERROGATORY NO. 9:**

**Describe in detail** when and how you came to contact any of the firms or attorneys representing you in this litigation, **identifying** all documents, including but not limited to retainer letters, all billing statements, and correspondence relating to your retention. [Note: Per U.S. v. Naegele, 468 F.Supp.2d 165 (D.D.C. 2007), this information is not privileged.]

**Answer:**

**INTERROGATORY NO. 10:**

**Identify** all persons for whom and with whom Ms. Kerris worked at NIH, including, but not limited to, **identifying** her direct supervisor(s) and her daily coworkers; **describing in detail** Ms. Kerris's daily duties and/or responsibilities as an employee at NIH from 1990 to the date on which she terminated her employment with NIH.

    **Answer:**

**INTERROGATORY NO. 11:**

    **Describe in detail** when and how your daughter learned that she had Turner's syndrome and all medical affects, symptoms, and/or conditions Ms. Kerris has and/or had related to Turner's syndrome.

    **Answer:**

**INTERROGATORY NO. 12:**

    **Describe in detail, stating each fact with specificity upon which you rely** the factual basis for your contentions in Paragraph 11 and its subparts of the Amended Complaint, including but not limited to, that Defendants "were negligent in their management, care and treatment of Karyn A. Kerris on November 4, 1998 and continuing thereafter," including, but not limited to, the allegations contained in Paragraph 11 of the Amended Complaint that defendants were negligent in the "performance of examinations and evaluations"; "decision to perform multiple embolizations on Karyn A. Kerris' vascular anomaly"; "negligent performance of embolizations on a AVM where the risk of failure outweighed any potential benefit"; and

"Defendants were otherwise negligent" that as "a direct and proximate result of the aforesaid negligence of the Defendants, Karyn A. Kerris, suffered serious permanent and disabling damage to her body."

Answer:

**INTERROGATORY NO. 13:**

Describe in detail, stating each fact with specificity upon which you rely the factual basis for the allegation in paragraph 12 of the Amended Complaint that Karyn A. Kerris suffered "glue particles escaping into eloquent portions of her brain", and describe in detail how this contributed to her current condition.

Answer:

**INTERROGATORY NO. 14:**

State each fact upon which you rely with particularity the factual basis for your contentions in Paragraph 48 of the Amended Complaint, including subparts.

Answer:

**INTERROGATORY NO. 15:**

State each fact upon which you rely with particularity the factual basis for your statements in your affidavit, signed on March 16, 2006 and submitted to the Court, identifying

each date on which you accompanied Ms. Kerris to an appointment, meeting, and/or were present with discussions with all healthcare providers from January 1, 1995 through January 1, 2000.

**Answer:**

**INTERROGATORY NO. 16:**

**State each fact upon which you rely** with particularity to support your contentions as to the nature and extent of each injury, expense, or item of damage; state with particularity the facts upon which you rely to support your contentions that each injury, expense, or item of damage was a result of Defendants' conduct as set forth in the Amended Complaint distinguishing between expenses for care and medical treatment that would be required by Ms. Kerris's underlying conditions of AVM and Turner's syndrome versus those damage you specifically attribute to Defendants' conduct as set forth in the Amended Complaint, and identify all persons having knowledge of those facts and all documents relating to those facts.

**Answer:**

**INTERROGATORY NO. 17:**

Identify all individuals, including but not limited to, healthcare providers, economists, physicians, and/or experts interviewed or consulted by you in connection with the events alleged in the Amended Complaint, **describing in detail** specific allegations for which you interviewed and/or consulted each particular individual and what each individual said.

- 14 -

**Answer:**

**INTERROGATORY NO. 18:**

**Identify** any treating medical or therapeutic personnel or person who will provide testimony pursuant to Fed. R. Civ. P. 701 upon whom you rely in this matter. For each such treating medical or therapeutic personnel, indicate:

        a.      The dates upon which he or she administered treatment to, care to and/or consulted regarding Ms. Kerris;

        b.      The purpose for which you rely upon said individual, including any facts or opinions you expect said individual to offer arising from his or her treatment and/or consultation of Ms. Kerris;

        c.      The **identity** of any documents said individual relies upon and/or the **identity** of any documents you have relied upon or which are related to your responses to this interrogatory.

**Answer:**

**INTERROGATORY NO. 19:**

**Identify** all persons not previously identified by you in your responses to these interrogatories who have knowledge of facts relating to the matters set forth in the Amended Complaint, **describing in detail** the exact nature of their knowledge.

**Answer:**


**INTERROGATORY NO. 20:**

       **Identify** any documents, which have information relating to or which were relied upon in responding to these Interrogatories.

       **Answer:**


       Respectfully submitted,

       WILLIAMS & CONNOLLY LLP


By:     *Megan E. Hills*

       Megan E. Hills (D.C. Bar #437340)
       Nicolas D. Muzin (D.C. Bar #500106)

       725 Twelfth Street, N.W.
       Washington, D.C.  20005
       Tel. (202) 434-5000
       Fax (202) 434-5029
       mhills@wc.com
       nmuzin@wc.com


Dated: May 18, 2007

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Defendant Georgetown

University's First Set of Interrogatories to Plaintiff Felice I. Iacangelo to be hand-delivered this 18th

day of May 2007 on:

>Anthony Newman, Esquire
>Newman & McIntosh
>7315 Wisconsin Avenue
>Suite 700E
>Bethesda, Maryland 20814
>
>and

a copy mailed first-class, postage prepaid to:

>Andrew Greenwald, Esquire
>Greenwald and Laake
>6404 Ivy Lane
>Suite 440
>Greenbelt, Maryland 20770
>
>Plaintiffs' Attorneys

Megan E. Hills