IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF/AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

## NOTICE OF DEPOSITION AND SUBPOENA *DUCES TECUM*

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure and Rule 30.1 of the Local Rules for the United States District Court for the District of Columbia, counsel for defendants will take the deposition upon oral examination of **Plaintiff Felice Iacangelo** before a notary public or other authorized officer, at the offices of Williams & Connolly LLP, 725 12th Street NW, Washington, DC 20005 beginning at 10:00 a.m. on July 24, 2007, and continuing day-to-day until completion. The deposition may be used for the purposes of discovery or for use as evidence at trial, or both.

PLEASE TAKE FURTHER NOTICE that in connection with the taking of the deposition, the deponent shall produce the items described in Exhibit A.

# EXHIBIT A

## DEFINITIONS

1. The term "Amended Complaint" means the Complaint filed on your behalf on or about February 14, 2006 and captioned *Felice I. Iacangelo and Cicily Iacangelo, as Guardian of the Person and Property of Karyn A. Kerris, and Paul Kerris v. Georgetown University and Vance E. Watson, M.D.*, Case No. 1:05CV02086.

2. "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34, and the term includes all non-identical copies of any writing or record or any type, all files and data in electronic form, and any other items whatsoever containing writings, drawings, electronic data recording (including electronic documents and mail), sound recordings, pictures, or images, however created and/or produced and whatever the medium on which it was produced or reproduced, and includes, without limitation, the original and any non-identical copy (whether different from the original because of handwritten notes or underlying on the copy or otherwise) and all drafts of papers, letters, telegrams, telexes, notes, notations, memoranda of conversations or meeting, calendars, diaries, minutes of meetings, interoffice communications, electronic mail, message slips, notebooks, agreements, reports, articles, books, tables, charts, schedules, memoranda, medical records, x-rays, advertisements, pictures, photographs, films, accounting books or records, billings, credit card records, electrical or magnetic recordings or tapes, or any other writings, recordings, or pictures of any kind of description.

3. As used herein, a document "**relating to**" and/or "**regarding**" a given subject matter means a document that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments upon, responds to, describes, analyzes, contains

information concerning, or is in any way pertinent to that subject matter.

4. The term "Defendants" means Georgetown University and Vance E. Watson (and/or any of the nomenclature set out for the individual defendants in paragraphs 1-3 of the Definitions for Defendant Georgetown University's First Set of Interrogatories to Plaintiff Felice I. Iacangelo).

5. The phrase, "Ms. Kerris" means Felice I. Iacangelo's daughter, Ms. Karyn A. Kerris and is used interchangeably with the phrase, "Karyn A. Kerris."

6. The definitions previously provided to Plaintiff Felice I. Iacangelo in Defendant Georgetown University's First Set of Interrogatories to Plaintiff Felice I. Iacangelo apply with equal force here and are incorporated herein by reference.

## ITEMS TO BE PRODUCED

1. A current Resume and/or *curriculum vitae* for **Felice I. Iacangelo.**

2. All DOCUMENTS in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* American Society for the Prevention of Cruelty to Animals v. Ringling Brothers and Barnum & Bailey Circus, 233 F.R.D. 209 (D.D.C. 2006)), relating in any way to the medical care, condition, and/or treatment of Karyn A. Kerris, including, but not limited to, emails, chat room postings, notes, correspondence, diary and/or journal entries, medical records (not previously produced by Plaintiffs), and bills.

3. All DOCUMENTS in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209), relating in any way to the medical care, condition, and/or treatment of Karyn A. Kerris from January 1, 2005 to the present, including, but not limited to

medical records, insurance claims, and/or billing records.. [Note: Plaintiffs have not produced any medical records, insurance claims, and/or billing records regarding the medical care, condition, and/or treatment of Karyn A. Kerris from January 1, 2005 to the present.]

4. All DOCUMENTS in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209), created and/or originally possessed by Karyn A. Kerris[1] relating in any way to her medical care, condition, and/or treatment, including, but not limited to, correspondence, medical records (not previously produced by Plaintiffs), and bills.

5. All diaries and/or journals and/or correspondence in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209), created by Karyn A. Kerris (*see* footnote 1), from January 1, 1995 to the present.

6. All DOCUMENTS in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209), regarding insurance coverage that is applicable to the illness, injury or medical condition. which form the basis of Plaintiffs' Amended Complaint and/or insurance claims made by or on behalf of Karyn A. Kerris (*see* footnote 1) for her medical care, condition, or treatment of Karyn A. Kerris, including, but not limited to, documents regarding claims made for medical appointments, medical treatments, home nurse care, hospitalizations, healthcare appointments, emergency room visits, outpatient visits, and/or medical equipment.

7. All DOCUMENTS in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers,

4

supra, 233 F.R.D. 209), regarding any Social Security or other disability proceedings made by or on behalf of Karyn A. Kerris (*see* footnote 1), including, but not limited to, medical records, opinions, examinations, submissions to obtain disability, retention letters for attorneys and/or other individuals (*e.g.*, medical personnel, specialists, economists, life care planners, *etc.*), disability ratings, rulings by disability determiners, applications for disability, and requests for information by disability determiners.

8. All DOCUMENTS in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209), regarding any and all claims brought on behalf of and/or by Karyn A. Kerris (*see* footnote 1), relating to personal injury and/or her medical care, condition and/or treatment, including, but not limited to, documents relating to the litigation of claims, threatened litigation, court filings, attorney bills, and/or attorney retainer letters, including but not limited to any documents related to the fall by Ms. Kerris and/or claims based on the fall, referenced in batestamp document JHH 6.

9. All DOCUMENTS in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209), and/or formerly in the possession, custody or control of Karyn A. Kerris (*see* footnote 1) regarding the employment of Karyn A. Kerris, including, but not limited to evaluations, personnel actions, time sheets, job descriptions, and/or applications for employment.

10. All DOCUMENTS regarding Turner's syndrome in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or

---

[1] As the legal representative of Karyn A. Kerris, **Felice I. Iacangelo** is legally viewed as having

control, *see* Ringling Brothers, *supra*, 233 F.R.D. 209), including, but not limited to documents relating to the medical condition, care, and/or treatment of Karyn A. Kerris and Turner's syndrome.

11.  All DOCUMENTS regarding arteriovenous malformations ("AVMs") in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, *supra*, 233 F.R.D. 209), including, but not limited to documents relating to the medical condition, care, and/or treatment of Karyn A. Kerris and AVMs, including, but not limited to internet searches, emails, articles, correspondence, chat room postings, and/or notes.

12.  All DOCUMENTS regarding the treatment of arteriovenous malformations ("AVMs") in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, *supra*, 233 F.R.D. 209), including but not limited to, notes, entries in chat rooms, internet searches, emails, correspondence, articles, communications with third parties, and requests for opinions and/or advice.

13.  All DOCUMENTS regarding efforts to seek, contact, select, and/or retain any attorney in connection with Ms. Kerris's medical care and/or treatment in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, *supra*, 233 F.R.D. 209), including but not limited to, notes, emails, chat room postings, correspondence, retainer letters, and billing records. *See* U.S. v. Naegele, 468 F. Supp.2d 165 (D.D.C. 2007).

---

possession, custody, or control of all of her papers.

14. All DOCUMENTS regarding efforts to seek, contact, select, and/or retain any attorney in connection with obtaining legal guardianship over Ms. Kerris, in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209), including but not limited to, notes, emails, chat room postings, correspondence, retainer letters, and billing records. *See* U.S. v. Naegele, 468 F. Supp.2d 165 (D.D.C. 2007).

15. All DOCUMENTS regarding contact, selection, and retention of Ira Zimmerman, Esq., related to the guardianship of Ms. Kerris and/or her medical care and/or treatment, in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209), including but not limited to, notes, emails, chat room postings, correspondence, retainer letters, and billing records. *See* U.S. v. Naegele, 468 F. Supp.2d 165 (D.D.C. 2007).

16. All DOCUMENTS regarding contact, selection, and retention of Anthony Newman, Esq., related to the guardianship of Ms. Kerris and/or her medical care and/or treatment, in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209), including but not limited to, notes, emails, chat room postings, correspondence, retainer letters, and billing records. *See* U.S. v. Naegele, 468 F. Supp.2d 165 (D.D.C. 2007).

17. All DOCUMENTS regarding contact, selection, and retention of Andrew Greenwald, Esq., related to the guardianship of Ms. Kerris and/or her medical care and/or treatment in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209),

including but not limited to, notes, emails, chat room postings, correspondence, retainer letters, and billing records. *See* U.S. v. Naegele, 468 F. Supp.2d 165 (D.D.C. 2007).

18. All DOCUMENTS regarding Powers of Attorneys and/or medical records release authorizations obtained from Ms. Kerris from August 1, 1998 to the present in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209).

19. All DOCUMENTS created or stored electronically, including, but not limited to, e-mail messages, web files, and word processing files, relating to or discussing the medical care, condition, and/or treatment of Ms. Kerris in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209).

20. All deposition transcripts, court transcripts relating to AVMs and/or embolizations and/or material/substances used in embolizations in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209).

21. Copies of all bills from any physician, hospital, pharmacy or health care provider, and explanations of benefits from Ms. Kerris's health care insurer or plan, relating to Ms. Kerris's injury and/or medical condition, which form the basis for the Amended Complaint, filed, *inter alia*, for Felice I. Iacangelo in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* Ringling Brothers, supra, 233 F.R.D. 209).

22. All DOCUMENTS created or stored electronically, including, but not limited to, e-mail messages, web files, chart room postings, and word processing files, relating to

or discussing Ms. Kerris's health, including, but not limited to, the illness, injury, or medical condition which forms the basis of Plaintiffs' Amended Complaint in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, see Ringling Brothers, supra, 233 F.R.D. 209).

23.   All DOCUMENTS relating to any communication between Felice I. Iacangelo, Cicily Iacangelo, Karyn A. Kerris, and/or Paul Kerris and any Defendant in this litigation in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, see Ringling Brothers, supra, 233 F.R.D. 209).

24.   Copies of all pleadings Felice I. Iacangelo or attorneys for Felice I Iacangelo have filed in any other lawsuits or legal actions in any court based upon any illness, bodily injury or medical condition sustained by Ms. Kerris in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, see Ringling Brothers, supra, 233 F.R.D. 209).

25.   All deposition transcripts of any Plaintiff, including Paul Kerris, an original Plaintiff, transcripts of recorded testimony of any Plaintiff, including Paul Kerris, an original Plaintiff, or other recorded statements of any Plaintiff, including Paul Kerris, an original Plaintiff, relating to any claims any Plaintiff, including Paul Kerris, an original Plaintiff, has ever made for illness, bodily injury, or medical condition of Ms. Kerris in **Felice I. Iacangelo's** possession, custody or control (including documents within his attorneys' possession, custody or control, see Ringling Brothers, supra, 233 F.R.D. 209).

Respectfully submitted,

*[signature]*

Megan E. Hills (D.C. Bar #437340)
Nicolas D. Muzin (D.C. Bar #500106)

WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005-5901
(202) 434-5000

Dated: July 14, 2007

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the Notice of Deposition and Subpoena *Duces Tecum* by electronic mail and by first-class, postage prepaid on the 14th day of July, 2007 on the following:

Anthony Newman, Esq.
Wendy Wyeth, Esq.
7315 Wisconsin Avenue
Suite 700E
Bethesda, MD  20814

Andrew Greenwald, Esq.
6404 Ivy Lane
Suite 440
Greenbelt, MD  20770

_____
Megan E. Hills