IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, <br> As Guardian of the Person and Property of <br> KARYN A. KERRIS, <br><br>                 Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, <br> GEORGETOWN UNIVERSITY, t/a <br> Georgetown University, and <br> VANCE E. WATSON, M.D., <br><br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. Act. No. 1:05CV02086 (PLF/AK) <br> ) <br> ) Judge Paul L. Friedman <br> ) <br> ) Magistrate Judge Alan Kay <br> ) <br> ) <br> ) |

## SECOND NOTICE OF DEPOSITION AND SUBPOENA *DUCES TECUM*

       PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure and Rule 30.1 of the Local Rules for the United States District Court for the District of Columbia, counsel for defendants will take the deposition upon oral examination of **Paul Kerris** before a notary public or other authorized officer, at the offices of Williams & Connolly LLP, 725 12th Street NW, Washington, DC 20005 beginning at 10:00 a.m. on August 22, 2007, and continuing day-to-day until completion. The deposition may be used for the purposes of discovery or for use as evidence at trial, or both.

       PLEASE TAKE FURTHER NOTICE that in connection with the taking of the deposition, the deponent shall produce the items described in Exhibit A.

## EXHIBIT A

## DEFINITIONS

1.     The term "Amended Complaint" means the Complaint filed on your

behalf on or about February 14, 2006 and captioned *Paul Kerris and Cicily Iacangelo, as*

*Guardian of the Person and Property of Karyn A. Kerris, and Paul Kerris v. Georgetown*

*University and Vance E. Watson, M.D., Case No. 1:05CV02086.*

2.     "**Document**" is defined to be synonymous in meaning and equal in scope

to the usage of this term in Fed. R. Civ. P. 34, and the term includes all non-identical copies of

any writing or record or any type, all files and data in electronic form, and any other items

whatsoever containing writings, drawings, electronic data recording (including electronic

documents and mail), sound recordings, pictures, or images, however created and/or produced

and whatever the medium on which it was produced or reproduced, and includes, without

limitation, the original and any non-identical copy (whether different from the original because

of handwritten notes or underlying on the copy or otherwise) and all drafts of papers, letters,

telegrams, telexes, notes, notations, memoranda of conversations or meeting, calendars, diaries,

minutes of meetings, interoffice communications, electronic mail, message slips, notebooks,

agreements, reports, articles, books, tables, charts, schedules, memoranda, medical records, x-

rays, advertisements, pictures, photographs, films, accounting books or records, billings, credit

card records, electrical or magnetic recordings or tapes, or any other writings, recordings, or

pictures of any kind of description.

3.     As used herein, a document "**relating to**" and/or "**regarding**" a given

subject matter means a document that constitutes, embodies, comprises, reflects, identifies,

states, refers to, deals with, comments upon, responds to, describes, analyzes, contains

2

information concerning, or is in any way pertinent to that subject matter.

4.     The term "Defendants" means Georgetown University and Vance E. Watson (and/or any of the nomenclature set out for the individual defendants in paragraphs 1-3 of the Definitions for Defendant Georgetown University's First Set of Interrogatories to Plaintiff Felice I. Iacangelo).

5.     The term, "Plaintiffs" (or as used in No. 24, "any Plaintiff") means Felice I. Iacangelo and Cicily Iacangelo.

6.     The phrase, "Ms. Kerris" means Paul Kerris's wife, Ms. Karyn A. Kerris and is used interchangeably with the phrase, "Karyn A. Kerris."

7.     The definitions previously provided to Plaintiff Felice I. Iacangelo in Defendant Georgetown University's First Set of Interrogatories to Plaintiff Felice I. Iacangelo apply with equal force here and are incorporated herein by reference.

## ITEMS TO BE PRODUCED

1.     A current Resume and/or *curriculum vitae* for **Paul Kerris.**

2.     All DOCUMENTS in **Paul Kerris's** possession, custody or control (including documents within his attorneys' possession, custody or control, *see* American Society for the Prevention of Cruelty to Animals v. Ringling Brothers and Barnum & Bailey Circus, 233 F.R.D. 209 (D.D.C. 2006)), relating in any way to the medical care, condition, and/or treatment of Karyn A. Kerris, including, but not limited to, emails, chat room postings, notes, correspondence, diary and/or journal entries, medical records (not previously produced by Plaintiffs), and bills.

3.      All DOCUMENTS in **Paul Kerris's** possession, custody or control
(including documents within his attorneys' possession, custody or control, *see* <u>American Society
for the Prevention of Cruelty to Animals v. Ringling Brothers and Barnum & Bailey Circus</u>, 233
F.R.D. 209 (D.D.C. 2006)), relating in any way to the medical care, condition, and/or treatment
of Karyn A. Kerris from January 1, 1998 to the present, including, but not limited to transcripts
of individuals regarding substances used in embolization and/or embolic procedures, medical
records, insurance claims, and/or billing records.. [Note: Plaintiffs have not produced any
medical records (January 1, 2005 to the present) or **any** insurance claims, and/or billing records
regarding the medical care, condition, and/or treatment of Karyn A. Kerris.]

4.      All DOCUMENTS in **Paul Kerris's** possession, custody or control
created and/or originally possessed by Karyn A. Kerris relating in any way to her medical care,
condition, and/or treatment, including, but not limited to, correspondence, medical records (not
previously produced by Plaintiffs), and bills.

5.      All diaries and/or journals, notations, emails, and/or correspondence in
**Paul Kerris's** possession, custody or control created by Karyn A. Kerris from January 1, 1995 to
the present.

6.      All DOCUMENTS in **Paul Kerris's** possession, custody or control
regarding insurance coverage that is applicable to the illness, injury or medical condition. which
form the basis of Plaintiffs' Amended Complaint and/or insurance claims made by or on behalf
of Karyn A. Kerris for her medical care, condition, or treatment of Karyn A. Kerris, including,
but not limited to, documents regarding claims made for medical appointments, medical
treatments, home nurse care, hospitalizations, healthcare appointments, emergency room visits,
outpatient visits, and/or medical equipment.

4

7.    All DOCUMENTS in **Paul Kerris's** possession, custody or control regarding any Social Security or other disability proceedings made by or on behalf of Karyn A. Kerris, including, but not limited to, medical records, opinions, examinations, submissions to obtain disability, retention letters for attorneys and/or other individuals (*e.g.*, medical personnel, specialists, economists, life care planners, *etc.*), disability ratings, rulings by disability determiners, applications for disability, and requests for information by disability determiners.

8.    All DOCUMENTS in **Paul Kerris's** possession, custody or control and/or formerly in the possession, custody or control of Karyn A. Kerris regarding the employment of Karyn A. Kerris, including, but not limited to evaluations, personnel actions, time sheets, job descriptions, and/or applications for employment.

9.    All DOCUMENTS regarding Turner's syndrome in **Paul Kerris's** possession, custody or control, including, but not limited to documents relating to the medical condition, care, and/or treatment of Karyn A. Kerris and Turner's syndrome.

10.    All DOCUMENTS regarding arteriovenous malformations ("AVMs") in **Paul Kerris's** possession, custody or control, including, but not limited to documents relating to the medical condition, care, and/or treatment of Karyn A. Kerris and AVMs, including, but not limited to internet searches, emails, articles, correspondence, chat room postings, and/or notes.

11.    All DOCUMENTS regarding the treatment of arteriovenous malformations ("AVMs") in **Paul Kerris's** possession, custody or control, including but not limited to, notes, entries in chat rooms, internet searches, emails, correspondence, articles, communications with third parties, and requests for opinions and/or advice.

12.    All DOCUMENTS regarding efforts to seek, contact, select, and/or retain any attorney in connection with Ms. Kerris's medical care and/or treatment in **Paul Kerris's**

5

possession, custody or control, including but not limited to, notes, emails, chat room postings, correspondence, retainer letters, and billing records. *See* U.S. v. Naegele, 468 F. Supp.2d 165 (D.D.C. 2007).

13.    All DOCUMENTS regarding efforts to seek, contact, select, and/or retain any attorney in connection with obtaining legal guardianship over Ms. Kerris, in **Paul Kerris's** possession, custody or control, including but not limited to, notes, emails, chat room postings, correspondence, retainer letters, and billing records. *See* U.S. v. Naegele, 468 F. Supp.2d 165 (D.D.C. 2007).

14.    All DOCUMENTS regarding contact, selection, and retention of Ira Zimmerman, Esq., related to the guardianship of Ms. Kerris and/or her medical care and/or treatment, in **Paul Kerris's** possession, custody or control, including but not limited to, notes, emails, chat room postings, correspondence, retainer letters, and billing records. *See* U.S. v. Naegele, 468 F. Supp.2d 165 (D.D.C. 2007).

15.    All DOCUMENTS regarding contact, selection, and retention of Anthony Newman, Esq., related to the guardianship of Ms. Kerris and/or her medical care and/or treatment, in **Paul Kerris's** possession, custody or control, including but not limited to, notes, emails, chat room postings, correspondence, retainer letters, and billing records. *See* U.S. v. Naegele, 468 F. Supp.2d 165 (D.D.C. 2007).

16.    All DOCUMENTS regarding contact, selection, and retention of Andrew Greenwald, Esq., related to the guardianship of Ms. Kerris and/or her medical care and/or treatment in **Paul Kerris's** possession, custody or control, including but not limited to, notes, emails, chat room postings, correspondence, retainer letters, and billing records. *See* U.S. v. Naegele, 468 F. Supp.2d 165 (D.D.C. 2007).

17.    All DOCUMENTS regarding Powers of Attorneys and/or medical records release authorizations obtained from Ms. Kerris from August 1, 1998 to the present in **Paul Kerris's** possession, custody or control, including but not limited to, authority given by Ms. Kerris to obtain items from the National Institutes of Health and Georgetown University or Georgetown University Hospital or MedStar Georgetown University Medical Center.

18.    All DOCUMENTS created or stored electronically, including, but not limited to, e-mail messages, web files, and word processing files, relating to or discussing the medical care, condition, and/or treatment of Ms. Kerris in **Paul Kerris's** possession, custody or control.

19.    All deposition transcripts, court transcripts relating to AVMs and/or embolizations and/or material/substances used in embolizations in **Paul Kerris's** possession, custody or control.

20.    Copies of all bills from any physician, hospital, pharmacy or health care provider, and explanations of benefits from Ms. Kerris's health care insurer or plan, relating to Ms. Kerris's injury and/or medical condition, which form the basis for the Amended Complaint, filed, *inter alia*, for Paul Kerris in **Paul Kerris's** possession, custody or control.

21.    All DOCUMENTS created or stored electronically, including, but not limited to, e-mail messages, web files, chart room postings, and word processing files, relating to or discussing Ms. Kerris's health, including, but not limited to, the illness, injury, or medical condition which forms the basis of Plaintiffs' Amended Complaint in **Paul Kerris's** possession, custody or control.

22.     All DOCUMENTS relating to any communication between Paul Kerris, Cicily Iacangelo, Karyn A. Kerris, and/or Paul Kerris and any Defendant in this litigation in **Paul Kerris's** possession, custody or control.

23.     Copies of all pleadings Paul Kerris or attorneys for Felice I Iacangelo have filed in any other lawsuits or legal actions in any court based upon any illness, bodily injury or medical condition sustained by Ms. Kerris in **Paul Kerris's** possession, custody or control.

24.     All deposition transcripts of Paul Kerris or any Plaintiff, transcripts of recorded testimony of Paul Kerris or any Plaintiff, other recorded statements of Paul Kerris or any Plaintiff, relating to any claims Paul Kerris or any Plaintiff has ever made for illness, bodily injury, or medical condition of Ms. Kerris in **Paul Kerris's** possession, custody or control.

25.     All DOCUMENTS created or stored electronically, including, but not limited to, e-mail messages, email addresses, web files, chart room postings, and word processing files, relating to or discussing or describing Ms. Kerris's employment at the National Institutes of Health, including but not limited to, job descriptions, evaluations, records of payment for participation in the Turner's syndrome study, all documents related to the Turner's syndrome study, including, but not limited to, descriptions, consent forms, and procedure forms in **Paul Kerris's** possession, custody or control.

Respectfully submitted,

Megan E. Hills (D.C. Bar #437340)
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005-5901
(202) 434-5000

DATED: August 15, 2007              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the Notice of Deposition and Subpoena *Duces*

*Tecum* by electronic mail and by first-class, postage prepaid on the 13th day of August, 2007 on

the following:

Anthony Newman, Esq.                    Andrew Greenwald, Esq.
Wendy Wyeth, Esq.                       Laake and Greenwald
Newman, McIntosh & Hennessy            6404 Ivy Lane
7315 Wisconsin Avenue                   Suite 440
Suite 700E                             Greenbelt, MD  20770
Bethesda, MD  20814

*Megan E. Hills*
Megan E. Hills