UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br>Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF/AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

DEFENDANTS[1]' OPPOSITION TO PLAINTIFFS[2] MOTION
FOR *IN CAMERA* INSPECTION
OF DOCUMENTS IDENTIFIED ON DEFENDANTS' PRIVILEGE LOG

Plaintiffs' Motion for an *In Camera* Inspection of Documents Identified on Defendants' Privilege Log[3] must be denied for three independent reasons. First, **one cannot move for *in camera* review to see if one of three privileges applies to a set of documents**, which is what Plaintiffs' Motion for *In Camera* Inspection of Documents Identified on Defendants' Privilege Log seeks. *See* Plts' Mtn. for Inspection. Second, Plaintiffs have again failed to comply with Local Civil Rules ("LCvR") 7(m), and Federal Rule of Civil Procedure

---

[1] Defendant Georgetown University and Defendant Vance E. Watson, M.D. are collectively referred to as "Defendants."

[2] Plaintiff Felice P. Iacangelo and Plaintiff Cicily Iacangelo are collectively referred to as "Plaintiffs."

[3] "Plaintiffs' Motion for *In Camera* Inspection of Documents Identified on Defendants' Privilege Log" is hereinafter referred to as "Plts' Mtn. for Inspection."

("Fed. R. Civ. P.") 37, which requires that a certificate of conference be filed with any discovery motion. Third, the Privilege Log describes the documents sufficiently to show that D.C. Code § 44-805(b) exception does not apply to the documents.

As shown by the sole exhibit attached to Plaintiffs' Motion for Inspection, the IRB[4] documents – which Plaintiffs ask the Court to review only for the applicability of D.C. Code § 44-805(b) – are also protected from disclosure under the attorney-client privilege and by analogy, the deliberative process privilege (neither of which privileges are even addressed in Plaintiffs' Motion). *Id.* Effectively, even if the Court were to 1) grant Plaintiffs' motion; and 2) review the documents *in camera*; and 3) find that the exception set forth in D.C. Code § 44-805(b) applied, the documents would still not be subject to production because they are also claimed as privileged under the attorney-client privilege and by analogy, the deliberative process privilege, and Plaintiffs have made no request (or argument) to challenge those assertions. In short, even if Plaintiffs prevail entirely in this motion (which Local Rule 7(m) and Fed. R. Civ. P. 37 state they cannot), the Court will then have to be asked to review the same documents once more to determine the applicability of other privileges.

I.   **Plaintiff's Failure to File a Certificate of Conference Requires the Denial of this Motion.**

Plaintiffs' motion is fatally flawed for failing to comply with Local Civil Rule ("LCvR") 7(m), and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37 in that Plaintiffs fail to include a Fed. R. Civ. P. 37 or Local Rule 7(m) Certificate – the absence of which requires the denial of Plaintiffs' Motion. *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (if a party files a nondispositive motion without a Local Rule 7(m) certificate, the motion shall be denied); *see* June 14, 2004 Order in *Jon Dopudja & Tina Dopudja v. President and Board of*

---

[4] "IRB" refers to the Institutional Review Board as defined by 21 C.F.R. § 812.3(f).

*Governors of Georgetown College, et al.*, Civil Action No. 1:03CV0831 (attached hereto as Ex. 1); *Alexander v. FBI*, 186 F.R.D. 185, 187 (D.D.C. 1999) (same).[5] Indeed, Plaintiffs **did not** confer with Defendants about filing this motion, and at best alerted Defendants that they would seek review of some documents listed in the privilege log.

II.   **Plaintiffs' Motion Should Be Denied Because Plaintiffs' Motion Does Not Address Two of the Three Asserted Privileges; Therefore, an *In Camera* Review Merely for Applicability of D.C. Code § 44-805(b) Is Pointless.**

Plaintiffs' motion should further be denied because Plaintiffs have sought *in camera* review of documents that are obviously privileged, whether or not the privilege of D.C. Code § 44-805 applies.

A.   **The Documents Are Protected by the Attorney-Client Privilege.**

It is clear from the privilege log itself that the documents are not subject to production because they are covered by the attorney-client privilege. Plaintiffs' claims of medical malpractice are based on medical treatment provided to Karyn Kerris from November 4, 1998 through March 3, 1999, involving embolizations using Histoacryl® and Lipiodol® for her clinical care. Plaintiffs apparently seek to discover information about the IRB's activities and decisions regarding a protocol stemming from **1990 involving a different substance (Avacryl®) – some eight years prior to Karyn Kerris coming to Georgetown University Hospital.** *See* Privilege Log; attached as Ex. 2; Plts.' Mtn. for Inspection at Ex. 1. Having already deposed Sheila Zimmet, Esq., Plaintiffs are aware that she was a member of the IRB who sat as its attorney advisor the years during which this protocol was discussed and provided the

---

[5] The argument concerning the failure to include the Fed. R. Civ. P. 37 and LCvR 7(m) certificate is set forth in greater detail in Defendants' opposition to the two other motions filed on August 29th by Plaintiffs, also without the required certificates: Defendants' Opposition to Plaintiffs' Motion to Re-Depose Sheila Cohen Zimmet and Defendants' Opposition to Plaintiffs' Motion to Amend. Those arguments are incorporated herein to the extent relevant.

IRB with legal advice. *See* Resume of Sheila Zimmet, Esq.; Attached hereto as Ex. 3; Deposition of Sheila Cohen Zimmet, July 23, 2007, at 22:11-23:13; Attached hereto as Ex. 4. Therefore, Plaintiffs **knew** at the time of making their motion and could also see from the Privilege Log that the attorney-client privilege was a stated basis for withholding the documents and was applicable to them. Plaintiffs' failure to brief any reason that the attorney-client should be breached is a separate ground that requires their Motion for *In Camera* Inspection be denied.

### B. The Documents Are Protected by the Deliberative Process Privilege

Similarly, as Exhibit 1 (Privilege Log) to Plaintiffs' Motion for *In Camera* Inspection states, Defendants also claim protection for these documents under the deliberative process privilege. Though the deliberative process privilege is technically defined as applying to agency deliberations, as a peer review committee, the IRB, *see* D.C. Code 44-801, is in an analogous situation – as D.C. Code § 44-805 recognizes.

> [T]he critical question is whether "disclosure of the materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency [or, by analogy, this peer review committee] and thereby undermine the agency's ability to perform its functions." *Dudman Communications v. Department of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987).
>
> **In deciding whether the deliberative process privilege applies, courts consider the facts of the case in light of the policies behind the privilege.** *Wolfe v. Department of Health and Human Servs.*, 839 F.2d 768, 774 (D.C. Cir. 1988).
>
> **There are essentially three policy bases for this privilege. [All of which equally apply to the IRB.] First, it protects creative debate and candid consideration of alternatives** within an agency, and, thereby, improves the quality of agency policy. Second, **it protects the public from the confusion that would result from premature exposure to discussions occurring before the policies affecting it had already been settled upon. And third, it protects the integrity of the decision-making process itself by confirming that "officials should be judged by what they decided(,) not for matters they considered before

4

> **making up their own minds.**" *Russell*, 682 F.2d at 1048 (quoting *Jordan v. United States Department of Justice*, 591 F.2d 753, 772-73 (D.C. Cir. 1978)).

*Chemical Weapons Working Group v. U.S. E.P.A.*, 185 F.R.D. 1, 6-7 (D.D.C. 1999) (emphasis added).

Plaintiffs similarly fail to even **request** that the Court consider whether that privilege is applicable. Defendants continue to assert that privilege over the documents in the Privilege Log to which it applies.

    C.    **The Documents Are Protected by the Privilege Set Forth in D.C. Code § 44-805 and the Descriptions in the Privilege Log Show that No Exception Applies.**

The final fatal flaw of Plaintiffs' Motion for *In Camera* Inspection of IRB documents is that the Privilege Log clearly shows that the exception to the qualified privilege embodied in D.C. Code § 44-805(b) does not apply (the only reason given for this Court to perform a piecemeal review). D.C. Code § 44-805 provides a privilege for, *inter alia*, the "files, records, findings, opinions, recommendations, evaluations, and reports of a peer review body, information provided to or obtained by a peer review body . . . ." The IRB is unquestionably a peer review body, *see* D.C. Code § 44-801, and the documents claimed as privileged by Defendants, as indicated in the Privilege Log, Ex. 2, are from the "files" of the IRB and are "information provided to or obtained by a peer review body." Plaintiffs do not argue that the documents fall outside the privilege. Instead, Plaintiffs argue that the documents may nonetheless be discoverable based on the exception to the privilege set forth in D.C. Code § 44-805(b), which provides in full:

> **(b) Notwithstanding subsection (a) of this section, primary health records and other information, documents, or records available from original sources shall not be deemed nondiscoverable or inadmissible merely because they are**

**a part of the files, records, or reports of a peer review body.**

None of the IRB documents are primary health records as the descriptions on the Privilege Log make clear. It is clear that a "Letter submission" to the IRB is not a health record, nor is it a document created for any other reason than to have the IRB consider it. All of the documents to the IRB are described as a "submission to the IRB," thereby asking the IRB to do something or responding to something the IRB has done. *See, e.g.* 5/15/90 Description: "Memo responding to IRB comment." (Ex. 2).[6] All of the documents from the IRB are clearly not "primary health records and other information, documents or records from original sources," but rather, as described on the Privilege Log, documents created by the IRB to the individual "re IRB actions." The remaining documents are described as "handwritten notes re IRB actions" taken by an IRB member. *See* Ex. 2 at Undated Entry and 6/15/90 Entry. Clearly, handwritten notes regarding IRB actions are not "primary health records and other information, documents or records from original sources." Therefore, the Privilege Log makes it clear that no *in camera* review of these records is required because the documents do not fall within the exception provided in D.C. Code § 44-805(b).

---

[6] Despite the fact that Plaintiffs' motion should be denied, Defendants have undertaken to review the Privilege Log and privileged materials and have determined that Defendants are willing to produce several medical articles supporting a submission, and Defendants will also produce one multi-page submission to the IRB that relates to a study conducted on Avacryl, because those materials would otherwise be available from the original sources – *e.g.*, the manufacturer or the FDA or PubMed.

## CONCLUSION

**WHEREFORE**, Defendants respectfully submit that Plaintiffs' Motion for *In Camera* Inspection of Documents Identified on Defendants' Privilege Log be denied for failing to comply with Local Rule 7(m) or Federal Rule of Civil Procedure 37, failing to raise any argument for *in camera* review of documents also covered by the attorney-client and deliberative process privileges, and failing to explain how the descriptions for all the IRB documents, including handwritten notes and memoranda from the IRB regarding its actions, lead Plaintiffs to believe that it is even colorable that D.C. Code § 44-805(b) applies.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated:  September 7, 2007

By: /s/ Megan E. Hills
Megan E. Hills (D.C. Bar #437340)
Zoe C. Scharff (D.C. Bar # 490482)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
mhills@wc.com
zscharff@wc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo,<br>As Guardian of the Person and Property of<br>KARYN A. KERRIS,<br><br>Plaintiffs,<br><br>v.<br><br>Georgetown University Hospital,<br>GEORGETOWN UNIVERSITY, t/a<br>Georgetown University, and<br>VANCE E. WATSON, M.D.,<br><br>Defendants. | Civ. Act. No. 1:05CV02086 (PLF/AK)<br><br>Judge Paul L. Friedman<br><br>Magistrate Judge Alan Kay |

## ORDER

**WHEREFORE,** upon consideration of Plaintiffs' Motion for an *In Camera* Inspection of Documents Identified on Defendants' Privilege Log, the Opposition thereto, any additional pleadings, and any argument thereon, it is hereby

**ORDERED,** this _____ day of _____, 2007, that

Plaintiffs' Motion is **DENIED.**

_____
MAGISTRATE JUDGE ALAN KAY
United States District Court
 for the District of Columbia

Copies to:

Anthony Newman, Esq.
Ernest McIntosh, Esq.
Wendy Wyeth, Esq.
Newman, McIntosh & Hennessy

7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

Plaintiffs' Counsel

Andrew Greenwald, Esq.
Greenwald and Laake
6404 Ivy Lane
Suite 440
Greenbelt, Maryland 20770

Plaintiffs' Counsel

Megan Hills, Esq.
Zoe Scharff, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Defendants' Counsel

2

## CERTIFICATE OF SERVICE

Pursuant to United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing with exhibits was served via electronic filing on the Court's CM/ECF website on the 7th day of September 2007 on the forgoing:

>Anthony Newman, Esquire
>Ernest McIntosh, Esquire
>Wendy Wyeth, Esquire
>Newman, McIntosh & Hennessy
>7315 Wisconsin Avenue
>Suite 700E
>Bethesda, Maryland 20814

>and

>Andrew Greenwald, Esquire
>Greenwald and Laake
>6404 Ivy Lane
>Suite 440
>Greenbelt, Maryland 20770

>Plaintiffs' Counsel

_/s/ Megan E. Hills_
Megan E. Hills