UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF) <br><br> Judge Paul L. Friedman <br> Magistrate Alan Kay |

## DEFENDANTS[1]' OPPOSITION AND SUPPORTING MEMORANDUM TO PLAINTIFFS[2]' MOTION TO AMEND COMPLAINT

Defendants oppose Plaintiffs' Motion to Amend the Complaint on the grounds that Plaintiffs have failed to comply with a basic and critical requirement to confer with opposing counsel prior to filing a motion and failed to include a certificate of conference in the filing.

Local Rule of the United States District Court for the District of Columbia ("LCvR") 7(m) requires Plaintiffs to confer in good faith with Defendants in an attempt to resolve or narrow issues prior to filing any nondispositive motion. Plaintiffs must also file a certificate of good faith conference together with any nondispositive motion. *See* LCvR 7(m); ("A party shall include in its motion a statement that the required discussion occurred, and a

---

[1] Defendant Georgetown University ("GU") and Defendant Vance E. Watson, M.D. ("Dr. Watson") are collectively referred to as "Defendants."

[2] Plaintiff Felice Iacangelo and Plaintiff Cicily Iacangelo are collectively referred to as "Plaintiffs."

statement as to whether the motion is opposed."). Moreover, this Court, in the April 11, 2007 Scheduling Order specifically admonished counsel to comply with LCvR 7m and set forth the obligations of that rule therein. *See* Ex. 1 at ¶ 13 (Scheduling Order, April 11, 2007).

There is no ambiguity that Plaintiffs were required to first confer with Defendants and then to file a certificate attesting to the attempt to resolve or narrow the issues raised in the motion. And, it is clear on the face of Plaintiffs' pleading that Plaintiffs failed to comply with that requirement here as Plaintiffs' pleading omits the required certificate. *See* Plaintiffs' August 29, 2007 Motion to Amend and all attachments.

Plaintiffs' failure both to confer and to file a certificate of conference requires this Court to deny Plaintiffs' motion. In *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006), the court stated: "If a party files a nondispositive motion without certifying its compliance with Rule 7(m), the motion **will be** denied." (citations omitted; emphasis added). "The Local Rule requires that the parties "try[] in good faith to achieve its objectives," which means they must take "real steps to confer." *United States ex rel. K&R Limited P'ship v. Mass. Housing Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006). "If a party files a nondispositive motion without certifying its compliance with Rule 7(m), the motion will be denied." *Alexander v. FBI*, 186 F.R.D. 185, 187 (D.D.C. 1999); *see also United States v. Diabetes Treatment Ctrs. of Am.*, 235 F.R.D. 521, 529 (D.D.C. 2006) (defendants' motion to compel was denied on the grounds that they failed to confer in good faith with the opposing counsel before filing a motion because "[a]s such, failure to comply with the conference requirement is sufficient basis to deny a motion to compel."); *U.S. ex rel. K & R Ltd. P'ship, supra*, 456 F. Supp. 2d at 52 (D.D.C. 2006) ("[w]hile the Local Rule would not require that [the moving party] wait in vain on an

evasive party, it at least "contemplates that counsel will speak to each other.") (citation omitted)).

Here, Defendants were not "evasive," Defendants were not even given the chance to address Plaintiffs' Motion to Amend. Both counsel for Plaintiffs and Defendants were at a deposition at the offices of Williams & Connolly LLP on August 29, 2007, the day on which Plaintiffs filed their three motions, including this Motion to Amend. *See* Ex. 2 (Notice of Deposition of Dieter Schellinger on August 29, 2007). Plaintiffs' counsel made **no mention whatsoever** of any of these motions on that day, or previously. Plaintiffs and Defendants also conferred on motions that Defendants planned to file on August 24th and 27th. *See* Ex. 3 (Email correspondence indicating conference). Therefore, Defendants were available to confer on this motion, and Defendants – if Defendants had been conferred with – would likely have consented to Plaintiffs' Motion to Amend, given that Defendants are well aware that requests for amendment are liberally granted, to avoid the cost of briefing this issue.

Because Plaintiffs made this motion in flagrant violation of the obligations imposed by the Local Rules, and without granting the Defendants the courtesy of an opportunity to consent, and requiring Defendants to expend the money to file a pleading regarding Plaintiffs' motion, Defendants respectfully submit that the Local Rules require the Motion to Amend be denied.

## CONCLUSION

**WHEREFORE,** Defendant Georgetown University and Defendant Vance E. Watson, M.D., respectfully request that Plaintiffs' Motion to Amend be denied as violative of the applicable rules or, in the alternative, if Plaintiffs' Motion to Amend is granted, Defendants be awarded the reasonable costs and fees expended in filing a pleading in response to Plaintiffs' Motion to Amend, which expense would have been avoided had Plaintiffs obeyed the Rules.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: September 7, 2007        By: /s/ Megan E. Hills
                                Megan E. Hills (D.C. Bar #437340)
                                Zoe C. Scharff (D.C. Bar #490482)
                                725 Twelfth Street, N.W.
                                Washington, D.C. 20005
                                (202) 434-5000
                                (202) 434-5029 (fax)
                                mhills@wc.com
                                zscharff@wc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF) <br><br> Judge Paul L. Friedman <br> Magistrate Alan Kay |

## ORDER

After consideration of Plaintiffs' Motion to Amend the Amended Complaint; Defendants' Opposition thereto; and any Reply,

It is this ___ day of _____, 2007

**ORDERED,** that Plaintiffs' Motion to Amend the Amended Complaint is **DENIED** for failure to comply with the Local District Court Rules.

_____
The Honorable Paul L. Friedman
Judge, United States District Court
  for the District of Columbia

Copies to:

Anthony Newman, Esquire
Ernest McIntosh, Esquire
Wendy Wyeth, Esquire
Newman, McIntosh & Hennesy

7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

Andrew Greenwald, Esquire
Greenwald and Laake
6404 Ivy Lane
Suite 440
Greenbelt, Maryland 20770

Plaintiffs' Counsel


Megan E. Hills, Esquire
Zoe C. Scharff, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Defendants' Counsel

## CERTIFICATE OF SERVICE

Pursuant to United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing with exhibits was served via electronic filing on the Court's CM/ECF website on the 7th day of September 2007 on the forgoing:

>Anthony Newman, Esquire
>Ernest McIntosh, Esquire
>Wendy Wyeth, Esquire
>Newman, McIntosh & Hennesy
>7315 Wisconsin Avenue
>Suite 700E
>Bethesda, Maryland 20814

>and

>Andrew Greenwald, Esquire
>Greenwald and Laake
>6404 Ivy Lane
>Suite 440
>Greenbelt, Maryland 20770

>Plaintiffs' Counsel

_/s/ Megan E. Hills_
Megan E. Hills