1

```
 1                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2
    FELICE I. IACANGELO, et al,     . Docket No. CV-05-2086 (PLF)
 3                                  .
         Plaintiff,                 .
 4                                  . Washington, D.C.
         v.                         . June 26, 2007
 5                                  . 10:00 a.m.
    GEORGETOWN UNIVERSITY,          .
 6  trading as Georgetown University.
    Hospital, et al,                .
 7                                  .
         Defendants.                .
 8   . . . . . . . . . . . . . . . .

 9              TRANSCRIPT OF STATUS CONFERENCE
             BEFORE THE HONORABLE PAUL L. FRIEDMAN
10                 UNITED STATES DISTRICT JUDGE

11  APPEARANCES:

12  For the Plaintiff:       Newman, McIntosh and Hennessey
                             By: Anthony G. Newman, Esquire
13                           7315 Wisconsin Avenue
                             Bethesda, Maryland 20814
14                           301.654.3400

15                           Joseph, Greenwald and Laaker, PA
                             By:  Andrew E. Greenwald, Esquire
16                           6404 Ivy Lane
                             Greenbelt, Maryland 20770
17                           301.220.2200

18  For the Defendant:       Williams and Connolly, LLP
                             By: Megan E. Hills, Esquire
19                               Nicolas D. Muzin, Esquire
                             725 Twelfth Street, Northwest
20                           Washington, D.C. 20005
                             202.434.5393
21

22  Court Reporter:          Linda L. Russo, RPR
                             Official Court Reporter
23                           Room 6403, U.S. Courthouse
                             Washington, D.C. 20001
24                           202.354.3244

25  Proceedings reported by machine shorthand, transcript produced
    by computer-aided transcription
```

                        Linda L. Russo, RPR
                      Official Court Reporter

```
 1  negligent.  There would be no conflict.  If Sheila Zimmett said
 2  I did say that, Dr. Watson can say, yes, I used these
 3  unapproved substances but I was given permission.
 4           But still, Your Honor, they have to prove it caused
 5  damage.  And therefore as a -- it's not just the use of the
 6  substances.  They have to prove that there was something wrong
 7  with the patient, and so Georgetown would still be negligent
 8  under either scenario.  But it has stopped discovery, and we
 9  would ask --
10           THE COURT:  I'm not sure it stopped discovery, and
11  I'm not sure that I agree with your conflict analysis.
12           MS. HILLS:  Your Honor, I don't know what the
13  conflict is.
14           THE COURT:  According to Judge Kay's law clerk,
15  discovery has not been stopped.
16           MS. HILLS:  Your Honor, how do I represent -- if I
17  don't have the best interests of the client at heart, how do I
18  represent that person?
19           THE COURT:  Which client?
20           MS. HILLS:  Dr. Watson.  That's what was said to him,
21  that I am conflicted, I don't have his best legal
22  representation at heart.  How do I then sit at a deposition --
23           THE COURT:  Why don't you get him another lawyer?
24           MS. HILLS:  What is the conflict?
25           THE COURT:  Why don't you get him a lawyer to advise
```

1  him on whether there's a conflict, and why don't you get Sheila
2  Zimmett a lawyer and let's go forward with her deposition.
3          I'm ruling that you cannot represent Sheila Zimmett
4  at her deposition.  And I'm ruling that you have to get
5  independent counsel to separately advise Dr. Watson
6  immediately, so discovery can proceed.
7          MS. HILLS:  Yes, Your Honor.  Because of this haze,
8  would you allow -- because at least from defense counsel -- and
9  it's probably my fault, from hearing the Court's ruling, I need
10 a two week extension for defense discovery responses to
11 plaintiffs because I haven't been able to advise my clients on
12 anything since the 31st.
13         THE COURT:  I don't believe that that isn't -- that
14 you haven't been able to advise your clients of anything.
15 Which clients?  Neither client.
16         Look, this happens all the time.  Somebody raises an
17 issue of potential conflict, you go out and you get an
18 independent lawyer.  You say I'm not sure there's a conflict
19 but I will give you an independent lawyer.  You talk to that
20 lawyer, you figure it out.  You can waive the conflict if you
21 think there's a conflict.
22         Now, if Sheila Zimmett says that what Watson says is
23 true, yes, they have to prove causation on that claim.  I'm not
24 sure how the conflict comes out if she says it's true.  If she
25 says it's not true, then can you really put both Watson and --

```
 1   of now I do not have a conflict with either of my
 2   representation, and that now that that conflict has been lifted
 3   over me, I may advise my clients on settlement counteroffer, on
 4   their responses to written discovery.  So, therefore, I need a
 5   two week extension on defense's discovery responses, which are
 6   due July 4th.  In my mind, I was told I had a conflict by
 7   plaintiffs.
 8            THE COURT:  Okay.  I'll talk with Judge Kay and one
 9   of us will be in touch.
10            MR. NEWMAN:  Thank you, Your Honor.
11            MS. HILLS:  Thank you, Your Honor.
12        (Proceedings concluded.)
13
14                            CERTIFICATE
15       I, LINDA L. RUSSO, Official Court Reporter, certify
16   that the foregoing pages are a correct transcript from the
17   record of proceedings in the above-entitled matter.
18
19
20                            _____
                              Linda L. Russo, RPR
21                            Virginia CCR No: 0313102
22
23
24
25
```

Linda L. Russo, RPR
Official Court Reporter