REPRODUCED AT THE NATIONAL ARCHIVES

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RHONDA R. MORTON, Individually
and as Mother and Next Friend of
Monique M. Morton, a minor,

    Plaintiff,

      v.

THE GEORGE WASHINGTON
UNIVERSITY (d/b/a THE GEORGE
WASHINGTON UNIVERSITY MEDICAL
CENTER),

      Defendant.

: OCT 2 7 14:00 '00
:
: ADM...
: Case No. 99ca4599
: Calendar #2
: Judge Jackson
: Next Event: Discovery
: Deadline 3/15/01
:
:
:
:
:
:
:

FILED
CIVIL ACTIONS BRANCH
OCT 03 2000
Superior Court
of the District of Columbia
Washington, D.C.

## PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT HEALTH PARTNERS, L.P.'S MOTION TO DISMISS

In a wasteful effort to put form over substance and thereby undermine both the progress of this complex litigation and the interests of judicial economy, Defendant District Health Partners, L.P. ("DHP") has filed a Motion to Dismiss Plaintiff's Second Amended Complaint, without prejudice, on the basis of Plaintiff's alleged failure to comply with SCR Civil 4(m).  As explained below, Defendant's Motion should be denied, because Plaintiff **did** comply with SCR Civil 4(m), and because in any event, granting Defendant's Motion would serve no purpose other than to needlessly burden the Court and all other parties to this case with another Motion to Amend, and the consequent delay attendant therewith.

REPRODUCED AT THE NATIONAL ARCHIVES

I.  **DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO SCR CIVIL 4(m) SHOULD BE DENIED.**

As Defendant DHP notes in its own Motion to Dismiss, **DHP was brought into this case**, in Plaintiff's Second Amended Complaint, **with the consent of Defendants George Washington University and William O. Bank, M.D.**. (See Memo in support of Defendant DHP's Motion to Dismiss, at p.1) [Defendant's Memo](noting that Defendants GWU and William O. Bank, M.D. consented to Plaintiff's Motion for Leave to File Second Amended Complaint). Now, Defendant DHP seeks to obtain a useless dismissal in its favor, **without** prejudice, on a procedural technicality under Rule 4(m), which will do nothing but require Plaintiff to file another Motion to Amend and re-serve the Defendant. This wasteful effort by Defendant should be rejected for several reasons.

First, contrary to Defendant's assertions, Plaintiff **did** comply with SCR Civil 4(m). Although the Order granting leave to file the Second Amended Complaint deemed the Complaint filed as of April 11, 2000, Plaintiff did not obtain a valid summons for Defendant until August 17, 2000. (See Exhibit 1, Summons to Defendant DHP). Seven days after the issuance of that summons, i.e. on August 24, 2000, Plaintiff obtained service on the Defendant, and filed an Affidavit of Service shortly thereafter. (See Exhibit 2, Affidavit of Service on Defendant DHP).

REPRODUCED AT THE NATIONAL ARCHIVES

Thus, Plaintiff complied with Rule 4(m), by filing proof of service on Defendant DHP within 60 days after the Clerk issued the summons for said Defendant.[1]  Indeed, Plaintiff's compliance is demonstrated by the fact that **the Clerk never entered a dismissal of the Second Amended Complaint against Defendant DHP**. Significantly, **as Defendant itself emphasizes, such a dismissal by the Clerk would otherwise have been required under Rule 4(m) if Plaintiff had not complied**. (See Defendant's Memo, at p.2) (quoting SCR Civil 4(m)).

In any event, since the incident at issue occurred on June 8, 1998 and involves a minor Plaintiff, all that would be accomplished if Defendant's form-over-substance Motion were granted, is that Plaintiff would end up re-amending the Complaint, through **another** Motion to Amend, after which she would re-serve DHP.  Such a result would be of no cognizable benefit to the Defendant, and would only serve to burden the Court and the other parties with another needless delay.[2]

Accordingly, Defendant's Motion to Dismiss pursuant to SCR Civil 4(m) should be denied.

---

[1] Unlike the filing of an original Complaint, summonses are not issued immediately upon filing of a proposed amended Complaint, because the Court must first rule on the corresponding Motion to Amend.  If Defendant's view were accurate – i.e. that the 60-day clock runs from the filing of the proposed amended complaint rather than the subsequent issuance of a summons – then in any case where an amendment relates back to a prior date but also adds a new defendant, the 60-day clock could expire before the Court even grants the Motion to Amend.

[2] Mediation, originally set for July 6, 2000, was already continued once as a result of the filing of Plaintiff's Second Amended Complaint, which added Defendant DHP and Defendant Universal Health Systems, Inc.

## II.  DEFENDANT'S MOTION TO DISMISS COUNTS II, III, IV, V, VI, AND VII OF THE SECOND AMENDED COMPLAINT SHOULD BE DENIED.

Defendant DHP has moved to dismiss Counts II, III, IV, V, VI, and VII of the Second Amended Complaint, for failure to state a claim, based on the same reasons offered by co-defendants GWU and William O. Bank, M.D. in their Motion to Dismiss those same counts in Plaintiff's First Amended Complaint. (See Defendant DHP's Memo, at pp.4-5). Indeed, Defendant DHP, in support of its current Motion, incorporates by reference its co-defendants' arguments.

Plaintiff previously filed a fully-briefed Opposition to the Motion to Dismiss by Defendants GWU and Dr. Bank. Accordingly, Plaintiff incorporates by reference herein, her previous Opposition, which demonstrates that Defendants' respective Motions to Dismiss these counts should be denied. As further support for her argument that Plaintiff can use the Food, Drug & Cosmetics Act to **establish the standard of care in her common law medical negligence claim** (as distinguished from a separate statutory cause of action under the FDCA), Plaintiff also cites this Court to the recent case of Jarrett v. Woodward Bros., Inc., 751 A.2d 972 (D.C. 2000), wherein our Court of Appeals reaffirmed this very principle, which was previously articulated in Rhong Yao Zhou v. Jennifer Mall Restaurant, 534 A.2d 1268 (D.C. 1987).

REPRODUCED AT THE NATIONAL ARCHIVES

**CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that Defendant DHP's Motion to Dismiss be DENIED in its entirety.

Respectfully submitted,

**CHAIKIN & SHERMAN, P.C.**

Ira Sherman, Esquire
D.C. Bar No. 212175

Barry I. Buchman, Esquire
D.C. Bar No. 459663
The Law Building
1232 Seventeenth Street, N.W.
Washington, D.C.  20036
(202) 659-8600
Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

1.  Cases cited herein.

2.  Exhibits 1 & 2.

3.  Plaintiff's Opposition to Motion to Dismiss by Defendants GWU and Dr. Bank.

4.  The entire record herein.

Ira Sherman

REPRODUCED AT THE NATIONAL ARCHIVES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing, Plaintiff's Opposition to Defendant District Health Partners, L.P.'s Motion to Dismiss, was mailed, first class, postage prepaid, this 2ND day of October, 2000, to:

> Cynthia L. Santoni, Esquire
> Miles & Stockbridge, P.C.
> 1751 Pinnacle Drive, Suite 500
> McLean, Virginia  22102
>
> Adam W. Smith, Esquire
> McCandlish & Lillard, P.C.
> 11350 Random Hills Road
> Suite 500
> Fairfax, Virginia 22030
>
> Anthony Newman, Esquire
> Newman & McIntosh, P.A.
> 7315 Wisconsin Avenue
> Suite 220-E
> Bethesda, Maryland  20814

and was hand-delivered this 2ND day of October, 2000, to:

> Chambers of The Honorable William Jackson
> Superior Court of the District of Columbia
> 500 Indiana Avenue, N.W.
> Washington, D.C. 20001

Barry I. Buchman

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

RHONDA R. MORTON, individually and as
Mother and Next Friend of MONIQUE M.
MORTON, a minor

                              *Plaintiff*

vs.                                                    Civil Action No. 99-ca-4599

DISTRICT HOSPITAL PARTNERS, LP,
SERVE: CT Corporation System
        1025 Vermont Avenue NW
        Washington, DC 20005        *Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

                                               Clerk of the Court

Name of Plaintiff's Attorney
CHAIKIN & SHERMAN, P.C.
1232 17th Street, N.W.          By _____
                                               Deputy Clerk
Address
Washington, D.C. 20036

(202) 659-8600                 Date _____

Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COUR
AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98        NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FOR

PLAINTIFF'S EXHIBIT
1

REPRODUCED AT THE NATIONAL ARCHIVES

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RHONDA R. MORTON, Individually,:
As Mother and As Next Friend of:
Monique M. Morton                :
                                 :
        Plaintiff                :
                                 :
    vs.                          :    Civil Action No. 99CA004599
                                 :    Calendar #2
THE GEORGE WASHINGTON            :    Judge William H. Jackson
UNIVERSITY (d/b/a THE GEORGE     :    Next Event:  Discovery Closed
WASHINGTON UNIVERSITY MEDICAL    :                        3/15/2001
CENTER), et al.,                 :
                                 :
        Defendants               :

## AFFIDAVIT OF SERVICE

COMES NOW your Affiant, Ira Sherman, Esquire, having been deposed and sworn, and states under oath as follows:

1.   That the Summons and Complaint were mailed by Certified Mail, Return Receipt Requested, on August 23, 2000 to Defendant, District Hospital Partners, LP, as evidenced by the Receipt, attached hereto and incorporated by reference herein, marked as Exhibit "A".

2.   That receipt of the above-listed items was acknowledged by the above-named Defendant, on August 24, 2000, as evidenced by the Return Receipt, attached hereto and incorporated by reference herein, marked as Exhibit "B".

3.   That your Affiant avers that he is competent to be a witness and has personal knowledge of the facts stated herein.

4.   That your Affiant solemnly affirms under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true.



_____
Ira Sherman

REPRODUCED AT THE NATIONAL ARCHIVES

SUBSCRIBED AND SWORN TO, before me, a Notary Public, on this _29th_ day of August, 2000.

_____
Notary Public

My Commission Expires:    SHARON A. FOSS
                          NOTARY PUBLIC
                          DISTRICT OF COLUMBIA
                          MY COMMISSION EXPIRES: 12-14-03

REPRODUCED AT THE NATIONAL ARCHIVES

EXHIBIT "A"

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| Article Sent To: | | |
|---|---|---|
| Postage | $ .55 | 8/23/00 Complaint |
| Certified Fee | 1.40 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.25 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 3.20 | |

Name (Please Print Clearly) (To be completed by mailer)
District Hospital Partners LP

Street, Apt. No.; or PO Box No.
CT Corp System - 1025 Vermont Ave NW

City, State, ZIP+ 4
Washington DC 2005

PS Form 3800, July 1999                See Reverse for Instructions

REPRODUCED AT THE NATIONAL ARCHIVES

EXHIBIT "B"

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly)  B. Date of Delivery  AUG 24 2000<br><br>C. Signature<br>X C. Frizza    ☐ Agent  ☐ Addressee<br><br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br><br>District Hospital Partners LP<br>Serve: CT Corporation System<br>1025 Vermont Avenue NW<br>Washington, DC 20005 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Copy from service label) | 7099 3020 0008 2736 9133 |
| PS Form 3811, July 1999 | Domestic Return Receipt    102595-99-M-1789 |

REPRODUCED AT THE NATIONAL ARCHIVES

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RHONDA R. MORTON, Individually      :
and as Mother and Next Friend of    :
Monique M. Morton, a minor          :
                                    :
              Plaintiff,            : Case No. 99ca4599
                                    : Calendar #2
         v.                         : Judge Jackson
                                    : Next Event: Discovery
THE GEORGE WASHINGTON               :  Deadline – 3/15/01
UNIVERSITY (d/b/a THE GEORGE        :
WASHINGTON UNIVERSITY MEDICAL       :
CENTER),                            :
                                    :
              Defendant.            :

## ORDER

UPON CONSIDERATION of Defendant District Health Partners,

L.P.'s Motion to Dismiss, and Plaintiff's Opposition thereto, it

is on this _____ day of _____, 2000, hereby,

**ORDERED**, that Defendant's Motion to Dismiss be, and the

same hereby is, **DENIED**.


                              _____
                              Judge, Superior Court of the
                              District of Columbia


1

Copies to:

Ira Sherman, Esquire
Chaikin & Sherman, P.C.
The Law Building
1232 Seventeenth St., N.W.
Washington, D.C.   20036

Anthony Newman, Esquire
Newman & McIntosh, P.A.
7315 Wisconsin Avenue
Suite 220-E
Bethesda, Maryland   20814

Cynthia L. Santoni, Esquire
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, Virginia   22102

Adam W. Smith, Esquire
McCandlish & Lillard, P.C.
11350 Random Hills Road
Suite 500
Fairfax, Virginia 22030