UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

FELICE I. IACANGELO and CICILY        )
IACANGELO, Guardians of the Person    )
and Property of KARYN A. KERRIS, *et al.*, )
                    Plaintiffs,       )
          v.                          )
                                      )        Civil Action No. 05-2086 (PLF/AK)
GEORGETOWN UNIVERSITY, *et al.*       )
                    Defendants.       )
_____)

## **MEMORANDUM ORDER**

        Pending before the Court is Defendants' Motion to Compel Previously Requested Material

from Plaintiffs and for Fed. R. Civ. P. 37 Attorneys' Fees ("Motion") [64], Defendants' opposition

to the Motion ("Opposition") [72], and Plaintiffs' reply to the Opposition ("Reply")

[ 75].  Defendants move "to compel the production of transcripts(s) regarding embolic substances

and/or embolization . . . ."  (Motion at 1.)  Defendants argue that these transcripts have been

previously requested by the Defendants through subpoena *duces tecum* requests directed to the

three Plaintiffs and other discovery requests that generally encompass this information.

(Memorandum in Support of Motion ("Memorandum") at 2-3.)   Defendants further assert that

such transcripts are relevant to the issues in this case, particularly because Plaintiffs' counsel

referenced the existence of such information during the deposition of Dr. Watson. (Memorandum

at 4. )[1]

Plaintiffs respond to Defendants' Motion by first challenging the Motion on procedural grounds for failure to comply with this Court's "prerequisite" for filing a discovery motion; i.e., that a "moving party schedule a three-way telephonic conference between counsel, opposing counsel, and the Court." (Opposition at 1.) For clarification of the record, the Court notes that while there have been a number of discovery issues addressed during telephonic conferences, this Court has not mandated that a conference (involving the Court) precede the filing of a discovery motion.[2]

Plaintiffs assert that the discourse that occurred during the Watson deposition is the "*only* reference to the deposition (testimony) in this entire litigation." (Opposition at 5, emphasis added by Plaintiffs.) Plaintiffs contend that there is no basis for production of the transcript because counsel "acquiesced and asked no further questions regarding the inventor" after opposing counsel indicated that [he] should "not threaten the witness with the testimony from another case unless [counsel] intend(s) to produce that testimony." (Opposition at 6, citing the Watson deposition

_____

[1]The following discourse occurred during the deposition of Dr. Watson:
Q: [by Plaintiffs' counsel] Were you in any way involved with preliminary studies on Onyx [a cyanoacrylate] when it was done in [the interventional neuroradiologist's] garage? Do you remember any of this, Doctor?
A: [by Dr. Watson] In a garage.
Q: I have his testimony, Doctor. Do you know anything about the creation of Onyx?

Defendants further assert that Plaintiffs' counsel also referenced the existence of "another case" during a hearing before the trial court. (Memorandum at 4, citing Ex. 9, June 26, 2007 Transcript at 18, where Plaintiffs' counsel stated "By the way, that did happen in another case where the doctor basically ordered the glue on his own, the procedure was called an embolization.")

[2]Plaintiffs also argue that the discovery requests filed by Defendants do not specifically cover the transcript(s) in question but this argument is semantic rather than substantive.

testimony contained in the Opposition at 4.)  Plaintiffs further submit that the transcript requested

by Defendants is "a four-year-old deposition of a physician who is not a party to, a fact witness to,

an expert in, or in any manner related to this litigation and, to Plaintiffs' knowledge, no party or

counsel has ever contacted this individual during the course of this litigation" and  "[i]t is from a

prior, sealed case, filed by another plaintiff, against a different defendant." (Opposition at 3.)[3]

        Defendants proffer that transcripts of testimony regarding embolic substances and their

use in embolizations are relevant on their face [even where such testimony was taken in a lawsuit

involving a different plaintiff and different defendant and bears no apparent relationship to this

civil action except for a possibly similar set of claims/defenses] and such relevance does not rely on

its use by opposing counsel.[4]  The Court however finds that the transcript described by Plaintiffs'

counsel is relevant to the extent that it may be used to impeach Dr. Watson's testimony.[5]

Accordingly the Court will deny Defendants' Motion to Compel with the proviso that the alleged

transcript testimony may not be used for impeachment purposes at trial unless such transcript

---

[3]In their Reply, Defendants note Plaintiffs' counsel's involvement in *Morton v. George Washington University*, Civil Action No. 99-4599, a medical malpractice case that was filed in the D.C. Superior Court.  Defendants indicate that the transcript(s) at issue are likely derived from that case, which is not sealed.

[4]Counsel in a lawsuit bring to the table their prior experience with similar legal issues and that experience is naturally incorporated into their trial strategy.  When such information is obtained and subsequently utilized and cited as an assertion in a question to a witness or deponent as affirmative authority or for potential impeachment purposes, the underlying information upon which counsel relies should be disclosed to opposing counsel.

[5]This Court makes no ruling on whether the contested transcript should be disclosed in the context of expert disclosure and discovery.

testimony has been fully disclosed to opposing counsel.  It is this 5th day of October, 2007,

ORDERED that the Defendants' Motion to Compel [64] is denied.  The Court declines to award attorneys' fees and costs to the Defendants.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE