UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
FELICE I. IACANGELO and CICILY        )
IACANGELO, Guardians of the Person    )
and Property of KARYN A. KERRIS, *et al.*, )
           Plaintiffs,            )
    v.                                  )
                                   ) Civil Action No. 05-2086 (PLF/AK)
GEORGETOWN UNIVERSITY, *et al.*      )
           Defendants.           )
_____)

**MEMORANDUM ORDER**

Pending before the Court is Plaintiffs' Motion to Re-Depose Sheila Cohen Zimmet ("Motion") [62]; Defendants' opposition thereto ("Opposition") [68]; and Plaintiffs' reply to the Opposition ("Reply") [71].[1] Plaintiffs deposed Sheila Zimmet on July 23, 2007, and during the course of that deposition, Defendants acknowledge that "Ms. Zimmet recognized that Defendant Dr. Watson had waived his attorney-client privilege as to his conversation with [her] regarding the IRB and the unapproved FDA devices . . . ." (Opposition at 4.) According to Plaintiffs, "[Ms. Zimmet] testified regarding her conversations with Dr. Watson throughout her deposition and expressly recognized the waiver with respect to those conversations, [but she]. . . refuse[d] to answer Plaintiffs' follow-up questions on the same subject matter." (Motion at 5.) Plaintiffs therefore wish to reconvene the deposition for purposes of asking such follow-up questions. Further, Plaintiffs have now received six pages of Ms. Zimmet's notes, stamped as confidential,

---

[1] Ms. Zimmet is "currently employed as the Associate Vice President for Regulatory Affairs at Georgetown University," but was "at the times relevant to the facts underlying this litigation, Senior Associate Medical Center Counsel." (Motion at 1.)

-1-

regarding her conversations with Dr. Watson, and Plaintiffs wish to question Ms. Zimmet regarding these notes. Plaintiffs also move this Court to reconvene Ms. Zimmet's deposition for the purpose of propounding questions about her notes.

Defendants do not disagree that Ms. Zimmet may be re-deposed on the recently produced notes but they do contest Ms. Zimmet's deposition inquiry on any other topic, including follow-up questions regarding her conversation(s) with Dr. Watson. A review of the transcript of Ms. Zimmet's deposition indicates that while the deponent did provide some responsive information relevant to her conversation(s) with Dr. Watson, her assertions of privilege were overly broad. Accordingly, it is this 6th day of November, 2007,

ORDERED that Plaintiffs' Motion to Re-Depose Sheila Cohen Zimmet [62] is granted. Plaintiffs may reconvene the deposition of Sheila Zimmet, at a time and place convenient to all parties, for a period not to exceed 90 minutes, for the purpose of questioning Ms. Zimmet about the notes that were produced simultaneous with the filing of this Motion. Plaintiffs may also ask follow-up questions related to Ms. Zimmet's conversation(s) with Dr. Watson.[2]

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] Should the deposition reach a stalemate in terms of the deponent's assertions of privilege, the parties may seek guidance from chambers during the deposition.