IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | |
|---|---|
| **FELICE P. IACANGELO,** *et al.* : | |
| : | **Civil No. 1:05CV02086** |
| Plaintiffs, : | |
| : | **Judge Paul L. Friedman** |
| vs. : | |
| : | **Magistrate Judge Alan Kay** |
| **GEORGETOWN UNIVERSITY**, *et al.* : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' MOTION TO AMEND COMPLAINT**

COME NOW Plaintiffs, by and through their attorneys, and respectfully move this Court to allow Plaintiffs to amend their complaint pursuant to Federal Rules of Civil Procedure Rule 15(a) and District Court for the District of Columbia Local Rule 7(i). As grounds for this motion, Plaintiffs state the following:

I.   **INTRODUCTION AND BRIEF PROCEDURAL HISTORY**

Plaintiffs filed their original complaint on October 24, 2005. Upon learning that one of the original Defendants, MedStar Health, Inc., was named in error, Plaintiffs voluntarily dismissed MedStar Health, Inc. on January 4, 2006. On February 14, 2006, Plaintiffs filed their Amended Complaint. Defendants filed a Motion to Dismiss and Summary Judgment on March 6, 2006. On March 26, 2007, the Court issued an order concerning Defendants' Motion to Dismiss and Summary Judgment. As discovery progressed in this case, Plaintiffs now have facts that allow the re-pleading two of their counts, breach of express warranty and fraud, with the requisite particularity.

II.     ARGUMENT

Federal Rule of Civ. P. 15(a) states that, once an answer has been filed, a party may amend a complaint with leave of court and "leave shall be freely given when justice so requires." Rule 15(a) of the Federal Rules of Civil Procedure states in relevant part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party ... and leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a).  This Court has stated that a " district court should grant a motion to amend unless there is a clear and solid justification for denying it." **Monroe v. Williams,** 705 F.Supp. 621, 622 -623 (D.D.C. 1988).

The Supreme Court defined the term "when justice so requires" to mean that absent any "apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " **Foman v. Davis,** 371 U.S. 178, 182-183 (1962).

In Judge Friedman's March 26, 2007 Memorandum Opinion concerning the dismissal of certain counts of Plaintiffs' Amended Complaint, he stated that Magistrate Judge Kay, in his October 11, 2006 Report and Recommendation, identified the reason for dismissing Plaintiffs' Fraud Count without prejudice (Count VI in Plaintiffs' Amended Complaint) was simply because of a failure to plead with particularity as required by Federal Rule of Civ. P. 9(b).  Judge Friedman held that  was "a matter that in many cases easily can be corrected."  (3/26/2007 Memorandum and Order, p. 2 fn. 2).

Judge Friedman adopted Magistrate Judge Kay's recommendation to dismiss Plaintiffs Breach of Express Warranty count (Count V in Plaintiffs' Amended Complaint) but in so doing, Judge Friedman pointed out that "[w]hile plaintiffs may not bring an express breach of warranty

claim as to the fitness of the medical device used in Ms. Kerris' procedure, the Court notes that a claim for breach of express warranty as to the *result* of a procedure or treatment is available where a physician 'clearly and unmistakably [gave] a positive assurance [that he would] produce or...avoid a particular result or results in treating a patient.'" (3/26/2007 Memorandum and Order, pp. 3-4, fn. 3 (citing **Scarzella v. Saxon, 436 A.2d 358, 361-62 (D.C. 1981)**(emphasis in original)). Judge Friedman further added that "Plaintiffs are free, of course, to move to amend their complaint under the liberal pleading standards of Rule 15 of the Federal Rules of Civil Procedure to add or substitute this theory for the one now articulated in Count V." (3/26/2007 Memorandum and Order, p. 4, fn. 3).

Plaintiffs, since filing their Amended Complaint, have been able to conduct fact discovery, including the depositions of Defendant Vance E. Watson, Felice P. Iacangelo and Cicily A. Iacangelo. With that discovery, Plaintiffs are now able to amend the Amended Complaint to plead fraud with the requisite particularity and to plead a breach of express warranty under the theory articulated by Judge Friedman. As these two amended counts are merely re-introduction of earlier material and rely on discovery to date, there is no prejudice and no undue surprise to the Defendants by allowing Plaintiffs to amend their complaint.

In addition to the aforesaid, the Amended Complaint corrects the misnomer of Felice I Iacangelo to Felice P. Iacangelo and removes reference to the counts which were dismissed with prejudice.

### III.  CONCLUSION

As there has been no undue delay, bad faith or dilatory motive on the part of Plaintiffs, no repeated failure to cure deficiencies by amendments previously allowed, no undue prejudice to the opposing party, the Court should, as the rules state, grant Plaintiffs Motion to Amend

Complaint. Pursuant to Federal Rule of Civ. P. 15 and Local Civil Rule 7(i), a copy of Plaintiffs' Amended Complaint is attached to this Motion.

> Respectfully submitted,
> By:    /s/ Anthony Newman
> Anthony Newman
> NEWMAN, MCINTOSH & HENNESSEY, LLP
> 7315 Wisconsin Ave., Suite 700E
> Bethesda, MD 20814
> (301) 654-3400
>
>    /s/ Andrew E. Greenwald
> Andrew E. Greenwald
> JOSEPH, GREENWALD & LAAKE, P.A.
> 6404 Ivy Lane, Suite 400
> Greenbelt, MD 20770
> (301) 220-2200
>
> *Counsel for Plaintiffs*

## DUTY TO CONFER STATEMENT

In accordance with the Court's Order, Local Rule of Civil Procedure 7(m) this certificate will confirm that the parties conferred at the deposition of Leonard Chiazze on November 7, 2007 where defense counsel, when asked if there would be any objection to Plaintiffs filing their amended complaint, stated, "I believe under the amended pleading rules that there is no point in objecting."[1]

>    /s/ Anthony G. Newman
> Anthony Newman

---

[1] (Chiazze Deposition, November 7, 2007 pp. 178, l. 22 - 179, ll 1-2. A copy of the deposition is attached hereto as Exhibit 2).

**CERTIFICATE OF SERVICE**

Pursuant to the United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing Motion to Amend Complaint was served via electronic filing on the Court's CM/ECF website on December 21, 2007 to:

Megan Hills, Esq.
Nicolas Muzin, Esq.
Zoe C. Scharff, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005

                                                    /s/ Anthony G. Newman
                                                    Anthony Newman

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
*Civil Division*

**FELICE I. IACANGELO**, *et al.*         :
                                          :
                                          :   **Civil No. 1:05CV02086**
         Plaintiffs,                      :
                                          :   **Judge Paul L. Friedman**
vs.                                       :
                                          :   **Magistrate Judge Alan Kay**
**GEORGETOWN UNIVERSITY**, *et al.*       :
                                          :
         Defendants.                      :
_____

## ORDER

UPON CONSIDERATION of the Plaintiffs Motion to Amend Complaint, and any Opposition and Reply thereto, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

**ORDERED**, that the Plantiffs' Motion to Amend Complaint is hereby **GRANTED**.

_____
The Honorable Alan Kay
Magistrate Judge
United States District Court for the District of Columbia

**Copies to**:

Anthony Newman
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814

Andrew E. Greenwald
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

Megan Hills, Esq.
Nicolas Muzin, Esq.
Zoe C. Scharff, Esq.
David Kiernan, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005