## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FELICE P. IACANGELO and      :
CICILY A. IACANGELO, as      :
GUARDIAN OF THE PERSON       :
AND PROPERTY of              :
KARYN A. KERRIS              :
2109 Edgeware Street         :
Silver Spring, MD 20905      :
                             :
and                          :
                             :
      Plaintiffs,            :      Case No.   05-2086
                             :
    v.                      :      Judge Paul L. Friedman
                             :
GEORGETOWN UNIVERSITY, t/a   :      Magistrate Judge Alan Kay
Georgetown University Hospital :
serve:                       :
                             :
  4000 Reservoir Road, NW   :
  Washington, DC   20007    :
                             :
and                          :
                             :
VANCE E. WATSON, M.D.        :
4000 Reservoir Road, NW      :
Washington, DC   20007       :
                             :
      Defendants.            :

## AMENDED COMPLAINT

COMES NOW the Plaintiffs, Felice I. Iacangelo and Cicily A. Iacangelo as Guardians of

the Person and Property of Karyn A. Kerris, by and through her attorneys, Anthony G. Newman,

Esq., and Andrew Greenwald, Esq., and respectfully represents as follows:

## COUNT I
### (*Medical Negligence - Personal Injury*)

1.    Jurisdiction of this Court is founded on diversity of citizenship.

2.    Felice I. Iacangelo and Cicily A. Iacangelo were duly appointed as Guardians of

the Person and Property of Karyn A. Kerris by the Circuit Court of Montgomery County (28221-FL) being so appointed on August 11, 2005 .

3.      Upon  information and belief, at all relevant times herein, the Defendants, Georgetown University, owned, leased, operated, managed, maintained, supervised, and/or did business as, Georgetown University Hospital, which is a hospital located in and doing business in the District of Columbia.

4.      At all relevant times herein, Georgetown University Hospital was a duly licensed and accredited health care facility, which held itself out to the public as an institution providing legally and ethically approved treatments to its patients, and was competent to provide legally and ethically approved health care services within the District of Columbia.

5.      At all relevant times herein, Defendant Vance E. Watson, M.D., was a licensed physician in the District of Columbia who held himself out to the public as a specialist in the field of interventional neuro-radiology.

6.      Defendant Vance E. Watson, M.D., is a resident of the District of Columbia.

7.      At all relevant times herein, Defendant Georgetown University  rendered care to Karyn A. Kerris through its employees, agents and/or servants acting within the scope of their employment, including Defendant Vance E. Watson, M.D.

8.      On or about the dates of November 4, 1998, January 13, 1999, and March 3, 1999, Defendant Vance E. Watson, M.D., performed multiple embolizations on Karyn A. Kerris' arteriovenous malformations at the Georgetown University Hospital using a combination of two devices, Histoacryl and Lipiodol.

9.      Histoacryl is chemically a n-butyl-cyanoacrylate, a polymer glue that is chemically

identical to "Super Glue"™; Lipiodol is a mixture of poppy seed oil mixed with a radio-opaque material.

    10.    Defendant Georgetown University, through their servants, agents and employees, including Defendant Vance E. Watson, M.D., were negligent in their management, care and treatment of  Karyn A. Kerris on November 4, 1998 and continuing thereafter, including but not limited to the following particulars:

    a.    negligent performance of examinations and evaluations;

    b.    negligent decision to perform multiple embolizations on Karyn A. Kerris' vascular anomaly;

    c.    negligent decision to perform embolizations utilizing a Class III, medical device that had not been approved and was thus illegal;

    d.    negligent performance of embolizations without obtaining an investigational device exemption (IDE), without any other exemption or waiver from the Federal Government or its agencies and without providing notice to said entities of their intent to use such a device;

    e.    negligent performance of embolizations on a AVM where the risk of failure outweighed any potential benefit;

    f.    negligent technique in compounding a new device using two unapproved illegal Class III devices employed in the performance of the multiple embolizations;

    g.    negligent failure to follow the express warnings and/or contraindications found on the manufacturer's package insert regarding the use of Histoacryl;

    h.  negligent failure by Defendant Vance Watson, M.D., to submit his use of an "investigational" Class III device to Defendants Georgetown University's research body governing human experimentation and/or Institutional Review Board (IRB) prior to its usage;

    i.  negligent supervision and/or monitoring by Defendant Georgetown University of the ordering, invoicing and use of illegal Class III devices by their employees, agents and/or servants, including Vance E. Watson, M.D., on patients within Georgetown University Hospital;

    j.  negligent failure by Vance E. Watson, M.D. to follow Georgetown University's human experimentation and/or IRB rules and regulations;

    k.  negligent failure to disclose patients in general, and Karyn A. Kerris in particular, that Defendants intended on using a device that had been the subject of a trade alert and had been seized by the FDA prior to its use on Karyn A. Kerris;

    l.  negligent failure to record the embolizations of Karyn A. Kerris by video tape or otherwise, since it was an experiment using human subjects with an unapproved and illegal Class III device;

    m.  negligent failure to document the precise combination and/or strength of Histoacryl and its diluent Lipiodol;

    n.  Defendants were otherwise negligent; and,

    o.  Plaintiffs may also rely on *res ipsa loquitur*.

  11.  As a direct and proximate result of the aforesaid negligence of the Defendants, Karyn A. Kerris, suffered serious permanent and disabling damage to her body, including but not limited to: glue particles escaping into eloquent portions of her brain causing: ischemia,

brain damage, seizures, hydrocephalus, psychological damages and other neurological and physical impairments leaving her brain damaged and dysfunctional for the remainder of her life. She has suffered, and will in the future suffer, she will endure expenses for medical services and supplies, physical and occupational therapy and testing, careful and frequent psychological and psychiatric evaluation and treatment, as well as for specialized devices required for the activities of daily living. She has suffered and forevermore will suffer a total loss of future earnings, earning capacity, and the ability to lead a normal life. She has endured in the past, and will endure in the future, pain, suffering, disability, humiliation, embarrassment, mental anguish and emotional distress. She presently requires and will require around-the-clock care and supervision for the remainder of her life.

12.    Karyn A. Kerris was adjudicated incompetent by the Circuit Court for Montgomery County, MD. As a result of her incompetence, the Circuit Court for Montgomery County, MD appointed Felice I. Iacangelo and Cicily A. Iacangelo, as Guardians of the Person and Property of Karyn A. Kerris. Thus, Karyn A. Kerris did not have and does not have the mental capacity to discover any of the negligent acts and/or omissions contained in this Complaint because after the negligent and illegal embolizations were performed, she became brain damaged,  and will forevermore remain so, unable to comprehend or otherwise be cognizant of what had occurred, or what is presently occurring,  nor can she express any understanding of said, assuming *arguendo* she had any such understanding, given her inability to communicate.

13.    Defendants' failure to provide proper informed consent as stated below in Count II and Defendants' fraud as set forth below in Count VI, also precluded Karyn A. Kerris from

discovering that the device(s) which was/were implanted into the vessels of her brain was/were unapproved and illegal and/or that the Defendants' physician was not authorized to perform embolizations with Histoacryl, thus she could not have discovered, even if she had been mentally competent to discover, the exact nature and extent of the negligent and/or illegal conduct of the Defendants.

WHEREFORE, Plaintiffs Felice I. Iacangelo and Cicily A. Iacangelo as Guardians of the Person and Property of Karyn A. Kerris, demands judgment of and against Defendants Georgetown University and Vance E. Watson, M.D., jointly and severally, in the full sum of Thirty Million Dollars ($30,000,000.00) plus costs and interest.

## COUNT II
### (*Lack of Informed Consent*)

Plaintiffs re-plead and incorporate by reference herein each and every allegation set forth above and further state as follows:

14. Defendants never disclosed before any of the embolizations had occurred, *inter alia*, their intent to use the unapproved Class III devices, Histoacryl and/or Lipiodol, during the embolizations, in a combination manufactured at the time of the procedure which had never been tested previously and could never be tested and could never again be duplicated, since the concoction and combination of Histoacryl and Lipiodol had neither been precisely measured nor recorded.

15. Defendants never disclosed that the Histoacryl and Lipiodol which were to be injected into the vessels of Karyn A. Kerris' brain had to be smuggled into the United States since the two devices were not approved by the FDA and had been the subject of an FDA trade

alert.

16.     Defendants never described the high failure rates for embolizations utilizing Histoacryl and/or Lipiodol and/or its combination to treat vascular anomalies.

17.     Defendants never disclosed to Karyn A. Kerris the fact that the Histoacryl was to be employed in the vessels of her brain in a manner specifically forbidden by the manufacturer's labeling.

18.     Defendants never disclosed to Karyn A. Kerris the fact that any attempted embolization would have an extremely high risk of failure with catastrophic results.

19.     Defendants never disclosed to Karyn A. Kerris that the use of unapproved and untested devices, such as Histoacryl and Lipiodol and/or their combination was experimental, never disclosed that their use had not been approved by Georgetown University Hospital's IRB, and never disclosed that approval was required before any experimental procedure could be conducted at the Hospital.

20.     Had Karyn A. Kerris been informed of the aforesaid facts in paragraphs 16 - 21, she would not have consented to the embolizations, because she would have knowledge that: a)the treatments had not received FDA approval; b) the risks and dangers inherent with the use of Histoacryl, and/or Lipiodol, and/or a combination thereof were extremely high; c) the concocted embolization device made up of unknown quantities and strengths of Histoacryl and/or Lipiodol was never previously tested, could not be duplicated, so its efficacy was unknown; d) defendants intended on utilizing unapproved medical devices without IRB oversight; e) defendants were unauthorized to use these devices; f) the illegal devices had unacceptable failure rates; g) their use was contrary to warnings by the manufacturer; and h) any attempted embolization with these

devices could have catastrophic results.

21.     Defendant had not authorized and/or created a proper IRB-approved  informed

consent form for human experimentation that set forth: a) the purpose of the treatment; b) the fact

that the decision to use the experimental device was purely voluntary; c) the availability of

alternative devices and/or treatments; d) that the use of the experimental device would not be

charged to the patient; e) a full description of the risks and benefits of the proposed treatment; f)

the number of persons in the study; and g) the failures during present and prior usage; without

said information,  Karyn A. Kerris could not provide proper consent and the Defendants were

thus not authorized to provide said treatments.

WHEREFORE, Plaintiff Felice I. Iacangelo and Cicily A. Iacangelo as Guardians of the

Person and Property of Karyn A. Kerris, demands judgment of and against Defendants,

Georgetown University and Vance E. Watson, M.D., jointly and severally, in the full sum of

Thirty Million Dollars ($30,000,000.00) plus costs and interest.

## COUNT III
*(Breach of Warranty)*

Plaintiffs re-plead and incorporate by reference herein each and every allegation set forth

above, and further state as follows:

22.     At all relevant times herein, Defendant Vance E. Watson, acting as an agent, servant,

and/or employee of Defendant Georgetown, expressly warranted to the Karyn A. Kerris and her

parents Felice P. Iacangelo and Cicily P. Iacangelo that the embolizations' chances of success were

95% and that success would mean a cure of  Karyn A. Kerris' arteriovenous malformation (AVM).

23.     At all relevant times herein, Defendant Vance E Watson, M.D.'s clear and

unmistakable positive assurances that his embolizationos would cure Karyn A. Kerris's AVM

constituted a warranty which induced Karyn A. Kerris and her family to consent to the treatments.

24.    Karyn A. Kerris would not have consented or agreed that the illegal medical devices could be injected into her body if there was no warranty made by Defendant Vance E. Watson, M.D.

25.    As a direct and proximate result of the Defendant Vance E. Watson, M.D.'s warranty, Karyn A. Kerris consented to the embolizations and suffered injuries and damages as set forth above.

WHEREFORE, Plaintiffs Felice I. Iacangelo and Cicily A. Iacangelo as Guardians of the Person and Property of Karyn A. Kerris, demands judgment of and against Defendants Georgetown University and Vance E. Watson, M.D., jointly and severally, in the full sum of Thirty Million Dollars ($30,000,000.00) plus costs and interest.

## COUNT IV
### *(Fraud)*

Plaintiffs re-plead and incorporate by reference herein each and every allegation set forth above, and further state as follows:

26.    Defendant Vance E. Watson, M.D., who acting individually and/or as the agent, servant and/or employee of Defendant Georgetown University, made and/or fraudulently withheld representations of material facts which were false and/or the falsity of what was known or should have been known to Defendants at the time the representations were made.

27.    Defendants' defrauded Karyn A. Kerris by deliberately withholding or falsely representing information regarding the embolizations and the devices used therein, including:

      a.    Defendant Vance E. Watson, acting as an agent, servant and/or employee of Defendant Georgetown University, did not advise Karyn A. Kerris that the

devices were illegal because they had not obtained approval from the FDA to use the experimental devices, Histocryl and Lipiodol or provide the FDA with notice of its use;

b.      Defendant Vance E. Watson, acting as an agent, servant and/or employee of Defendant Georgetown University,  did not advise Karyn A. Kerris, that they did not  seek and/or obtain an IDE for use of these experimental devices, which would have been the only legal exemption to use the devices;

c.      Defendant Vance E. Watson, acting as an agent, servant and/or employee of Defendant Georgetown University,  did not reveal to Karyn A. Kerris the illegal status of Histocryl and/or Lipiodol;

d.      Defendant Vance E. Watson, acting as an agent, servant and/or employee of Defendant Georgetown University,  did not reveal to Karyn A. Kerris that an untested illegal product would be injected into the vessels of her brain;

e.      Defendant Vance E. Watson, acting as an agent, servant and/or employee of Defendant Georgetown University,  did not reveal to Karyn A. Kerris that a he would be creating a new device, by combining Histocryl with Lipiodol at the bedside, which he would then inject into her brain.

f.      Defendant Vance E. Watson, acting as an agent, servant and/or employee of Defendant Georgetown University,  did not reveal to Karyn A. Kerris that the embolizations were not cure her AVM, instead, Defendant Vance E. Watson fraudulently revealed that the chances of cure were 95%.

28.     Defendant Vance E. Watson M.D. withheld or falsely represented the aforesaid on November 4, 1998, January 13, 1999 and March 3, 1999.

-10-

29.     These withholdings or false representations were made by Defendant Vance E. Watson, M.D. for the purpose of defrauding Karyn A. Kerris and inducing her to consent to the embolizations.

30.     Defendants knew or should have known that Karyn A. Kerris would rely upon said representations and/or omissions and that said representations and/or omissions were material to a knowing and intelligent decision.

31.     Based on the special relationship which exists between Karyn A. Kerris and each Defendant, Defendants had a duty to disclose the information concealed from Karyn A. Kerris.

32.     Defendants' fraud in withholding or falsely representing, *inter alia:* the truth about the legal status of the components and the combination of components of the device Defendants intended to manufacture and insert into Karyn A. Kerris; induced Ms. Kerris's consent and allowed the embolizations to occur.

33.     Defendant Vance E. Watson, M.D., an interventional neuroradiologist perpretrated the fraud, at Ms. Kerris's expense, in order to perfect his skills at treating a grade-5 AVM, an opportunity that had only presented itself approximately two times prior to Ms. Kerris, knowing that he could now generate new patients and new revenue for these procedures, if they were successful.

34.     Defendant Georgetown University agreed to, acquiesced and otherwise enabled Defendant Vance E. Watson, M.D. to perform the embolizations on Karyn A. Kerris using illegal devices in order to both raise revenue and in an attempt to position itself at the forefront of interventional neuroradiology.

35.     As a direct and proximate result of the Defendants' fraud, Karyn A. Kerris and suffered injuries and damages as set forth above.

WHEREFORE, Plaintiffs Felice I. Iacangelo and Cicily A. Iacangelo as Guardians of the

Person and Property of Karyn A. Kerris, demand judgment of and against Defendants Georgetown University and Vance E. Watson, M.D., jointly and severally, in the full sum of Thirty Million Dollars ($30,000,000.00) plus costs and interest.

**COUNT V**
*(Breach of Fiduciary Obligations)*

Plaintiffs re-plead and incorporate by reference herein each and every allegation set forth above and further state as follows:

36.  At all relevant times herein, Defendant Vance E. Watson, M.D., owed a fiduciary duty to Karyn A. Kerris to, *inter alia*, use only approved medical devices and/or be authorized to use unapproved devices.

37.     Vance E. Watson, M.D. and Georgetown University, breached their fiduciary duty of loyalty and care to Karyn A. Kerris and the duty to, at all times, act in good faith and in the best interests of the Plaintiff, abide by the Hippocratic oath of loyalty, care and to do no harm to her.

38.     Defendant, Vance E. Watson, M.D., owed fiduciary duty to each individually, jointly and severally to, *inter alia*, utilize only medical devices that were approved and/or which were legally authorized to utilize and/or which had a reasonable chance for success versus its risk. Defendant, Georgetown University breached their fiduciary duty of loyalty and care and to act in good faith and in the best interests of the Karyn A. Kerris by, *inter alia*:

a)     Failing to disclose the risks associated with each embolization.

b)     Failing to disclose that the medical device utilized would include the use of cyanoacrylate, and that was a device which the manufacturer specifically warned against using internally and specifically, in the area of the brain.

c)     Failing to disclose that the cyanoacrylate and its diluent were Class III medical

devices which required a physician to have sought and obtained an exemption prior to employing its use.

       d)     Failing to reveal Defendant Vance E. Watson, M.D.'s failure rates utilizing cyanoacrylates when he had previously attempted embolization with this medical device.

       e)     Failing to disclose that Histoacryl and Lipiodol were not approved medical devices.

       f)     Failing to disclose the Defendant Vance E. Watson, M.D., intended to manufacture a totally new, previously untested medical device and insert it into Karyn A. Kerris.

       g)     Failing to disclose that the medical device Defendant Vance E. Watson, M.D., manufactured could not be duplicated and efficacy tested accuracy.

       h)     Failing to fulfill its responsibility pursuant to 21CFR Sections 50 & 56 to establish an IRB and/or implement appropriate procedures to protect subjects in experimentation.

       i)     Failing to disclose the high risk and low benefit of the proposed embolizations.

       39.     Defendant Georgetown University acting by and through its actual and/or apparent agents, servants and/or employees breached their fiduciary duty to Karyn A. Kerris in that Defendants, *inter alia*, intentionally, recklessly and/or negligently failed to provide proper custodial care, treatment and supervision to her to, *inter alia*, insure that only medical devices which were approved, or for which an exemption had been provided and used by authorized personnel had been utilized and that any and all use of cyanoacrylate was done in a completely ethical, and procedurally and legally appropriate manner.

       40.     As a direct and proximate result of the aforesaid breaches of the fiduciary duty by the

Defendant Vance E. Watson, M.D., and/or Georgetown University Karyn A. Kerris suffered severe and permanent injuries and great pain of body and mind, as set forth above.

WHEREFORE, Plaintiffs Felice I. Iacangelo and Cicily A. Iacangelo as Guardians of the Person and Property of Karyn A. Kerris, demand judgment of and against Defendants Georgetown University and Vance E. Watson, M.D., jointly and severally, in the full sum of Thirty Million Dollars ($30,000,000.00) plus costs and interest.

## COUNT VI
(*Punitive Damages*)

Plaintiffs re-plead and incorporate by reference herein each and every allegation set forth above and further state as follows:

41.     Defendant Georgetown University, acting by and through their agents, servants and/or employees, including their administrators, board of directors, financial directors, purchasing department and staff physicians, including Defendant Vance E. Watson, M.D. willfully, maliciously and fraudulently injected and/or allowed the injection into patients' cerebral blood vessels, of unapproved and un-exempted Class III devices to wit: Histoacryl and the combination of Histoacryl with Lipiodol, or some other diluent, on multiple occasions, including into Plaintiff, with full knowledge that the devices' safety and/or the effectiveness had never been and could not be tested.

42.     Defendants recklessly and wantonly permitted Vance E. Watson, M.D. to obtain the component parts necessary to manufacture "Histadol" and then to manufacture and inject the product described above.

43.     Defendants when they repeatedly ratified the conduct of Defendant Vance E. Watson, M.D. by continuing to order, purchase and stock and provide the component parts of "Histadol" with

the knowledge that they would be mixed in an unscientific fashion and injected into patients, including Karyn A. Kerris.

44.    Defendants intentionally performed all of the aforesaid without any provision for review of Vance E. Watson, M.D.'s manufacturing process, method of performance when utilizing the product and/or success/failure rate and/or an analysis of the reasons therefore.

WHEREFORE, Plaintiffs Felice I. Iacangelo and Cicily A. Iacangelo as Guardians of the Person and Property of Karyn A. Kerris, demands judgment of and against Defendants Georgetown University and Vance E. Watson, M.D., jointly and severally, in the full sum of One Hundred Million Dollars ($100,000,000.00) plus costs and interest.

## COUNT VII
*(Negligence Per Se - Violation of 21 U.S.C. §360c (a)(II), and 21 C.F.R. Ch. 1 § 812.20(a)(2))*

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above and further state as follows:

45.    At all relevant times herein, Histoacryl and Lipiodol were, and continue to be, Class III artificial embolization devises as defined by 21 C.F.R. Ch. 1 § 882.5950, and as such, are unapproved for any use in the United states (Classes I and II are "approved" devices).

46.    A Class III device is one for which the Food and Drug Administration ("FDA") does not have "reasonable assurance" of "safety and effectiveness." See 21 U.S.C. §360e(a).

47.    The only acceptable process by which Class III devices can be marketed in the United States is by an approved application to the FDA, known as an application to obtain premarket approval (PMA). See 21 U.S.C. § 360c(a) (II).

48.    No application for PMA was filed with the FDA, and no PMA was obtained at

-15-

anytime prior to the date of Defendants' surgery on Karyn A. Kerris.

49.     The only exemption which allows a physician and/or a hospital to treat a patient with a Class III device is an investigational device exemption (IDE).  See 21 C.F.R. Ch. 1 § 360j(g)(1).

50.     To obtain an IDE, a physician or institution must become a "sponsor" and "submit an application to FDA." See 21 C.F.R. Ch. 1 § 812.20(a)(2).

51.     An application to obtain an IDE was never submitted by Defendants.

52.     The FDA's classification of Histoacryl and Lipiodol as Class III devices prohibited the production, distribution and medical use of those devices in the United States.

53.     In an effort to circumvent the government's regulations, Defendants ordered the devices from Yocan Medical Systems, Inc., in Ontario, Canada, through the use of documents that created the pretense that the devices were being used pursuant to a personal prescription and/or for an experiment (IDE).

54.     21 U.S.C. § 351(f)(1)(B)(I) defines a Class III device that does not have an approved, "application for premarket approval," as adulterated.

55.     21 U.S.C. § 352(q) defines a Class III device that is "used in violation of regulations," as misbranded.

56.     Defendants Georgetown University and their employees, agents and/or servants, including Defendant Vance Watson, M.D., violated the aforesaid sections by manufacturing, placing into the stream of commerce and employing the unapproved Class III devices.

57.     The aforesaid statutes were designed, *inter alia*, to promote the health and safety of the public by only allowing devices into the Unites States and into patients that have gone through the necessary regulatory process and had met the stringent requirements of the FDA.

58.    As a direct and proximate results of Defendants' violations of the aforesaid statutes, Karyn A. Kerris received the unapproved, misbranded, mislabeled devises and suffered permanent brain injury.

59.    The brain injury suffered by Karyn A. Kerris would not have occurred had the Defendants not violated the aforesaid statues.

WHEREFORE, Plaintiffs Felice I. Iacangelo and Cicily A. Iacangelo, as Gaurdians of the Person and Property of Karyn A. Kerris, demand judgment of and against Defendants, Georgetown University and Vance E. Watson, M.D., jointly and severally, in the full sum of Thirty Million Dollars ($30,000,000.00) plus costs and interest.

## COUNT VIII
*(Negligence Per Se - Violations of 21 U.S.C. §331 (a), (b), (c), (g) and (k))*

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above and further state as follows:

60.    21 U.S.C. §331 entitled "Prohibited Acts" sets forth in subparagraph (a) that it is a violation of the statute to allow, "[t]he introduction or delivery for introduction into interstate commerce of any food, drug, device, or cosmetic that is adulterated or misbranded."

61.    21 U.S.C. §331(b) states that it is a violation of the statute to allow, "[t]he adulteration or misbranding of any food, drug, device, or cosmetic in interstate commerce."

62.    21 U.S.C. §331(c) states that it is a violation of the statute to allow, "[t]he receipt in intestate commerce of any food, drug, device, or cosmetic that is adulterated or misbranded, and the delivery or proffered delivery thereof for pay or otherwise."

63.    21 U.S.C. §331(g) states that it is a violation of the statute to allow, "[t]he

-17-

manufacture within any Territory of any food, drug, device, or cosmetic that is adulterated or misbranded."

64.    21 U.S.C. §331(k) states that it is a violation of the statute to allow, "[t]he alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling of, or the doing of any other act with respect to, a food, drug, device, or cosmetic, if such act is done while such article is held for sale (whether or not the first sale) after shipment in interstate commerce and results in such article being adulterated or misbranded."

65.    Defendants' violated the aforesaid "Prohibited Acts"subsections, in that they:

(a)    introduced and or caused introduction of, Histoacryl and Lipiodol, both adulterated and misbranded devices, into interstate commerce,

(b)    adulterated both Histoacryl and Lipiodol by mixing and/or compounding the two devices together,

(c)    received a misbranded and adulterated device,

(d)    manufactured a "new" Class III adulterated and misbranded device when they mixed Histoacryl with Lipiodol,

(e)    ignored the warnings and/or destroyed the labeling on the Class III device Histoacryl.

66.    The aforesaid statutes were designed, *inter alia*, to promote the health and safety of the public by only allowing devices into the Unites States and into patients that have gone through the necessary regulatory process and had met the stringent requirements of the FDA.

67.    As a direct and proximate result of Defendants' violations of the aforesaid statutes, Karyn A. Kerris received the unapproved, misbranded, mislabeled devises and suffered permanent brain injury.

-18-

68.     The brain injury suffered by Karyn A. Kerris would not have occurred had the Defendants not violated the aforesaid statues.

WHEREFORE, Plaintiffs Felice I. Iacangelo and Cicily A. Iacangelo, as Gaurdians of the Person and Property of Karyn A. Kerris, demand judgment of and against Defendants, Georgetown University, and Vance E. Watson, M.D., jointly and severally, in the full sum of Thirty Million Dollars ($30,000,000.00) plus costs and interest.

### COUNT IX
*(Negligence Per Se - Violation of 21 C.F.R. § Ch. 1 812.20(a)(2))*

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above and further state as follows:

69.     21 C.F.R. Ch. 1 § 812.20(a)(2), discussing investigational device exemptions, mandates that, "A sponsor shall not begin an investigation for which FDA's approval of an application is required until FDA has approved of an application is required until FDA has approved the application."

70.     21 C.F.R. Ch. 1 §812.1 states that the purpose of the development of investigational device exemptions ("IDEs") is, *inter alia*, "the protection of public health and safety."

71.     Defendants Georgetown University and , and their employees, namely their administrators, board of directors, purchasing department, and staff physicians, including Defendant Vance Watson, M.D., violated 21 C.F.R. Ch. 1 § 812.20(a)(2), by injecting Histoacryl and Lipiodol into Karyn A. Kerris without an IDE.

72.     As a direct and proximate result of Defendants' violation of 21 C.F.R. Ch. 1 § 812.20(a)(2), which was designed protect health and safety, Karyn A. Kerris suffered the injuries and damages set forth above.

WHEREFORE, Plaintiffs Felice I. Iacangelo and Cicily A. Iacangelo, as Gaurdians of the Person and Property of Karyn A. Kerris, demand judgment of and against Defendants, Georgetown University, and Vance E. Watson, M.D., jointly and severally, in the full sum of Thirty Million Dollars ($30,000,000.00) plus costs and interest.

Respectfully submitted,

_____

    /s/ Anthony G. Newman_____
Anthony Newman, Esquire
NEWMAN & McINTOSH
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814
(301) 654-3400

_____

    /s/ Andrew Greenwald_____
Andrew Greenwald, Esquire
GREENWALD AND LAAKE
6404 Ivy Lane, Suite 440
Greenbelt, Maryland 20770
(301) 220-220
**Attorneys for Plaintiffs**

## REQUEST FOR JURY DEMAND

_____Plaintiffs request trial by jury as to all counts herein.

    /s/ Anthony G. Newman_____
Anthony Newman, Esquire_____

_____