JOHN W. VARDAMAN
PAUL MARTIN WOLFF
J. ALAN GALBRAITH
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY

MICHAEL S. SUNDERMEYER
JAMES T. FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F. LANE HEARD III
STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
STEVEN A. STEINBACH
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 3, 2008

ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES
DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN

M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER
NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
ROBERT P. WATKINS
MARY G. CLARK
JACQUELINE E. MAITLAND DAVIES

**VIA ELECTRONIC MAIL & FIRST CLASS MAIL**

Anthony Newman, Esquire
Newman, McIntosh & Hennessy
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

Re:  **Iacangelo, et al. v. Georgetown University Hospital, et al.**

Dear Mr. Newman,

Confirming today's telephone discussion, as I articulated, I do not believe your 26(a)(2)(B) Expert Disclosures are adequate under the Federal Rules. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), "[t]he report **must** contain, *inter alia*, **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them; **(ii) the data or other information considered by the witness in forming them**; **(iii)** any exhibits that will be used to summarize or support them . . ." (emphasis added). The requirement that the data or other information considered by the expert obligates you to provide **all** information that the expert considered, which requires the specific data or information considered to be produced. *See U.S. v. Philip Morris USA, Inc.* 223 F.R.D. 1 (D.D.C. 2004) (production of millions of pages of documents for expert disclosure).

Recopying material which defendants already possess is technically required; however, if all of the data or information considered by your experts was specifically identified by batestamp or other specific description and shown to be already in defendants' possession, I would not require any copying to be done. However, you stated today that though you believe you sent each of your experts the same material, which information you stated you would specifically identify by batestamp, article cite, deposition date, title, etc., and provide to me by Friday, January 4, 2008, you said you did not know whether any or each of your experts considered additional information. You stated that ascertaining whether each expert considered other data or information would require you to contact each disclosed expert to see if and what they may have considered. You stated that you did not know when this information—required by Rule 26(a)(2)(B) to have been provided at the time of your designation—would be given to defendants.

Anthony Newman, Esquire
January 3, 2008
Page 2

Your 26(a)(2)(B) Expert Disclosures do not provide the information or data that he expert considered such that I can ascertain what was considered. For example, Mr. Damaska states "[a]fter review of the materials provided, I have formulated the following opinions. . ." Damaska August 20, 2007 Report. What materials? Dr. Debrun states that "after reviewing the films and records of Karin [sic] Kerris . . ." Debrun October 2, 2007 Report. Which films? Which records? Julia Gabis, Esq. purports to have reviewed "various federal statutes and regulations pertaining to the use of devices." Gabis December 12, 2007 Report. Per the Rule, we are entitled to know the actual data and information considered, not referred to a general body of federal law. Dr. Margulies refers to having reviewed the records of a Dr. Penelope Feuillan. Margulies December 17, 2007 Report at 2. While you said Dr. Feuillan was a Georgetown University Hospital doctor, I have no idea who this person is or what records Dr. Feuillan had that Dr. Margulies reviewed.

These are just a few examples. All of plaintiffs' expert disclosures fail to provide the information or other data required by Rule 26(a)(2)(B), which disclosure was required to have been provided to us at the same time as your expert disclosures – December 22, 2007.

Since defendants are unable to take any expert deposition, until the data or information is provided to us, defendants cannot accept any expert deposition dates. Fed. R. Civ. P. 26(b)(4)(A) ("If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided."). Upon receipt of the material, defendants can start taking depositions. If defendants are not able to proceed with expert depositions in the time frame set out by the Court on October 24, 2007 because of plaintiffs' failure to provide timely disclosures, defendants will have to petition the Court to adjust the scheduling order accordingly – all of which would have been avoided had plaintiffs not created delay by abiding by the Rules.

The inadequacy of your expert disclosures seems to belie your statements of why you want to move the Court for a trial date. While you say that "you want to move the case along," the inadequacy of disclosures impedes this case's progression. By failing to obey the disclosure rules, you are delaying the case.

Similar to the failure to provide the data or information considered by plaintiffs' experts pursuant to Rule 26(a)(2)(B), plaintiffs have not provided defendants with full information regarding Mrs. Kerris's mental and physical state – the very crux of plaintiffs' lawsuit. In May 2007, defendants requested through discovery requests all documents and information regarding Mrs. Kerris's medical and mental condition and all statements made by plaintiffs regarding the subject matter of this lawsuit.

Pursuant to the August 11, 2005 Order, adjudging Mrs. Kerris incompetent and appointing Felice I. Iacangelo and Cicily A. Iacangelo Guardians of the Person and Property of Mrs. Kerris by the Circuit Court of Montgomery County, Maryland (28221-FL), plaintiffs were

Anthony Newman, Esquire
January 3, 2008
Page 3

required to file annual reports that set out Mrs. Kerris's mental and physical state. Three (3) such reports should have been filed; yet, none were provided to us, nor were their existence made known to us.

The Order stated:

> ORDERED, that pursuant to Maryland Rules 10-206 through 10-708, the Guardians of Person [e.g., the parents] **shall file and annual report** with the Trust Clerk of the Court, no later than sixty (60) days following September 11 of each year (i.w., within 60 days of the anniversary date of this guardianship hearing), indicating the present place of residence of both the guardian and the disabled, **the health and mental status of the disabled,** whether there is a need for continuation of the guardianship, any reason to change the guardians' powers, or if the guardianship should be ended; and it is further
>
> ORDERED, that pursuant to Maryland Rules 10-706 through 10-708, the Guardians of the Property [e.g., the parents] shall file with the Trust Clerk an inventory of all assets of the disabled person of which the guardians have knowledge within sixty (60) days of the date of this order, and thereafter, no later than sixty (60) days from the anniversary date of this Order shall file an Annual Accounting.

(Emphasis added).

Federal Rule of Civil Procedure 26(e) requires you to supplement answers to discovery in a timely manner when the party "has responded to an interrogatory, request for production, or request for admission" if the disclosure is incomplete. Defendants were not provided with the actual Order by plaintiffs. Defendants obtained it themselves and the Maryland court will not provide defendants with copies of the reports plaintiffs filed as defendants are not a party to the litigation. Mr. Ira Sherman, stipulated by you to be the attorney to whom you referred the plaintiffs to obtain the incompetency judgment and your co-counsel in your last embolization lawsuit, knew (as did plaintiffs) of these reports; yet this information was never provided to plaintiffs, nor even identified. As you represented you would today, please provide us with these reports immediately.

Plaintiffs have not provided information that would allow smooth progression of this case and seem instead to delay it. Less than four business days ago, some seven (7) weeks after the issue was raised on November 7, 2007, plaintiffs sought to bring a Second Amended Complaint. When defendants gave their consent on November 7, 2007, defendants stated that a dispositive motion would ensue. You currently seek our consent to move the Court for a status hearing to set a trial date on the grounds that you want the case "to move along"; yet, plaintiffs seem to want to delay the case or impede defendants' ability to defend at trial. Following the

Anthony Newman, Esquire
January 3, 2008
Page 4


Rules would allow the October 24, 2007 set deadlines to be met and a trial date to be set in an orderly fashion, instead of delaying the case.

       As I said today,. it is premature to petition the Court to set a trial date at a Pretrial Conference. Rule 16(c) requires that one know who the witnesses would be and what the claims are when a trial date is set. None of these facts can be currently ascertained and the very basis of your claims may drastically change, given the motions we may file. Local Rule 16.5 requires Pretrial Statements to be prepared prior to any pretrial conference, none of which information (statement of the case, statement of the claims, statement of defenses, etc.) can be currently known. Whether a trial occurs or whether it lasts 2 days, 3 days, or more all depends on the issues that may or may not remain.

       I believe you are putting the cart before the horse. Prior to a trial date being set, the parties must meet the earlier deadlines by timely providing required material so that the case can proceed in an efficient, orderly manner.

       I look forward to receiving the materials the Federal and Local Rules require from plaintiffs such that the case may proceed.

                             Very truly yours,

                               Megan E. Hills


cc:    Ernest McIntosh, Esq.
          Andrew Greenwald, Esq.
          Wendy Wyeth, Esq.