JOHN W. VARDAMAN
PAUL MARTIN WOLFF
J. ALAN GALBRAITH
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY

MICHAEL S SUNDERMEYER
JAMES T. FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F. LANE HEARD III
STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
STEVEN A. STEINBACH
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT

LAW OFFICES
**WILLIAMS & CONNOLLY LLP**

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 7, 2008

ARI S. ZYMELMAN
DANE H BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES
DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A VAN KIRK
MARCIE R. ZIEGLER
KENNETH C SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O GREENMAN

M. ELAINE HORN
ENU MAINIGI
MICHAEL F O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER
NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
ROBERT P. WATKINS
MARY G. CLARK
JACQUELINE E. MAITLAND DAVIES

**VIA ELECTRONIC MAIL**

Anthony Newman, Esquire
Newman, McIntosh & Hennessy
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

     Re: **Iacangelo, et al. v. Georgetown University Hospital, et al.**

Dear Mr. Newman,

  Your expert disclosures are incomplete and in violation of Federal Rule of Civil Procedure 26(a)(2)(B). Contrary to your letter dated January 4, 2008, defendants did not **merely** ask for records that might be in our possession to be identified by bate stamp; rather, as is clearly stated in my letter dated January 3, 2008, defendants are entitled and want **"the data or other information considered by the witness in forming them** [the opinions]," which material was due from you on December 22, 2007. *See* Federal Rule of Civil Procedure 26(a)(2)(B) and Fed. R. Civ. P. 26(b)(4)(A). This encompasses **all material** that the expert considered. *Id.* As it was stated, my letter did not limit its questions to the listed people, but provided you with examples of the deficiencies throughout your expert disclosures.

  From the face of the expert disclosures you provided, defendants do not have:

> **Dr. Kaufman: August 22, 2007 Report**

1. "Insurance Carrier Form" – To what document is he referring? (#9) **This document must be produced by you pursuant to the Rule.**
2. "Deposition of Vance E. Watson" – Which one? (#12)
3. **Unless I hear from you immediately**, you have stipulated that the bate stamp list of documents are the medical records for Karyn Kerris to which Dr. Kaufman refers.

Anthony Newman, Esquire
January 7, 2008
Page 2

4. "Violation Code translation" – Detentions for OASIS for Canada – to what document is he referring? What year? How many pages is it? What is it? (#14). **This document must be produced by you pursuant to the Rule.**
5. "Import Alert (FDA) for Class III Device" - to what document is he referring? What year? How many pages is it? What is it? (#15). **This document must be produced by you pursuant to the Rule.**
6. What information did Dr. Kaufman consider when he did the "Google" search to which he refers on page two. **Pursuant to the Rule, you must produce the pages returned on his Internet Google search(es).**

➢ **Dr. Kaufman: December 13, 2007 Report**: "I have reviewed the additional material. . ." What "additional material"?

➢ **Dr. Gerald Debrun:** It is not sufficient merely to say that he "reviewed all radiographic films pre and post embolization . . . . Copies of all of these films are already in your possession."

1. We do not know what films you have or what films you assume defendants have. The purpose of identifying the data or information upon which the expert considered is to determine just that. For example, we have no films for 2005; yet her treating neurologist, Dr. Tornatore orders an MRI on February 20, 2005. Did Dr. Debrun consider this film? Does he/you have a copy of it as we have no MRI films for 2005.

➢ **Julia Gabis, Esq.:** Lists "discussions with counsel for the plaintiffs" as part of the Basis and Reasons for Opinions. 12/12/07 Report at 3. These conversations do not have any production from privilege and all notes of them must be produced or, if no notes exist, a reasonable summary of the multiple discussions must be produced.

1. Your letter dated January 4, 2008, refers to a document called "Device Advice," upon which Ms. Gabis relied. **You are under an obligation to produce the actual information or data**, not just its name. We do not have it and providing a name does not comply with the rule.

➢ **Dr. Basil Harris: October 12, 2007 Report:**

1. "Violation Code translation" – Detentions for OASIS for Canada – to what document is he referring? What year? How many pages is it? What is it? (#11). **This document must be produced by you pursuant to the Rule.**
2. "Import Alert (FDA) for Class III Device" - to what document is he referring? What year? How many pages is it? What is it? (#12). **This document must be produced by you pursuant to the Rule.**

Anthony Newman, Esquire
January 7, 2008
Page 3

3. Dr. Harris has failed to provide a schedule of his fees. What are his fees for deposition? For trial? In general? Providing a bill for what he has charged you to date is not sufficient per the Rule.

➢ **Robert Kamm: August 29, 2007 Report:**

1. To what document is he referring as "Patients [sic] letter to Yucan [sic] Medical Systems. **You are under an obligation to produce this document.**

➢ **Dr. Richard Latchaw: October 15, 2007 Report and October 28, 2007 Report:**

1. Dr. Latchaw bases his opinions in his October 15, 2007 Report on his review of "the medical records of Ms. Karyn Kerris, including the Affidavit and Deposition of Dr. Vance Watson of Georgetown University Medical Center and multiple imaging examinations." **To what multiple imaging examinations does he refer? You have not provided me with the list of images that he considered. You are under an obligation to produce the actual data or information, but at the very least, you must identify the "multiple imaging examinations."**
2. Dr. Latchaw states in his October 28, 2007 Report that you and he "discussed the report on October 15th, **requiring another one hour.**" This conversation is not privileged and the substance of it, any notes, and if the notes do not provide, then a fair summary of this one hour call.
3. Dr. Latchaw also states that there is a 5-7% complication rate for embolizations. What is the basis for this statement? **You are under an obligation to provide this information or data.**

➢ **Dr. Craig Lichtblau: Undated Comprehensive Rehabilitative Evaluation:**

1. Dr. Lichtblau refers to having a "lengthy" discussion with Dr. Delaney regarding Mrs. Kerris (Documentation, p. 2) and relied upon the same to create his evaluation. **You are obligated to provide us with the notes of his conversation(s) with Dr. Delaney or, if the notes set forth a fair summary of the conversation(s), a summarization of the conversation(s). Dr. Lichtblau also relied on Dr. Delaney having seen Mrs. Kerris in 2006. Please provide us with these more recent Delaney records, as we do not have any records from Dr. Delaney from 2006 to the present and they are under your control.**
2. Dr. Lichtblau's evaluation also refers to having a "lengthy" discussion with Dr. Delaney regarding Mrs. Kerris (Documentation, p. 3) and relied upon the same to create his evaluation. **You are obligated to provide us with the notes of his conversation(s) with Dr. Musselman or, if the notes set forth a fair summary of the conversation(s), a summarization of the conversation(s).**

Anthony Newman, Esquire
January 7, 2008
Page 4

3. Dr. Lichtblau's evaluation also refers to speaking with Manish at Capital Home Care regarding Mrs. Kerris (Documentation, p. 4) and relied upon the same to create his evaluation. **You are obligated to provide us with the notes of his conversation(s) with Capital Home Care, or, if the notes set forth a fair summary of the conversation(s), a summarization of the conversation(s). Moreover, Dr. Lichtblau relied on Capital Home Care's representations as to the nursing being provided for Mrs. Kerris. We do not have any of these records. You are under an obligation to provide them.**
4. Dr. Lichtblau also spoke with Mr. Lurito in that he provided the latter with a 10% decrease of lifespan. **You are obligated to provide us with the notes this conversation(s), or, if the notes set forth a fair summary of the conversation(s), a summarization of the conversation(s). Moreover, you are obligated to provide the basis for Dr. Lichtblau's figure of 10% decrease in lifespan. You are under an obligation to provide them.**

➢ **Richard Lurito, Ph.D.: April 23, 2007 Report**

1. Mr. Lurito compiled his economic report using work papers of data or information. **We are entitled to those work papers, showing what he considered, and to whom he spoke. You are obligated to produce those papers and anything else that is data or information.**
2. Mr. Lurito does not provide his fee schedule, as to what he charges for a deposition (hourly? flat fee?) or testimony in court or hourly fee for review of records. Providing a bill for what he has charged you to date is not sufficient per the Rule.
3. Mr. Lurito spoke with Dr. Lichtblau in that he obtained from the latter the 10% decrease of lifespan. **You are obligated to provide us with the notes this conversation(s), or, if the notes set forth a fair summary of the conversation(s), a summarization of the conversation(s). Moreover, you are obligated to provide the basis for Dr. Lichtblau's figure of 10% decrease in lifespan. You are under an obligation to provide them.**

➢ **Dr. Sheldon Margulies: December 18, 2007 Invoice:**

1. On October 15, 2007 and December 15, 2007, Dr. Margulies performed a literature search. **We are entitled to know precisely what data or information he considered (if an internet site, the site's name) and what he did or did not find. This material must be produced to us.**
2. Dr. Margulies has not provided a fee schedule, as to what he charges for a deposition (hourly? flat fee?) or testimony in court or hourly fee for review of records. Providing a bill for what he has charged you to date is not sufficient per the Rule.

> **Dr. S.J Peerless: December 14, 2007 Report**

1. Since you have chosen to provide defendants with **no data or information as the basis for your experts' reports, unless I am immediately contacted by you, you have stipulated that the <u>only</u> records Dr. Peerless considered are the bate stamp records list, as contained in your letter dated January 4, 2008**. Dr. Peerless states that he reviewed "medical records for Karyn Kerris from Georgetown University Hospital, National Rehabilitation Institute, and Dr. Uscinski." **You have represented that the only medical records provided to your experts are those listed in your letter dated January 4, 2008. Again, unless I immediately hear from you, you have stipulated to the fact that your experts only considered the records as bate stamped and listed by you in your letter dated January 4, 2008**.
2. Dr. Peerless refers to "[r]adiographic [s]tudies pre and post embolization. This covers over nine years. **We are entitled to know the actual data or information of the radiographic studies he reviewed.** If you do not want to produce the actual copies of the films, you are obligated to produce a list of studies, identified by date and place taken.
3. Dr. Peerless has not provided a fee schedule, as to what he charges for a deposition (hourly? flat fee?) or testimony in court or hourly fee for review of records. Providing a bill for what he has charged you to date is not sufficient per the Rule.

> **Donald Sherwin, Esq.: September 11, 2007 Report**

1. "Import Alert #89-08, 8/11/92, revised 10/28/99: This document was not produced during discovery. **You are obligated to produce it as your expert lists it as an item he consider in formulating his opinion.**(FDA) for Class III Device" - to what document is he referring? What year? How many pages is it? What is it? (g). **This document must be produced by you pursuant to the Rule.**
2. "Violation Code translation" – to what document is he referring? What year? How many pages is it? What is it? (h). **This document must be produced by you pursuant to the Rule.**
3. "Detensions [sic] for OASIS for Canada" - to what document is he referring? What year? How many pages is it? What is it? (j). **This document must be produced by you pursuant to the Rule.**

> **Dr. Melvin Van Woert: October 12, 2007 Report:**

1. "Medical records of Karyn Kerris" - **You have represented that the only medical records provided to your experts are those listed in your letter dated January 4, 2008. Again, unless I immediately hear from you, you have stipulated to the fact**

Anthony Newman, Esquire
January 7, 2008
Page 6

> that your experts only considered the records as bate stamped and listed by you in your letter dated January 4, 2008.
> 2. "Investigational Device Exemptions Manual" - to what manual is he referring? What year? How many pages is it? What is it? (j). **This manual must be produced by you pursuant to the Rule.**
> 3. "IRB information sheets" - to what sheets is he referring? What year? How many pages is it? What is it? (j). **These sheets be produced by you pursuant to the Rule.**

Assuming that you will obey the Federal Rules and provide defendants with the listed materials in advance of their scheduled depositions as required. We will plan to depose Dr. Kaufman in our offices at 10:00 a.m., Friday, January 11, 2008. Please have him bring to the deposition **all information or data on which he relied**. This includes all medical records, depositions, any material, whether plaintiffs believe defendants are in possession or not.

Plaintiffs will need to provide alternative dates for the deposition of Dr. Harris. January 21, 2008 is Martin Luther King's birthday and a holiday (I believe Ms. Wyeth objected to the deposition of Dr. Steinberg being "outside of business hours"); regardless, we are unavailable to travel to Washington State or otherwise depose him on the two dates given of January 21 and 22, 2008. Please provide us with dates for Dr. Harris as soon as possible.

We will tentatively agree to depose Dr. Debrun in Paris, France on January 18, 2008. Our current plans are to travel to Paris; therefore, if you wish to participate by videoconference, you will have to make arrangements to do so. Please have him bring to the deposition **all information or data on which he relied**. This includes all medical records, depositions, any material, whether plaintiffs believe defendants are in possession or not.

We will plan to depose Mr. Damaska at 10:00 a.m. in our office on January 24, 2008. Please have him bring to the deposition **all information or data on which he relied**. This includes all medical records, depositions, any material, whether plaintiffs believe defendants are in possession or not.

We will plan to depose Dr. Van Woert at 10:00 a.m. in New York City on January 25, 2008. We will provide you with the exact address as soon as we arrange it.

Other than those individuals listed above, we have not been provided with any dates for the depositions of your designated seven remaining experts. Please provide us with those dates as soon as possible. In addition, please provide us with the material that is missing from your expert designations. We are reserving our right to strike your expert reports in their entirety for the failures in disclosure and provision of bases for opinions. However, we will depose your experts on your schedule, hoping that we will be provided the material prior to the actual deposition as required by the Federal Rules, and file the motions required.

Anthony Newman, Esquire
January 7, 2008
Page 7

We look forward to receiving appropriate disclosure.

Very truly yours,

*Megan E. Hills*

Megan E. Hills

cc:    Ernest McIntosh, Esq.
       Andrew Greenwald, Esq.
       Wendy Wyeth, Esq.