LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

ZOE SCHARFF
(202) 434-5985
zscharff@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 10, 2008

**VIA ELECTRONIC MAIL**

Anthony Newman, Esquire
Newman, McIntosh & Hennessy
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

   Re:  **Iacangelo, et al. v. Georgetown University Hospital, et al.**

Dear Mr. Newman,

   Thank you for conferring with me today about Defendants' proposed motion which would seek to (1) extend deadlines for Defendants to produce responsive expert reports from January 31, 2008 until at least five weeks from the date that Plaintiffs complete the required Rule 26(a)(2)(B) disclosures; (2) strike cumulative experts so that Plaintiffs offer one expert on causation, one on liability, and one on damages; and (3) seek to strike both of Plaintiffs' purely legal experts who are attorneys and have not even a plausible basis to offer any non-legal opinion that could be helpful to a jury (Defendants also feel that the opinions of Kaufman, Damaska, Van Woert and Kamm, as well as certain portions of your other experts compose purely legal opinions, but Defendants would wait until after depositions to make a motion to strike if still necessary).

   You stated that you would not consent to the third aspect of the proposed motion at this time, but that we might be able to reach an agreement as to the first and second points above. During the same call, we confirmed that the already-scheduled depositions of Kaufman, Debrun, Van Woert and Damaska will proceed. We continue to require the full Rule 26(a)(2)(B) disclosures for them prior to their depositions. You also mentioned that your failure to make adequate Rule 26(a)(2)(B) disclosures is not due to a deliberate intent, but rather because you are working on multiple cases. Your implicit acknowledgement that the disclosures are not yet complete leads me to hope that we can work out a new schedule for appropriate disclosures and responses without bringing the dispute to the Court for it to decide. It also leads me to urge you to prioritize the disclosures of the aforementioned four experts whose depositions are scheduled to ensure that we have the required data or information before the depositions. We agreed that I would put the proposal we discussed this morning in writing to you and that you would respond

WILLIAMS & CONNOLLY LLP
Anthony Newman, Esquire
January 10, 2008
Page 2

either in writing today or at tomorrow's deposition on the record, and what follows is our proposal:

      First, we request that you agree that Defendants' deadline to produce expert reports and Rule 26(a)(2)(B) disclosures be moved from January 31, 2008 to five weeks from the date of Plaintiffs' full disclosures are final for all Plaintiffs' experts, as certified in writing by Plaintiffs to Defendants. If you prefer to set a date certain for your final disclosure and a date five weeks later for Defendants' reports and disclosures, Defendants would find that acceptable on the condition that Plaintiffs will meet their deadline. It is our strong preference to submit this proposed extension to the Court in the form of a consent motion to revise deadlines, as has been our practice in the past.

      In exchange, you asked that Defendants agree to moving the Court to set a scheduling conference. Defendants believe that it is premature to set a trial date at this juncture, particularly when established deadlines have not to date been met. Defendants also do not feel it is appropriate for attorneys to tell the Judge to set a trial date when it is unclear how many claims will be tried, and therefore, how long a trial would last. Additionally, Defendants believe it is presumptuous to tell a judge when he has to set a trial or how much time he will be allotted to decide dispositive motions (including motions to dismiss and summary judgment motions) (and note that Federal Rule of Civil Procedure 16 provides that it is within the discretion of the judge as to whether a trial date is included in a schedule, Rule 16(b)(3)(B)). However, if you hold firm on the request for a conference, we would agree to a status conference, but we do not and cannot agree to request a trial date until the dispositive motions are resolved.

      Second, Defendants requested a limitation as to the numbers of experts by both parties. We would agree to corresponding limits in Defendants' experts. We propose that you introduce one expert on liability, one on causation, one on damages and one on FDA regulations (including IRB issues and importation, FDCA issues, etc.). We similarly designate only one expert for each topic once both parties agree to this limitation. Such a limitation would save both of our clients' unnecessary expenses in preparation of experts not likely to ultimately be used or allowed at trial.

      We will be interested in learning your response to this proposal at your first opportunity, and in no event not later than tomorrow. As I explained on the phone today, we wish to file a motion (if necessary) as soon as possible, given that our deadlines under the current scheduling order are fast approaching.

      Sincerely,

      Zoe C. Scharff