UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FELICE I. IACANGELO and CICILY IACANGELO, Guardians of the Person and Property of KARYN A. KERRIS, *et al.*,  )<br><br>Plaintiffs,<br>v.<br><br>GEORGETOWN UNIVERSITY, *et al.*<br>Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 05-2086 (PLF/AK)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion to Compel, for Appropriate Relief, and For Sanctions and Costs ("Motion") [36], Defendants' opposition thereto ("Opposition") [38] and Plaintiffs' reply ("Reply") [39]. On February 28, 2004, this Court held that "Plaintiffs are permitted to depose Dr. Vance Watson at a mutually convenient time and place during the next 4 weeks, with the proviso that such deposition inquiry should be limited to [the] two [existing] claims." (February 28, 2007 Order [30].) On March 13, 2007, Plaintiffs noticed the deposition of Dr. Vance Watson ("Watson"), treating physician for Plaintiff Karyn Kerris, to occur on March 27, 2007. In connection with the Notice of Deposition, Plaintiffs requested that Dr. Watson bring 17 categories of documents, which were to be produced at his deposition. Dr. Watson's deposition commenced at approximately 10:20 a.m. and it was terminated by Plaintiffs' counsel at approximately 11:10 a.m. The deposition transcript attached to the Motion indicates that Plaintiffs' counsel repeatedly admonished Defendants' counsel for making "speaking objections," culminating in his stating an intention to seek guidance from the Court before continuing the

deposition. (*See* March 27, 2007 Transcript of Watson Deposition at 7, 22, 40, 42.) Immediately prior to the termination of the deposition, Defendants' counsel indicated, on the record, that she objected to the fact that opposing counsel had not "brought documents for the witness[,] [had] misread [the documents] and [had] misstated them." (Watson Deposition Transcript at 42-43.)

Plaintiffs' Motion requested that: 1) the deposition be reconvened in the undersigned's chambers; 2) Defendants be ordered to pay the costs of both deposition sessions and costs associated with the Motion; and 3) Defendants be ordered to produce the documents requested in connection with the deposition.[1] The deposition of Dr. Watson was subsequently reconvened on May 31, 2007, in this District Courthouse, and it has been completed. That portion of the Plaintiffs' Motion to Compel is accordingly moot. Plaintiffs' request for production of documents in connection with the deposition is no longer contested and is thus also moot. What remains pending before this Court is Plaintiffs' request for monetary sanctions against Defendants in connection with their "failure to produce documents in response to Dr. Watson's deposition notice as well as Defendants' egregious use of argumentative speaking objections throughout Dr. Watson's deposition." (Motion at 12.)

District courts are entrusted with broad discretion regarding whether to impose sanctions under Rule 37. *Miller v. Holzmann*, 238 F.R.D. 111, 112 (D.D.C. 2006) (citing *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996)) (remainder of string cite omitted); *see Banks v. Office of the Senate Sergeant-at-Arms*, 241 F.R.D. 370, 372 (D.D.C. 2007) (same). It is the decision of this Court not to award sanctions relating to Defendants' conduct during the initial deposition of Dr. Watson because there was behavior on behalf of both parties that could be

---

[1] Fed. R. Civ. P. 37 allows for the discovering party to seek sanctions and costs for failures of discovery.

charitably characterized as "less than civil" and lacking in professionalism.[2]

It is accordingly this 1st day of February, 2008,

ORDERED that the Plaintiffs' Motion to Compel, for Appropriate Relief, and for Sanctions and Costs [36] is denied.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court notes that the issue of production of documents by the deponent should not have been held open until the start of the deposition. In light of the contentious history of this case, in which counsel have required Court intervention at every stage of discovery, all counsel should have anticipated that there would be disagreement about the scope of production and this issue should have accordingly been addressed earlier.  Furthermore, while counsel for Defendants should be well-aware of the prohibition against "speaking objections," Plaintiffs' counsel should also be attuned to the fact that when questioning a deponent about a specific document, a copy of the document should be made available for the deponent's review along with a copy for opposing counsel.