IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF/AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

**NOTICE THAT THE COURT MAY TREAT DEFENDANTS'[1] MOTION AS CONCEDED PURSUANT TO U.S. DISTRICT COURT D.C. LOCAL RULE 7(b)**

On January 15, 2008, Defendants filed an Emergency Motion. Plaintiffs' Opposition to Defendants' Motion was due January 29, 2008.[2] Without explanation, Plaintiffs belatedly filed an Opposition on February 1, 2008. U.S. District D.C. Local Rule 7(b) allows the Court to treat Defendants' Motion as conceded. Given the continual accrual of increased litigation costs prejudicing Defendants and Plaintiffs' persistent and unexplained failure to obey the Federal and

---

[1] "Defendants" refers collectively to Defendants Georgetown University and Vance E. Watson, M.D. "Defendants' Emergency Motion" and "Defendants' Motion" refer to Defendants' Motion to Strike Plaintiffs' Experts as Cumulative and Motion to Strike Plaintiffs' Designated Legal Experts and Legal Opinions, filed January 15, 2008. "Plaintiffs" refers collectively to Plaintiffs Felice P. Iacangelo and Cicily Iacangelo.

[2] Local Rule 7(b) requires that "[w]ithin 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." Federal Rule of Civil Procedure ("Fed.R. Civ. P.") 6(d) arguably allows 3 additional days when service is made by the Court's website. Under these two rules, Plaintiffs' Opposition, if any, was due January 29, 2008.

Local Rules, Defendants note and request the Court to treat Defendants' Motion as conceded and grant it in full pursuant to Local Rule 7.

## ARGUMENT

Expenses mount every day—expenses caused by Plaintiffs' failure to obey the Federal and Local Rules. The present uncertain state of expert discovery is wholly due to Plaintiffs' defiance of the Rules. Because Plaintiffs did not provide required Rule 26(a)(2)(B) material, nor a date when all such material will be provided, Plaintiffs increase Defendants' expert costs and attorneys' fees as Defendants must stay "on red alert" – sending the rolling, piecemeal production of required material as Plaintiffs produce it to Defendants to their experts who must continually reassess, update, and redraft reports. Because Plaintiffs designated thirteen (13) cumulative experts, in violation of Fed. R. Civ. P. 26 and F.R.E. 403, as well as offering multiple experts and opinions on the law in violation of F.R.E. 701 and 702, Defendants' litigation costs and expenses are again multiplied in that Defendants should not have to respond to violative expert opinions, but Plaintiffs will not decrease the total number, nor withdraw their proffered expert opinions on the law.

Compounding the problem brought to the Court's attention by Defendants' Motion, Plaintiffs again ignore the Rules and obstruct Defendants' attempt to stop the multiplying accrual of expense by belatedly filing an Opposition outside of the time frames set out by both the Federal and Local Rules, perpetuating the state of limbo and requiring Defendants to continue preparations.

This Court has ample precedent for granting Defendants' motion as conceded. Recently, in *D.A. v. District of Columbia*, Magistrate Facciola recommended granting defendants' motion for partial dismissal as conceded because the plaintiffs failed to file a timely opposition and

failed to seek an extension of time. *D.A. v. District of Columbia*, No. 07-1084 (PLF), 2007 WL 4365452 (D.D.C. Dec. 6, 2007). *See also Casanova v. Marathon Corp.*, No. 05-496 (JMF), 246 F.R.D. 376, 380 (D.D.C. Dec 10, 2007); *Ramseur v. Barreto*, 216 F.R.D. 180, 183 (D.D.C. 2003); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002). The United States Court of Appeals for the District of Columbia Circuit has repeatedly approved enforcing the local rule. *See Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule."); *Fox v. Am. Airlines*, 389 F. 3d 1291, 1294-95 (D.C. Cir. 2004) (approving a straightforward dismissal of suit for failure to respond to a motion to dismiss); *Geller v. Randi*, 40 F.3d 1300, 1304 (D.C. Cir. 1994) (finding opposition to reasonableness of sanctions imposed properly found conceded pursuant to the applicable local rule for failure to file a timing opposition).

As the costs and burdens of expert discovery are incurred each day, this motion is and was time-sensitive, such that Plaintiffs' unexplained, belated response is prejudicial to Defendants and illustrates their continual violation of the Rules. Therefore, Defendants respectfully note and request that this Court treat the Defendants' Motion filed on January 15, 2008 as conceded pursuant to Local Rule 7(b) and grant the motion in full.[3]

Respectfully submitted,

Dated: February 1, 2008        By: /s/ Megan E. Hills
David C. Kiernan (D.C. Bar # 413806)
Megan E. Hills (D.C. Bar # 437340)
Zoe C. Scharff (D.C. Bar # 490482)

---

[3] A proposed order was submitted with Defendants' Motion; however, a new proposed order seeking the same relief, but not seeking an extension of time as that issue was previously resolved by the Court on January 16, 2008, is attached hereto.

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
dkiernan@wc.com
mhills@wc.com
zscharff@wc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, ) <br> As Guardian of the Person and Property of ) <br> KARYN A. KERRIS, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v.   ) <br>   ) <br> Georgetown University Hospital, ) <br> GEORGETOWN UNIVERSITY, t/a ) <br> Georgetown University, and ) <br> VANCE E. WATSON, M.D., ) <br>   ) <br> Defendants. ) | Civ. Act. No. 1:05CV02086 (PLF/AK) <br><br> Judge Paul L. Friedman <br><br> Magistrate Judge Alan Kay |

## ORDER

Upon consideration of Defendants Georgetown University and Vance E. Watson, M.D.'s Motion to have Defendants' Motion Filed January 15, 2008 Treated as Conceded for Plaintiffs' Failure to Comply with Local Rule 7(b), it is hereby:

**ORDERED** that Defendants' Motion is **GRANTED**; Julia Gabis, Esq., Roger Kamm, Esq., and Donald Sherwin, Esq., are struck as experts;

**FURTHER ORDERED**, that all opinions that seek to interpret federal statutes and/or regulations are also struck;

**FURTHER ORDERED,** after consideration of the expert reports from _____, _____, and _____, these reports are also struck as consisting entirely of legal conclusions;

Upon consideration of Defendants' Emergency Motion to Strike Plaintiffs' Experts as Cumulative, it is hereby:

**ORDERED,** the Court will allow Plaintiffs to designate one expert to testify as to an issue and allow Plaintiffs to provide a list of no more than five experts they have selected from their previously made thirteen expert designations within ten days of the signing of this Order.

It is this the _____ day of _____, 2008.

_____
The Magistrate Judge Alan Kay
United States District Court Judge
for the District of Columbia

Copies to:

David C. Kiernan, Esq.
Megan Hills, Esq.
Zoe C. Scharff, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Defendants' Counsel

Anthony Newman, Esq.
Ernest McIntosh, Esq.
Wendy Wyeth, Esq.
Newman, McIntosh & Hennessy
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

Plaintiffs' Counsel

Andrew Greenwald, Esq.
Joseph, Greenwald and Laake, P.A.
6404 Ivy Lane
Suite 440
Greenbelt, Maryland 20770

Plaintiffs' Counsel

2

## CERTIFICATE OF SERVICE

Pursuant to United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing was served via electronic filing on the Court's CM/ECF website on the 1rst day of February, 2008 on the forgoing:

> Anthony Newman, Esquire
> Ernest McIntosh, Esquire
> Wendy Wyeth, Esquire
> Newman, McIntosh & Hennesy
> 7315 Wisconsin Avenue
> Suite 700E
> Bethesda, Maryland 20814
>
> and
>
> Andrew Greenwald, Esquire
> Greenwald and Laake
> 6404 Ivy Lane
> Suite 440
> Greenbelt, Maryland 20770
>
> Plaintiffs' Counsel

_____
Megan E. Hills