**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
*Civil Division*

| | |
|---|---|
| **FELICE P. IACANGELO**, *et al*. : | |
| : | **Civil No. 1:05CV02086** |
| Plaintiffs, : | |
| : | **Judge Paul L. Friedman** |
| vs. : | |
| : | **Magistrate Judge Alan Kay** |
| **GEORGETOWN UNIVERSITY**, *et al*. : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' "NOTICE" THAT THE COURT MAY TREAT DEFENDANTS' EARLIER DENIED EMERGENCY MOTION AS RETROACTIVELY CONCEDED**

On and on it goes. The defense persists in manufacturing procedural issues for the Court to address to avoid the trial of this case on the merits. This time, the defense attempts to apply US District Court DC Local Rule ("LCVR") 7(b) to a motion that was already denied, stating that the Court must, without any consideration, reduce the number of Plaintiffs' experts (a purely discretionary issue), strike Plaintiffs' legal experts (in a case where the behavior of a legal counsel at issue) and eliminate any of Plaintiffs' experts who would testify as to the violations of federal statutes (in contradiction of the case law, creating plain error) because of a fabricated allegation that Plaintiffs' opposition was somehow one day late.

The facts do not support Defenses' contentions, the application of LCVR 7(b), nor the draconian measures requested. A simple review of the facts demonstrates that there is no issue for the Court to "Notice":

a. January 15th Defendants' filed an "Emergency Motion to Strike Plaintiffs' Experts and to Enlarge Time to Respond to Plaintiffs' Expert Designations as Plaintiffs Made no Fed.R.Civ.P. 26(a)(2)(B) Disclosures."

b. On January 16, 2008, by telephonic conference, the parties, along with the Court, discussed the issues set forth in the emergency motion, reached several compromises and the Court held that there was no basis for the emergency motion.

c. The Court then stated that there would be a hearing on all discovery issues as soon as the Court could fit it in its calendar.

d. To date no hearing date has been set by the Court nor has there been any docket entry evidencing the scheduling of said and/or any required briefs.

Cleary, given the above, Plaintiffs were not required to file *any* responsive pleading to a prior denied "emergency" motion to preserve their rights to a hearing. Plaintiffs were always under the belief that they would receive either a scheduling order from the Court as to the hearing date, or, at a minimum, a new non-emergency motion from the defense. As time passed, however, Plaintiffs wondered whether the Court's words had somehow converted the denied motion into a new non-emergency motion. If so, the new January 16, 2008 non-emergency motion would require an opposition to be filed within eleven days from its creation since the Court did not set forth any other time limits. (11 days plus 3 for mailing and 1 for a Federal Holiday (Martin Luther King's Birthday). See LCVR 7(b), which states, "[w]ithin 11 days of the date of service or at such other time as the Court may direct…"; See also Fed.R.Civ.P. 6(a) and 6(e). Thus, a

January 16, 2008 motion required an opposition by February 1, 2008.[1] On February 1, 2008 the Opposition was timely filed. Of course, if no such creation took place, the motion was denied and required no opposition.

The Court has repeatedly stated its frustration with counsel's failure to resolve discovery disputes among themselves. "In light of the contentious history of this case, in which counsel have required Court intervention at every stage of discovery." (Order, February 1, 2008, p.2). While Plaintiffs agree whole-heartedly with the Court's admonition that resolution between the parties themselves is the best method for ending discovery disputes, Plaintiffs are constantly forced into the vortex created by the defense's motion practice, as with the present pleading. Plaintiffs cannot stop the onslaught. Defendants constantly file pleadings on any issue, even when it requires misapplication of the rules, in an attempt to avoid trial on all meritorious claims.

Assuming *arguendo* that Defendants' denied Emergency motion, like a phoenix raised itself from the ashes and *retroactively* required an opposition on its original schedule, the alleged "delay" would be one day (depending on the computation) and could not possibly cause any prejudice to Defendants. More importantly, even a discarded opposition would not mandate a ruling from the Court that the issues have been conceded for the reasons set forth below.[2]

First of all, the issues for which defense demands an order in their favor are purely discretionary in nature, i.e., the number of experts and/or the scope of their

---

[1] Perhaps Plaintiffs should have entitled their filing, Plaintiffs' Hearing Brief on Discovery Issues. For simplicity, however, Plaintiffs, conforming to the ECF system, entitled their pleading an Opposition.
[2] Even in the event that the Court holds there was an active motion from the Defendants on January 15, 2008, Plaintiffs deny that their Opposition was late. 11 days from January 15, 2008 is January 26, 2008 (a Saturday). Therefore, per Fed.R.Civ.P. 6(a) "…the period runs until the end of the next day which is not one of the aforementioned [Saturday or Sunday] days." That day would be Monday, January 28, 2008. The period is extended one day because of Martin Luther King, Jr.'s Birthday and another three days because of electronic service, which puts the date for an opposition due on February 1, 2008.

testimony. (Fed.R.Civ.P. 26(b)(2)(C)(iii); See also *D'Onofrio v. SFX Sports Group, Inc.*, 2008 WL 189842, *12 (D.D.C., January 23, 2008) stating, "[i]n discovery, a principled exercise of discretion is always preferable to the *ersatz* 'certainty' of hard-and-fast rules. It is easy to imagine a case where the number of potential witnesses is great, the number of permitted depositions small, and the time to take depositions limited."; Fed.R.Evid. 403; See also *U.S. v. Brown*, 503 F.Supp.2d 239, 240, fn. 1 (D.D.C.,2007) (discussing the discretion to be used when deciding admissibility of evidence under Fed.R.Evid. 403, "The discretion which trial judges are thus summoned to exercise is an informed discretion-one which takes into account all relevant factors deserving of consideration. The discretionary function is aborted if the judge acts without the information essential to comprehension and treatment of those factors." (internal footnote omitted)(citing *United States v. Lewis*, 482 F.2d 632, 643 (D.C.Cir.1973)). Thus, even no opposition at all would still require the Court to exercise its discretion.

In fact, a blind granting of defense's positions could lead to reversible error, i.e., precluding Plaintiffs from producing expert testimony regarding violations of FDCA statutes, when such experts are "required" for claims of negligence *per se*. (See *McNeil Pharmaceutical v. Hawkins*, 686 A.3d 567 (D.C. 1996)). Again, the lack of an opposition would not change the outcome and the Court is not bound to adopt any portion, let alone all of, defense's positions in its ruling, even in the absence of an opposition.

Secondly, Plaintiffs did oppose the emergency motion during the telephone conference on January 16, 2008. Plaintiffs told the Court that the number of experts listed was not excessive and the nature and scope of their testimony were required for

plaintiffs' proof. After the Court listened to counsel and compromises were reached, it held unequivocally that there was no emergency and that a hearing would be scheduled as to all discovery issues.

Thirdly, the Court granted Plaintiffs' request for a hearing. How can a matter yet to be heard be conceded? The applicable procedural rule is DC LCVR 7(f) which states, "If at the time of the hearing the moving party fails to appear, the court may treat the motion as withdrawn; if the opposing party fails to appear, the court may treat the motion as conceded." Obviously, once an oral hearing has been set, the only way to "concede" the issues is to fail to attend the hearing. Plaintiffs have every intention of attending the hearing and addressing any remaining discovery issues in an effort to end the requirement of any Court involvement with discovery.

Finally, Defendants erroneously rely on DC LCVR 7(b). No where in the rule does it set forth the time a party has to oppose a *denied* emergency motion nor does it address the situation where an emergency motion has been filed, a hearing on the motion took place, and the Court set another hearing for remaining discovery issues. A look at rule's stated purpose provides further guidance as to why it inapplicable: Local Rule 7(b) is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." <u>Jones v. National Institutes of Health Federal Credit Union</u>, 2006 WL 468006, *1 (D.D.C.,2006) (citing Fox v. American Airlines, Inc., 389 F.3d 1291, 1294 (D.C.Cir.2004)). The emergency motion was dealt with in the most efficiently manner when the Court ruled on it by telephonically and decided to set a hearing on any remaining discovery issues.[3]

---

[3] Irrespective of any of the above, in circumstances unlike the present, when a party does in fact file an opposition to a valid motion one or two days late, the Court is subjected to multiple pleadings: a motion

The remainder of the *Notice* is simply another opportunity for the defense to vent its perceived discovery issues on the Court. While the defense raises numerous arguments regarding deadlines, they have consistently thwarted any resolution by even refusing to consent to a status conference in front of Judge Friedman to set deadlines and move this matter out of discovery and to trial.

It is also important to note, that during the telephonic conference, the Court urged counsel to try to come to some agreements about discovery. To that end, counsel for both sides agreed that Defendants would not be required to name their experts until Plaintiffs certify that all materials reviewed by Plaintiffs' experts had been produced. This allowed Defendants more time to submit their experts' reports and more time to depose Plaintiffs' remaining experts.

As to Defendants' assertions that their experts are on constant "red alert" (Def. Notice, p. 2), Plaintiffs have never required Defendants to have their experts on any kind of alert status and have, in fact, already given Defendants two and a half weeks from the date of certification to produce their expert reports. Further, Defendants always have the opportunity to supplement their experts' reports if they find something after the two and a half week time has expired. See Fed.R.Civ.P. 26(e). Plaintiffs are willing to wait to certify the expert reports until after the hearing has been set regarding experts. This would negate any possible prejudice. Plaintiffs' goal is not to force Defendants to incur charges; Plaintiffs' goal is to complete discovery and move toward trial.

---

*nunc pro tunc*; the opposition to the motion; and, a possible LCVR 7(b) filing necessitating a reply thereto. The outcome usually results in acceptance by the Court of the late opposition and a ruling on the merits. Thus, in the best of circumstances, the procedures merely produce more work for the Court.

        Respectfully submitted,

        NEWMAN, MCINTOSH & HENNESSEY, LLP.

By:   /s/ Anthony G. Newman
       Anthony G. Newman
       7315 Wisconsin Ave., Suite 700E
       Bethesda, Maryland 20814
       301-654-3400
       Attorney for the Plaintiffs

**CERTIFICATE OF SERVICE**

    Pursuant to the United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing Plaintiffs' Response to Defendants' Notice that the Court May Treat Defendants' Earlier Denied Emergency Motion as Retroactively Conceded was served via electronic filing on the Court's CM/ECF website on February 4, 2008 to:

Megan E. Hills, Esq.
Zoe Scharff, Esq.
David Kiernan, Esq.
Williams & Connelly, LLP
725 Twelfth Street, NW
Washington, D.C.  20005


        /s/ Anthony G. Newman
        Anthony Newman