UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civ. Act. No. 1:05CV02086 (PLF) <br><br> Judge Paul L. Friedman |

### DEFENDANTS'[1] OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE OR FILE A SURREPLY TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs' Second Amended Complaint is premised on breaches of alleged duties defendant Dr. Watson owed to patient, Karyn A. Kerris, for "proper" labeling and branding (e.g., plaintiffs' FDCA[2]-based negligence *per se* claims are based on averments of "mislabeling" and "misbranding"). For over two years plaintiffs have been on notice that their claims that a prescribing doctor has labeling and branding duties to a patient would have to be proved since filing their Amended Complaint on February 14, 2006 (Docket Entry #9), premising liability based on defendant Dr. Watson's alleged breaches of labeling duties to a patient. Regardless of shorthand title, no new argument has been presented to plaintiffs or the Court. Defendants'

---

[1] "Defendants" refers collectively to defendants Georgetown University (individually, "GU") and Vance E. Watson, M.D. (individually, "Dr. Watson"). "Plaintiffs" refers collectively to plaintiffs Felice and Cicily Iacangelo.

[2] "FDCA" refers to federal Food, Drug, and Cosmetic Act, including the Medical Device Amendments, 21 U.S.C. §§ 331, et seq., and 21 U.S.C. §§ 301, et seq., respectively.

Motion to Dismiss made clear that a practicing, prescribing doctor owes no labeling duties to patients. *See* Defendants' Motion to Dismiss, filed February 14, 2008, Secs. IV-V, specifically at 17 (*arguendo*, any alleged breach of a duty by Dr. Watson is to the FDA, not to plaintiffs on behalf of a patient and an alleged breach of a duty to the FDA is one for which plaintiffs have no standing to bring).[3]

Federal Rule of Civil Procedure 12(f) does not allow plaintiffs to bring a motion to strike. If the contention is made that an argument is made for the first time in a reply, the court will either ignore those arguments in resolving the motion or provide the nonmovant an opportunity to respond to those arguments by granting leave to file a surreply. *U.S. ex rel. Purcell v. MWI Corp.*, 520 F. Supp.2d 158, 166 (D.D.C. 2007) (citations omitted). Plaintiffs' citation to *Rollins Envtl. Servs. v. EPA*, 937 F.2d 649, 653 n. 2 (D.C. Cir. 1991) is puzzling as *Rollins* in its entirety does not support the motion to strike or mention surreplies. *See* Plaintiffs' Motion to Strike or File a Surreply, filed March 7, 2008, at 1.

Plaintiffs have no grounds for filing a surreply. The matter presented in the reply must be truly new. *Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp.2d 270, 277 (D.D.C. 2002). A surreply is most appropriate where the new matter introduced is factual. *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave to file a surreply to respond to a new declaration). Plaintiffs cannot deny that they have always premised their claim for damages on alleged breaches by Dr. Watson, the practicing doctor, for mislabeling and misbranding and that defendants have consistently argued that Dr. Watson does not have those

---

[3] Additionally, plaintiffs appear to have violated the spirit, if not the letter, of District Court Local Rule 7(m). Leaving voicemails some three hours prior to filing a motion when such motion is filed two days after defendants filed their Reply hardly allows defendants an opportunity to weigh in on plaintiffs' proposed action. No email was sent, nor further call placed to reach defendants to confer.

duties as a practicing doctor. Defendants' argument that a practicing doctor—the Learned Intermediary doctrine—does not have labeling duties is the same argument defendants have made throughout the litigation. As no new factual information has been presented to the Court or anything new at all, *Alexander, supra*, plaintiffs' motion for a Surreply should be denied. *See Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion.").

Plaintiffs' failure to address arguments does not provide grounds to allow a second opposition. Plaintiffs move to file surreplies whenever they perceive their opposition fails to address legitimate arguments. Plaintiffs moved to file a surreply in response to the initial Motion to Dismiss, *see* Docket Entry #16; most recently on February 13, 2008 in response to defendants' Motion to Strike Duplicative and Legal Experts, *see* Docket Entry #93; and now. Plaintiffs should not be allowed to abuse the briefing process by filing arguments that rightfully belonged in their initial Opposition. *Id.*

In the alternative should the Court find that plaintiffs did not know that they needed to defend their allegations that a prescribing doctor had labeling duties to patients, plaintiffs' surreply should be limited to plaintiffs' justification for filing a surreply (the claimed "new argument"—e.g., the Learned Intermediary doctrine). The Learned Intermediary Argument is presented in Section I; subsection C, in one and a quarter pages. If the Court finds that plaintiffs could not anticipate this argument, plaintiffs' proposed surreply should be limited to no more than two (2) pages addressing only this argument, as surreplies are not permitted to address anything but the alleged new argument. *MWI Corp.*, 520 F. Supp.2d at 166.

## CONCLUSION

**WHEREFORE,** for the reasons set forth herein, defendants respectfully request the Court deny plaintiffs' Motion to Strike or File a SurReply, or in the alternative, limit any surreply to two (2) pages to the argument (e.g., Learned Intermediary) plaintiffs posit provide them the right to file such surreply.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: March 8, 2008            By: *Megan E. Hills*
David C. Kiernan (D.C. Bar # 413806)
Megan E. Hills (D.C. Bar # 437340)
Zoe C. Scharff (D.C. Bar # 490482)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
dkiernan@wc.com
mhills@wc.com
zscharff@wc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D., <br><br> Defendants. | Civil Action No. 1:05CV02086 <br><br> Judge Paul L. Friedman |

## ORDER

After consideration of Plaintiffs' Motion to Strike or File a Surreply, Defendants' Opposition thereto; It is hereby:

**ORDERED**, Plaintiffs' Motion to Strike or File a Surreply is **DENIED**.

So **ORDERED**, this __ day of _____, 2008.

_____
The Honorable Paul L. Friedman
Judge, United States District Court
for the District of Columbia

Copies to:

David K. Kiernan, Esq.
Megan E. Hills, Esq.
Zoe C. Scharff, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Defendants' attorneys

Anthony Newman, Esq.
Ernest McIntosh, Esq.
Wendy Wyeth, Esq.
Newman, McIntosh & Hennessy
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

Andrew Greenwald, Esquire
Greenwald and Laake
6404 Ivy Lane
Suite 440
Greenbelt, Maryland 20770

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing to be served by hand-delivery on the 8th day of March, 2008 on the forgoing:

>Anthony Newman, Esquire
>Ernest McIntosh, Esquire
>Wendy Wyeth, Esquire
>Newman, McIntosh & Hennessy
>7315 Wisconsin Avenue
>Suite 700E
>Bethesda, Maryland 20814

>and

>Andrew Greenwald, Esquire
>Joseph, Greenwald & Laake, P.A.
>6404 Ivy Lane
>Suite 440
>Greenbelt, Maryland 20770

>Plaintiffs' Counsel

_____
Megan L. Hills