## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, ) <br> As Guardian of the Person and Property of ) <br> KARYN A. KERRIS, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> Georgetown University Hospital, ) <br> GEORGETOWN UNIVERSITY, t/a ) <br> Georgetown University, and ) <br> VANCE E. WATSON, M.D., ) <br> ) <br> **Defendants.** ) <br> ) | Civil Action No. 1:05CV02086 (PLF) <br><br> Judge Paul L. Friedman |

### DEFENDANTS'[1] ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants, by and through undersigned attorneys, hereby file their Answer and

Affirmative Defenses to plaintiffs' Second Amended Complaint. Defendants previously moved

to dismiss Counts VI through IX and allegations regarding the same, which motion is pending

before the Court. Defendants admit, deny, or otherwise respond to Counts I through V and

averments not addressed in defendants' pending Motion to Dismiss[2] as follows:

### PREFATORY STATEMENT

Defendants reject the claims filed against them. Karyn A. Kerris ("Mrs. Kerris"),

a woman suffering from Turner's syndrome, was referred to Georgetown University Hospital

---

[1] "Defendants" refer collectively to defendants Georgetown University (individually, "GU") and Vance E. Watson, M.D. (individually, "Dr. Watson"). "Plaintiffs" refer collectively to plaintiffs Felice and Cicily Iacangelo.

[2] "Motion to Dismiss" refers to defendants' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed February 14, 2008.

("GUH") with the rare condition of a bithalamic arteriovenous malformation ("AVM") and an even rarer AVM symptom of progressive declining cognitive abilities, as well as the more typical AVM symptoms (ataxia, nystagmus, headaches, etc.). Prior to being referred to GUH, Mrs. Kerris was told her neurologic condition was terminal. Defendants provided Mrs. Kerris with the best medical care and treatment in a situation where her medical prognosis was very grim.

Plaintiffs' suit for medical malpractice and attendant claims is based on events between November 4, 1998 and March 3, 1999. Their lawsuit for medical malpractice and attendant claims, including punitive damages, is disingenuous insofar as they continue to obtain medical treatment for Mrs. Kerris at GUH (now owned by MedStar Health, Inc.). Plaintiffs' attempt to bolster their medical malpractice action by bringing additional claims based on alleged violations of provisions of the federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301, et seq., the Medical Device Amendments ("MDA"), 21 U.S.C. §§ 331, et seq., and attendant Food and Drug Administration's ("FDA") regulations are prohibited, *inter alia*, by District of Columbia law.

Defendants unconditionally deny the entirety of plaintiffs' Second Amended Complaint and, specifically addressing Counts I through V and allegations not addressed in defendants' Motion to Dismiss, categorically deny the allegations therein.

## GENERAL RESPONSES

A.    Defendants filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) on Counts VI, VII, VIII, IX and allegations regarding the same on February 14, 2008; therefore, defendants do not file an Answer as to the counts and averments addressed in defendants' Motion to Dismiss. When the Court makes a determination as to defendants'

Motion to Dismiss, if a response to any allegation is required, defendants will file the response that is required as determined by the Court.

B.     The Second Amended Complaint contains many averments that constitute personal opinion regarding legal issues and facts. No response is required as to such matters of opinion.

D.     Except for the specific allegations or portions of allegations expressly admitted or responded to below, all other allegations, portions of allegations, and characterizations of facts by plaintiffs are hereby denied.

## SPECIFIC RESPONSES
## TO AVERMENTS IN THE SECOND AMENDED COMPLAINT[3]

## JURISDICATION AND PARTIES

1.     The averment asserts a matter of legal opinion to which no response is required; to the extent that a response is required, defendants admit that plaintiffs filed a Second Amended Complaint in federal court based on diversity of citizenship.

2.     The averment asserts a matter of legal opinion to which no response is required; to the extent that a response is required, defendants have obtained the Order, filed August 17, 2005, adjudging Mrs. Kerris incompetent and appointing plaintiffs Guardians of the Person and Property of Mrs. Kerris by the Circuit Court of Montgomery County, Maryland (28221-FL), signed on August 11, 2005.

3.     Defendants admit that Georgetown University operated a hospital, Georgetown University Hospital, a hospital located in and doing business in the District of Columbia, between August 1998 and March 3, 1999, the time period plaintiffs have designated

---

[3] Limited to the allegations that are not subject to defendants' Motion to Dismiss.

as relevant in their Complaint, Amended Complaint, and Second Amended Complaint. As of

July 1, 2000, Georgetown University sold the hospital and clinical operations to MedStar Health,

Inc.

      4.     Defendants admit that Georgetown University Hospital was (and MedStar

GUH is) a duly licensed and accredited health care facility, which held (and MedStar GUH

holds) itself out to the public as an institution providing medical treatments to patients. The

remaining averments in this paragraph constitute opinion regarding legal issues or other matters.

No response is required to such matters of opinion; if a response is required, defendants deny the

remaining averments.[4]

      5.     Defendants admit that Vance E. Watson, M.D., was and is a licensed

physician in the District of Columbia specializing in interventional neuroradiology.

      6.     Defendants admit that Dr. Watson is a resident of the District of

Columbia.

      7.     Defendants admit that GUH rendered medical care to Mrs. Kerris through

its employees, agents, and/or servants acting within the scope of their employment in 1998 and

1999, including Dr. Watson. GUH also rendered medical care to Mrs. Kerris through

independent contractors.

**COUNT I**
(Medical Negligence – Personal Injury)

      8.     Defendants admit that on or about November 4, 1998, January 13, 1999,

and March 3, 1999, healthcare personnel, including Dr. Watson performed embolization

---

[4] Certain averments in this paragraph are subject to defendants' Motion to Dismiss, as set forth
therein.

procedures on Mrs. Kerris to treat her AVM using a combination of an acrylate and an oil-based contrast. Defendants deny all remaining averments in this paragraph.

9.      Defendants admit that Histoacryl® is chemically described as n-butyl cyanoacrylate. Defendants admit that Lipiodol® is described in its Data Sheet, provided by its manufacturer, Rhône-Poulenc Rorer New Zealand Limited, as a clean, bright, pale yellow iodised poppy seed oil fluid, which is an x-ray contrast medium for use in certain radiological investigations where it is desirable to outline a viscous or other structure with directly instilled radio-opaque material. Defendants have insufficient knowledge to respond to the remaining averments in this paragraph, and accordingly, deny them.

10.      Defendants deny that Georgetown University and/or its servants, agents, and/or employees, including Dr. Watson, were negligent in the management, care, and/or treatment of Mrs. Kerris at any time and/or in the time frame between November 4, 1998 and March 3, 1999, the time frame plaintiffs have designated as relevant to their lawsuit.

    a.  Defendant deny the averments in this subparagraph;

    b.  Defendants moved to dismiss this subparagraph in their Motion to Dismiss; therefore, defendants do not file an answer to this subparagraph. Should the Court determine that an answer is required as to this subparagraph, defendants will file an answer pursuant to direction from the Court.

    c.  Defendants moved to dismiss this subparagraph in their Motion to Dismiss; therefore, defendants do not file an answer to this subparagraph. Should the Court determine that an answer is required as to this subparagraph, defendants will file an answer pursuant to direction from the Court.

    d.  Defendants moved to dismiss this subparagraph in their Motion to Dismiss; therefore, defendants do not file an answer to this subparagraph. Should the Court determine that an answer is required as to this subparagraph, defendants will file an answer pursuant to direction from the Court.

e.  Defendants deny the averments in this subparagraph.

f.  Defendants moved to dismiss this subparagraph in their Motion to Dismiss; therefore, defendants do not file an answer to this subparagraph. Should the Court determine that an answer is required as to this subparagraph, defendants will file an answer pursuant to direction from the Court.

g.  Defendants deny the averments in this subparagraph.

h.  Defendants moved to dismiss this subparagraph in their Motion to Dismiss; therefore, defendants do not file an answer to this subparagraph. Should the Court determine that an answer is required as to this subparagraph, defendants will file an answer pursuant to direction from the Court.

i.  Defendants moved to dismiss this subparagraph in their Motion to Dismiss; therefore, defendants do not file an answer to this subparagraph. Should the Court determine that an answer is required as to this subparagraph, defendants will file an answer pursuant to direction from the Court.

j.  Defendants moved to dismiss this subparagraph in their Motion to Dismiss; therefore, defendants do not file an answer to this subparagraph. Should the Court determine that an answer is required as to this subparagraph, defendants will file an answer pursuant to direction from the Court.

k.  Defendants moved to dismiss this subparagraph in their Motion to Dismiss; therefore, defendants do not file an answer to this subparagraph. Should the Court determine that an answer is required as to this subparagraph, defendants will file an answer pursuant to direction from the Court.

l.  Defendants moved to dismiss this subparagraph in their Motion to Dismiss; therefore, defendants do not file an answer to this subparagraph. Should the Court determine that an answer is required as to this subparagraph, defendants will file an answer pursuant to direction from the Court.

m.  Defendants deny the averments in this subparagraph.

n.  Defendants deny the averments in this subparagraph.

o. The averment asserts a matter of legal opinion to which no response is required; to the extent that a response is required, defendants deny the averments in this subparagraph.

11.     Defendants deny the averments in this paragraph.

12.     Defendants admit that Mrs. Kerris has been adjudged incompetent by the Circuit Court for Montgomery County, Maryland and that plaintiffs were appointed as Guardians of the Person and Property of Mrs. Kerris on August 11, 2005. Based upon this August 11, 2005 Order, defendants admit that Mrs. Kerris does not have the mental capacity to provide information as to plaintiffs' allegations. Defendants deny the remaining averments in this paragraph.

13.     Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court.

Defendants deny plaintiffs are entitled to any relief.

## COUNT II
### (Lack of Informed Consent)

14.     Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court.

15.     Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an

answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court.

16.    Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court.

17.    Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court. As to any averments in this paragraph as to either defendant that are not addressed in defendants' Motion to Dismiss, defendants deny them.

18.    Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court. As to any averments in this paragraph as to either defendant that are not addressed in defendants' Motion to Dismiss, defendants deny them.

19.    Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court.

20.    Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from

the Court. In addition, the averments in this paragraph assert matters of personal opinion regarding legal issues and facts, as well as speculation as to a third party's state-of-mind not supported by the evidence, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

21.     Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court.

Defendants deny plaintiffs are entitled to any relief.

## COUNT III
(Breach of [Express] Warranty)

22.     Defendants deny the averments contained in this paragraph.

23.     Defendants deny the averments contained in this paragraph.

24.     Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court. In addition, the averments in this paragraph assert matters of personal opinion regarding legal issues and facts, as well as speculation as to a third party's state-of-mind not supported by the evidence, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

25.     The averments in this paragraph assert matters of personal opinion regarding legal issues and facts, as well as speculation as to a third party's state-of-mind not supported by the evidence, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

Defendants deny plaintiffs are entitled to any relief.

## COUNT IV
### (Fraud)

26.     The averments in this paragraph assert matters of personal opinion regarding legal issues and facts, as well as speculation as to a third party's state-of-mind not supported by the evidence, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

27.     Defendants moved to dismiss this paragraph and all of its subparagraphs in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph or its subparagraphs.  Should the Court determine that an answer is required as to this paragraph or its subparagraphs, defendants will file an answer pursuant to direction from the Court. Additionally, the averments in this paragraph and its subparagraphs assert matters of personal opinion regarding legal issues and facts, as well as speculation as to a third party's state-of-mind not supported by the evidence, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

28.     Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph.  Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court.

29.     Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph.  Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court.  Additionally, the averments in this paragraph assert matters of personal opinion

regarding legal issues and facts, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

30.    Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court. Additionally, the averments in this paragraph assert matters of personal opinion regarding legal issues and facts, as well as speculation as to a third party's state-of-mind not supported by the evidence, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

31.    Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court. Additionally, the averments in this paragraph assert matters of personal opinion regarding legal issues, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

32.    Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court. Additionally, the averments in this paragraph assert matters of personal opinion regarding legal issues and facts, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

33.    Defendants deny the averments in this paragraph. Additionally, the averments in this paragraph assert matters of personal opinion regarding legal issues and facts, as

well as speculation as to a third party's state-of-mind not supported by the evidence, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

34.    Defendants deny the averments in this paragraph.  Additionally, the averments in this paragraph assert matters of personal opinion regarding legal issues and facts, as well as speculation as to a third party's state-of-mind not supported by the evidence, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

35.    The averments in this paragraph assert matters of personal opinion regarding legal issues, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

Defendants deny plaintiffs are entitled to relief.

## COUNT V
(Breach of Fiduciary Obligations)

36.    Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph.  Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court.  Additionally, the averments in this paragraph assert matters of personal opinion regarding legal issues, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

37.    Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph.  Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court.  Additionally, the averments in this paragraph assert matters of personal opinion

12

regarding legal issues, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

38.    Defendants moved to dismiss this paragraph and all of its subparagraphs in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph and its subparagraphs. Should the Court determine that an answer is required as to this paragraph and/or its subparagraphs, defendants will file an answer pursuant to direction from the Court. Additionally, the averments in this paragraph and its subparagraphs assert matters of personal opinion regarding legal issues, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph and its subparagraphs.

39.    Defendants moved to dismiss this paragraph in their Motion to Dismiss; therefore, defendants do not file an answer to this paragraph. Should the Court determine that an answer is required as to this paragraph, defendants will file an answer pursuant to direction from the Court. Additionally, the averments in this paragraph assert matters of personal opinion regarding legal issues, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

40.    The averments in this paragraph assert matters of personal opinion regarding legal issues, to which no response is required; to the extent that a response is required, defendants deny the averments in this paragraph.

Defendants deny plaintiffs are entitled to any relief.

## COUNT VI
(Punitive Damages)

41-44. Defendants moved to dismiss this count and all of the paragraphs making up this count in their Motion to Dismiss; therefore, defendants do not file an answer to this count and/or the allegations making up this count. Plaintiffs also represented that this count was removed. *See* Plaintiffs' Opposition to defendants' Motion to Dismiss, filed February 25, 2008, at 22. Should the Court determine that an answer is required as to this count and/or the allegations making up this count, defendants will file an answer pursuant to direction from the Court.

Defendants deny plaintiffs are entitled to any relief.

## COUNT VII
(Negligence *Per Se* – Violation of 21 U.S.C. § 360c (a)(II) and 21 C.F.R. § 812.20(a)(2))

45-59. Defendants moved to dismiss this count and all of the paragraphs making up this count in their Motion to Dismiss; therefore, defendants do not file an answer to this count and/or the allegations making up this count. Should the Court determine that an answer is required as to this count and/or the allegations making up this count, defendants will file an answer pursuant to direction from the Court. Additionally, the averments making up this count assert matters of personal opinion regarding legal issues, to which no response is required; to the extent that a response is required, defendants deny the averments.

Defendants deny plaintiffs are entitled to any relief.

## COUNT VIII
(Negligence *Per Se* – Violations of 21 U.S.C. § 331(a), (b), (c), (g) and (k))

60-68. Defendants moved to dismiss this count and all of the paragraphs making up this count in their Motion to Dismiss; therefore, defendants do not file an answer to this count. Should the Court determine that an answer is required as to this count and/or the

allegations making up this count, defendants will file an answer pursuant to direction from the Court. Additionally, the averments making up this count assert matters of personal opinion regarding legal issues, to which no response is required; to the extent that a response is required, defendants deny the averments making up this count.

Defendants deny plaintiffs are entitled to any relief.

## COUNT IX
### (Negligence *Per Se* – Violation of 21 C.F.R. § 812.20(a)(2))

69-72. Defendants moved to dismiss this count and all of the paragraphs making up this count in their Motion to Dismiss; therefore, defendants do not file an answer to this count and the allegations making up this count. Should the Court determine that an answer is required as to this count and/or the allegations making up this count, defendants will file an answer pursuant to direction from the Court. Additionally, the averments making up this count assert matters of personal opinion regarding legal issues, to which no response is required; to the extent that a response is required, defendants deny the averments in this count.

Defendants deny plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE

The care and treatment provided to Karyn Kerris by defendants conformed in all respects to the applicable standard of care.

### THIRD DEFENSE

Plaintiffs' claims may be barred by the doctrines of contributory negligence and/or assumption of risk.

### FOURTH DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitations and/or the doctrine of laches.

### FIFTH DEFENSE

Mrs. Kerris's injuries, on which plaintiffs' claims are based, were caused solely and proximately by conditions, processes, diseases, prior injuries, and/or the acts and omissions of others, for which defendants are not legally responsible.

### SIXTH DEFENSE

Plaintiffs have suffered no injuries or damages that would entitle them to an award of compensatory damages under law.

### SEVENTH DEFENSE

Plaintiffs have suffered no injuries or damages that would entitle them to an award of punitive damages under law and defendants have moved to dismiss that claim.  *See also* Plaintiffs' Opposition to defendants' Motion to Dismiss, filed February 25, 2008, at 22.

### EIGHTH DEFENSE

Plaintiffs have failed to take actions to mitigate their alleged injuries and/or damages.

### NINTH DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## TENTH DEFENSE

Plaintiffs fail to state a claim on which money damages and/or costs can be awarded.

## ELEVENTH DEFENSE

The doctrine of preemption prohibits use of violations of the FDCA, MDA, and/or FDA regulations for state law negligence *per se* claims.

## TWELTH DEFENSE

District of Columbia law prohibits use of violations of the FDCA, MDA, and/or FDA regulations for state law negligence *per se* claims.

## THIRTEENTH DEFENSE

The alleged violations of the FDCA, MDA, and/or FDA regulations brought here cannot state a negligence *per se* claim.

## FOURTEENTH DEFENSE

Liability cannot stem from the nondisclosure of information for which there is no legal duty to disclose.

## FIFTEENTH DEFENSE

Lack of Informed Consent cannot be shown where no evidence exists to show what Mrs. Kerris relied upon to consent to the medical procedures.

## SIXTEENTH DEFENSE

Liability cannot stem from Lack of Informed Consent where all evidence supports that Mrs. Kerris was fully informed when she consented to the medical procedures.

## SEVENTEENTH DEFENSE

The asserted counts are impermissibly duplicative, such that one or more counts must be dismissed, prior to liability, if any, being determined.

Therefore, having fully answered all of the allegations of the Second Amended Complaint to which no motion has been filed, defendants deny plaintiffs are entitled to the relief requested, or any relief whatsoever, and respectfully requests that the Court dismiss the Second Amended Complaint with prejudice, enter judgment for defendants, award the costs and expenses of this action to defendants, and grant any other relief the Court deems just and proper.

## JURY DEMAND

Should the Court determine that the action should proceed to trial, defendants request a jury trial on all counts that remain against them.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: March 17, 2008          By: _Megan E. Hills_

David C. Kiernan (D.C. Bar # 413806
Megan E. Hills ((D.C. Bar #437340)
Zoe C. Scharff (D.C. Bar # 490482)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
dkiernan@wc.com
mhills@wc.com
zscharff@wc.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

Pursuant to United States District Court Local Rule for the District of Columbia 5.4(d), I

hereby certify that a copy of the foregoing was served via electronic filing on the Court's CM/ECF website,

this 17th day of March, 2008 on:

> Anthony Newman, Esquire
> Ernest McIntosh, Esquire
> Wendy Wyeth, Esquire
> Newman, McIntosh & Hennesy
> 7315 Wisconsin Avenue
> Suite 700E
> Bethesda, Maryland 20814
>
> and
>
> Andrew Greenwald, Esquire
> Joseph, Greenwald and Laake
> 6404 Ivy Lane
> Suite 440
> Greenbelt, Maryland 20770
>
> Plaintiffs' Counsel

Megan E. Hills