UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FELICE P. IACANGELO, *et al.*, ) <br> Plaintiffs, ) <br> v. ) <br> GEORGETOWN UNIVERSITY, *et al.*, ) <br> Defendants. ) <br> ) | Civil Action No. 05-2086 (PLF/AK) |

## ORDER

Pending before this Court is Defendants' Emergency Motion to Extend the Deadlines for Defendants' Fed. R. Civ. P. 26(a)(2) Expert Disclosures and to Strike Plaintiffs' Expert Reports ("Motion") [87], and Plaintiffs' response thereto. Defendants contest the completeness of Plaintiffs' expert disclosures and request that the deadline for disclosure of Defendants' expert reports be postponed until five weeks after the Plaintiffs supplement their expert disclosures. Defendants further move to strike some of the Plaintiffs' proposed experts, their reports and portions of their proposed testimony. Defendants ask this Court to impose a limitation on the number of Plaintiffs' experts. For the reasons set forth in detail in the accompanying Memorandum Opinion, it is this 17th day of June, 2008,

ORDERED that Defendants' Emergency Motion to Extend the Deadlines for Expert Disclosures and to Strike the Plaintiffs' Expert Reports [87] is granted in part and denied in part. Within ten days from the date of this Order, Plaintiffs are directed to provide the Defendants with supplemental information for the following experts: Dr. Gerald Debrun; Dr. Basil Harris; Robert Kamm; Dr. Richard Latchaw; Dr. Lichtblau; Richard Lurito, Ph.D.; Dr. Sheldon Margulies; Dr. S.J. Peerless; Donald Sherwin, Esq.; and Dr. Melvin Van Woert. The scope of such supplemental information is described in the Memorandum Opinion. Defendants' Expert Disclosures will be due four weeks thereafter. The Court

notes that Plaintiffs, during oral argument on the Motion, agreed to limit the number of proposed expert witnesses to ten instead of thirteen, namely: Drs. Debrun and Latchaw; Dr. Kaufman; Dr. Peerless or Dr. Harris [at Plaintiffs' option]; Mr. Damaska; Ms. Gabis; Mr. Kamm; Dr. Van Woert; Dr. Lichtblau and Mr. Lurito.  Accordingly, Mr. Sherwin, Dr. Margulies and either Dr. Peerless or Dr. Harris should be stricken as experts.  The Court further finds that the Gabis and Kamm expert reports should be stricken and their testimony should be excluded from the Plaintiffs' list of prospective witnesses, on grounds that Plaintiffs are attempting to use legal experts to prove that liability and causation have been established and to interpret statutory language.  The Court additionally finds that Mr. Damaska's *expert* testimony should be excluded on grounds that he is named as a fact witness and his expert report contains impermissible legal conclusions, involving issues that are within the province of the jury.  Defendants' objections to the legal conclusions and opinions about state of mind set forth in other various expert reports may be challenged in the form of a motion *in limine,* filed by Defendants after the trial court has ruled on any dispositive motions and Plaintiffs have determined whether to use Dr. Peerless or Dr. Harris as an expert.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE