LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

ZOE SCHARFF
(202) 434-5985
zscharff@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 18, 2008

VIA ELECTRONIC MAIL & FIRST CLASS MAIL

Anthony Newman, Esquire
Newman, McIntosh & Hennessy
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

    Re:    Iacangelo, et al. v. Georgetown University Hospital, et al.

Dear Mr. Newman,

       As agreed during the January 16, 2008 teleconference with Magistrate Judge Kay, Defendants' expert disclosures will be due two and one-half weeks after Defendants receive the outstanding data or information considered by each of Plaintiffs' designated experts in forming each of their respective opinions and a written certification that Plaintiffs have completed their required Rule 26(a)(2)(B) disclosures by contacting each expert and obtaining the required material and producing it to Defendants. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires Plaintiffs to disclose everything that each of Plaintiffs' experts considered in formulating their opinions. Plaintiffs need to consult with each of their designated experts and ask that each of them provide everything each considered and then you must turn that material over to us. If an expert states that they did not consider any document outside the bates range documents you provided, please so state in writing; however, in the depositions Defendants have taken to date, documents – such as Letters of Need – were considered by the expert (Dr. Kaufman) and that document did not fall within the bate stamp range of documents with which you provided us. We ask, therefore, that you recheck the range of bate stamp documents you provided to us as inclusive of what you provided to your experts to ensure that all documents that they considered are contained in it.

       If an expert considered something outside that bates range that we already have, we do not request that you copy the material, but rather that you indicate the specific bates numbers to us to ensure that we do have the document. Because Defendants cannot directly contact your experts, absent permission from Plaintiffs, we are not in a position to list for you everything that is missing that each of your experts considered because we do not know what

Anthony Newman, Esquire
January 18, 2008
Page 2

they would have considered to begin with unless it was listed in the respective report – and it may not have been listed in their reports. Therefore, you need to seek these materials directly from each of your experts. In particular, we would like to know which articles and authorities were considered and relied upon by the experts who did not list them. We also think there may be one or more pages missing from Mr. Damaska's curriculum vitae. We have listed other specific deficiencies in previous letters we have sent you and some of those omissions persist and are incorporated herein but, as stated above, may not contain the universe of data or information each of your experts considered in forming their respective opinions. This is not an inclusive list of materials that you have an obligation to disclose, we are merely trying to provide examples.

We also discussed over the telephone that our economists are having particular difficulty in responding to Dr. Lurito's report because no underlying material was provided for his conclusions. As with the other designated experts, our responding experts to Dr. Lurito's report have to have the opportunity to review everything that Dr. Lurito considered in formulating his opinions. By way of example, Dr. Lurito must have considered the following, but there is not sufficient data provided to refer to the same sources, and we request such detail:

- Basis for Dr. Lurito's choice of the "4.25% after-tax interest (discount) rate." (including what Federal and State tax rates he used to convert taxable interest rates to an after-tax interest rate)
- Basis for Dr. Lurito's "appropriate cost escalation factors" for the items in Mrs. Kerris's life care plan (including the cost escalation factors used for each category, how he arrived at those factors, and any other historical or other information he used to calculate the factors)
- Basis for Dr. Lurito's future annual earnings increase for government workers of 3.75%
- Basis for Dr. Lurito determining after-tax lost earnings (including what federal and state tax rates were used, whether he computed actual taxes each year, and if so, how, and whether he used an average rate over all years, and if so, what historical or other information it was based upon)
- Basis for Dr. Lurito's computation of lost pension benefits (including whether the lost pension benefits were reduced by the amounts Mrs. Kerris will actually receive; what life expectancy was used had she not been allegedly injured)
- What date did he use for the beginning of future care?
- Any information considered on the impact of Turner's Syndrome on lifespan
- Any information on alternative cost estimates considered for individual life care expenses (including alternative expenses or alternative means (e.g. per-trip transportation instead of vehicle purchase))

Anthony Newman, Esquire
January 18, 2008
Page 3

- Information on Dr. Lurito's treatment of the following items which are purchased less frequently than annually (were they assumed to be at a certain point in time, were they paid over several years?)

    - Wheelchair Accessible Home
    - Van w/Conversions & Modifications
    - Adult Chair (Tilt and Recline) with Accessories
    - Electrical Hospital Bed
    - MRI (Lumbosacral, Hips)
    - MRI of the Brain
    - Orthopedic Adaptive Commode/Shower Chair
    - Bathtub Transfer Chair

We look forward to receiving your supplemental disclosures for each expert and your written certification that each expert has provided the data or information considered in formulating each expert's opinion and that all of this material has been provided to Defendants. We particularly ask that you look at depositions taken to date where your expert stated that he considered particular data or information in formulating his opinions and such data or information was not provided to Defendants.

Sincerely,

Zoe C. Scharff

cc: Ernest McIntosh, Esq.,
Andrew Greenwald, Esq.,
Wendy Wyeth, Esq.