JOHN W. VARDAMAN
PAUL MARTIN WOLFF
J. ALAN GALBRAITH
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY

MICHAEL S. SUNDERMEYER
JAMES T. FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F. LANE HEARD III
STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
STEVEN A. STEINBACH
MARK S. LEVINSTEIN
MARY G. CLARK
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY

LAW OFFICES
**WILLIAMS & CONNOLLY LLP**
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029
www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES
DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
EMMET T. FLOOD
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.

J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER
NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
ROBERT P. WATKINS
JACQUELINE E. MAITLAND DAVIES

January 31, 2008

**VIA ELECTRONIC MAIL & FIRST CLASS MAIL**

Anthony Newman, Esquire
Newman, McIntosh & Hennessy
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

    Re:    Iacangelo, et al. v. Georgetown University Hospital, et al.: **Plaintiffs' Production of Data or Information Considered by Plaintiff-Designated Experts**

Dear Mr. Newman:

    Over a month has elapsed since December 22, 2007, when Plaintiffs were required under the Federal Rules to provide Defendants with all of the information or data that each of your experts considered in forming their respective opinions. Federal Rule of Civil Procedure 26(a)(2)(B) requires that this material be provided at the time the expert is disclosed. Moreover, Rule 26(b)(4)(A) expressly requires that the report (which is to be accompanied by the disclosure) be provided by the designating party **prior** to the deposition of that expert taking place.

    To date, Defendants have taken the depositions of four (4) of Plaintiffs' designated experts. At each deposition, the expert deponent has appeared for the deposition with large numbers of documents he considered in forming his opinions—including materials Defendants had not previously been provided, nor warned they would be receiving. Defendants' concerns with these depositions are set forth more fully below.

    Clearly, providing information or data considered by the expert at the deposition requires copying and review of the material during the deposition, and does not allow Defendants adequate time to review the documents, identify and consider the new information, and examine the expert on them. In this letter are some examples of the difficulties that Defendants have encountered. First, Dr. Kaufman brought to his deposition both an entire box of records with the particular information that he considered relevant to his proffered opinions

Anthony Newman, Esquire
January 31, 2008
Page 2

tabbed, and a six inch stack of documents containing totally new documents (and that was even after Defendants received faxes with materials including websites he reviewed and considered the evening before the deposition).

Plaintiffs offered Dr. Debrun for deposition in Paris, France without providing Defendants with a current *curriculum vitae* (the one provided as current by Plaintiffs ended its recitation of Dr. Debrun's qualifications in 1994) and Plaintiffs attached to Dr. Debrun's report a list of Dr. Debrun's prior expert testimony that explicitly **omitted** his testimony for the last four (4) years. The *curriculum vitae*—provided by Plaintiffs as current—was not, in fact, current, which fact Defendants only discovered by searching public court records and finding a more recent *curriculum vitae* filed by Dr. Debrun in another litigation. (Dr. Debrun Deposition at 21-22.)

Additionally, Dr. Debrun appeared for his deposition in Paris, France with a stack of documents—some dating from 2002—which he testified he considered in forming his opinions in this case. (Dr. Debrun Deposition at 52-53.) Even then, Defendants were forced to conduct the examination of Dr. Debrun without having all of the information or data that he considered in forming his opinions—in particular, certain medical literature —which information Plaintiffs promised to identify and provide Defendants after the deposition, but Defendants have not yet received. *Id.* at 186-188. Obviously, providing this relevant information only **after Dr. Debrun's deposition** prevents Defendants from questioning him about the bases of his opinions. Defendants were also unable to examine Dr. Debrun on the expert testimony he has given in the last four (4) years as that information was not, and has not been, provided and Dr. Debrun did not have a full recollection of it. *Id.* at 8-13. It is particularly absurd for attorneys to incur the costs of travel to Paris, France—the location designated by Plaintiffs for Dr. Debrun's deposition—to depose a witness when the designating party has not made the required disclosures under Rule 26(a)(2)(B).

A week later, Mr. Damaska also brought with him to his deposition two large stacks of documents containing, *inter alia*, his five-year-old affidavit in the *Monique Morton* case which he used to form his opinions in this case, and multiple drafts to and from Plaintiffs' counsel of the March 2006 affidavit submitted in this case based on the earlier affidavit, opinions explicitly incorporated by reference into his 2007 expert reports. This new material was in addition to the 4:00 p.m. fax Defendants received from Plaintiffs' counsel the day before Mr. Damaska's deposition (and only after a specific request by Defendants' counsel), containing Mr. Damaska's full, current *curriculum vitae* and a current list of Mr. Damaska's expert testimony, as well as substantive material considered in forming his opinions.

Dr. Van Woert arrived at his deposition with piles of documents he considered, including an FDA guideline that was the basis for many, if not all, of his proffered opinions. Again, this document, as well as the others, had not been previously disclosed to Defendants. At Dr. Van Woert's deposition, his testimony indicated that he did not receive, therefore, could not

Anthony Newman, Esquire
January 31, 2008
Page 3

consider, all of the documents delineated by the bate stamp ranges listed in Plaintiffs' counsel's letter, dated January 4, 2008. Therefore, Defendants learned that, contrary to the representation contained in Plaintiffs' counsel's letter dated January 4, 2008, not all experts designated by Plaintiffs were "provided or had an opportunity to review" all of the records listed by bates stamp in the January 4 letter.

Most disturbing of all is that Defendants are learning at these expert depositions that Plaintiffs' counsel has generally not even **asked** the expert to provide the materials that he considered prior to the deposition. *See* Dr. Kaufman Deposition at 296-98; Dr. Debrun Deposition, *inter alia*, and at 52-58, 186-88. For example, Dr. Kaufman testified that the **first time** he was asked by anyone to provide the information or data considered in conjunction with his opinions was the **night before his deposition** (Dr. Kaufman Deposition at 298). Defendants are at a loss to understand why Plaintiffs cannot or have not picked up the phone to the experts and simply said "we need everything you considered in forming your opinion sent to us immediately." Plaintiffs' counsel should also explain that this includes everything sent to them by Plaintiffs' counsel, or sent to Plaintiffs' counsel, and everything reviewed even if it was then determined to be irrelevant. It also includes medical literature, internet searches, conversations with experts or colleagues or any other material that was considered. Until Plaintiffs' counsel takes this step and provides the missing detail and documentation, we cannot proceed with scheduling any further depositions because Defendants are being prejudiced in their ability to depose the witnesses on the grounds for their opinions, and being put to exorbitant costs to depose individuals prior to the required material being provided by Plaintiffs.

By Plaintiffs' failure to abide by Rule 26(a)(2)(B) and 26(b)(4)(A), Defendants have been left to copy, review, identify, and consider the newly provided information considered by Plaintiffs-designated experts, at the same time Defendants are deposing the expert on the very opinions that the newly provided information underlies. Plaintiffs' failure to conform to Rule 26's requirements defeats the very purpose of expert depositions as set forth in the Rule and has also substantially extended the length (and therefore, the cost) of the depositions.

In addition to reiterating the request for outstanding disclosures, particularly as to Drs. Harris, Latchaw, Peerless, Lichtblau, and Margulies, Ms. Gabis, Messieurs Kamm, and Sherwin, as previously requested in letters to Plaintiffs, as stated above, and by incorporating all prior requests, this letter serves as another formal request for the following materials that were required to be provided prior to the deposition, but were not, and were testified about during the expert depositions taken to date and, for most items, promised to be provided by Plaintiffs. As the transcripts have not yet been obtained, this is not an inclusive list and not all requests include page citations:

- Mr. Damaska was to check his calendar to determine whether he met at Plaintiffs' counsel's office March 14-16 of 2006;

Anthony Newman, Esquire
January 31, 2008
Page 4

- Mr. Damaska was to provide the amount(s) billed to Plaintiffs for the time he spent preparing and providing his March 2006 affidavit/report, incorporated by explicit reference into his 2007 reports, and the amount(s) billed to Plaintiffs for the time he spent preparing and providing his 2007 expert reports to Plaintiffs;
- A list of the depositions considered by Dr. Kaufman who was "not sure" which he reviewed (Dr. Kaufman Deposition at 281-82);
- An updated list of Dr. Kaufman's trial and deposition testimony (*Id.* at 292);
- Dr. Debrun was to provide all literature he considered in forming his opinions, including the basis for his opinion that Karyn Kerris would have a 2-5% risk of bleeding (Dr. Debrun Deposition at 136), the articles on "the grading of the AVM" and relevant articles by Spetzler supporting his opinion that embolization of her AVM was not within the standard of care (*inter alia,* and *id.* at 186-87);
- Dr. Debrun was to provide an updated list of his expert deposition and trial testimony (*id.* at 8-10);
- Dr. Debrun was to provide information as to what he billed Plaintiffs for in the course of his work on this matter (*id.* at 56-58);
- Dr. Debrun reviewed records in providing his original opinion in the case and has since discarded all but a subset (*id* at 156) and we request a list or copy of the full records initially provided to him;
- Dr. Van Woert was to provide the particular Mt. Sinai IRB Procedures Manual that he considered;
- Dr. Van Woert was asked to provide the file in his possession from the *Monique Morton* case which he reviewed when he was asked to work on the *Iacangelo* matter, including the transcript of the deposition of Dr. Banks and any affidavits he produced in that case.

Please let us know when you will be providing Defendants with the material identified at the respective depositions of Drs. Kaufman, Debrun, Van Woert, and Mr. Damaska. At that time, we will determine whether it will be necessary to seek re-depositions of these experts.

Defendants request that going-forward Plaintiffs provide the information or data considered by each of your experts to Defendants at least a week ahead of the scheduled expert deposition, and that the production include written confirmation from Plaintiffs' counsel that Plaintiffs have provided all documents and information considered by the expert. To date, Plaintiffs have proposed dates for Drs. Harris, Latchaw and Peerless but Defendants have not received **any of the required material previously requested** in letters pointing out documents missing from their disclosures. Defendants no longer want to be faced with deposing an expert who appears at his or her deposition with information or data considered in forming the proffered opinions, copying it, trying to review it, and trying to question the expert on the bases for the

Anthony Newman, Esquire
January 31, 2008
Page 5

opinions. Therefore, we cannot accept the dates proposed for their depositions until Plaintiffs provide the Rule 26 required material.

While we are anxious to schedule the depositions of your remaining nine (9) experts, we cannot schedule them until we are certain that we have all relevant disclosures out of fear that the day for the deposition will arrive and we will not have the disclosures. However, in the interest of keeping on schedule to the greatest extent possible, we are willing to schedule the depositions as soon as seven (7) days after receiving all the required disclosures.

We look forward to hearing from you.

Sincerely,

*Megan Hills by ZCS*

Megan E. Hills

cc:   Ernest McIntosh, Esq.,
      Andrew Greenwald, Esq.,
      Wendy Wyeth, Esq.