**ORIGINAL**                                                          1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------x
                              :
FELICE I. IACANGELO,          :
et al.                        :
                              :
        Plaintiffs            :
                              : Case No.
    vs.                       : 1:05CV02086
                              : Judge Friedman
GEORGETOWN UNIVERSITY,        :
t/a Georgetown University     :
Hospital, et al.              :
                              :
        Defendants            :
                              :
------------------------------x

                        Washington, D.C.
                        January 11, 2008

Deposition of:

        ARTHUR KAUFMAN, M.D.,

called for oral examination by counsel for

Defendants, pursuant to notice, at the Law

Offices of Williams & Connolly, 725 12th

Street, N.W., Washington, D.C., beginning at

10:30 a.m., before Zev V. Feder, CSR, a Notary

Public in and for the District of Columbia,

when were present on behalf of the respective

parties:

FEDER REPORTING COMPANY
(202) 863-0000       (800) 956-8996

1        A.    Yes.

2        Q.    Did he mention there is another

3   glue that is approved?

4        A.    I don't think he talked about -- I

5   asked specifically about Histoacryl and he

6   indicated that he was not aware that it had

7   been approved.

8        Q.    Did he opine as to the

9   effectiveness of these approved silastic beads

10  or coils versus n-BCA or glue?

11       A.    No.

12       Q.    How did it inform your opinion?

13       A.    I was looking for, if you don't

14  use this glue, what would you use

15  alternatively.  That was my concern.  And my

16  concern was was this patient offered other

17  alternatives.  I don't know.  And based on the

18  affidavits, they were not.  That's, again,

19  that's moot.  But I just wanted to know what

20  these alternatives consisted of.

21       Q.    Did you read any of the

22  plaintiffs' depositions?  In other words, I

                                                                281

1     see you read their affidavits.  But did you

2     read or consider Mr. Iacangelo's deposition or

3     Mrs. Iacangelo, Cicily, or Felice Iacangelo,

4     Paul Kerris?

5            A.     I am not sure I read the

6     deposition.  I may have -- yes, I think I read

7     Paul Kerris' deposition.

8            Q.     Did you see where he did talk

9     about being shown coils?  Does that ring a

10    bell that you read it?

11           A.     It doesn't ring a bell but I may

12    have read it, and it may be there, but I just

13    don't recall.

14                  (Discussion off the record.)

15                  BY MS. HILLS:

16           Q.     The reason I ask, sir, again, none

17    of the depositions from these parties listed

18    is something you considered.  So you see my

19    concern that if I go through all these stacks

20    and I see depositions -- you recall you did

21    read Paul Kerris but you are not sure?

22           A.     I am not sure.

                    FEDER REPORTING COMPANY
                (202) 863-0000     (800) 956-8996

287

1   You say in your August report, "I relied on
2   the affidavits."  And you also rely on the
3   depositions.
4           So I am asking if that is what you
5   relied on to put together your August 22nd
6   report --
7       A.   I don't remember what additionally
8   he provided me but he provided me with
9   additional material.  I think it had to do
10  with the clinical records.
11      Q.   You do also put down here that you
12  have Georgetown Hospital medical records.
13      A.   No.  There were lots of clinical
14  records.  I had seen excerpts of records.
15  This is the entire package.
16      Q.   When you say excerpts, is this a
17  document that a lawyer, a paralegal, put
18  together of excerpts of medical records?
19      A.   Yes.
20      Q.   And you considered that as part of
21  your initial information and review?  Is that
22  the best of your recollection?

288

1       A.      I think that's correct.

2       Q.      So the August 22nd, 2007 report,

3  the information or data you believe you

4  considered with the excerpts of the medical

5  records?

6       A.      That's correct.

7               (Discussion off the record.)

8               MS. HILLS:  Can I get this marked?

9  I don't have copies.  It is an invoice.

10              (Document referred to marked

11 Deposition Exhibit No. 18 for identification

12 and subsequently attached to the deposition.)

13              BY MS. HILLS:

14      Q.      Sir, I just want to ask you, do

15 you recall the meeting you had for three hours

16 on August 22, 2007 with Mr. Newman, or

17 Mr. Greenwald, or both?

18      A.      It wasn't with Mr. Greenwald.  It

19 was with Mr. Newman.

20      Q.      And that is the same date that

21 your August 22, 2007 report was done.

22 Correct?

292

1    have previously gone through.
2                MR. GREENWALD:  Case list.
3                (Document referred to marked
4    Deposition Exhibit No. 19 for identification
5    and subsequently withdrawn.)
6                BY MS. HILLS:
7        Q.    Is this a complete list?
8        A.    No.
9        Q.    Why not?
10       A.    I have not updated it.  I need to
11   update it.
12       Q.    This, in fact, says a list of
13   depositions or trials which Arthur Kaufman has
14   given testimony in the last three years.
15             Is the case that you just gave a
16   deposition in for Mr. Newman listed on this?
17       A.    No.
18       Q.    Do you recall the name of that
19   case?
20       A.    I don't right off the top of my
21   head, no.
22       Q.    I noticed the Monique Morton case

1    isn't on this.  Is that right?

2        A.    That's right.

3        Q.    Do you intend to put together an
4    updated list of trial testimony?

5        A.    Yes, I will.  I will update this.
6    In fact, I think I have updated it in the
7    computer already.

8        Q.    I have just been handed another
9    list of cases.

10       A.    Should be 18 on that.  Is that
11   correct?

12       Q.    No.  I mean, they seem to list a
13   lot.  Just to identify it, again, this one is
14   undated but this one has a list of 15 as
15   opposed to ten.

16       A.    Uh-huh.  These are some of the
17   more recent cases that I have put in.  The
18   five additional are in '07 and I just haven't
19   completed this.  I have done --

20       Q.    Is the case you just gave a
21   deposition for Mr. Newman on there?

22       A.    No.

306

```
 1              CERTIFICATE OF NOTARY PUBLIC

 2              I, Zev V. Feder, the officer

 3    before whom the foregoing deposition was

 4    taken, do hereby certify that the witness,

 5    whose testimony appears in the foregoing

 6    deposition, was duly sworn by me; that the

 7    testimony of said witness was taken by me in

 8    shorthand and thereafter reduced to computer

 9    type under my direction; that said deposition

10    is a true record of the testimony given by

11    said witness; that I am neither counsel for,

12    related to, nor employed by any of the parties

13    to which this deposition was taken; and

14    further, that I am not a relative or employee

15    of any attorney or counsel employed by the

16    parties hereto, nor financially or otherwise

17    interested in the outcome of the action.

18
                              _____
19                            Notary Public in and for
20                            The District of Columbia

21    My Commission Expires:
      April 14, 2012
22
```

FEDER REPORTING COMPANY
(202) 863-0000      (800) 956-8996