IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | |
|---|---|
| **FELICE P. IACANGELO**, *et al.* : | |
| : | |
| : | Civil No. 1:05CV02086 |
| Plaintiffs, : | |
| : | Judge Paul L. Friedman |
| vs. : | |
| : | Magistrate Judge Alan Kay |
| **GEORGETOWN UNIVERSITY**, *et al*. : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CLARIFY**

Plaintiffs, through counsel, oppose Defendants' "Motion to Clarify" on the basis that it is not necessary and/or moot. The additional materials requested in Defendants' motion have either been produced, or are not at issue.[1] Defendants' motive in their latest filing is clear, as evidenced from the beginning of this litigation wherein they filed an inappropriate motion for sanctions because of Plaintiffs' attempts to start discovery and move this case along. Defendants are, once again, attempting to improperly delay the identification of their experts, thereby improperly delaying the trial of this matter.[2] When will this senseless motion's practice stop and the matter

---

[1] Plaintiffs have already substantially complied with the Court's Order of 6/17/07, requiring Plaintiffs, within 10 days of the order to: specify the films considered by Dr. Debrun (provided by letter of January 11, 2008); specify the imaging examinations references in Dr, Latchaw's report (provided by letter of January 11, 2008); provide the medical records of Dr. Delaney from 2006 to present reviewed by Dr. Litchblau (while neither plaintiffs nor Dr. Litchblau ever had possession of said, they were recently ordered and will be provided immediately upon receipt); Dr. Lurito's fee schedule and materials relied upon by Dr. Lurito (provided by fax on January 23, 2008); records of discussion with Dr. Litchblau (there was no discussion and no records); Dr. Peerless' fee schedule (even though Dr. Peerless never had a "fee schedule," [his bills were produced earlier] this will be provided when Dr. Peerless generates said) (documented in letter of June 27, 2008); provide the "Investigational Device Exemptions Manual" produced during Dr. Melvin Van Woert's 1/25/2008 deposition (Exhibit 7) and the "IRB information sheets" (produced with letter of June 27, 2008).

[2] Since this case was filed in October 2005, the defense has filed a Motion to Dismiss (including the negligence *per se* claims) (3/6/06) (denied as to the negligence *per se* claims in Report and Recommendation of 10/11/06 and denied by J. Friedman 3/26/07); a motion for Summary Judgment (3/6/06); Opposition to the Motion

proceed to a trial on the merits?[3] This latest motion, which is, in fact, a "Motion for Reconsideration" under the heading of a "Motion to Clarify", is the *sixth* pleading filed in this one discovery matter, which dates back to February 2008. All of those pleadings are in addition to a phone conference with the Court where both parties made it clear that the matter would be finally resolved through a ruling by the Court. Now that the ruling has been issued, Defendants wish to bring it up yet again. Regardless of Defense's motive, the Motion must be denied for the reasons below:

<u>**The "Eight Items" Are Not In Dispute**</u>

**#1**: **Demand for an up to date list of Dr. Debrun's testimony (earlier version provided); #2 the literature regarding Dr. Spetzler's articles regarding AVM size; and #3 Dr. Debrun's fees/charges.**

**Plaintiffs' Position: All of the above have been provided under separate cover.**

In an attempt to resolve any perceived discovery dispute, Plaintiffs have provided the aforesaid. It must be added, however, that the defense has either misstated or misunderstood the testimony of plaintiffs' expert Gerard Debrun, M.D. Dr. Debrun stated opinion, that this AVM should not have been treated, was based not on the presence of articles stating how to treat this

---

to Compel Dr. Watson's Deposition(12/04/06)(Motion granted 2/28/07); Defendants' Motion for Sanctions for Compelling Dr. Watson's deposition (12/28/2006)(denied 2/28/07); a motion for clarification of the Order requiring Dr. Watson's deposition(2/2/07)(granted only to records 2/28/07); Motion for Protective Order (4/26/07)(denied/deferred 6/26/07); Motion for Protective Order re Chiazze deposition (8/28/07)(denied 10/11/07); Motion to Compel documents (9/6/07)(denied 2/01/08); (Motion for Clarification of the incamera review Order (10/09/07); Emergency Motion to Extend Time (1/15/08); and Motion for judgement on the pleading (2nd attempt to dismiss the adjudicated issue of negligence per se)(2/14/08).

Plaintiffs had to file motions for the simplest of discovery issues such as: taking the named defendant, Dr. Watson(11/20/06)(granted 2/28/07), Motion for *in camera* review of documents (8/29/07)(granted 10/04/07); the re-deposition of Shelia Zimmet, Esq. after notes were produced contrary to her deposition (8/29/07)(granted 11/06/07); and of course, all the Oppositions, and/or Replies filed as to barrage of motions above.

[3]Defense even fanned an attempt at mediation, which resulted in a stay for months. Plaintiffs was lured into mediation by promises that the range of potential settlement would be in acceptable arena, which was clearly a ruse.

particular lesion but rather on "the *absence* of literature on cases presented which were treated." (cited by the defense without emphasis, Depo. pp. 186-187). In other words, Dr. Debrun testified that the proof that these large bi-thalamic AVMs were not being treated is established by the *absence* of literature describing their treatment, while the literature is replete with the treatment of many other AVM's.[4]

The literature that was referred to in Dr. Debrun's deposition was literature describing the "magnitude" and "size" of AVMs. On this subject, he was asked, Q: "Can you tell me what that literature is?" To which he answered, A: "I would have to go through the articles which have been written by Dr, Spetzler, by many others on the grading of the AVM." Thus the articles involved are simply Dr. Spetzler's articles on the issue of grading AVM's.[5]

**#4 Demand for the article(s) upon which Dr. Latchaw *allegedly* based his opinion. (Never the subject of any "prior agreement")**

**Plaintiffs' position: Nothing to Produce.**

Dr. Latchaw stated in his report: "I am aware of the national standards of care by my experience, my attendance at national and international conferences and symposi, and via the literature." Apparently, on the basis of this comment, Defendants demand that the Court order

---

[4] Defense's questioning from the deposition demonstrates their insincerity regarding this request. Defense counsel asked, "Q...I understand that you were basing your opinions, your thoughts on the national standard of care, on your experience, the *absence* of literature on the topic and the *absence* of successful presentation of the AVM." (Debrun Depo. pp. 185-186)

[5] Moreover, there is no surprise regarding these Spetzler articles, they are well known to the defense and to the medical community. First, they were referenced in *defense's own articles*. Second, they are freely available on Pubmed, (the NIH web site) after simply plugging in the name "Spetzler" and "AVM". In total, Pubmed lists twenty six (26) articles authored by Dr. Spetzler dealing with AVM's. The citation to the articles on point dealing with size and the risks of treatment of AVM's were: *A Grading System for Arteriovennous Malformations*, J Neurosurg. 1986 Oct:65(4):476-83; *The Prospective Application of a Grading System for Arteriovenous Malformations,* 1994 Jan:34(1): discussion 6-7; and, *Postembolization Neurological Deficits in Cerebral Arteriovenous Malformations: Stratification by Artiovenous Malformation Grade*, Neurosurgery. 2006 Jul:59(1): 53-9; discussion 53-9.

Plaintiffs to produce this "literature." Dr. Latchaw did not state that he is relying on any particular piece of, or a group of, literature. Instead, he was simply describing his experience and knowledge base. No expert can be expected to produce all of the literature he reviewed in the course of his career. If Defendants ask at deposition for the production of a particular document relating to a specific issue in Dr. Latchaw's report, they can do so and he will identify the article(s), if any. Having Dr. Latchaw produce thousands of articles that he has seen on the subject of AVM's, prior to his testimony, is an overly burdensome and is not required by the Rules.[6]

> **# 5 Demand for the article(s) upon which Dr. Peerless *allegedly* based his opinion. (Never the subject of any "prior agreement")**
>
> **Plaintiffs' position: Nothing to Produce.**

As with Dr. Latchaw, Dr. Peerless' stated that he based his opinions on his collective knowledge. In his report he stated: "I am familiar with the National Standard of Care as a result of my teaching, review of the Medical literature and attendance at National meetings." He did not report that he relied on a particular article, group of articles, on a particular course he taught, group of courses, single national meeting or an number of national meetings as the basis for his opinion. Again, if defense asks Dr. Peerless whether he relies on a specific piece or pieces of literature for a specific opinion, and if he states he did and it formed the basis for his opinion, he can identify any such article(s) at deposition.

---

[6] When the phrase "AVM" and "treatment" are placed in the Pubmed search engine, it returns more than 1,700 articles.

**#6 Demand for a list of depositions Dr. Kaufman was "not sure" he reviewed. (Never the subject of any "prior agreement")**

**Plaintiffs' position: Nothing to Produce.**

At the risk of stating the obvious, how can Dr. Kaufman be sure of what he reviewed if he is not sure? If Dr. Kaufman does not remember reviewing a particular deposition, he simply does not remember. In any event, this is a non-issue. At the time of Dr. Kaufman's deposition, Dr. Kaufman provided defense with *all* of the material that he received even if he didn't remember receiving them. There is nothing left for the plaintiffs to produce.

**#7 Demand for a list of an up to date cases involving Dr. Kaufman's testimony (earlier version provided) (Never the subject of any "prior agreement")**

**Plaintiffs' Position: Update Provided**.

**#8 Demand for an *alleged* "excepts of records." (Never the subject of any "prior agreement")**

**Plaintiffs' Position: Nothing to Produce**

This is another example of creating an non-issue. While it is not particularly clear what documents Dr. Kaufman was referring to during his seven-hour deposition when he said he reviewed "excerpts," Plaintiffs' counsel has repeatedly told defense counsel (both by letter and phone) that no such excerpt exists. Moreover, *all of the material* Dr. Kaufman received were produce at his deposition.

In closing, Plaintiff will continue every effort to move this case along, but this Court's assistance is required to eliminate the unnecessary motion practice and set this case for trial so that matters, like the present motion, will not delay Karyn Kerris' day in Court.

WHEREFORE, for the reasons stated aforesaid, the Motion to Clarify should be denied.

       Respectfully submitted,
NEWMAN, MCINTOSH & HENNESSEY, LLP.
By:    /s/ Anthony G. Newman
Anthony G. Newman
7315 Wisconsin Ave., Suite 700E
Bethesda, Maryland 20814
301-654-3400
Attorney for the Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 27, 2008, a copy of the foregoing was sent via electronic mail via the Court's e-filing system to:

David Kiernan, Esq.
Megan Hills, Esq.
Zoe Scharff, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005


      __/s/_____
      Anthony Newman

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

*Civil Division*

| | |
|---|---|
| Felice I. Iacangelo and Cicily Iacangelo, : | |
| As Guardian of the Person and Property of : | |
| KARYN A. KERRIS, : | |
| : | **Civil No. 1:05CV02086** |
| Plaintiffs, : | |
| : | **Judge Paul L. Friedman** |
| vs. : | |
| : | **Magistrate Judge Alan Kay** |
| GEORGETOWN UNIV. HOSPITAL, *et al.* : | |
| : | |
| Defendants. : | |

## ***ORDER***

UPON CONSIDERATION of Defendants' Motion to Clarify, Plaintiffs' Opposition thereto, and any reply thereto, it is this ___ day of _____, 2008, by the United States District Court for the District of Columbia,

**ORDERED**, that Defendants' Motion to Clarify be, and the same hereby is, **DENIED**.

_____
Judge, United States District Court for the District of Columbia

Copies to:

Anthony Newman
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814

Andrew E. Greenwald
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

and

David Kiernan, Esq.
Megan Hills, Esq.
Zoe Scharff, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005