**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **Felice P. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS,** | |
| **Plaintiffs,** | |
| **v.** | **Civ. Act. No. 1:05CV02086 (PLF/AK)** |
| **Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D.,** | **Judge Paul L. Friedman** |
| | **Magistrate Judge Alan Kay** |
| **Defendants.** | |

**DEFENDANTS'[1] REPLY IN SUPPORT OF MOTION TO CLARIFY THE JUNE 17, 2008 ORDERS TO INCLUDE ENUMERATED EXPERT MATERIALS**

Inexplicably, after opposing Defendants' Motion to Clarify the June 18, 2008 Orders,[2] today Plaintiffs sent three (3)[3] of the original eight (8) items of expert material sought by Defendants; therefore, there are only four (4) items sought remaining in dispute: A list of deposition transcripts made available to Dr. Kaufman to review and the specific medical literature that Drs. Debrun, Latchaw, and Peerless state they considered and/or relied upon in forming their respective opinions.

---

1 "Defendants" refers collectively to Defendants Georgetown University and Vance E. Watson, M.D. "Plaintiffs" refers collectively to Plaintiffs Felice and Cicily Iacangelo.

2 Hereinafter, "Mtn. to Clarify" and "Plts.' Opp.," respectively.

3 An updated list of expert testimony given by Dr. Kaufman, a list of Dr. Debrun's expert testimony, and an invoice from Dr. Debrun, stating work performed for Plaintiffs on this case. As Plaintiffs have now stipulated that Dr. Kaufman was mistaken in his testimony that he reviewed a document of excerpts from medical records, Plts.' Opp. at 5, the requested item has been provided.

Federal Rule of Civil Procedure[4] 26(a)(2)(B) is unambiguous that a "report shall contain a complete statement of all opinions to be expressed **and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions** . . . ." (Emphasis added), such these experts' representations that their opinions were formed after considering (often relying upon) specific medical literature that it should be provided or, at least, Plaintiffs should provide Defendants with a written certification **that after contacting** Drs. Debrun, Latchaw, and Peerless, that these experts state that there is no specific medical literature that they considered and/or relied upon to form their respective opinions—contrary to their prior reports and/or testimony.

For Dr. Debrun, who has already been deposed, Defendants believe his testimony states that he relied upon specific medical literature in forming his opinions. The Court is able to read the provided excerpts from Dr. Debrun's deposition (cited as support by both Plaintiffs and Defendants) and determine whether he did consider such materials, within the meaning of Fed. R. Civ. P. 26(a)(2)(B), such that they should be produced. Defendants believe that Dr. Debrun's testimony excludes the possibility of Plaintiffs' interpretation that it is the absence of medical literature upon which he bases his opinions—given Dr. Debrun's sworn testimony.

Defendants believe they were very careful in deposing Dr. Debrun to ask whether it was the **absence** of any medical literature supporting Dr. Debrun's opinions (as Plaintiffs believe, Plts.' Opp. at 2-3) versus the **actual existence** of specific medical literature – so specific that Dr. Debrun testified that he did not bring it with him to the deposition, Debrun Dep. at 187 ("THE

[4] Hereinafter, "Fed. R. Civ. P."

WITNESS: **I did not bring any article dealing with that.** I consider that you know, you know everything about it.") (Emphasis added).[5]

Q. Doctor, **I had understood you to testify that the literature had not described the type of AVM** –

A. The treatment.

Q. **The type of AVM bithalamic that Mrs. Kerris had, that was my understanding. My understanding now is that you are saying: Yes, the literature does describe a bithalamic AVM of the size that Mrs. Kerris had, and that literature supports my position that embolization is unamenable to treatment, is that** –

A. **Yes, in the literature they show the cases that they consider unamenable to treatment.** Dr. Spetzler, when he described, when he published his article on the grading of AVM, shows cases of AVM which are inaccessible to any type of treatment.

Q. **And you believe that literature describes the AVMs that are similar to Mrs. Kerris's?**

A. **Yes.**

Debrun Dep. at 187-88 (emphasis added; attached as Ex. 2 to Mtn. for Clarification).[6]

The Court, however, does not have to accept either party's interpretation of Dr. Debrun's testimony, but can determine for itself what Dr. Debrun stated. Although Dr. Debrun testified that he relied on certain medical literature to show that Mrs. Kerris's AVM was unamenable to treatment—a reliance Plaintiffs' counsel acknowledged, Debrun Dep. at 187 ("**MR. NEWMAN:**

[5] Cited excerpts from Dr. Debrun's deposition were submitted to the Court as Exhibit 2 to Defendants' Motion for Clarification, filed June 25, 2008.

[6] Defendants are also somewhat confused as to why Plaintiffs agreed to provide a list of medical literature at Dr. Debrun's deposition when Plaintiffs' current position is that no medical literature exists. Debrun Dep. at 186-188 ("A. I could go through and to have the article dealing - **MR. NEWMAN: The answer is if counsel wants you to do that, we will do that, it's fine.** . . . A. It is well described in the literature that there are cases which are unamenable to any type of treatment. This type shows the literature – **MR. NEWMAN: That's fine, that's all she wants to know, and since you are relying on the fact that there is literature out there** – . . . . **MS. HILLS: I will just get that literature, sir.** I think, other than needing to copy what you brought today, we can conclude the deposition. **MR. NEWMAN: Okay**.") (Emphasis added; attached as Ex. 2 to Mtn. for Clarification).

**That's fine, that's all she wants to know, and since you are relying on the fact that there is literature out there –"**) (emphasis added; attached as Ex. 2 to Mtn. for Clarification), Defendants request that the Court read the deposition excerpts attached to Defendants' Motion for Clarification to decide for itself whether the deponent cited to and agreed to provide the material. If Plaintiffs are not required to produce any medical literature relied upon by Dr. Debrun in forming these opinions, the only basis can be that he is relying upon an absence of literature and Plaintiffs must be held to that position in this litigation. Dr. Debrun should not later be permitted to cite to articles not disclosed to support his views.

Like Dr. Debrun, Dr. S.J. Peerless stated that he could opine on the national standard of care based not on a general exposure to medical literature, but specifically on his **review** of it for this case. Dr. Peerless December 14, 2007 Expert Report at 2 ("I am familiar with the National Standard of Care as a result of my . . . review of the medical literature.") (attached as Ex. 5 to Mtn. for Clarification); *see also* Dr. Richard Latchaw October 15, 2007 Expert Report at 4 ("I am aware of the national standards of care . . . via the literature.") (attached as Ex. 4 to Mtn. for Clarification). If Plaintiffs persist in taking the same position for these remaining medical experts, at the very least, consistent with Fed. R. Civ. P. 26(a)(2)(B), Plaintiffs should provide a written certification[7] that they have **contacted** Dr. Latchaw and Dr. Peerless and that each expert represents that there is no medical literature—contrary to the statements in their respective reports—that each considered and/or relied upon in forming their opinions. Similarly, these two experts should not later be permitted to cite or rely upon articles that have not been disclosed during expert discovery.

---

[7] The Court first ordered Plaintiffs to provide a written certification that they had provided all expert material during the January 16, 2008 teleconference with the Court—a written certification that Defendants never received.

**CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court's June 17, 2008 Orders be clarified to include the list of depositions made available to Dr. Kaufman to review and for the Court to determine whether the submitted expert testimony supports Plaintiffs providing the requested medical literature. At the very least, Fed. R. Civ. P. 26(a)(2)(B) would seem to require that Plaintiffs certify in writing that they have contacted Drs. Debrun, Latchaw, and Peerless and that each expert represents—contrary to their testimony or expert reports—that there is no specific medical literature that the expert considered and/or relied upon to form their respective opinions.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Dated: June 30, 2008

By: [signature: Megan E. Hills]

David C. Kiernan (D.C. Bar # 413806)
Megan E. Hills (D.C. Bar # 437340)
Zoe C. Scharff (D.C. Bar # 490482)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
dkiernan@wc.com
mhills@wc.com
zscharff@wc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **Felice P. Iacangelo and Cicily Iacangelo, As Guardian of the Person and Property of KARYN A. KERRIS,** | |
| **Plaintiffs,** | |
| v. | **Civ. Act. No. 1:05CV02086 (PLF/AK)** |
| **Georgetown University Hospital, GEORGETOWN UNIVERSITY, t/a Georgetown University, and VANCE E. WATSON, M.D.,** | **Judge Paul L. Friedman** <br> **Magistrate Judge Alan Kay** |
| **Defendants.** | |

**ORDER**

Upon consideration of Defendants Georgetown University and Vance E. Watson, M.D.'s Motion to Clarify the June 17, 2008 Orders to add the now four (4) enumerated items of expert materials to the Plaintiffs' Court-ordered production, Plaintiffs' Opposition thereto, and Defendants' Reply, it is

**ORDERED** that Plaintiffs shall produce the list of depositions made available to Dr. Kaufman to review within five (5) days of this Order;

**FURTHER ORDERED**, that after consideration of the submitted deposition excerpts cited to by both Plaintiffs and Defendants, Plaintiffs shall produce a list of medical literature that Dr. Debrun testified he considered and relied upon and shall produce a list of medical literature that the expert reports of Drs. Latchaw and Peeress state they respectively considered and relied upon. If no such specific medical literature exists for Drs. Latchaw and Peerless, Plaintiffs shall provide a written certification that Plaintiffs have contacted both Drs. Latchaw and Peerless and

that each expert states that there is no specific medical literature that either considered and/or relied upon in forming their respective opinions. If no specific medical literature is identified by Dr. Debrun and no specific medical literature is identified for Drs. Latchaw or Peerless prior to their deposition, *see* Fed. R. Civ. P. 26(b)(4)(A), they will not later be permitted to cite or rely upon articles that have not been disclosed at this time.

It is this the ________ day of _______________, 2008.

________________________________

Magistrate Judge Alan Kay
United States Magistrate Court Judge
for the District of Columbia

Copies to:

David C. Kiernan, Esq.
Megan Hills, Esq.
Zoe C. Scharff, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Defendants' Counsel

Anthony Newman, Esq.
Ernest McIntosh, Esq.
Wendy Wyeth, Esq.
Newman, McIntosh & Hennessy
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

Andrew Greenwald, Esq.
Joseph, Greenwald and Laake, P.A.
6404 Ivy Lane
Suite 440
Greenbelt, Maryland 20770

Plaintiffs' Counsel

**CERTIFICATE OF SERVICE**

Pursuant to United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing was served via electronic filing on the Court's CM/ECF website on the 30th day of June, 2008 on the forgoing:

Anthony Newman, Esquire
Ernest McIntosh, Esquire
Wendy Wyeth, Esquire
Newman & McIntosh
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814

and

Andrew Greenwald, Esquire
Greenwald and Laake
6404 Ivy Lane
Suite 440
Greenbelt, Maryland 20770

Plaintiffs' Counsel

Megan E. Hills
Megan E. Hills