# Julia E. Gabis & Associates
### Attorneys at Law

Julia E. Gabis
Marilyn J. McHenry

Of Counsel
Mandy C. Rosenblum

October 16, 2007

**VIA FEDERAL EXPRESS**

Anthony Newman, Esquire
Newman & McIntosh
7315 Wisconsin Avenue, Suite 700E
Bethesda, MD  20814

Re: Written Report
   Felice Iacangelo, et al. v. Georgetown University, et al.
   Civil Action No. 05-2086 (PLF)
   United States District Court for the District of Columbia
   Rule 26(a)(2)(B) Disclosure

Dear Mr. Newman:

In accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, I am submitting my Written Report in the above-captioned matter.

## 1. Statement of All Opinions and Basis and Reasons for Opinions

### A. Statement of Opinions

It is my opinion to a reasonable degree of legal certainty that Ms. Zimmet, the employee and agent of Georgetown University responsible for determining whether the use of a device known as histoacryl by Dr. Watson in treating Karyn Kerris required an investigational device exemption ("IDE") and approval of the Georgetown University Institutional Review Board ("IRB"), failed to conform to the national standard of care during the period 1994 -1999, as follows:

1) In 1994/1995, Dr. Watson was advised by a member of the IRB to talk with Ms. Zimmet, who was on the IRB and served counsel to the IRB. Based upon that advice, Dr. Watson consulted with Ms. Zimmet to seek her opinion as to whether his use of histoacryl (a device regulated by the Food and Drug Administration ("FDA") that did not have pre-market approval ("PMA") or an IDE from the FDA), required review and approval by Georgetown's Institutional Review Board (IRB). Ms. Zimmet advised Dr. Watson that his use of histoacryl did

October 16, 2007
Page 2

not require an IDE or IRB approval. In rendering this advice, Ms. Zimmet failed to act with reasonable diligence to investigate whether such use was lawful. Had she exercised reasonable diligence, Ms. Zimmet would have determined that Dr. Watson's use of histoacryl required an IDE and IRB approval, including certain requirements for informed consent.

       2)    Ms. Zimmet failed to act with reasonable diligence in that she failed to determine (in 1994/1995 and again in September 1998) that under the Federal Food, Drug and Cosmetic Act and regulations promulgated thereunder, the device histoacryl could not be distributed lawfully in the United States by the manufacturer without a PMA or an IDE and, under those circumstances, could not be used by Dr. Watson to treat patients at Georgetown University. If Ms. Zimmet had acted with reasonable diligence, Dr. Watson would not have been permitted to use histoacryl in treating Karyn Kerris without an IDE and IRB approval, including the requisite informed consent.

       3)    Ms. Zimmet failed to act with reasonable diligence in that, despite being apprised by Dr. Watson in September 1998 that the FDA had impounded shipments of histoacryl, that there were "some bad batches due to delay is [sic] shipment process," and that there were questions about the reliability of the product, she did not investigate whether Dr. Watson's use of histoacryl was legal. If Ms. Zimmet had acted with reasonable diligence, Dr. Watson would not have been permitted to use histoacryl in treating Karyn Kerris without an IDE and IRB approval, including the requisite informed consent.

       4)    Ms. Zimmet failed to exercise independent professional judgment and render candid advice in failing to recognize that (in 1994/1995 and again in 1998), as an employee, agent and counsel to Georgetown University, she owed a duty to Georgetown University to advise Dr. Watson that he could not proceed with the use of histoacryl until she had the opportunity to investigate the legality of its use and to review with someone in a position of authority at Georgetown University whether, under all the circumstances, the use of histoacryl by Dr. Watson posed a serious risk to patients and should not be permitted.

       5)    Ms. Zimmet's failure to act with reasonable diligence and/or to exercise independent professional judgment and render candid advice, as described above, was the proximate cause of Dr. Watson's use of the device histoacryl in treating Karyn Kerris without an IDE and IRB approval, including the requisite informed consent.

October 16, 2007
Page 3

**B.    Basis and Reasons for Opinions**

1)    I have reviewed the Amended Complaint; the Consents for Surgery, Anesthetics, and Other Medical Services dated November 4, 1998, January 13, 1999, and March 3, 1999 signed by Karyn Kerris; the Deposition of Vance E. Watson, M.D., on May 31, 2007; the Deposition of Sheila Cohen Zimmet, Esquire, on July 23, 2007; Exhibits GU 00113 – 00118 and DGUH0001 – 0004; various federal statutes and regulations related to the use of devices; the Model Rules of Professional Conduct, 2004, by ABA Center for Professional Responsibility and the D.C. Rules of Professional Conduct (in effect from January 1, 1991, through January 31, 2007); and have had discussions with counsel for the plaintiffs.

2)    I have relied on my experience as a health care attorney, including my position as University Counsel at Hahnemann University in Philadelphia, PA, from 1982 -1988, during which time I was a member of and served as counsel to the Institutional Review Board. In addition, since establishing a private practice, I have served as counsel to the institutional review board of a local healthcare system and currently serve on the institutional review board of a local non-profit organization.

**2.    Data and Other Information Considered in Forming My Opinions**

I relied on the data and information identified in Paragraph 1.B.1) above.

**3.    Exhibits To Be Used**

None known at this time.

**4.    Qualifications**

Please see attached Curriculum Vitae (Attachment 1). I have no relevant publications authored within the last ten years.

**5.    List of Cases or Depositions in Which I Have Testified Within the Last Four Years**

John J. Duwel v. Charles Town General Hospital, et.al., Civil Action No. #: 02CV35, United States District Court for the Northern District of West Virginia (deposition).

October 16, 2007
Page 4

6. **Compensation to be Paid**

$350.00/hour

Respectfully submitted,

Julia E. Gabis