**Donald M. Sherwin, Esq.**
**200 Deep Woods Drive**
**Great Falls, VA 22066**
**703-759-6342**

September 11, 2007

Anthony G. Newman, Esq.
7315 Wisconsin Ave, Suite #700E
Bethesda, MD 20814

Re: Karyn Kerris v. Georgetown University

    At the request of counsel for plaintiffs, I have reviewed the following information:
a) The affidavits of Felice Iacangelo, Cicily Iacangelo, Paul Kerris
b) The package insert of Histoacryl
c) Georgetown's Procedure Manual for the Institutional Review Board
d) Amended Complaint
e) Declaration and deposition of Vance Watson,
f) Deposition and notes of Shelia Zimmet, Esq.
g) Import Alert #89-08, 8/11/92 revised 10/29/99,
h) Violation of Code Translations
i) Consents for the embolizations, and,
j) Detensions for OASIS for Canada.

    On the basis of my review, it is my opinion to a reasonable degree of legal probability that Georgetown University violated the national standard of care, as well as its own IRB Policies and Procedures, by allowing Dr. Watson to use the unapproved device, Histoacryl without IRB review. Given that the device was not approved for any purpose by the FDA and the fact that it was a subject of a Import Alert, it could not be assumed to be a standard device so its use required IRB review. My opinion is further solidified by review of the Histoacryl package insert which states that injection into blood vessels, which was the use that Dr. Watson intended, was a stated contraindication - thus to do so was at a minium an experiment.
    I, myself have sat on IRB's as the attorney of record, and under my responsibility required specialized consent forms for simple surveys that did not even involve direct patient care, because of the potential of harm. In this case which did involves direct patient care, i.e., the injection of an illegal glue into the vessels of the head, mandated IRB review. Failure to do so violated the national standard of care for the purpose of an IRB, in such circumstances, is to protect subjects, such as Mrs. Kerris.
    In my opinion, to a reasonable degree os legal probability that Ms. Zimmet violated the national standard of care, required by a attorney on the IRB, as well as violated the IRB Policies and Procedures of Georgetown, by failing to instruct Dr.

Watson to submit his potential use of the glue to the IRB and require him to create a proper and complete consent form.

It is my opinion that a proper review of the risk/benefits by an IRB of glue embolizations would have determine that the risk of the procedure far outweighed any potential benefit assuming that Dr. Watson would have given the IRB, the information in his affidavit and/or deposition that the procedure would not cure Mrs. Kerris' condition, and could only potentially improve her symptoms, but carried with it significant risks. Therefore it is my opinion, that if the defendants had complied with national standard of care and perfromed the necessary IRB review, Histoacryl would not have been injected into Karyn Kerris.

Finally, it is my opinion that a proper and complete consent form, to comply with the national standard of care, would have required at a minimum: the name of the device(s), their status as unapproved, Class III devices, explanation of the requirement import from Canada, as well as full explanation of how the device was to be used in opposition to the manufacturers warning and finally, informed Mrs. Kerris that the procedure was one of extreme high risk and could only serve to palate her symptoms. The forms which were executed did not provide the necessary level of consent.

I presently an attorney in private practice. I have sat on numerous Institutional Review Boards as the attorney of records wherein the issue of informed consent was often a major topic. The IRB's included impact studies on individuals post 9/11; socio-economic research; drug related research; and well as abuse of young adults. My background included a B.A. from Dickenson College, a J.D. from Brooklyn Law School 1972, clerkship in the New York Supreme Court Law Clerk 1972-1973, and an attorney at the Department of Defense from 1972-1975 and then counsel at BoozAllen & Hamilton, Inc., 1976-1990. I was admitted to the Virginia Bar in 1976. In 1990 I entered private practice. My fee as an expert witness is $250,00 per hour. I have not served in this capacitity in the past four years.

Donald M. Sherwin, Esq.

Donald M. Sherwin, Esq.
200 Deep Woods Drive
Great Falls, VA 22066
703-759-6342

December 13, 2007

Anthony G. Newman, Esq.
7315 Wisconsin Ave, Suite #700E
Bethesda, MD 20814

Re: Karyn Kerris v. Georgetown University

At the request of counsel for plaintiffs, I have reviewed the following additional documents:
   a) Deposition of Sheila Zimmet, Esq.
   b) Additional page of notes of Sheila Zimmet, Esq.

It is my opinion to a reasonable degree of legal probability that the reliance by Sheila Zimmet, Esq. on Dr. Vance E. Watson to communicate with the Food and Drug Administration was a violation of the national standard of care. It was her duty to have undertaken any such communication. Additionally, Sheila Zimmet, Esq.'s reliance on the forms allegedly provided to her by Dr. Vance E. Watson also violated the national standard of care, and they did not allow for subversion of federal statutes.
My other previously rendered opinions remain unchanged.

Donald M. Sherwin, Esq.