UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FELICE P. IACANGELO and CICILY IACANGELO, As Guardian of the Person and Property of KARYN A. KERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> GEORGETOWN UNIVERSITY and VANCE E. WATSON, M.D., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:05CV02086 (PLF/AK) |

## **MEMORANDUM ORDER**

Pending before the Court is Defendants' Motion to Clarify the June 17, 2008 Orders to Require Plaintiffs to Produce Previously Agreed on Material ("Motion") [112],[1] Plaintiffs' opposition to the Motion ("Opposition") [113] and Defendants' Reply in support of the Motion ("Reply") [114]. In their Motion, Defendants moved to compel eight "items" underlying Plaintiffs' expert reports and testimony. Plaintiffs' Opposition characterizes the eight "items" as

---

[1] As a preliminary matter, the Court notes that Defendants mischaracterize a de novo Rule 37 motion to compel as a "motion to clarify." While this Court's June 17, 2008 Memorandum Opinion and Order did order the production of various expert materials by the Plaintiffs, the disputed items addressed herein were not brought to the Court's attention in the motion underlying the June 17, 2008 opinion. In fact, Defendants' Motion asserts that these items were not previously "disputed" because the parties had already agreed to their production. (Memorandum in support of Motion at 1.) Defendants now move to expand the scope of the June 17, 2008 Order, to include the production of these contested documents, claiming that Plaintiffs reneged on their prior commitment to produce these items. (Certification of Good Faith Efforts to Reach a Resolution at 2.) For purposes of judicial economy, the Court will treat this Motion as a motion to compel pursuant to Fed. R. Civ. P. 37.

-1-

follows: 1) an updated list of Dr. Debrun's testimony; 2) literature regarding Dr. Spetzler's articles (AVM size) referenced by Dr. Debrun; 3) Dr. Debrun's fees and charges; 4) articles allegedly relied upon by Dr. Latchaw in forming his opinion; 5) articles allegedly relied upon by Dr. Peerless in forming his opinion; 6) a list of depositions reviewed by Dr. Kaufman; 7) an updated list of cases involving Dr. Kaufman's expert testimony; and 8) a demand for excerpts of records allegedly reviewed by Dr. Kaufman. (Opposition at 2-5.)

In their Reply, the Defendants acknowledge that they have received: "a list of Dr. Debrun's expert testimony" (item 1 above); "an invoice from Dr. Debrun, . . ." (item 3 above); and an "updated list of expert testimony given by Dr. Kaufman" (item 7 above.)  (Reply at 1, n3) Defendants also assert that "Plaintiffs have now stipulated that Dr. Kaufman was mistaken in his testimony that he reviewed a document of excerpts from medical records" and thus, "the requested item [8 above] has been provided." (*Id.*)   Accordingly, pending before this Court is resolution of disputes involving the remaining four "items," numbered:  2 (literature regarding Dr. Spetzler's articles, referenced by Dr. Debrun); 4 (articles allegedly relied upon by Dr. Latchaw); 5 (articles allegedly relied upon by Dr. Peerless); and 6 (list of depositions relied upon by Dr. Kaufman).

## I. Legal Standard

Fed. R. Civ. P. 26(a)(2) addresses the disclosure of expert testimony.  Pursuant to Rule 26(a)(2)(A), the parties must provide written reports by their experts.  The requirements for such written reports are set forth in Rule 26(a)(2)(B) as follows:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the

> party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(e) states that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Pursuant to Fed. R. Civ. P. 37 (a)(3)(A), a party may move to compel disclosures required by Rule 26(a).

## II. Analysis

Defendants move for an order to compel production of literature regarding Dr. Spetzler's articles, referenced by Dr. Debrun (item 2). In their Opposition, Plaintiffs note that "the literature referred to in Dr. Debrun's deposition was literature describing the 'magnitude' and 'size' of AVMs" and further that "the articles involved are simply Dr. Spetzler's articles on grading AVM's." (Opposition at 3.) In a footnote accompanying that statement, the Plaintiffs cite to the Spetzler articles. (Opposition at 3, n5.) The Court finds that this response by Plaintiffs to disputed "item 2" is sufficient, and no further response is necessary regarding the Spetzler articles.

Defendants further move to compel the disclosure of medical literature allegedly relied upon by Drs. Latchaw and Peerless in forming their expert opinions (items 4 and 5). Plaintiffs contend that Drs. Latchaw and Peerless did not state that they relied on "any particular piece of,

-3-

or a group of, literature" but instead based their opinions on "collective knowledge." (Opposition at 4.) Plaintiffs further assert that "[i]f Defendants ask at deposition for the production of a particular document relating to a specific issue in Dr. Latchaw's report, they can do so and he will identify the article(s), if any." (Opposition at 4.) Plaintiffs employ the same rationale for Dr. Peerless. While the Court finds that it would be burdensome for Drs. Latchaw and Peerless to identify every piece of medical literature they reviewed in forming their opinions, the Court finds it appropriate for Plaintiffs to certify in writing that they have contacted Drs. Latchaw, Peerless and Kaufman to confirm that there is no *specific* item(s) of medical literature that these experts relied upon in forming their opinions, that has not been previously identified for Defendants.[2]

Defendants additionally demand a list of depositions allegedly reviewed by Dr. Kaufman, who could not recall exactly which deposition transcripts he reviewed (item 6). Plaintiffs state that this is a "non-issue" because "[a]t the time of Dr. Kaufman's deposition, Dr. Kaufman provided defense with *all* of the material that he received even if he didn't remember receiving them." (Opposition at 5.) Plaintiffs need provide no further response to this inquiry because they have given Defendants the materials provided to Dr. Kaufman and the record reflects that he has indicated that he does not remember exactly what he reviewed.

It is accordingly this 17th day of July, 2008,

ORDERED that the Defendants' Motion to Clarify [112] [treated by this Court as a motion to compel] is hereby granted in part and denied in part. Within two weeks from the date

---

[2]In their Reply, the Defendants focus not only on identification of the Spetzler literature referenced by Dr. Debrun but they request more generally that Plaintiffs certify that Dr. Debrun did not rely on any [other] specific medical literature. (Reply at 2-4, 5.)

of this Memorandum Order, Plaintiffs shall provide Defendants with a certification that they have contacted Drs. Debrun, Latchaw and Peerless to ascertain whether they relied upon any specific medical literature, and if so, such literature should be identified for the Defendants. Plaintiffs need not provide a further response regarding the Kaufman deposition review or the Dr. Spetzler articles.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE