IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | | |
|---|---|---|
| Felice P. Iacangelo and Cicily Iacangelo, | : | |
| As Guardian of the Person and Property of | : | |
| KARYN A. KERRIS, | : | |
| | : | **Civil No. 1:05CV02086** |
| Plaintiffs, | : | |
| | : | **Judge Paul L. Friedman** |
| vs. | : | |
| | : | **Magistrate Judge Alan Kay** |
| GEORGETOWN UNIV. HOSPITAL, *et al.* | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE KAY'S JUNE 17, 2008 MEMORANDUM OPINION**

COME NOW, the Plaintiffs, by and through counsel, and submit the following Reply to Defendants' Opposition to Plaintiffs' Motion for Reconsideration.

It is Plaintiffs' position that the "clearly erroneous" standard should not be applied in this matter. While it is true that the decision of Magistrate Kay was entitled, "Memorandum Opinion," it should have been entitled, "Report and Recommendation." The subject matter of Magistrate Kay's "Memorandum Opinion" involves a decision regarding the type and number of experts who can testify at trial and such a decision for the trial court not, absent specific order, a decision for the Magistrate. On December 13, 2006, Judge Friedman issued a Referral Order referring the "management of discovery" to Magistrate Judge Kay. On June 18, 2008, Judge Friedman issued a subsequent order specifically granting Magistrate Judge Kay another authority, i.e., to rule on a particular issue beyond general discovery, namely, Plaintiffs' Motion to Strike Portions of Defendants' Reply in Support of Motion to Dismiss Plaintiffs' Negligence *Per Se*

Claims Based on Violations of Federal Law and Punitive Damages, Or, In the Alternative, For Leave to File a Response. The ruling also stated that the parties could consent to having Magistrate Judge Kay rule on all other matters by saying, *"if the parties wish to give this consent, they must execute and file a joint form of consent or separate forms of consent setting forth such election."* (See June 18, 2008 Order). Since the parties have not filed any such general consent, decision making for matters such as the present issue rests with this Court. In Plaintiffs' view, Magistrate Kay can make recommendations, but if there is an objection, this Court must decide the issue *de novo*. Rule 72.3 (b) of the Local Rules of the United States District Court for the District of Columbia.

While Plaintiffs have attempted to do so in their Motion, they should not be required to bear the onerous task of establishing that Magistrate Judge Kay's ruling was clearly erroneous.[1] Only this Court has the power to make a final determination, which it should not for the reasons herein, that each and every expert witness named by Plaintiffs, who happen to be an attorney, must be excluded from testifying during trial. Thus Plaintiffs should only be required to state objections to the Magistrates ruling in order to have this matter reviewed.

Although addressed in detail in Plaintiffs' Motion for Reconsideration, Plaintiffs point out that several authorities relied upon by Defendants further substantiate the necessity for experts as to the applicable statutes. The citations also establish that the *trial court* and not a

---

[1] Although not the subject of the Motion, there are several clearly erroneous holdings in Magistrate Judge Kay's Memorandum Opinion including multiple references requiring Plaintiffs to produce discovery information from experts whom Magistrate Judge Kay later strikes as experts within the same Order. (i.e., on page 5 the Court orders Plaintiffs to "produce a copy of the "Patients letter to Yucan Medical Systems" noted in the Defendants' January 7, 2008 letter," which Mr. Kamm reviewed, but then on page 10 the Court makes a ruling that: " Kamm['s] expert report[ ] should be stricken and [his] testimony should be excluded from the Plaintiffs' list of prospective expert witnesses." (June 17, 2008 Memorandum pp. 5-10)).  Plaintiffs did not argue these errors in the Motion because the parties have agreed to produce only the documents for experts not currently in dispute. However, Plaintiffs must point out these issues now since Defendants are demanding a clearly erroneous standard for review.

magistrate assigned to discovery issues, must decide the scope of experts opinions and which experts are required during trial. In *McNeil* the Court stated that, "the *trial court* did not adequately examine the statutes and regulations to determine whether they establish a standard of care and, if so, whether they could be understood by the jury without further guidance." *McNeil Pharmaceutical v. Hawkins,* 686 A.2d 567, 580-82 (DC 1996) (as cited in Defendants' Opposition, pp. 6-7)(emphasis added).

 Thus, *McNeil* established that Magistrate Judge Kay's holding is clearly erroneous. First, the decision making authority regarding experts testifying at trial is for the *trial court*. Second, the Order lacks the requisite predicate decisions. There has been no ruling, or discussion, by the *trial court* as to whether the statutes (which are the law of the land) do (or do not) set forth a standard of care. Moreover, there has been no ruling, or discussion by the *trial court,* as to whether the jury can understand the statutes absent expert testimony. Instead, the Order "leap frogged" over the necessary predicates and erroneously excluded Plaintiffs' expert counsel, by a magistrate who, in Plaintiffs' opinion, lacked authority to do so.

 Moreover, if Magistrate Kay's ruling is left in place, Plaintiffs will suffer prejudice. The jury would hear testimony from Defendants Georgetown's legal counsel, Sheila Zimmet, Esq. without any rebuttal by Plaintiffs' legal counsel. The facts disclosed in discovery established that Defendant Dr. Watson relied on Ms. Zimmet's advise as to the legality of the devices. Dr. Watson stated that if Ms. Zimmet had told him that the devices were illegal, he would not have used them. (Motion, p. 2). There is also testimony by Ms. Zimmet that she did not believe that she had to do, nor did she do, any research of the Import Alerts or review of the statutes to determine whether the devices were in fact legal. (*Id.* at pp. 2-3). To allow such testimony by the defense in without any rebuttal by Plaintiffs' experts to explain the standard of care of a legal

counsel and the applicability of the statutes is clearly unduly prejudicial to Plaintiffs.

As stated in Plaintiffs' Motion, while the testimony of Plaintiffs' expert administrators, who happen to be lawyers, at trial may have to follow a fine line when testifying, the solution is not a blanket exclusion of their testimony. After all, without it the jury would have to speculate as to the duty of a hospital counsel/administrator who provides advice to employee physicians, and speculate as to the application of federal statutes. Such speculation would create reversible error. *McNeil* 686 A.2d at 583 (D.C. 1996). Obviously, any order that sets the stage for such a trial is clearly erroneous.

WHEREFORE, the foregoing considered as well as the issues addressed in Plaintiffs' Motion, this Court should allow the testimony of Plaintiffs' named legal experts who are attorneys.

>Respectfully submitted,
>NEWMAN, MCINTOSH & HENNESSEY, LLP.
>By:   /s/ Anthony G. Newman
>Anthony G. Newman
>7315 Wisconsin Ave., Suite 700E
>Bethesda, Maryland 20814
>301-654-3400
>*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2008, a copy of the foregoing was sent via electronic mail via the Court's e-filing system to:

David Kiernan, Esq.
Megan Hills, Esq.
Zoe Scharff, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005

>   /s/ Anthony Newman
>Anthony Newman