UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELICE I. IACANGELO and CICILY
IACANGELO, Guardians of the Person and
Property of KARYN A. KERRIS, *et al.*,

               Plaintiffs,

   v.

GEORGETOWN UNIVERSITY, *et al.*,

               Defendants.

Civil Action No. 05-2086
(PLF) (AK)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to Rule 72.3(a) of the Local Rules

of the United States District Court for the District of Columbia for a Report and

Recommendation regarding the disposition of Defendants' Motion for Judgment on the

Pleadings/Motion to Dismiss Plaintiffs' Negligence *Per Se* Claims based on Violation of Federal

Law and Punitive Damages ("Motion") [95].   Defendants move for judgment on the pleadings

and to dismiss Counts IX, X, XI, and XII of Amended Complaint [9] and/or Counts VI, VII, VIII,

and IX of Second Amended Complaint [101], pursuant to F.R.C.P. 12(c) and F.R.C.P. 12(b)(6),

respectively, and they further move to strike paragraphs 5, 11(c)-(d), (f), (h)-(l), 13-22, 56, 58, 59

and all of it subparagraphs, and 61 of Amended Complaint and/or paragraphs 4, 10(c)-(d), (f),

(h)-(l), 13-21, 24, 27 and all of its subparagraphs, 28-32, 36-37, 38 and all of its subparagraphs,

and 39 of Second Amended Complaint, pursuant to F.R.C.P. 12(f). (Motion at 1.)[1] Upon

consideration of the Defendants' Motion, Plaintiffs' opposition thereto ("Opposition") [97],

Defendants' response to the opposition ("Reply") [100], and Plaintiffs' Surreply ("Surreply")

[111], and for the reasons set forth below, the undersigned recommends that Defendants' Motion

to Dismiss be granted regarding Counts VI, VII, and IX, and denied without prejudice regarding

Count VIII of Plaintiffs' Second Amended Complaint; and that Defendants' Motion to Strike be

denied without prejudice regarding Paragraphs 4, 10(c)-(d), (f), (h)-(l), 13-21, 24, 27, 28-32, 36-

37, 38, and 39 of the Second Amended Complaint.

## I. BACKGROUND

On October 24, 2005, Plaintiffs filed an eight count complaint [1] against Defendants for

medical malpractice, alleging that as a direct and proximate result of the Defendants' negligence,

Ms. Karen Kerris has suffered permanent damage to her body, including seizures, ischemia and

neurological impairments, leaving her brain damaged and dysfunctional for the rest of her life.

(Compl. ¶ 13.) Plaintiffs made claims under the theories of negligence, lack of informed consent,

strict products liability, breach of implied warranty of fitness for a particular purpose, breach of

express warranties, fraud, loss of consortium, breach of fiduciary obligations and punitive

damages. Plaintiffs subsequently filed an Amended Complaint [9] on February 14, 2006.

Defendants then moved to dismiss Counts III (strict products liability), IV (breach of implied

---

[1]Defendants filed their Motion prior to the trial court's approval of the Second Amended
Complaint. Accordingly, Defendants cross-reference the same counts and paragraphs contained
in both the Amended Complaint and the Second Amended Complaint. For purposes of this
Report and Recommendation, the undersigned will consider the Second Amended Complaint.

warranty of fitness for a particular purpose), V (breach of express warranties), VI (fraud),

VII (consortium claim of Paul Kerris), IX (punitive damages), X (negligence *per se* - violations

of 21 U.S.C. § 360c(a)(II), and 21 C.F.R. § 812.20(a)(2)), XI (negligence *per se* - violations of 21

U.S.C. § 331(a), (b), (c), (g), and (k)) and XII (negligence *per se* - violation of 21 C.F.R. §

812.20(a)(2)) of the Amended Complaint, or in the alternative, for summary judgment with

respect to Counts VI (fraud) and IX (punitive damages) and they also sought summary judgment

on Count II (lack of informed consent). The undersigned submitted a Report and

Recommendation [19] on October 11, 2006, which was adopted in part and rejected in part in the

trial court's Memorandum Opinion [33] dated March 26, 2007.[2]

Plaintiffs filed a Second Amended Complaint [101] on February 27, 2008.  Defendants

subsequently filed the instant Motion for Judgment on the Pleadings/Motion to Dismiss Counts

VI (punitive damages), VII (negligence *per se* - violations of 21 U.S.C. § 360c(a)(II), and 21

C.F.R. § 812.20(a)(2)), VIII (negligence *per se* - violations of 21 U.S.C. §331(a), (b), (c), (g), and

(k)) and IX (negligence *per se* - violation of 21 C.F.R. §812.20(a)(2)) of the Second Amended

Complaint. Defendants have also moved to strike Paragraphs 4, 10(c)-(d), (f), (h)-(l), 13-21, 24,

---

[2]The trial court ordered that the motion to dismiss be denied without prejudice with respect to Counts IX, X, XI, and XII, and that Counts III, IV, V, and VII be dismissed with prejudice. It was further ordered that Count VI be dismissed without prejudice. (Order at 1-2.) [32].

27, 28-32, 36-37, 38, and 39 of the Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(f).[3]

## II. LEGAL STANDARD

### A. Motion to Dismiss

A court may grant a defendant's motion to dismiss if a plaintiff fails to state a claim upon which relief could be granted.  Fed. R. Civ. 12(b)(6).  "The complaint should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief."  *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Schuler v. U.S.*, 617 F.2d at 608) (quotation omitted). In evaluating a motion to dismiss, a court must construe the complaint in the light most favorable to the Plaintiff and give the Plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979).  *See Doe v. United States Department of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (The court accepts as true all of the complaint's factual allegations.) "However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness."  *Wiggins v. Hitchens*, 853 F. Supp. 505, 508 n.1 (D.D.C. 1994) (quoting 2A Moore's Federal Practice, §12.07, at 63 (2d ed. 1986)).

The purpose of a Rule12(b)(6) motion is to test the legal sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (U.S. 1974); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). On a motion to dismiss for failure to state a claim, if the allegations contained

---

[3]These paragraphs correspond to the following counts of the Second Amended Complaint: (1) ¶¶ 4, 10, and 13 (Count I); (2) ¶¶ 14-21 (Count II); (3) ¶ 24 (Count III); (4) ¶¶ 27-32 (Count IV) and; (5) ¶¶ 36-39 (Count V). The Court notes that for the purposes of this Report and Recommendation, the remaining paragraphs of the Second Amended Complaint are unchallenged.

in the complaint, when taken as true, fail to state a claim for which relief may be granted, or otherwise establish that the complaint faces "some insuperable bar to relief," the motion should be granted. *Franklin Asaph Ltd. P'ship v. FDIC*, 794 F. Supp. 402, 404 (D.D.C. 1992). In resolving a motion to dismiss for failure to state a claim, the Court may be presented with matters outside the pleadings, and if such matters are not excluded, the motion is then treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 56, according to Fed. R. Civ. P. 12(d).

## B. Motion for Judgment on the Pleadings

The standard of review under Fed. R. Civ. P. 12(c) "is essentially the same as that for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Geter v. Horning Bros. Mgmt.*, 537 F. Supp. 2d 206, 209 (D.D.C. 2008) (citing *Plain v. AT&T Corp.*, 424 F. Supp. 2d 11, 20 n.11 (D.D.C. 2006)). Fed. R. Civ. P. 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed but early enough not to delay trial." Under Fed. R. Civ. P. 12(c), the Court must accept the nonmovant's allegations as true and should view the facts in the light most favorable to the nonmoving party. *See Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 7 (D.D.C. 1995). The Court should grant a motion for judgment on the pleadings if the movant "is entitled to judgment as a matter of law." *See Burns Int'l Sec. Servs. v. Int'l Union*, 47 F.2d 14, 16 (2d Cir. 1995).

## C. Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike any matter that is "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f). A matter is immaterial or impertinent when it is not relevant to the resolution of the issue at hand. *Judicial Watch, Inc. v.*

*Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004) (citing *LaRouche v. Dep't of the Treasury*, Civil Action No. 91-1655, 2000 WL 805214 at *15 (D.D.C. Mar. 31, 2000)). For purposes of Rule 12, a pleading or portion thereof qualifies as "scandalous" when it "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." 224 F.R.D. at 263 (citing 2 Moore's Federal Practice §12.37 [3] at 12-97.)

### III. ANALYSIS OF CLAIMS

### A. Count VI- Punitive Damages

In Count VI of their Amended Complaint, Plaintiffs plead an independent claim for punitive damages. (2d Am. Compl. ¶¶ 41- 44.)  Punitive damages are warranted "only when the defendant commits a tortious act 'accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury[.]'" *Washington Med. Ctr. v. Holle*, 573 A.2d 1269, 1284 (D.C. 1990) (citing *Parker v. Stein*, 557 A.2d 1319, 1322 (D.C. 1989) (quotation omitted).[4]  Defendants accurately contend that a claim for punitive damages is a "disfavored remedy, not a freestanding claim" and accordingly should be dismissed. (Def.'s Memorandum or Points & Authorities in support of Motion [95] at 2.)  In *Gharib v. Wolf*, 518 F. Supp. 2d 50, 56 (D.D.C. 2007) (citing *Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am.*, 81 F. Supp. 2d 70, 74 (D.D.C.

---

[4] The undersigned need not reach the merits of Plaintiffs' claim for punitive damages.

2000))[5], this Court unambiguously held that "punitive damages is a remedy and not a freestanding cause of action" and accordingly dismissed a claim for punitive damages. Likewise, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the undersigned recommends that Count VI (punitive damages) be dismissed.

## B. Count VII - Negligence *Per Se*

In Count VII of their Amended Complaint, Plaintiffs assert that Defendants' violations of 21 U.S.C. § 360c(a)(II)[6] and 21 C.F.R. § 812.20(a)(2)[7] constitute negligence *per se*. (2d Am. Compl. ¶¶ 45-59.)  The general rule in the District of Columbia is that "'where a particular statutory or regulatory standard is enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred, and the plaintiff can establish his relationship to the statute,[an] *unexplained* violation of that standard renders the defendant negligent as a matter of law.'" *Ceco Corp. v. Coleman*, 441 A.2d 940, 945 (D.C. 1982) (citing *Richardson v. Gregory*, 281 F.2d 626, 629 (D.C. Cir. 1960) (emphasis in original).  However, if the defendant "puts forth

---

[5] Stating that this was a "technical and not substantive error", the *Int'l Kitchen Exhaust Cleaning Ass'n* court declined to rule on whether the plaintiff could recover punitive damages as a remedy, thereby leaving open the possibility as litigation progressed. *Int'l Kitchen Exhaust Cleaning Ass'n.*, 81 F. Supp. 2d at 74.

[6] 21 U.S.C. § 360c(a)(1)(ii)-  "A device for which insufficient information exists to determine that the controls referred to in clause (i) are sufficient to provide reasonable assurance of the safety and effectiveness of the device or to establish special controls to provide such assurance, but because it – (I) is not purported or represented to be for a use in supporting or sustaining human life or for a use which is of substantial importance in preventing impairment of human health, and (II) does not present a potential unreasonable risk of illness or injury, is to be regulated by the controls referred to in clause (i)."

[7] "A sponsor shall not begin an investigation for which FDA's approval of an application is required until FDA has approved the application." 21 C.F.R. 812.20(a)(2). This alleged violation also forms the basis for Count IX of the Second Amended Complaint.

evidence excusing the violation, the violation may be considered evidence of negligence rather than negligence per se." *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 557 (D.C. Cir. 1993). Assuming that Plaintiffs make the requisite showing to substantiate their theory of negligence *per se*, they still must "prove that the statutory violation was the proximate cause of their injuries." *Zhou v. Jennifer Mall Rest., Inc.*, 534 A.2d 1268, 1277 (D.C. 1987).

In this Circuit, "an alleged violation of a statute or regulation gives rise to a claim of negligence *per se* only when that statute or regulation sets forth specific guidelines to govern behavior." 999 F.2d at 558. Therefore, before "admitting statutes and regulations offered for negligence *per se* purposes, a trial judge must examine each law to determine first, whether it in fact establishe[s] a standard of care . . . ." *McNeil Pharmaceuticals v. Hawkins*, 686 A.2d 567, 581 (D.C. 1996). Moreover, "the party relying upon the statutory standard must, at the outset, establish its applicability by showing that he is within the class of persons intended to be protected by it, and that the injury incurred resulted from the type of risk against which the statute was designed to protect." *Lewis v. Washington Metro. Area Transit Auth.*, 463 A.2d 666, 674 (D.C. 1983).[8]

---

[8] In *Thomas v. Kettler Bros.*, 632 A.2d 725, 727-28 (D.C. 1993) the court held that "[a]ppellants' claim that they come within the class of persons intended to be protected by the OSHA regulations, and thus were entitled to a *per se* negligence instruction, is foreclosed by *Kurtz v. Capital Wall Paper Co.*, 61 A.2d 470 (D.C. 1948)." In *Kurtz*, the court found that the statute made reference to employers, employees and places of employment, but did not make mention of a duty toward members of the general public and thus the court held that there was "no indication whatever that [the statute] was intended to protect anyone [sic] other than employees or wage earners." *Kurtz*, 61 A.2d at 471. *But see Bowman v. Redding & Co.*, 449 F.2d 956, 963-64 (D.C. Cir. 1971) (casting doubt on the continuing viability of *Kurtz* by suggesting that certain plaintiffs not explicitly covered by safety regulations promulgated under the very same statute could nevertheless rely on violations of regulations to establish negligence *per se*.) *See also Jeffries v. Potomac Devel. Corp.*, 822 F. 2d 87 (D.C. Cir. 1987) ("Although a uniform test for determining when the transgression of statutory or regulatory safety standards

It is well settled that Congress did not intend to create a private cause of action to enforce the Federal Food, Drug, and Cosmetic Act ("FDCA"). *See* 21 U.S.C. § 337 (creating federal and state causes of action); *Bailey v. Johnson*, 48 F.3d 965, 968 (6th Cir. 1995) ("Congress did not intend, either expressly or by implication, to create a private cause of action under the FDCA."). Thus, under District of Columbia law, for Plaintiffs to have a valid cause of action, the FDCA must set forth guidelines from which a reasonable standard of care may be drawn. Applying District of Columbia law to a factually similar case, Judge William Jackson of the D.C. Superior Court, in dismissing negligence *per se* claims, held that the very same statute and regulation at issue in this case, 21 U.S.C. § 360 and 21 C.F.R. § 812.20, are "administrative in nature" and are "devoid of an appropriate standard of care." *Morton v. George Washington Univ. Hosp.*, Civ. Action No. 99ca 4599, Slip Op. at 9 (D.C. Super. 2001); *but see Sharp v. Artifex, Ltd.*, 110 F. Supp. 2d 388, 393 (W.D. Pa. 1999) (holding that "despite the absence of a private right of action, the FDCA and MDA [Medical Device Amendments] were enacted to protect the interest of a group of individuals" and thus Plaintiff's claim of negligence *per se* may proceed).

Plaintiffs rely on the Restatement (Second) of Torts § 286 which states that a court "***may*** [emphasis added] adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part (a) to protect a class of persons which includes the one whose interest is invaded . . . ." Even by adopting the Restatement approach, whether a court elects to establish a standard of care from the text of the statute is a discretionary enterprise.  Furthermore, in applying the

---

constitutes negligence per se has proved elusive, there is general agreement on the principle that such transgressions are at least relevant to the issue of whether the transgressor has been negligent.")

Restatement, a court must consider that all governmental regulations are ultimately passed for the protection of a class of persons. However, a line must be drawn when a party seeks to utilize an administrative regulation to create a standard of care never intended nor sanctioned by Congress – failing to do so would create a limitless class of citizenry with the ability to privately enforce FDA regulations.

Plaintiffs' reliance (Opposition at 7) on *Allen v. Delchamps, Inc.*, 624 So.2d 1065, 1067 (Ala. 1993), is misplaced. In interpreting 21 C.F.R. § 182.3739[9], the *Allen* court held that "[t]he FDA stated in adopting the sulfite regulations that 'addressing the potential hazards to sulfite-sensitive individuals' was its primary concern and that 'the purpose of this regulation is to respond to a serious health concern.'" *Allen*, 624 So.2d at 1067. Contrasting the *Allen* holding with the case at bar, the statute at issue makes no mention of, impliedly or otherwise, the protection of patients. Accordingly, this is a case in which "a particular statutory requirement does not itself articulate a standard of care but rather requires only regulatory approval . . . for the administration of a more general underlying standard, violation of that administrative requirement itself is not a breach of a standard of care." *Talley v. Danek Med., Inc.*, 179 F.3d 154, 159 (4th Cir. 1999). Therefore, "this violation . . . indicates only a failure to comply with an administrative requirement, not the breach of a tort duty." *Id.* Moreover, as Defendants note, the unapproved status of a drug does not necessarily signify that a drug is unsafe. *See Baker v. Smith & Nephew Richards, Inc.*, 1999 WL 811334 at *7 (Tex. Dist. 1999).

---

[9] "The substance [sodium bisulfite] is generally recognized as safe when used in accordance with good manufacturing practice, except that it is not used in meats; in food recognized as a source of vitamin B sub1; on fruits or vegetables intended to be served raw to consumers or sold raw to consumers, or to be presented to the consumer as fresh." 21 C.F.R. § 182.3739(c).

While not controlling, the *Baker* holding is persuasive in light of the factual similarities between *Baker* and the instant case. *See Baker v. Smith & Nephew Richards, Inc.*, 1999 WL 811334 at *1. In *Baker*, Plaintiff sought damages because his surgeon used screw components which Plaintiff alleged were marketed and promoted for off-label use in violation of the FDCA. *Id.* The *Baker* court held that Plaintiff's claim of negligence *per se* "ignores the Congressional prohibition of private rights of action under these statutes and is not justified or allowable . . . ." *Id.* at *18. Holding otherwise would circumvent the will of Congress.

The undersigned has reviewed 21 U.S.C. §360c(a)(II) and 21 C.F.R. §812.20(a)(2) in the context of cases reviewing similar statutes [and regulations] to determine whether this statute and regulation establish a standard of care.   The undersigned recommends that Plaintiffs' Count VII (negligence *per se*) be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), on grounds that no standard of care applicable to Plaintiff is established and thus, Plaintiff may not base its negligence *per se* claim on violation of this statute [or regulation].

### C. Count VIII - Negligence *Per Se*

In Count VIII of their Amended Complaint, Plaintiffs allege that Defendants' violations of 21 U.S.C. § 331(a), (b), (c), (g), and (k)[10] constitute negligence *per se*. (2d Am. Compl. ¶¶ 60-

---

[10] 21 U.S.C. § 331 provides as follows:
The following acts and the causing thereof are hereby prohibited: (a) The introduction or delivery for introduction into interstate commerce of any food, drug, device, or cosmetic that is adulterated or misbranded. (b) The adulteration or misbranding of any food, drug, device, or cosmetic in interstate commerce. (c) The receipt in interstate commerce of any food, drug, device, or cosmetic that is adulterated or misbranded, and the delivery or proffered delivery thereof for pay or otherwise. * * *

(g) The manufacture, within any Territory of any food, drug, device, or cosmetic that is adulterated or misbranded. * * *

68.) Plaintiffs argue that "the court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part (a) to protect a class of persons which includes the one whose interest is invaded . . . ." *325-343 E. St. Corp. v. Mobil Oil Corp.*, 906 F. Supp. 669, 686-87 (D.D.C. 1995) (citing Restatement (Second) of Torts §286, at 25 (1965).)  The statutes in Count VII, 21 U.S.C. § 360c(a)(II) [discussed above] and Count VIII, 21 U.S.C. § 331(a), (b), (c), (g), and (k) are distinguishable in that the former is administrative in nature and establishes no standard of care, while the latter is intended to protect the health of the patient and is a statute from which a reasonable standard of care may be inferred.

In *Cabiroy v. Scipione*, 767 A.2d 1078, 1080-81 (Pa. Super. 2001), a case factually similar to the one at issue, the court held that the trial court erred when it refused to allow the jury to consider a negligence *per se* claim based on a violation of 21 U.S.C. § 331(c)[11]. In that case, the court concluded unequivocally that "although no private cause of action is set forth in the Act, it was certainly designed to protect a particular class of individuals - those such as Appellee who may be receiving some type of drug or devices." *Cabiroy*, 767 A.2d at 1081; *see*

---

(k) The alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling of, or the doing of any other act with respect to, a food, drug, device, or cosmetic, if such act is done while such article is held for sale (whether or not the first sale) after shipment in interstate commerce and results in such article being adulterated or misbranded.

21 U.S.C. §331 (a), (b), (c), (g), and (k).

[11] In *Cabiroy*, 767 A.2d at 1080-81, the "[a]ppellant obtained through interstate commerce an unlabeled container of a matter he believed to be injectable liquid silicone, which he knew was not approved for use by the FDA, and he delivered that substance to his patient, Appellee, in the form of an injection."

*also Gober v. Revlon, Inc.*, 317 F.2d 47, 51 (4th Cir. 1963) (finding that violation of 21 U.S.C. §
331 would constitute negligence *per se*).  The undersigned concurs with the rationale of the court
in *Cabiroy* and finds that Plaintiffs have satisfied their burden of demonstrating that the statute
creates a reasonable standard of care.  Accordingly, the undersigned recommends that
Defendants' motion to dismiss Count VIII (negligence *per se*) be denied without prejudice
pursuant to Fed. R. Civ. P. 12(b)(6).

### D. Count IX- Negligence *Per Se*

In Count IX of their Amended Complaint, Plaintiffs allege that Defendants' violation of
21 C.F.R. § 812.20(a)(2) constitutes negligence *per se*. (2d Am. Compl. ¶¶ 69-72.) On this
Count, Defendants move both for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)
and for dismissal under Fed. R. Civ. P. 12(b)(6). (Motion at 1.)  In its discussion of Count VII
above, the undersigned recommended that Plaintiff's negligence *per se* claim based on the same
statutory provision be dismissed on grounds that the regulation does not establish a standard of
care applicable to the Plaintiff.  The undersigned found that 21 C.F.R.§ 812.20(a)(2) is a
procedural regulation intended to streamline FDA operations rather than a substantive regulation
intended to protect the welfare of patients. Accordingly because the regulation fails to create a
standard of care upon which a claim of negligence *per se* may be grounded, the undersigned
recommends the dismissal of Count IX (negligence *per se*) pursuant to Fed. R. Civ. P. 12(b)(6).[12]

### E. Motion to Strike Paragraphs at Issue

Pursuant to Fed. R. Civ. P. 12(f), Defendants move to strike Paragraphs 4, 10(c)-(d), (f),

---

[12]The undersigned recommends dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and thus
Defendant's request for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is not
addressed.

(h)-(l), 13-21, 24, 27, 28-32, 36-37, 38 and 39 of the Second Amended Complaint. (Proposed Order at 1.)  Defendants assert two theories upon which these paragraphs should be stricken: 1) the "informed consent" doctrine does not require disclosure of the regulatory status of a drug or medical device and thus allegations regarding regulatory status have no bearing on Defendants' alleged liability for failure to inform [Sec. Am Compl. ¶¶10(k), 13-16, 18-21, 27(a)-(e), 28-32, 38(c), (e).];[13] and 2) Georgetown University Hospital cannot be held directly liable for failure to provide informed consent [Sec. Am. Compl. ¶¶ 13-21, 38 and all of its subparagraphs.][14] More broadly, Defendants request that any allegations regarding the regulatory status of the device be dismissed, even if such allegations appear in the context of claims other than Lack of Informed Consent [Sec. Am Compl. ¶¶ 4, 10(c)-(d), (f), (h)-(l), 13-15, 19-21, 24, 27 and all of its subparagraphs, 28-32, 36-37, 38(c), (e), (h), 39.][15]

---

[13]By way of example, Paragraph 10(k) relates to a general allegation of negligence and states that Defendants were negligent in their management, care and treatment of Plaintiff through "negligent failure to disclose to patients in general, and Karyn A. Kerris in particular, that Defendants intended on using a device that had been the subject of a trade alert and had been seized by the FDA prior to its use on Karyn A. Kerris." (Sec. Am. Compl. ¶10(k).) Paragraph 38(c) [in Count V, Breach of Fiduciary Obligations] alleges that Defendants  failed to disclose that "cyanoacrylate and its diluent were Class III medical devices. . . ." (Sec. Am. Compl. ¶38(c).)

[14]Second Amended Complaint Paragraph 18 [in Count II, Lack of Informed Consent] states that "Defendants never disclosed to Karyn A. Kerris the fact that any attempted embolization would have an extremely high risk of failure with catastrophic results."  Paragraph 21 [same Count] states in part that "Defendant had not authorized and/or created a proper IRB-approved informed consent form for human experimentation that set forth: a) the purpose of the treatment; b) the fact that the decision to use the experimental device was purely voluntary; . . . ." (Sec. Am. Compl. ¶21.)

[15]Second Amended Complaint Paragraph 16 [in Count II, Lack of Informed Consent] states that "Defendant never described the high failure rates for embolizations utilizing Histoacryl and/or Lipiodol and/or its combination to treat vascular anomalies."  Paragraph 24 [in Count III, Breach of Warranty] states that "Karyn A. Kerris would not have consented or agreed

Defendants' "motion to strike," incorporated into their Motion to Dismiss, would more effectively be addressed by the trial court as a motion in *limine* for several reasons. Preliminarily, the Defendants' motion to strike fails to meet the standard imposed by Fed. R. Civ. P. 12(f) insofar as the paragraphs referenced are not alleged to be "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Instead, Defendants are asking the Court to make rulings that Georgetown University has no direct liability on the Plaintiffs' Second Amended Complaint, Count II, alleging "Lack of Informed Consent," and further, that disclosure of the regulatory status is not a necessary element of the "informed consent" doctrine.[16]  The effect of such rulings may  preclude the admission of certain evidence and prevent Plaintiffs from bringing a Lack of Informed Consent claim [Count II] directly against Georgetown Hospital, separately from Dr. Watson.  Such ruling will likely affect preparation of jury instructions and the verdict form in this case.

Furthermore, as a practical matter, Defendants' "motion to strike" numerous paragraphs of Plaintiffs' Second Amended Complaint [14-21, 27(a)-(f), 28-32, 36-37, 38(a)-(i), 39] would effectively eliminate Count II and the majority of Count IV and V thereof, which is particularly inappropriate where such claims have already survived a dispositive motion.  Defendants have also moved to strike certain paragraphs [10(c)-(d), (f), (h)-(l)] in the background section of the

---

that the illegal medical devices could be injected into her body if there was no warranty made by Defendant Vance E. Watson, M.D."  (Sec. Am. Compl. ¶24.)  Second Amended Complaint Paragraph 30 [in Count IV, Fraud] alleges that "Defendants knew or should have known that Karyn A. Kerris would rely upon said representations and/or omissions and that said representations and/or omissions were material to a knowing and intelligent decision."

[16]While the first requested ruling involves an issue of law, the second requested ruling may involve a mixed issue of law and fact.

Complaint and while these paragraphs are arguably related to the negligence *per se* claims recommended for dismissal, nevertheless they are also germane to Plaintiffs' claims of negligence. Similarly, paragraph 13 is not only pertinent, but critical to Plaintiffs' claim of fraud. As a practical matter, this Court finds it that it is not feasible to strike all of the paragraphs in the Second Amended Complaint that reference the regulatory status of the devices used because such references are scattered liberally throughout every count in the Second Amended Complaint, and if such paragraphs were stricken, the Second Amended Complaint would be filled with gaps that might distort or eliminate any claim for relief.

The undersigned thus recommends that the motion to strike be denied pursuant to Fed. R. Civ. P. 12(f), leaving it to the discretion of the trial court to determine when and in what manner to address the following issues: 1. Georgetown's direct liability for failure to provide informed consent and 2. whether informed consent requires disclosure of the regulatory status of a drug or device.

## IV. RECOMMENDATION

The undersigned recommends that the Defendants' Motion to Dismiss be granted regarding the following Counts of Plaintiffs' Second Amended Complaint: Count VI - Punitive Damages; Count VII - Negligence *Per Se*; Count IX - Negligence *Per Se*. The undersigned recommends that the Defendants' Motion to Dismiss be denied without prejudice regarding Count VIII - Negligence *Per Se*.

The undersigned further recommends that the Defendants' Motion to Strike be denied without prejudice regarding Paragraphs 4, 10(c)-(d), (f), (h)-(l), 13-21, 24, 27, 28-32, 36-37, 38 and 39.

## V. REVIEW BY THE DISTRICT COURT

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the

United States District Court for the District of Columbia, any party who objects to the Report and

Recommendation must file a written objection thereto with the Clerk of this Court within 10 days

of the party's receipt of this Report and Recommendation. The written objections must

specifically identify the portion of the report and/or recommendation to which objection is made,

and the basis for such objections. The parties are further advised that failure to file timely

objections to the findings and recommendations set forth in this report may waive their right of

appeal from an order of the District Court that adopts such findings and recommendation. *See*

*Thomas v. Arn*, 474 U.S. 140 (1985). If this Report and Recommendation is served on the parties

by mail, calculation of the time period for filing written objections is as follows: 10 business days

(excluding weekends and holidays) plus three calendar days (including weekends and holidays).

*See CNPq-Conselho Nacional De Desenvolvimento Cientifico e Technologico v. Inter-Trade,*

*Inc.*, 50 F.3d 56, 58 (D.C. Cir. 1995) (*per curiam*).


DATED: September 17, 2008          _____/s/_____
                                   ALAN KAY
                                   UNITED STATES MAGISTRATE JUDGE