UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
FELICE I. IACANGELO, *et al.*,      )
                                    )
        Plaintiffs,             )
                                    )
   v.                              )   Civil Action No. 05-2086  (PLF)
                                    )
GEORGETOWN UNIVERSITY, *et al.*,    )
                                    )
        Defendants.             )
_____)

MEMORANDUM OPINION

This matter is before the Court on plaintiffs' objections to Magistrate Judge Alan Kay's Report and Recommendation of September 17, 2008 ("Report").

I.  BACKGROUND

Plaintiffs assert a variety of claims related to the medical treatment provided to Karyn Kerris.  Their allegations center on three embolization procedures performed on Ms. Kerris between 1998 and 1999 by Dr. Vance Watson at Georgetown University Hospital.  Those procedures involved the use of a mixture of two substances – Lipiodol and Histoacryl – injected into Ms. Kerris' brain to treat a vascular defect known as arteriovenous malformation.

On February 14, 2008, defendants filed a motion (1) seeking judgment on the pleadings or dismissal with respect to Counts VI, VII, VIII and IX of plaintiffs' Second Amended Complaint, and (2) asking the Court to strike certain allegations in plaintiffs' Second Amended

Complaint.[1]  The undersigned referred that motion to Magistrate Judge Kay for a report and recommendation pursuant to Local Civil Rule 72.3(a).  On September 17, 2008, Magistrate Judge Kay issued a Report and Recommendation in which he recommended that this Court grant defendants' motion for judgment on the pleadings with respect to Counts VI, VII and IX; deny without prejudice defendants' motion with respect to Count VIII; and deny without prejudice defendants' motion to strike.  Plaintiffs thereafter filed objections to the Report.[2]  Specifically, plaintiffs objected to Magistrate Judge Kay's recommendation to dismiss Count VI (setting forth a free-standing claim for punitive damages) and Count VII (alleging negligence *per se* based on defendants' violations of 21 U.S.C. § 360c(a) and 21 C.F.R. § 812.20(a)(2)).  See generally Plaintiffs' Objections to Magistrate Judge Kay's September 17, 2008 Report and Recommendation ("Pls.' Objections").[3]

---

[1] Count VI sets forth a free-standing claim for punitive damages.  Counts VII, VIII and IX set forth negligence *per se* claims based on defendants' alleged violations of certain provisions of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* ("FDCA"), and its implementing regulations.  See Second Amended Complaint ¶¶ 41-44 (Count VI), ¶¶ 45-59 (Count VII), ¶¶ 60-68 (Count VIII), ¶¶ 69-72 (Count IX).

[2] Defendants have not, at this writing, filed objections to the Report, and their time to do so has expired.  See L. Civ. R. 72.3(b).  The Court therefore assumes that they accept Magistrate Judge Kay's recommendations.

[3] Plaintiffs also seem to disagree with the recommendation to dismiss Count IX, see Pls.' Objections at 1, but offer no argument to that effect.  Perhaps plaintiffs intended for their argument with respect to Count VII to apply to the largely similar Count IX as well.  (Count VII is a negligence *per se* claim based on 21 U.S.C. § 360c(a) and 21 C.F.R. § 812.20(a)(2), while Count IX is a negligence *per se* claim based solely on 21 C.F.R. § 812.20(a)(2).)  In any event, given the similarities between Counts VII and IX, the Court concludes that Magistrate Judge Kay was correct to recommend dismissal of Count IX for the same reasons he was correct to recommend dismissal of Count VII.

II.  DISCUSSION

When a party files written objections to any part of the magistrate judge's recommendation with respect to a dispositive motion, the Court considers *de novo* those portions of the recommendation to which objections have been made, and "may accept, reject, or modify the recommended disposition."  FED. R. CIV. P. 72(b)(3).  Having reviewed *de novo* those portions of the Report to which plaintiffs object (and, indeed, the Report in its entirety), the objections thereto and other relevant papers, the relevant case law and the entire record in this case, the Court concludes that the Report reaches the correct result in every instance.  Thus, the Court will adopt and approve the Report in its entirety.

Only one point requires further discussion.  Plaintiffs object to Magistrate Judge Kay's recommendation to dismiss Count VI (that is, the punitive damages claim) principally on the ground that "the form of pleading in Plaintiffs' [Second] Amended Complaint should not impair Plaintiffs' ability to recover punitive damages."  Pls.' Objections at 3.  But as the Report indicates, the dismissal of plaintiffs' punitive damages *count* does not necessarily preclude plaintiffs from obtaining punitive damages as a *remedy*.  See Report at 6 n.4; id. at 7 n.5 (citing Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of North America, 81 F. Supp. 2d 70, 74 (D.D.C. 2000)).  Here, as in Int'l Kitchen, the Court concludes that it is appropriate to dismiss plaintiffs' free-standing punitive damages claim as improperly pled but "reserve[] judgment on the availability of punitive damages as a remedy" until a later stage in the proceedings.  Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of North America, 81 F. Supp. 2d at 74.

An Order consistent with this Memorandum Opinion will be issued this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 30, 2008