UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
FELICE I. IACANGELO, *et al.*,      )
                                    )
          Plaintiffs,             )
                                    )
     v.                            )    Civil Action No. 05-2086 (PLF)
                                    )
GEORGETOWN UNIVERSITY, *et al.*,    )
                                    )
          Defendants.             )
_____ )

MEMORANDUM OPINION

        This matter is before the Court on defendants' Motion to Strike "Supplemental Report of Melvin Van Woert, M.D.," filed on December 6, 2010, on the ground that it does not merely supplement Dr. Van Woert's 2007 report but that it offers new and previously undisclosed opinions from Dr. Van Woert. The motion is brought under Rules 26(a)(2) and 37(c)(1) of the Federal Rules of Civil Procedure. The motion was granted by minute order on December 30, 2010. This Memorandum Opinion explains the reasoning underlying that Order.

        Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure states that a party's expert witnesses must provide the opposing party with a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them; [and] the data or other information considered by the witness in forming them; [and] any exhibits that will be used to summarize or support them." FED. R. CIV. P. 26(a)(2)(B). Rule 26(a)(2)(C) requires that such reports be disclosed at least 90 days before the trial date or as directed by the Court, unless the report is intended to contradict or rebut another party's expert,

in which case it must be disclosed within 30 days after the other party's disclosure. The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert, and to prepare for depositions and cross-examination at trial. See Minebea Co., Ltd. v. Papst, 231 F.R.D. 3, 5-6 (D.D.C. 2005). The Rule also prevents experts from "lying in wait" to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the expert's new testimony. See id. at 6. "[T]he very purpose of the rule is nullified" when an expert "supplements" his report by addressing a new matter after discovery has ended. Coles v. Perry, 217 F.R.D. 1, 4 (D.D.C. 2003). Rule 37(c)(1) provides for the exclusion at trial of any information not disclosed pursuant to Rule 26(a), unless the failure to disclose is harmless, or if there is substantial justification for such failure. FED. R. CIV. P. 37(c)(1).

Technically, all expert disclosures required by Rule 26(a)(2)(B) must be made in the expert's written report. See FED. R. CIV. P. 26(a)(2) (requiring specified information to be "contain[ed]" in a "written report . . . prepared and signed by the witness"). In practice, however, a party is considered to have met its obligations for expert disclosure so long as all required information is divulged in either the written report or a subsequent deposition of the expert. See, e.g., Halcomb v. Wash. Metro. Area Transit Auth., 526 F. Supp. 2d 24, 28 (D.D.C. 2007) (finding that issues not addressed by an expert "either in his deposition or in his expert report" were not properly disclosed under Rule 26, and so could not be included in the expert's testimony at trial). Although the deposition of the expert is usually conducted by opposing counsel, it is not the responsibility of opposing counsel to elicit the disclosures required from experts; Rule 26 clearly places that burden squarely on the party who has retained the expert.

Plaintiffs' expert reports were due on December 22, 2007. On June 17, 2008, Magistrate Judge Kay issued a Memorandum Opinion requiring plaintiffs to provide all required disclosures with respect to their experts by June 27, 2008. Discovery closed in December 2008. Plaintiffs did not file their supplemental report of Dr. Van Woert until December 8, 2010, purportedly under Rule 26(e) of the Federal Rules of Civil Procedure, which permits supplementation under some circumstances. Trial is scheduled to begin on January 5, 2011.

Plaintiffs justify filing this supplemental report on the ground that it serves as rebuttal to the testimony of defense expert witnesses which was discovered after the drafting of Melvin Van Woert, M.D.'s report of October 12, 2007." Plaintiffs' Opposition to the Defendants' Motion to Strike at 1. Plaintiffs do not explain why they filed their supplemental report two years after all expert discovery had closed and thus more than two years after they had received defendants' expert reports and had deposed those experts. Presumably, defendants knew what they needed to rebut no later than December 31, 2008, and probably earlier. Had they filed the Van Woert supplemental report then, defense could have dealt with it by seeking to reopen discovery for a limited purpose, such as by taking a further deposition of Dr. Van Woert and/or by submitting an additional expert report of their own. As noted, Rule 26(e) requires supplementation "in a timely manner," and, more specifically with respect to expert witness supplementation, Rule 26(e)(2) and (a)(2)(C) require that supplementation with respect to rebuttal evidence is required "within thirty days after the other party's disclosure." Rule 37(c)(1) provides for the exclusion at trial of any information not disclosed pursuant to Rule 26 unless the failure to disclose or supplement under Rules 26(a)(1) or 26(e) "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiffs have made no such showing that the filing of

3

Dr. Van Woert's Supplemental Report was either substantially justified or harmless. Dr. Van Woert's Supplemental Report therefore will be stricken.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 4, 2011