UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
FELICE I. IACANGELO, *et al.*,      )
                                    )
    Plaintiffs,                    )
                                    )
    v.                              )    Civil Action No. 05-2086 (PLF)
                                    )
GEORGETOWN UNIVERSITY, *et al.*,    )
                                    )
    Defendants.                     )
_____)


MEMORANDUM OPINION

At the close of the plaintiffs' case-in-chief, defendants Georgetown University and Dr. Vance E. Watson made an oral motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The Court has already notified the parties that it will defer decision on that motion as it applies to Count I of the plaintiffs' second amended complaint (medical malpractice or negligence). After further consideration of the parties' arguments, the Court will also defer decision with respect to Count II of the second amended complaint (lack of informed consent). The Court will grant the defendants' motion as to Count V of the plaintiffs' second amended complaint, which alleges a breach of fiduciary duty.

Under the common law of the District of Columbia, Dr. Watson owed plaintiff Karyn Kerris at least two legally cognizable duties arising from their doctor-patient relationship: (1) a duty to act with respect to Ms. Kerris in the same manner "that a reasonably prudent doctor with the defendant's specialty would have . . . under the same or similar circumstances," District of Columbia v. Wilson, 721 A.2d 591, 597 (D.C. 1998), and (2) "the 'duty of a physician to inform the patient of the consequences of a proposed treatment.'" Miller-McGee v. Wash. Hosp.

Ctr., 920 A.2d 430, 439 (D.C. 2007) (citation omitted). A violation of those duties is addressed, respectively, by a claim for medical malpractice, see District of Columbia v. Wilson, 721 A.2d at 597, or for lack of informed consent. See Miller-McGee v. Wash. Hosp. Ctr., 920 A.2d at 439. In this case, plaintiffs contend both that Dr. Watson's treatment of Ms. Kerris' medical condition was not that of a "reasonably prudent doctor," and that Dr. Watson failed to disclose material risks of that treatment to Ms. Kerris. See Plaintiffs' Second Amended Complaint ("2d Am. Compl.") ¶¶ 10, 13. They therefore have pled claims both for medical malpractice/negligence (Count I of the second amended complaint) and for lack of informed consent (Count II of the second amended complaint). See id. ¶¶ 1-13 (negligence); 14-21 (lack of informed consent).

In addition to those two claims, the plaintiffs have pled as Count V of the second amended complaint a claim for breach of fiduciary obligations. The gravamen of this claim, however, is simply an amalgamation of the medical malpractice and lack of informed consent claims. Plaintiffs allege that Dr. Watson had a "fiduciary duty of loyalty and care to Karyn A. Kerris," 2d Am. Compl. ¶ 37, and that he breached it by (1) treating Ms. Kerris with a device that was not approved by the FDA and was unsafe, id. ¶ 38, and (2) failing to disclose to Ms. Kerris various material risks of the treatment. Id. These claims are mere restatements of parts of Counts I and II of the second amended complaint, which similarly allege, among other things, that Dr. Watson breached his duty to Ms. Kerris by treating her with an unapproved and unsafe device, see id. ¶ 10, and failing to disclose material information to her. See id. ¶¶ 14-19.

The plaintiffs have identified no relationship between Ms. Kerris and Dr. Watson, other than the standard relationship between doctor and patient, that imposed on Dr. Watson any legal duty to Ms. Kerris.[1] With respect to the doctor-patient relationship, they have failed to identify any duty allegedly breached by Dr. Watson aside from those duties encompassed by plaintiffs' negligence and lack of informed consent claims.[2] The legal theory for plaintiffs' breach of fiduciary duty claim is entirely encompassed by the theories underpinning plaintiffs' other two claims: Dr. Watson, as a physician, owed to Ms. Kerris, as his patient, a duty to act as a prudent physician would and a duty to disclose material risks, and he breached one or both of those duties, causing injury.

---

[1]  Plaintiffs' only attempt to demonstrate the existence of a fiduciary relationship beyond that of doctor and patient is their argument, advanced orally in open court and in their proposed jury instructions, that Dr. Watson assumed some duty separate and apart from that of a physician toward a patient when he procured for Ms. Kerris the devices that would be used in her treatments. See Plaintiffs' Proposed Jury Instructions, Docket No. 355, at 9 (Dec. 30, 2010) (suggesting that "the defendants acted as Karyn Kerris' fiduciary for the purpose of obtaining and ordering devices for her well being"). That argument is wholly lacking in merit. Dr. Watson procured the devices in question as part of his medical treatment of Ms. Kerris — that is, as part of the doctor-patient relationship. Plaintiffs have failed to cite any law for the proposition that a doctor acquires new and different legal duties to a patient when he obtains the items needed for her treatment. Cf. McCracken v. Walls-Kaufman, 717 A.2d 346, 352 (D.C. 1998) (noting that a doctor may owe heightened duties to a patient where the two have "a special relationship of trust and confidence," such as the relationship between a psychologist and a patient).

[2]  The only case cited by the plaintiffs in opposition to defendants' motion pursuant to Rule 50 is the criminal case of United States v. Scanlon, Crim. No. 05-0411, 2010 WL 4867613, at *2 (D.D.C. Nov. 30, 2010), and an opinion issued by Judge Huvelle in that case that alludes to the doctor-patient relationship as a fiduciary one in the course of discussing recent Supreme Court cases on honest services fraud. That decision does not advance plaintiffs' cause in any manner. The problem with plaintiffs' fiduciary duty claim is that classifying the doctor-patient relationship as a fiduciary one merely gives a new name — but no new substance — to plaintiffs' negligence and lack of informed consent claims.

In short, the plaintiffs' claim for breach of fiduciary duty is entirely duplicative of their claims for medical malpractice and lack of informed consent; this claim rests on the same factual allegations as the other two, would be decided under the same legal standards as one or the other of those claims, and authorizes the same forms of relief. "As a matter of judicial economy, courts should dismiss" such duplicative claims. Wultz v. Islamic Republic of Iran, Civil Action No. 08-1460, 2010 WL 4228350, at *66 (D.D.C. Oct. 20, 2010). In particular, courts applying District of Columbia law should dismiss claims for breach of fiduciary duty that merely restate malpractice claims. See Hinton v. Rudasill, 384 Fed. Appx. 2, 2 (D.C. Cir. 2010) (a plaintiff cannot "recast his malpractice claim as a breach of fiduciary duty claim" (citing Biomet Inc. v. Finnegan Henderson LLP, 967 A.2d 662, 670 n.4 (D.C. 2009)). The Court therefore will grant defendants' motion for judgment as a matter of law as to Count V of the second amended complaint, alleging breach of fiduciary duty, and dismiss that claim. An Order consistent with this Memorandum Opinion will issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 19, 2011